## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

BELCALIS MARLENIS ALMANZAR,    *
    *
    Plaintiff,    *
    *    Civil Action No.
    v.    *    1:19-cv-01301-WMR
    *
LATASHA TRANSRINA KEBE et al.,    *
    *
    Defendants.    *

## DEFENDANT KEBE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM FOR SLANDER

COMES NOW Latasha Kebe (hereinafter referred to as "Ms. Kebe"), by and through undersigned Counsel, and hereby files her Answer and Affirmative Defenses to Plaintiff's Complaint and Counterclaim for Slander Per Se, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted and, therefore, the same should be dismissed.

### SECOND DEFENSE

Plaintiff's Complaint fails to plead each essential element for a viable claim of Slander Per Se under Georgia law and, therefore, the same should be dismissed.

## THIRD DEFENSE

Plaintiff's Complaint fails to plead each essential element for a viable claim of Slander under Georgia law and, therefore, the same should be dismissed.

## FOURTH DEFENSE

Plaintiff's Complaint fails to plead each essential element for a viable claim of Libel Per Se under Georgia law and, therefore, the same should be dismissed.

## FIFTH DEFENSE

Plaintiff's Complaint fails to plead each essential element for a viable claim of Defamation under Georgia law and, therefore, the same should be dismissed.

## SIXTH DEFENSE

Plaintiff's Complaint fails to plead each essential element for a viable claim of Invasion of Privacy - False Light under Georgia law and, therefore, the same should be dismissed.

## SEVENTH DEFENSE

Plaintiff's Complaint fails to specially plead and make prayer for Attorneys' Fees, as required by O.C.G.A. § 13-6-11, and, therefore, Plaintiff is not entitled to, and should be prohibited from recovering, attorneys' fees.

## EIGHTH DEFENSE

Plaintiff's Complaint fails to specifically pray for Punitive Damages, as required by O.C.G.A. § 51-12-5.1. Additionally, Plaintiff's Complaint fails to plead with particularity her entitlement to punitive damages. For all the foregoing reasons, Plaintiff is not entitled to, and should be prohibited from recovering, punitive damages.

## NINTH DEFENSE

Plaintiff's claim for injunctive relief is not proper before this Court. Furthermore, Plaintiff's Complaint fails to demonstrate her entitlement to injunctive relief in accordance with Georgia law. For all the foregoing reasons, Plaintiff's claim for injunctive relief should be dismissed.

## TENTH DEFENSE

Pursuant to O.C.G.A. § 51-5-6, the truth of the charge made may always be proved in justification of an alleged libel or slander.

## ELEVENTH DEFENSE

Pursuant to O.C.G.A. § 51-5-7, the statements giving rise to this action, as alleged in Plaintiff's Complaint, are privileged communications because Plaintiff is a public figure.

**TWELFTH DEFENSE**

Ms. Kebe incorporates all affirmative defenses pending further investigation and discovery.

**THIRTEENTH DEFENSE**

Without waving any of the foregoing defenses, Ms. Kebe answers the specific allegations of Plaintiff's Complaint as follows:

**NATURE OF THE CASE**

1.     Paragraph 1 contains conclusions of law regarding diversity jurisdiction, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

**PARTIES**

2.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2 and, therefore, these allegations are denied as alleged.

3.     Ms. Kebe admits that she is a citizen and resident of the State of Georgia and denies the remaining allegations contained in Paragraph 3.

4.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 and, therefore, these allegations are denied as alleged.

## JURISDICTION AND VENUE

5.      Paragraph 5 contains conclusions of law regarding subject-matter jurisdiction, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

6.      Ms. Kebe admits that she is subject to personal jurisdiction in the State of Georgia and denies that she committed a tortious act within the State of Georgia, including the tort of invasion of privacy – false light.

7.      Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 and, therefore, these allegations are denied as alleged.

8.      Paragraph 8 contains conclusions of law regarding venue, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

## FACTUAL BACKGROUND

9.      Ms. Kebe admits the allegations contained in Paragraph 9.

10.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 and, therefore, these allegations are denied as alleged.

11.     Ms. Kebe admits the allegations contained in Paragraph 11.

12.    Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 and, therefore, these allegations are denied as alleged.

13.    Ms. Kebe admits the allegations contained in Paragraph 13.

14.    Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 and, therefore, these allegations are denied as alleged.

15.    Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 and, therefore, these allegations are denied as alleged.

16.    Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 and, therefore, these allegations are denied as alleged.

17.    Ms. Kebe admits the allegations contained in Paragraph 17.

18.    Ms. Kebe denies the allegations contained in Paragraph 18.

19.    Ms. Kebe denies the allegations contained in Paragraph 19.

20.    Ms. Kebe denies the allegations contained in Paragraph 20.

21.    Ms. Kebe denies the allegations contained in Paragraph 21.

22.    Ms. Kebe denies the allegations contained in Paragraph 22.

23.    Ms. Kebe denies the allegations contained in Paragraph 23.

24.    Ms. Kebe denies the allegations contained in Paragraph 24.

25.    Ms. Kebe denies the allegations contained in Paragraph 25.

26.    Ms. Kebe admits the allegations contained in Paragraph 26.

27.    Ms. Kebe denies the allegations contained in Paragraph 27.

28.    Ms. Kebe denies the allegations contained in Paragraph 28.

29.    Ms. Kebe denies the allegations contained in Paragraph 29.

30.    Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 and, therefore, these allegations are denied as alleged.

31.    Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 and, therefore, these allegations are denied as alleged.

32.    Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 and, therefore, these allegations are denied as alleged.

33.    Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 33 and, therefore, these allegations are denied as alleged.

34.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 34 and, therefore, these allegations are denied as alleged.

35.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 and, therefore, these allegations are denied as alleged.

36.     Ms. Kebe admits that she published a video on September 19, 2018, and denies the remaining allegations contained in Paragraph 36.

37.     Ms. Kebe denies the allegations contained in Paragraph 37.

38.     Ms. Kebe admits that the 9/19 Video has over three million views and denies the remaining allegations contained in Paragraph 37.

39.     Ms. Kebe denies the allegations contained in Paragraph 39.

40.     Ms. Kebe denies the allegations contained in Paragraph 40.

41.     Ms. Kebe denies the allegations contained in Paragraph 41.

42.     Ms. Kebe denies the allegations contained in Paragraph 42.

43.     Ms. Kebe denies the allegations contained in Paragraph 43.

44.     Ms. Kebe denies the allegations contained in Paragraph 44.

45.     Ms. Kebe denies the allegations contained in Paragraph 45.

46.     Ms. Kebe denies the allegations contained in Paragraph 46.

47. Ms. Kebe denies the allegations contained in Paragraph 47.

48. Ms. Kebe denies the allegations contained in Paragraph 48.

49. Ms. Kebe denies the allegations contained in Paragraph 49.

50. Ms. Kebe denies the allegations contained in Paragraph 50.

51. Ms. Kebe denies the allegations contained in Paragraph 51.

52. Ms. Kebe admits that she received a cease and desist letter and denies the remaining allegations contained in Paragraph 52.

53. Ms. Kebe denies the allegations contained in Paragraph 53.

54. Ms. Kebe denies the allegations contained in Paragraph 54.

55. Ms. Kebe denies the allegations contained in Paragraph 55.

56. Ms. Kebe denies the allegations contained in Paragraph 56.

57. Ms. Kebe denies the allegations contained in Paragraph 57.

58. Ms. Kebe denies the allegations contained in Paragraph 58.

59. Ms. Kebe denies the allegations contained in Paragraph 59.

60. Ms. Kebe denies the allegations contained in Paragraph 60.

61. Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 61 and, therefore, these allegations are denied as alleged.

62. Ms. Kebe denies the allegations contained in Paragraph 62.

63.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 and, therefore, these allegations are denied as alleged.

64.     Ms. Kebe denies the allegations contained in Paragraph 64.

65.     Paragraph 65 contains conclusions of law, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

66.     Ms. Kebe denies the allegations contained in Paragraph 66.

67.     Ms. Kebe denies the allegations contained in Paragraph 67.

## COUNT I

### (Slander Per Se Against Defendants)

68.     Ms. Kebe incorporates as if fully set forth herein her responses to Paragraphs 1 through 67 of Plaintiff's Complaint.

69.     Ms. Kebe admits the allegations contained in Paragraph 69.

70.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 70 and, therefore, these allegations are denied as alleged.

71.     Ms. Kebe admits the allegations contained in Paragraph 71.

72.     Ms. Kebe denies the allegations contained in Paragraph 72.

73.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 73 and, therefore, these allegations are denied as alleged.

74.     Ms. Kebe denies the allegations contained in Paragraph 74.

75.     Ms. Kebe denies the allegations contained in Paragraph 75.

76.     Ms. Kebe denies the allegations contained in Paragraph 76.

77.     Ms. Kebe denies the allegations contained in Paragraph 77.

78.     Ms. Kebe denies the allegations contained in Paragraph 78.

79.     Ms. Kebe denies the allegations contained in Paragraph 79.

80.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 80 and, therefore, these allegations are denied as alleged.

81.     Ms. Kebe denies the allegations contained in Paragraph 81.

82.     Ms. Kebe denies the allegations contained in Paragraph 82.

83.     Ms. Kebe denies the allegations contained in Paragraph 83.

84.     Ms. Kebe denies the allegations contained in Paragraph 84.

85.     Ms. Kebe admits the allegations contained in Paragraph 85.

86.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 86 and, therefore, these allegations are denied as alleged.

87.     Ms. Kebe admits the allegations contained in Paragraph 87.

88.     Ms. Kebe admits the allegations contained in Paragraph 88.

89.     Paragraph 89 contains conclusions of law regarding slander per se, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

90.     Ms. Kebe denies the allegations contained in Paragraph 90.

91.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 91 and, therefore, these allegations are denied as alleged.

92.     Ms. Kebe denies the allegations contained in Paragraph 92.

93.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 93 and, therefore, these allegations are denied as alleged.

94.     Ms. Kebe denies the allegations contained in Paragraph 94.

95.   Paragraph 95 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

96.   Ms. Kebe denies the allegations contained in Paragraph 96.

97.   Ms. Kebe denies the allegations contained in Paragraph 97.

98.   Paragraph 98 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

99.   Paragraph 99 contains conclusions of law regarding punitive damages and attorneys' fees, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

100.   Paragraph 100 contains conclusions of law regarding injunctive relief, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

## COUNT II

### (Slander Against Defendants)

101.   Ms. Kebe incorporates as if fully set forth herein her responses to Paragraphs 1 through 100 of Plaintiff's Complaint.

102.   Paragraph 102 contains conclusions of law regarding slander, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

103.   Ms. Kebe denies the allegations contained in Paragraph 103.

104.   Ms. Kebe denies the allegations contained in Paragraph 104.

105.   Paragraph 105 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

106.   Ms. Kebe denies the allegations contained in Paragraph 106.

107.   Ms. Kebe denies the allegations contained in Paragraph 107.

108.   Paragraph 108 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

109.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 109 and, therefore, these allegations are denied as alleged.

110.   Ms. Kebe denies the allegations contained in Paragraph 110.

111.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 111 and, therefore, these allegations are denied as alleged.

112.   Ms. Kebe denies the allegations contained in Paragraph 112.

113.   Paragraph 113 contains conclusions of law regarding punitive damages and attorneys' fees, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

114.   Paragraph 114 contains conclusions of law regarding injunctive relief, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

## COUNT III

### (Libel Per Se Against Defendants)

115.   Ms. Kebe incorporates as if fully set forth herein her responses to Paragraphs 1 through 114 of Plaintiff's Complaint.

116.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 116 and, therefore, these allegations are denied as alleged.

117.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 117 and, therefore, these allegations are denied as alleged.

118.   Ms. Kebe denies the allegations contained in Paragraph 118.

119.   Ms. Kebe denies the allegations contained in Paragraph 119.

120.   Ms. Kebe denies the allegations contained in Paragraph 120.

121.   Ms. Kebe denies the allegations contained in Paragraph 121.

122.   Ms. Kebe denies the allegations contained in Paragraph 122.

123.   Ms. Kebe denies the allegations contained in Paragraph 123.

124.   Ms. Kebe denies the allegations contained in Paragraph 124.

125.   Ms. Kebe denies the allegations contained in Paragraph 125.

126.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 126 and, therefore, these allegations are denied as alleged.

127.   Ms. Kebe denies the allegations contains in Paragraph 127.

128.   Paragraph 128 contains conclusions of law regarding liber per se, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

129.   Ms. Kebe denies the allegations contained in Paragraph 129.

130.   Ms. Kebe denies the allegations contained in Paragraph 130.

131.   Ms. Kebe denies the allegations contained in Paragraph 131.

132.   Paragraph 132 contains conclusions of law regarding libel, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

133.   Ms. Kebe denies the allegations contained in Paragraph 133.

134.   Ms. Kebe denies the allegations contained in Paragraph 134.

135.   Paragraph 135 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

136.   Paragraph 136 contains conclusions of law regarding punitive damages and attorneys' fees, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

137.   Paragraph 137 contains conclusions of law regarding injunctive relief, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

## COUNT IV

### (Invasion of Privacy – False Light Against Defendants)

138.   Ms. Kebe incorporates as if fully set forth herein her responses to Paragraphs 1 through 137 of Plaintiff's Complaint.

139.   Ms. Kebe denies the allegations contained in Paragraph 139.

140.   Ms. Kebe denies the allegations contained in Paragraph 140.

141.   Ms. Kebe denies the allegations contained in Paragraph 141.

142.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 142 and, therefore, these allegations are denied as alleged.

143.   Ms. Kebe denies the allegations contained in Paragraph 143.

144.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 144 and, therefore, these allegations are denied as alleged.

145.   Ms. Kebe denies the allegations contained in Paragraph 145.

146.   Ms. Kebe denies the allegations contained in Paragraph 146.

147.   Paragraph 147 contains conclusions of law regarding invasion of privacy, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

148.   Paragraph 148 contains conclusions of law regarding invasion of privacy, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

149.   Ms. Kebe denies the allegations contained in Paragraph 149.

150.   Paragraph 150 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

151.   Paragraph 151 contains conclusions of law regarding punitive damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

152.   Ms. Kebe denies the allegations contained in Paragraph 152.

153.   Paragraph 153 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

154.   Paragraph 154 contains conclusions of law regarding punitive damages and attorneys' fees, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

155.   Paragraph 155 contains conclusions of law regarding injunctive relief, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint contains the Plaintiff's Prayer for Relief, to which no response is required. To the extent this paragraph is deemed to

contain factual allegations, Ms. Kebe denies those allegations contained in subparagraphs (a) through (h) and denies that Plaintiff is entitled to any relief whatsoever.

**WHEREFORE**, having fully answered, Ms. Kebe requests judgment and relief against Plaintiff as follows:

(a) that this Court dismiss the Plaintiff's Complaint with prejudice;

(b) that this Court order Plaintiff to pay for all of Ms. Kebe's costs, expenses, and attorneys' fees in defending this action;

(c) that Ms. Kebe have a trial by jury; and

(d) for such other and further relief as this Court deems just and proper.

## <u>LATASHA KEBE'S COUNTERCLAIM AGAINST</u>

## <u>BELCALIS ALMANZAR FOR SLANDER PER SE</u>

COMES NOW, Defendant Latasha Kebe (hereinafter referred to as "Ms. Kebe"), by and through undersigned Counsel, and files her counterclaim for Slander Per Se against Belcalis Almanzar (hereinafter referred to as "Cardi B") and demand for jury trial, and shows this Honorable Court as follows:

## FACTUAL ALLEGATIONS AND CLAIMS

156.   Ms. Kebe is known as a celebrity gossip blogger.

157.   Ms. Kebe is the owner, producer, and host of unWinewithTashaK, a YouTube Channel.

158.   Ms. Kebe's YouTube Channel has 588,184 subscribers.

159.   Ms. Kebe generates revenue by advertising third-party products on her YouTube Channel.

160.   Ms. Kebe also maintains a website (www.unWinewithTashaK.com).

161.   Ms. Kebe operates a Twitter account (@unwinewithtasha), which has 9,707 followers.

162.    Ms. Kebe operates a Facebook account (Tasha K.), which has 37,462 followers and 31,309 likes.

163.   Ms. Kebe operates an Instagram account (therealunwinewithtashak), which has 20,300 followers.

164.   Cardi B has a YouTube Channel (Cardi B), which has 10,359,524 subscribers.

165.   Cardi B operates a Twitter account (@iamcardib), which has 5.8 million followers.

166.   Cardi B operates a Facebook account (Cardi B), which has 6.7 million followers and 6.5 million likes.

167.   Cardi B operates an Instagram account (iamcardib), which has 44.5 million followers.

168.   On September 19, 2018, Ms. Kebe published, on her YouTube Channel, a video of an interview she conducted with Starmarie Jones.

169.   Upon information and belief, Cardi B reached out to Ms. Kebe privately in an attempt to get Ms. Kebe to remove the video of the interview from her YouTube Channel.

170.   Upon information and belief, Ms. Kebe offered Cardi B the chance to conduct a public interview regarding the situation, but Cardi B declined.

171.   Upon information and belief, Cardi B began to publicly defame Ms. Kebe, referring to her as "this blogger lady", by stating that Ms. Kebe makes up fake stories; harasses all of Cardi B's friends; constantly stalks Cardi B; falsely claims that she has legitimate sources giving her information about Cardi B; uses Cardi B's name for "click bait"; and many other false accusations.

172.   Cardi B published these false accusations about Ms. Kebe to her various social media accounts, where she has millions of followers.

173.   Upon information and belief, around December of 2018, Cardi B published a video on her Instagram account in which she referred to Ms. Kebe as a "dumb ass bitch" and "hoe" numerous times; discussed how all the YouTube

22

bloggers talk about Cardi B; and threatened to retaliate with litigation, not because Cardi B was being defamed, but because people were "talking shit about her friends" and she was "sick of it." Right after Cardi B admitted that she was initiated into a gang at the age of sixteen, Cardi B threatened to bankrupt Ms. Kebe by stating, "alright then, bitch, I'm gonna take all your fucking bread."

174.   Upon information and belief, Cardi B has publicly declared that she was going to make an example out of Ms. Kebe.

175.   As a direct result of Cardi B's aforementioned public communications, Ms. Kebe has received a multitude of threats (including gang-related threats), as a result of which, Ms. Kebe had to permanently relocate her residence.

176.   As a direct result of Cardi B's aforementioned public communications, Ms. Kebe's Instagram account has been deleted several times, causing her to lose thousands of followers.

177.   As a direct result of Cardi B's aforementioned public communications, Ms. Kebe has lost thousands of subscribers to her YouTube Channel and thousands of followers on other social media platforms. Loss of subscribers and followers leads to loss of third-party advertisers on her YouTube Channel.

178.   As a direct result of Cardi B's aforementioned public communications, Ms. Kebe, who is currently pregnant, has experiences severe emotional distress, anxiety, panic, stress, insomnia, humiliation, and depression.

## COUNT I – SLANDER PER SE

179.   Paragraphs 1 through 178 are incorporated herein in Count I of the Counterclaim.

180.   Cardi B's false and defamatory statements about Ms. Kebe in reference to her veracity as a professional blogger, were communicated for the sole purpose of retaliation and injuring Ms. Kebe's reputation and career.

181.   Cardi B's false and defamatory statements about Ms. Kebe were communicated with actual malice and with total disregard for the truth.

182.   As a direct and proximate result of Cardi B's conduct, Ms. Kebe has suffered financial and emotional harm and damages, in an amount to be proven at trial.

183.   Cardi B acted with the specific intent to cause harm to Ms. Kebe. Because Cardi B's actions showed willful misconduct, malice, wantonness, oppression, and exhibited a conscious indifference to consequences, Ms. Kebe is entitled to an award of punitive damages in the amount of at least one million dollars ($1,000,000.00).

## COUNT II – PUNITIVE DAMAGES

184.  Paragraphs 1 through 183 are incorporated herein in Count II of the Counterclaim.

185.  Ms. Kebe is entitled to recover from Cardi B compensatory damages resulting from the slander and defamation.

186.  Cardi B's conduct was intentional, willful, malicious, wanton, and exhibited a conscious indifference to consequences, thereby justifying the imposition of punitive damages, in an amount to be determined by the enlightened conscience of the jury, in accordance with O.C.G.A. § 51-12-5.1.

187.  Cardi B's conduct was undertaken with the specific intent to cause harm to Ms. Kebe. Therefore, pursuant to O.C.G.A. § 51-12-5.1(f), there shall be no limitation regarding the amount which may be awarded as punitive damages.

## COUNT III – EXPENSES OF LITIGATION AND ATTORNEYS' FEES

188.  Paragraphs 1 through 187 are incorporated herein in Count III of the Counterclaim.

189.  Cardi B has acted in bad faith, been stubbornly litigious, and has caused Ms. Kebe unnecessary trouble and expense.

190.   Ms. Kebe is entitled to recover from Cardi B expenses of litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11, in an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

Ms. Kebe hereby demands that this matter be tried by a jury of competent and impartial persons.

WHEREFORE, Ms. Kebe respectfully requests that this Honorable Court enter an Order granting the following relief:

(a) Dismissal of Plaintiff's Complaint with prejudice;

(b) Judgment in favor of Ms. Kebe and against Plaintiff on all counts of this Counterclaim, including, but not limited to, for actual and compensatory damages for all past and present injury, as well as all past, present, and future pain and suffering in an amount to be proven at trial;

(c) Judgment in favor of Ms. Kebe and against Cardi B for all costs and expenses, including reasonable attorneys' fees, incurred in connection with this lawsuit;

(d) An award of punitive damages in an amount to be determined by the enlightened conscience of the jury; and

(e) Awarding Ms. Kebe such other and further relief as this Court deems just
and proper.

Respectfully submitted this 8th day of May, 2019.


*/s/Olga Izmaylova*
olga@silawatl.com
Georgia State Bar No. 666858


*/s/Sadeer Sabbak*
ssabbak@silawatl.com
Georgia State Bar No. 918493

SABBAK & IZMAYLOVA, P.C.          *Attorneys for Latasha Kebe*
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911