## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

BELCALIS MARLENIS ALMANZAR,    \*

                           \*

        Plaintiff,      \*

                           \*        Civil Action No.

    v.                    \*        1:19-cv-01301-WMR

                           \*

LATASHA TRANSRINA KEBE et al.,   \*

                           \*

        Defendants.    \*

## DEFENDANT KEBE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AMENDED COUNTERCLAIMS

COMES NOW Latasha Kebe (hereinafter referred to as "Ms. Kebe"), by and through undersigned Counsel, and hereby files her Answer and Affirmative Defenses to Plaintiff's First Amended Complaint and Amended Counterclaims, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and, therefore, the same should be dismissed.

## SECOND DEFENSE

Plaintiff's Amended Complaint fails to plead each essential element for a viable claim of Slander Per Se under Georgia law and, therefore, the same should be dismissed.

## THIRD DEFENSE

Plaintiff's Amended Complaint fails to plead each essential element for a viable claim of Slander under Georgia law and, therefore, the same should be dismissed.

## FOURTH DEFENSE

Plaintiff's Amended Complaint fails to plead each essential element for a viable claim of Libel Per Se under Georgia law and, therefore, the same should be dismissed.

## FIFTH DEFENSE

Plaintiff's Amended Complaint fails to plead each essential element for a viable claim of Defamation under Georgia law and, therefore, the same should be dismissed.

## SIXTH DEFENSE

Plaintiff's Amended Complaint fails to plead each essential element for a viable claim of Invasion of Privacy - False Light under Georgia law and, therefore, the same should be dismissed.

## SEVENTH DEFENSE

Plaintiff's Amended Complaint fails to plead each essential element for a viable claim of Intentional Infliction of Emotional Distress under Georgia law and, therefore, the same should be dismissed.

## EIGHTH DEFENSE

Plaintiff's Amended Complaint fails to establish her entitlement to Attorneys' Fees, as required by O.C.G.A. § 13-6-11, and, therefore, Plaintiff is not entitled to, and should be prohibited from recovering, attorneys' fees.

## NINTH DEFENSE

Plaintiff's Amended Complaint fails to plead with particularity her entitlement to punitive damages as required by O.C.G.A. § 51-12-5.1, and, therefore, Plaintiff is not entitled to, and should be prohibited from recovering, punitive damages.

## TENTH DEFENSE

Plaintiff's claim for injunctive relief is not proper before this Court. Furthermore, Plaintiff's Amended Complaint fails to demonstrate the necessity for injunctive relief as required by Georgia law. For all the foregoing reasons, Plaintiff's claim for injunctive relief should be dismissed.

## ELEVENTH DEFENSE

Pursuant to O.C.G.A. § 51-5-6, "[t]he truth of the charge made may always be proved in justification of an alleged libel or slander."

## TWELFTH DEFENSE

Pursuant to O.C.G.A. § 51-5-7, the statements giving rise to this action, as alleged in Plaintiff's Amended Complaint, are privileged communications because Plaintiff is a public figure.

## THIRTEENTH DEFENSE

Ms. Kebe incorporates all affirmative defenses pending further investigation and discovery.

## FOURTEENTH DEFENSE

Without waving any of the foregoing defenses, Ms. Kebe answers the specific allegations of Plaintiff's Amended Complaint as follows:

## NATURE OF THE CASE

1.    Paragraph 1 contains conclusions of law regarding diversity jurisdiction, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

## PARTIES

2.    Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2 and, therefore, these allegations are denied as alleged.

3.    Ms. Kebe admits the allegations contained in Paragraph 3.

4.    Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 and, therefore, these allegations are denied as alleged.

## JURISDICTION AND VENUE

5.    Paragraph 5 contains conclusions of law regarding subject-matter jurisdiction, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

6.    Paragraph 6 contains conclusions of law regarding personal jurisdiction, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

7.      Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 and, therefore, these allegations are denied as alleged.

8.      Paragraph 8 contains conclusions of law regarding venue, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

## FACTUAL BACKGROUND

9.      Ms. Kebe admits the allegations contained in Paragraph 9.

10.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 and, therefore, these allegations are denied as alleged.

11.     Ms. Kebe admits the allegations contained in Paragraph 11.

12.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 and, therefore, these allegations are denied as alleged.

13.     Ms. Kebe admits the allegations contained in Paragraph 13.

14.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 and, therefore, these allegations are denied as alleged.

15.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 and, therefore, these allegations are denied as alleged.

16.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 and, therefore, these allegations are denied as alleged.

17.   Ms. Kebe admits the allegations contained in Paragraph 17.

18.   Ms. Kebe denies the allegations contained in Paragraph 18.

19.   Ms. Kebe denies the allegations contained in Paragraph 19.

20.   Ms. Kebe denies the allegations contained in Paragraph 20.

21.   Ms. Kebe denies the allegations contained in Paragraph 21.

22.   Ms. Kebe denies the allegations contained in Paragraph 22.

23.   Ms. Kebe denies the allegations contained in Paragraph 23.

24.   Ms. Kebe denies the allegations contained in Paragraph 24.

25.   Ms. Kebe denies the allegations contained in Paragraph 25.

26.   Ms. Kebe admits the allegations contained in Paragraph 26.

27.   Ms. Kebe denies the allegations contained in Paragraph 27.

28.   Ms. Kebe denies the allegations contained in Paragraph 28.

29.   Ms. Kebe denies the allegations contained in Paragraph 29.

30.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 and, therefore, these allegations are denied as alleged.

31.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 and, therefore, these allegations are denied as alleged.

32.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 and, therefore, these allegations are denied as alleged.

33.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 33 and, therefore, these allegations are denied as alleged.

34.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 34 and, therefore, these allegations are denied as alleged.

35.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 and, therefore, these allegations are denied as alleged.

36.    Ms. Kebe admits that she published a video on September 19, 2018, and denies the remaining allegations contained in Paragraph 36.

37.    Ms. Kebe denies the allegations contained in Paragraph 37.

38.    Ms. Kebe admits that the 9/19 Video has over three million views and denies the remaining allegations contained in Paragraph 38.

39.    Ms. Kebe denies the allegations contained in Paragraph 39.

40.    Ms. Kebe denies the allegations contained in Paragraph 40.

41.    Ms. Kebe denies the allegations contained in Paragraph 41.

42.    Ms. Kebe denies the allegations contained in Paragraph 42.

43.    Ms. Kebe denies the allegations contained in Paragraph 43.

44.    Ms. Kebe denies the allegations contained in Paragraph 44.

45.    Ms. Kebe denies the allegations contained in Paragraph 45.

46.    Ms. Kebe denies the allegations contained in Paragraph 46.

47.    Ms. Kebe denies the allegations contained in Paragraph 47.

48.    Ms. Kebe denies the allegations contained in Paragraph 48.

49.    Ms. Kebe denies the allegations contained in Paragraph 49.

50.    Ms. Kebe denies the allegations contained in Paragraph 50.

51.    Ms. Kebe denies the allegations contained in Paragraph 51.

52.     Ms. Kebe admits that she received a cease and desist letter and denies the remaining allegations contained in Paragraph 52.

53.     Ms. Kebe denies the allegations contained in Paragraph 53.

54.     Ms. Kebe denies the allegations contained in Paragraph 54.

55.     Ms. Kebe denies the allegations contained in Paragraph 55.

56.     Ms. Kebe denies the allegations contained in Paragraph 56.

57.     Ms. Kebe denies the allegations contained in Paragraph 57.

58.     Ms. Kebe denies the allegations contained in Paragraph 58.

59.     Ms. Kebe denies the allegations contained in Paragraph 59.

60.     Ms. Kebe denies the allegations contained in Paragraph 60.

61.     Ms. Kebe admits that she temporarily unlisted the 9/19 and 9/21 Videos and denies the remaining allegations contained in Paragraph 61.

62.     Ms. Kebe admits that she re-listed the 9/19 and 9/21 Videos and denies the remaining allegations contained in Paragraph 62.

63.     Ms. Kebe admits the allegations contained in Paragraph 63.

64.     Ms. Kebe admits the allegations contained in Paragraph 64.

65.     Ms. Kebe denies the allegations contained in Paragraph 65.

66.     Ms. Kebe denies the allegations contained in Paragraph 66.

67.     Ms. Kebe denies the allegations contained in Paragraph 67.

68.     Ms. Kebe denies the allegations contained in Paragraph 68.

69.     Ms. Kebe denies the allegations contained in Paragraph 69.

70.     Ms. Kebe denies the allegations contained in Paragraph 70.

71.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 71 and, therefore, these allegations are denied as alleged.

72.     Ms. Kebe denies the allegations contained in Paragraph 72.

73.     Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 73 and, therefore, these allegations are denied as alleged.

74.     Ms. Kebe denies the allegations contained in Paragraph 74.

75.     Paragraph 75 contains conclusions of law, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

76.     Ms. Kebe denies the allegations contained in Paragraph 76.

77.     Ms. Kebe denies the allegations contained in Paragraph 77.

### COUNT I
### (Slander Per Se Against Defendants)

78.     Ms. Kebe incorporates as if fully set forth herein her responses to Paragraphs 1 through 77 of Plaintiff's Amended Complaint.

79.     Ms. Kebe admits the allegations contained in Paragraph 79.

80.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 80 and, therefore, these allegations are denied as alleged.

81.   Ms. Kebe admits the allegations contained in Paragraph 81.

82.   Ms. Kebe denies the allegations contained in Paragraph 82.

83.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 83 and, therefore, these allegations are denied as alleged.

84.   Ms. Kebe denies the allegations contained in Paragraph 84.

85.   Ms. Kebe denies the allegations contained in Paragraph 85.

86.   Ms. Kebe denies the allegations contained in Paragraph 86.

87.   Ms. Kebe denies the allegations contained in Paragraph 87.

88.   Ms. Kebe denies the allegations contained in Paragraph 88.

89.   Ms. Kebe denies the allegations contained in Paragraph 89.

90.   Ms. Kebe denies the allegations contained in Paragraph 90.

91.   Ms. Kebe admits that she temporarily unlisted the 9/19 and 9/21 Videos and denies the remaining allegations contained in Paragraph 91.

92.   Ms. Kebe admits that she re-listed the 9/19 and 9/21 Videos and denies the remaining allegations contained in Paragraph 92.

93.    Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 93 and, therefore, these allegations are denied as alleged.

94.    Ms. Kebe denies the allegations contained in Paragraph 94.

95.    Ms. Kebe denies the allegations contained in Paragraph 95.

96.    Ms. Kebe denies the allegations contained in Paragraph 96.

97.    Ms. Kebe denies the allegations contained in Paragraph 97.

98.    Ms. Kebe denies the allegations contained in Paragraph 98.

99.    Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 99 and, therefore, these allegations are denied as alleged.

100.    Ms. Kebe denies the allegations contained in Paragraph 100.

101.    Ms. Kebe admits that the 9/19 and 9/21 Videos are available to be viewed by the public and denies the remaining allegations contained in Paragraph 101.

102.    Paragraph 102 contains conclusions of law regarding slander per se, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

103.    Ms. Kebe denies the allegations contained in Paragraph 103.

104.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 104 and, therefore, these allegations are denied as alleged.

105.   Ms. Kebe denies the allegations contained in Paragraph 105.

106.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 106 and, therefore, these allegations are denied as alleged.

107.   Ms. Kebe denies the allegations contained in Paragraph 107.

108.   Ms. Kebe denies the allegations contained in Paragraph 108.

109.   Ms. Kebe denies the allegations contained in Paragraph 109.

110.   Paragraph 110 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

111.   Paragraph 111 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

112.   Paragraph 112 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

14

113.   Paragraph 113 contains conclusions of law regarding injunctive relief, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

## COUNT II
### (Slander Against Defendants)

114.   Ms. Kebe incorporates as if fully set forth herein her responses to Paragraphs 1 through 113 of Plaintiff's Amended Complaint.

115.   Paragraph 115 contains conclusions of law regarding slander, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

116.   Ms. Kebe denies the allegations contained in Paragraph 116.

117.   Ms. Kebe denies the allegations contained in Paragraph 117.

118.   Ms. Kebe denies the allegations contained in Paragraph 118.

119.   Ms. Kebe denies the allegations contained in Paragraph 119.

120.   Paragraph 120 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

121.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 121 and, therefore, these allegations are denied as alleged.

122.   Ms. Kebe denies the allegations contained in Paragraph 122.

123.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 123 and, therefore, these allegations are denied as alleged.

124.   Ms. Kebe denies the allegations contained in Paragraph 124.

125.   Paragraph 125 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

126.   Paragraph 126 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

127.   Paragraph 127 contains conclusions of law regarding injunctive relief, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

## COUNT III
### (Libel Per Se Against Defendants)

128.   Ms. Kebe incorporates as if fully set forth herein her responses to Paragraphs 1 through 127 of Plaintiff's Amended Complaint.

129.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 129 and, therefore, these allegations are denied as alleged.

130.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 130 and, therefore, these allegations are denied as alleged.

131.   Ms. Kebe denies the allegations contained in Paragraph 131.

132.   Ms. Kebe denies the allegations contained in Paragraph 132.

133.   Ms. Kebe denies the allegations contained in Paragraph 133.

134.   Ms. Kebe denies the allegations contained in Paragraph 134.

135.   Ms. Kebe denies the allegations contained in Paragraph 135.

136.   Ms. Kebe denies the allegations contained in Paragraph 136.

137.   Ms. Kebe denies the allegations contained in Paragraph 137.

138.   Ms. Kebe denies the allegations contained in Paragraph 138.

139.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 139 and, therefore, these allegations are denied as alleged.

140.   Ms. Kebe denies the allegations contained in Paragraph 140.

141.   Paragraph 141 contains conclusions of law regarding liber per se, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

142.   Ms. Kebe denies the allegations contained in Paragraph 142.

143.   Ms. Kebe denies the allegations contained in Paragraph 143.

144.   Ms. Kebe denies the allegations contained in Paragraph 144.

145.   Ms. Kebe denies the allegations contained in Paragraph 145.

146.   Ms. Kebe denies the allegations contained in Paragraph 146.

147.   Paragraph 147 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

148.   Paragraph 148 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

149.   Paragraph 149 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

150.   Paragraph 150 contains conclusions of law regarding injunctive relief, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

## COUNT IV
### (Invasion of Privacy – False Light Against Defendants)

151.   Ms. Kebe incorporates as if fully set forth herein her responses to Paragraphs 1 through 150 of Plaintiff's Amended Complaint.

152.   Ms. Kebe denies the allegations contained in Paragraph 152.

153.   Ms. Kebe denies the allegations contained in Paragraph 153.

154.   Ms. Kebe denies the allegations contained in Paragraph 154.

155.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 155 and, therefore, these allegations are denied as alleged.

156.   Ms. Kebe denies the allegations contained in Paragraph 156.

157.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 157 and, therefore, these allegations are denied as alleged.

158.   Ms. Kebe denies the allegations contained in Paragraph 158.

159.   Ms. Kebe denies the allegations contained in Paragraph 159.

160.   Ms. Kebe denies the allegations contained in Paragraph 160.

161.   Ms. Kebe denies the allegations contained in Paragraph 161.

162.   Ms. Kebe denies the allegations contained in Paragraph 162.

163.   Ms. Kebe denies the allegations contained in Paragraph 163.

164.   Ms. Kebe denies the allegations contained in Paragraph 164.

165.   Paragraph 165 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

166.   Paragraph 166 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

167.   Paragraph 167 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

168.   Paragraph 168 contains conclusions of law regarding injunctive relief, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

## COUNT V
### (Intentional Infliction of Emotional Distress)

169.   Ms. Kebe incorporates as if fully set forth herein her responses to Paragraphs 1 through 168 of Plaintiff's Amended Complaint.

170.   Ms. Kebe denies the allegations contained in Paragraph 170.

171.   Ms. Kebe denies the allegations contained in Paragraph 171.

172.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 172 and, therefore, these allegations are denied as alleged.

173.   Ms. Kebe denies the allegations contained in Paragraph 173.

174.   Ms. Kebe denies the allegations contained in Paragraph 174.

175.   Ms. Kebe denies the allegations contained in Paragraph 175.

176.   Ms. Kebe denies the allegations contained in Paragraph 176.

177.   Ms. Kebe denies the allegations contained in Paragraph 177.

178.   Ms. Kebe denies the allegations contained in Paragraph 178.

179.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 179 and, therefore, these allegations are denied as alleged.

180.   Ms. Kebe lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 180 and, therefore, these allegations are denied as alleged.

181.   Ms. Kebe denies the allegations contained in Paragraph 181.

182.   Paragraph 182 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

183.   Paragraph 183 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

184.   Paragraph 184 contains conclusions of law regarding damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

185.   Paragraph 185 contains conclusions of law regarding injunctive relief, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

## COUNT VI
### (Punitive Damages Pursuant to O.C.G.A. § 51-12-5.1)

186.   Ms. Kebe incorporates as if fully set forth herein her responses to Paragraphs 1 through 185 of Plaintiff's Amended Complaint.

187.   Ms. Kebe denies the allegations contained in Paragraph 187.

188.   Ms. Kebe denies the allegations contained in Paragraph 188.

189.   Paragraph 189 contains conclusions of law regarding punitive damages, to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

## COUNT VII
### (Attorneys' Fees and Litigation Expenses Pursuant to O.C.G.A. § 13-6-11)

190.   Ms. Kebe incorporates as if fully set forth herein her responses to Paragraphs 1 through 189 of Plaintiff's Amended Complaint.

191.   Ms. Kebe denies the allegations contained in Paragraph 191.

192.   Paragraph 192 contains conclusions of law to which no response is required. To the extent a response is deemed required, Ms. Kebe denies.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Amended Complaint contains the Plaintiff's Prayer for Relief, to which no response is required. To the extent this paragraph is deemed to contain factual allegations, Ms. Kebe denies those allegations contained in subparagraphs (a) through (h) and denies that Plaintiff is entitled to any relief whatsoever.

**WHEREFORE**, having fully answered, Ms. Kebe requests judgment and relief against Plaintiff as follows:

(a) that this Court dismiss the Plaintiff's Amended Complaint with prejudice;

(b) that this Court order Plaintiff to pay for all of Ms. Kebe's costs, expenses, and attorneys' fees in defending this action;

(c) that Ms. Kebe have a trial by jury; and

(d) for such other and further relief as this Court deems just and proper.

## LATASHA KEBE'S AMENDED COUNTERCLAIMS AGAINST BELCALIS ALMANZAR FOR SLANDER PER SE, ASSAULT, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

COMES NOW, Defendant Latasha Kebe (hereinafter referred to as "Ms. Kebe"), by and through undersigned Counsel, and files her amended counterclaims for Slander Per Se, Assault, and Intentional Infliction of Emotional Distress against Belcalis Almanzar (hereinafter referred to as "Cardi B") and demand for jury trial, and shows this Honorable Court as follows:

## FACTUAL ALLEGATIONS AND CLAIMS

193.   Ms. Kebe is an entertainment and celebrity news blogger.

194.   Ms. Kebe's brand is unWinewithTashaK.

195.   Ms. Kebe promotes her brand on various social media platforms, which she maintains.

196.   Ms. Kebe also maintains a website (www.unWinewithTashaK.com).

197.   Ms. Kebe's brand generates revenue via third-party advertisements.

198.   Ms. Kebe is the owner, producer, and host of a YouTube Channel (unWinewithTashaK), which has 612,453 subscribers.

199.   Ms. Kebe operates a Twitter account (@unwinewithtasha), which has 10,500 followers.

200.    Ms. Kebe operates a Facebook account (Tasha K.), which has 40,495 followers and 33,686 likes.

201.   Upon information and belief, Cardi B is an international celebrity.

202.   Upon information and belief, Carbi B is also a "big time Blood"; the Bloods are a notorious, violent street-gang. Cardi B was initiated by her friend, Skeemo (a fellow gang member), when she was sixteen years old.

203.   Upon information and belief, Cardi B has a YouTube Channel (Cardi B), which has 10,989,168 subscribers.

204.   Upon information and belief, Cardi B operates a Twitter account (@iamcardib), which has 6.2 million followers.

205.   Upon information and belief, Cardi B operates a Facebook account (Cardi B), which has 6.8 million followers and 6.5 million likes.

206.   Upon information and belief, Cardi B operates an Instagram account (iamcardib), which has 46.8 million followers.

207.   On September 19, 2018, Ms. Kebe published, on her YouTube Channel, a video of an interview she conducted with Starmarie Jones (hereinafter referred to as "Ms. Jones").

208.   Upon information and belief, shortly after the interview with Ms. Jones was published, Cardi B reached out to Ms. Kebe via private messages to discuss the content of that interview.

209.   Ms. Kebe informed Cardi B that she was not interested in a private conversation and told Cardi B to "tell her truth" during a public interview, just like Ms. Jones.

210.   Upon information and belief, despite proclamations that Ms. Jones was lying, Cardi B declined to be interviewed by Ms. Kebe. Instead, Cardi B published numerous Instagram Live videos, claiming she does not know Ms. Jones.

211.   Upon information and belief, in her Instagram Live videos, Cardi B began to publicly defame Ms. Kebe, referring to her as "this blogger lady", stating that Ms. Kebe makes up fake stories; harasses all of Cardi B's friends; constantly stalks Cardi B; falsely claims that she has legitimate sources giving her information about Cardi B; uses Cardi B's name for "click bait"; and many other lies.

212.   Upon information and belief, Cardi B published those lies about Ms. Kebe to millions of people via her social media accounts.

213.   Upon information and belief, in December of 2018, Cardi B published a video on her Instagram account in which she referred to Ms. Kebe as a "dumb ass bitch" and "hoe" numerous times; discussed how all the YouTube bloggers talk about Cardi B; and threatened to retaliate with litigation, not because Cardi B was being defamed, but because people were "talking shit about her friends" and she was "sick of it." Right after proclaiming that she was initiated into a gang at the age of sixteen, Cardi B threatened to bankrupt Ms. Kebe by stating, "alright then, bitch, I'm gonna take all your fucking bread."

214.   Upon information and belief, Cardi B publicly declared that she was going to make an example out of Ms. Kebe.

215.   Upon information and belief, Cardi B also published, on her Instagram account, her private conversation with Skeemo, where they discussed how Skeemo is "gathering info on that bitch" (referring to Ms. Kebe).

216.   Upon information and belief, Skeemo, then, began posting violent messages and making threats directed at Ms. Kebe. Skeemo's posts were published on his Instagram profile. A multitude of people saw those posts and immediately notified Ms. Kebe because it was clear Skeemo's threats were directed at her.

217.   Ms. Kebe was constantly being alerted, by various sources, that her safety, and the safety of her family, was in danger.

218.   Ms. Kebe, in fear for her safety and well-being, contacted the FBI. After discussing her situation, Ms. Kebe was advised that it would be in her best interest to find a new place to live, which is exactly what she did.

219.   Ms. Kebe was in the first trimester of a high-risk pregnancy when the threats, initiated by Cardi B, began.

220.   As a direct result of Cardi B's defamatory statements: Ms. Kebe's Instagram account was deleted several times; Ms. Kebe lost thousands of subscribers and followers on her social media platforms; Ms. Kebe lost several third-party advertisers; Ms. Kebe lost revenue from her YouTube Channel; Ms. Kebe suffered significant damage to her professional reputation and credibility; and Ms. Kebe experienced many other detriments to her brand.

221.   As a direct result of Cardi B's (and her fellow gang members') threats: Ms. Kebe experienced severe stress and anxiety for her safety, as well as the safety of her family; Ms. Kebe was placed on mandatory bed rest by her physician; Ms. Kebe incurred unnecessary and unexpected moving expenses; Ms. Kebe was unable to work for several weeks, which resulted in loss of income; and Ms. Kebe suffered many other financial and emotional harms.

222.   As a direct result of Cardi B's conduct and actions, Ms. Kebe (who has been pregnant throughout this entire ordeal) has experienced severe emotional

distress, anxiety, panic, stress, high blood pressure, insomnia, humiliation, and depression.

## COUNT I – SLANDER PER SE

223.   Paragraphs 1 through 222 are incorporated herein in Count I of the Amended Counterclaim.

224.   Cardi B's false and defamatory statements about Ms. Kebe, in reference to her veracity as an entertainment and celebrity news blogger, were communicated for the sole purpose of injuring Ms. Kebe's professional reputation and career.

225.   Cardi B's false and defamatory statements about Ms. Kebe were communicated with actual malice and with total disregard for the truth.

226.   As a direct and proximate result of Cardi B's conduct and actions, Ms. Kebe has suffered financial and emotional harm and damages, in an amount to be proven at trial.

227.   Cardi B acted with the specific intent to cause harm to Ms. Kebe. Because Cardi B's actions showed willful misconduct, malice, wantonness, oppression, and exhibited a conscious indifference to consequences, Ms. Kebe is entitled to an award of punitive damages in the amount of at least three million dollars ($3,000,000.00).

## COUNT II - ASSAULT

228.   Paragraphs 1 through 227 are incorporated herein in Count II of the Amended Counterclaim.

229.   Cardi B intended to commit a violent injury to Ms. Kebe when she encouraged fellow gang members to "handle" Ms. Kebe. Cardi B had the apparent ability to commit the violent injury, given her abundant financial resources and apparent gang affiliation. And Ms. Kebe believed that her safety and well-being was at risk.

230.   As a direct and proximate result of Cardi B's conduct and actions, Ms. Kebe suffered physical and mental harm and damages, in an amount to be proven at trial.

231.   Cardi B acted with the specific intent to cause harm to Ms. Kebe. Because Cardi B's actions showed willful misconduct, malice, wantonness, oppression, and exhibited a conscious indifference to consequences, Ms. Kebe is entitled to an award of punitive damages in the amount of at least three million dollars ($3,000,000.00).

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

232.   Paragraphs 1 through 231 are incorporated herein in Count III of the Amended Counterclaim.

233.   Cardi B, and her fellow gang members, published violent messages on their social media profiles with the sole purpose of intimidating and threatening Ms. Kebe.

234.   Cardi B's conduct when she encouraged fellow gang members to "handle" Ms. Kebe was intentional, extreme, outrageous, and egregious. Cardi B acted without provocation or justification. Cardi B's conduct went beyond all possible bounds of decency, is atrocious, and is utterly intolerable in a civilized society.

235.   As a direct and proximate result of Cardi B's intentional, extreme, outrageous, and egregious conduct and actions, Ms. Kebe suffered severe emotional distress and damages to be proven at trial.

236.   Cardi B acted with the specific intent to cause harm to Ms. Kebe. Because Cardi B's actions showed willful misconduct, malice, wantonness, oppression, and exhibited a conscious indifference to consequences, Ms. Kebe is entitled to an award of punitive damages in the amount of at least three million dollars ($3,000,000.00).

## COUNT IV – PUNITIVE DAMAGES

237.   Paragraphs 1 through 236 are incorporated herein in Count IV of the Amended Counterclaim.

238.   Ms. Kebe is entitled to recover from Cardi B compensatory damages resulting from the slander, defamation, assault, and intentional infliction of emotional distress.

239.   Cardi B's conduct was intentional, willful, malicious, wanton, and exhibited a conscious indifference to consequences, thereby justifying the imposition of punitive damages, in an amount to be determined by the enlightened conscience of the jury, in accordance with O.C.G.A. § 51-12-5.1.

240.   Cardi B's conduct was undertaken with the specific intent to cause harm to Ms. Kebe. Therefore, pursuant to O.C.G.A. § 51-12-5.1(f), there shall be no limitation regarding the amount which may be awarded as punitive damages.

## COUNT V – EXPENSES OF LITIGATION AND ATTORNEYS' FEES

241.   Paragraphs 1 through 240 are incorporated herein in Count V of the Amended Counterclaim.

242.   Cardi B has acted in bad faith, been stubbornly litigious, and has caused Ms. Kebe unnecessary trouble and expense.

243.   Ms. Kebe is entitled to recover from Cardi B expenses of litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11, in an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

Ms. Kebe hereby demands that this matter be tried by a jury of competent and impartial persons.

WHEREFORE, Ms. Kebe respectfully requests that this Honorable Court enter an Order granting the following relief:

(a) Dismissal of Plaintiff's Amended Complaint with prejudice;

(b) Judgment in favor of Ms. Kebe and against Plaintiff on all counts of this Amended Counterclaim, including, but not limited to, for actual and compensatory damages for all past and present injury, as well as all past, present, and future pain and suffering in an amount to be proven at trial;

(c) Judgment in favor of Ms. Kebe and against Cardi B for all costs and expenses, including reasonable attorneys' fees, incurred in connection with this lawsuit;

(d) An award of punitive damages in an amount to be determined by the enlightened conscience of the jury; and

(e) Awarding Ms. Kebe such other and further relief as this Court deems just and proper.

Respectfully submitted this 7th day of July, 2019.

*/s/Olga Izmaylova*
olga@silawatl.com
Georgia State Bar No. 666858


*/s/Sadeer Sabbak*
ssabbak@silawatl.com
Georgia State Bar No. 918493

SABBAK & IZMAYLOVA, P.C.          *Attorneys for Latasha Kebe*
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2019, I electronically filed the foregoing DEFENDANT KEBE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AMENDED COUNTERCLAIMS with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

*/s/Olga Izmaylova*
Olga Izmaylova
Georgia State Bar No. 666858