**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

BELCALIS MARLENIS ALMÁNZAR,

                Plaintiff,

    v.

LATASHA TRANSRINA KEBE a/k/a
LATASHA TRANSRINA HOWARD and
STARMARIE EBONY JONES,

                Defendants.

Case No. 1-19-cv-01301-WMR

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT LATASHA KEBE'S COUNTERCLAIMS

## PRELIMINARY STATEMENT

This action arises out of Defendant Latasha Kebe's ("Kebe") widespread publication of videos containing defamatory statements about Plaintiff Belcalis Marlenis Almánzar ("Plaintiff"), *inter alia*, that she has a sexually transmitted disease, was a prostitute, and has taken cocaine and molly, despite the fact that Kebe knew or had reason to believe such statements were false. Plaintiff made multiple requests to have Kebe remove the defamatory videos and retract the slanderous statements. In response, Kebe doubled down on her actions by ridiculing Plaintiff's takedown letter and re-publishing the videos. After Kebe spurned Plaintiff's good faith efforts to resolve the matter, Plaintiff commenced this action and asserts claims for slander, slander *per se*, libel *per se*, invasion of privacy (false light), intentional infliction of emotional distress, attorneys' fees, and punitive damages. (Doc. 11 (the "Complaint").)

On July 7, 2019, in what can only be seen as a transparent attempt to garner media attention and retaliate against Plaintiff for filing legitimate claims, Kebe filed specious counterclaims against Plaintiff for slander *per se* (Count I), assault (Count II), intentional infliction of emotional distress (Count III), punitive damages (Count IV), and expenses of litigation and attorneys' fees (Count V) (collectively, the "Counterclaims"). (*See* Doc. 12) (the "Answer").)

The Counterclaims have no merit. Indeed, as set forth herein, they are so deficiently pled that even assuming the allegations were true—which they are not—they plainly fail to state any viable claim against Plaintiff. Even putting aside Kebe's formulaic and conclusory recitation of the elements of the various causes of action, it is clear that the Counterclaims cannot be sustained as a matter of law, as the alleged conduct does not rise to the level of slander, let alone slander *per se*, intentional infliction of emotional distress, or assault. As such, and for the reasons set forth herein, they must be dismissed, along with Plaintiff's claims for punitive damages and attorneys' fees pursuant to O.C.G.A. § 13-6-11.

## <u>LEGAL STANDARD</u>

To survive a motion to dismiss, "the complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As the Supreme Court has explained: "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level."

*Twombly*, 550 U.S. at 555. Courts are also not to assume facts alleged to be true if they are contradicted by more specific allegations or admissible documentary evidence. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). "Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint on the basis of a dispositive issue of law." *Brown v. Crawford Cty., Ga.*, 960 F.2d 1002, 1010 (11th Cir. 1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)).

<u>**ARGUMENT**</u>

## I.   **KEBE HAS FAILED TO STATE A CLAIM FOR SLANDER *PER SE*.**

Kebe's allegations, most of which are pled upon information and belief, are that Plaintiff: (i) referred to Kebe as a "dumb ass bitch" and "hoe" (Answer ¶ 213); (ii) threatened Kebe with litigation and to "take all [her] f___ing bread" (*id.*) ("bread" being used in this context as a slang word for money); (iii) referred to Kebe as "this blogger lady" (*id.* ¶ 211); (iv) stated the Kebe makes up false stories about Plaintiff, stalks Plaintiff, and harasses Plaintiff's friends (*id.*); and (v) said that Kebe simply uses Plaintiff's name for "click bait" (i.e., to generate clicks on Kebe's social media accounts) (*id.*).

Kebe's generalized allegations fail to comply with Rule 8's pleading requirements for a slander claim. Kebe's allegations merely paraphrase the alleged statements rather than recite in context each particular purported defamatory

statement made by Plaintiff regarding Kebe. Kebe further fails to allege why the alleged statements are false and/or defamatory, and fails to allege the date and time they were made, in order to provide Plaintiff notice of the basis of Kebe's claims and to allow the Court to infer that Kebe's claim is plausible. *See Young v. Bank of Am. Corp.*, 1:12-CV-02373-WSD-RGV, 2012 WL 13018309, at *8 (N.D. Ga. Nov. 1, 2012), *report and recommendation adopted sub nom.*, 2013 WL 12249543 (N.D. Ga. Jan. 23, 2013) (dismissing slander claim for failing to specifically allege the slanderous statement and "how the information was false and malicious"); *see also Burns v. Cook*, 458 F.Supp.2d 29, 46 (N.D.N.Y. 2006) (slander claim dismissed for failing to comply with Rule 8 as "[p]laintiff does not identify a particular statement made by a particular individual, the date or even time period of the alleged defamation, whether the statements were made orally or in writing, or provide any other contextual information concerning her allegation."); *Torres v. Bank of Am.*, No. CV 17-4772, 2018 WL 6167933, at *3 (C.D. Cal. Jan. 16, 2018) (dismissing defamation claim for failing to allege statements at issue and why they were false).

More importantly, however, the alleged statements even if true (they are not) are mere opinion, rhetorical hyperbole, or statements of future intentions that are not actionable as a matter of law. Kebe failed to plead special damages, which

Kebe was required to do as none of the statements are the type than constitute slander *per se*. As Kebe also failed to plead any facts to support actual malice, any slander claim, especially slander *per se*, fails as a matter of law.

### A.   Plaintiff's Alleged Statements Are Not Actionable.

Kebe's slander claim fails as a matter of law as she has failed to allege any actionable statement by Plaintiff. Even assuming *arguendo* that any of Plaintiff's alleged statements have been sufficiently pled, these statements on their face constitute nothing more than name calling, opinion, or rhetorical hyperbole, none of which are actionable as a matter of law.

"[A] defamation action will lie only for a statement of fact." *Cottrell v. Smith*, 299 Ga. 517, 523 (2016). A statement that merely "reflects an opinion or subjective assessment, as to which reasonable minds could differ, cannot be proved false" and thus is not actionable in Georgia as a matter of law. *Id.*; *accord Lucas v. Cranshaw*, 289 Ga. App. 510, 514 (2008) ("Viewed in context, description of what had occurred as a 'rape' of the land constituted a mere statement of opinion or rhetorical hyperbole that cannot form the basis of a defamation claim.") (quotation marks and citation omitted); *Horsley v. Rivera*, 292 F.3d 695, 700-01 (11th Cir. 2002) (statement was rhetorical hyperbole and not actionable).

Whether a statement is non-actionable opinion, rhetorical hyperbole, or any

other type of non-actionable statement is an issue of law that may be decided by a court on a motion to dismiss. *See Monge v. Madison Cty. Record, Inc.*, 802 F. Supp. 2d 1327, 1333, 1335 (N.D. Ga. 2011) (granting motion to dismiss as alleged statements constituted opinion); *see also Pierce v. Warner Bros Entm't, Inc.*, 237 F. Supp. 3d 1375, 1378-80 (M.D. Ga. 2017) (granting motion to dismiss as statement at issue was hyperbole). "[I]f the statement is not ambiguous and can reasonably have but one interpretation, the question is one of law [left to the judge]." *Monge*, 802 F. Supp. 2d at 1333 (quotation marks and citation omitted).

Kebe's allegations that Plaintiff called her names, such as "this blogger lady," "hoe," and "dumb ass bitch" (Answer ¶ 213), even if taken as true, would simply amount to name calling that cannot support a claim for slander. *See Tuggle v. Wilson,* 248 Ga. 335, 337 (1981) ("In Georgia, there is no tort of obscenity"); *see also Bekele v. Ryals,* 177 Ga. App. 445, 446 (1986) ("Georgia law does not recognize 'name-calling' as a tort"); *Miller v. Friedman's Jewelers, Inc.*, 107 Ga. App. 841, 843 (1963) ("The mere cursing of another (not amounting to slander) is not a violation of a legal right or duty capable of enforcement by process of law.").

Similarly, Kebe's generalized allegations that Plaintiff allegedly said that Kebe made up false stories about Plaintiff, that Kebe stalks Plaintiff and harasses her friends, and that Kebe uses Plaintiff's name as "click bait" (Answer ¶ 211) are

also clearly non-actionable. At most, they constitute opinion or rhetorical hyperbole.[1] *See Lucas*, 289 Ga. App. at 514; *see also Horsley*, 292 F.3d at 700-01. These are the types of opinions that courts have had little trouble determining are not actionable. *See, e.g.*, *Swanson Towing & Recovery, LLC v. Wrecker 1, Inc.,* 342 Ga. App. 6, 11 (2017) (finding statements that one plaintiff "had no morals" and other defendants were "mean, vulgar, demeaning[ ] crook[s]" were non-actionable opinions); *Cottrell,* 299 Ga. at 529-30 (holding statements such as "not trustworthy" and "scam artist" were non-actionable opinions).

Likewise, rhetorical hyperbole constitutes protected speech as such statements "cannot reasonably be interpreted as stating actual facts about an individual . . . ." *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 2 (1990). This protection reflects "the reality that exaggeration and non-literal commentary have become an integral part of social discourse." *Horsley*, 292 F.3d at 701. When determining whether a statement constitutes protected rhetorical hyperbole, courts in the Eleventh Circuit examine the statements in the context in which they are made to determine whether it consists of "loose, figurative language that no

---

[1] Kebe alleges that Plaintiff "falsely claims that [Kebe] has legitimate sources giving her information about Cardi B." (Answer ¶ 211.) Presumably, Kebe intended to allege that Plaintiff falsely claims she *does not* have legitimate sources, which would also be opinion or rhetorical hyperbole.

reasonable person would believe presented facts." *Horsley*, 292 F3d at 702; *see also Lucas*, 289 Ga. App. at 514. For example, in *Horsley*, the defamation claim was based on a statement that plaintiff was an accomplice in the murder of a doctor that performed abortions. 292 F.3d at 702. The court held that taken in context, "[a] reasonable viewer would have understood Rivera's comments merely as expressing his belief that Horsley shared in the moral culpability for Dr. Slepian's death, not as a literal assertion that Horsley had, by his actions, committed a felony." *Id.*; *see also Horsley v. Feldt*, 304 F.3d 1125, 1132-33 (11th Cir. 2002) (holding the following statement to be non-actionable rhetorical hyperbole: "You have the blood of these doctors on your hands, because you have incited and you have inspired and conspired with others to result in what exactly has happened, that these doctors have been murdered.").

In the context of this case, in which Kebe posted multiple videos that falsely stated as fact that Plaintiff has herpes, that she takes cocaine and molly, and that she is a prostitute (Compl. ¶¶ 36, 41-44), and in which Kebe has refused to take those videos down (*id.* ¶¶ 52-53, 75-76), Plaintiff's purported response allegedly stating that Kebe makes up stories about Plaintiff and uses Plaintiff as "click bait" clearly constitutes rhetorical hyperbole or opinion.

Plaintiff's purported threats of litigation, including that Plaintiff "was gonna

take all [Kebe's] f___ing bread" (Answer ¶ 213) is also not an actionable statement. In fact, it is not a statement about Kebe at all. Rather, the alleged statement simply conveys Plaintiff's future intention to sue Kebe (which she did when Kebe refused in bad faith to take down the defamatory videos).

Lastly, to the extent that Kebe's allegations regarding "Skeemo" were intended to provide a basis for her slander claim (given how deficiently they were pled, it is unclear), they also fall short. Plaintiff's alleged communication with Skeemo about gathering information about Kebe is not defamatory, nor is there any basis for alleged "violent messages" posted by Skeemo (a non-party), the content of which has not been alleged, to support a claim for slander against Plaintiff. (*See id.* ¶ 216.)

### B.   Kebe Has Not Alleged Any Special Damages.

Unless the allegations constitute slander *per se* (as discussed *infra*, Kebe's allegations do not), the party asserting the claim must allege with particularity and prove special damages that flow from the other party's wrongful acts. *See Sanders v Brown*, 257 Ga. App. 566, 568 (2002); *see also* O.C.G.A. § 51-12-2(b).

Kebe's conclusory allegations are insufficient to plead special damages. Rule 9(g) requires Kebe "to assert and plead special damages with particularity . . . ." *Garner v Academy Collection Serv., Inc.*, No. 3:04-CV-93-JTC, 2005 WL

643680, at *5 (N.D. Ga. Mar. 11, 2005) (finding plaintiff's allegations of severe emotional distress and other damages insufficient to plead special damages). Special damages are to be pled "plainly, fully and distinctly." *Lakeview Loan Service, LLC v. Mobley*, No. 1:16-cv-04572-MHC, 2019 WL 3502914, at *4 (N.D. Ga. June 4, 2019) (citation omitted); *see also Bilinski v Keith Haring Found., Inc.*, 632 Fed A'ppx 637, 642-43 (2d Cir. 2015) (estimate of amount of damage was "too speculative and conclusory to satisfy the requirement that special damages be stated in detail." (citation omitted)).

Kebe claims the alleged statements resulted in: (i) Kebe's Instagram account to be deleted; (ii) Kebe losing thousands of subscribers and followers; (iii) the loss of third-party advertisers; and (iv) the loss of revenue from Kebe's YouTube channel. (Answer ¶ 220.) These allegations are too generalized to establish special damages. *See Hicks v McLain's Bldg. Materials, Inc.*, 209 Ga. App. 191, 192 (1993) ("[T]he generalized allegations of appellant and her husband that they might have been hindered in obtaining credit as a result of the liens are insufficient to establish special damage."). Kebe also alleges that Plaintiff's unspecified acts resulted in her suffering financial and emotional harm and damages, the amount of which she claims will be proven at trial. (*See* Answer ¶ 226.) However, emotional

damages are not special damages, and Kebe's failure to plead the amount of her damages is dispositive. *See Garner*, 3:04-CV-93-JTC, 2005 WL 643680, at *5.

Moreover, Kebe has failed to plead any facts to support a plausible inference that Plaintiff's alleged statements, such as calling her a "hoe" or "dumb ass bitch" caused any damages. Kebe's allegations about causation are nothing more than "'naked assertion[s]' devoid of 'further factual enhancement'" that fail to link Kebe's generalized purported damages to any alleged conduct of Plaintiff. *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557). Indeed, Kebe's special damage allegations are completely speculative and thus insufficient. *See Twombly*, 550 U.S. at 555. Without any factual allegations, the Court has no basis to find that Plaintiff's allegedly defamatory statements resulted in decreased viewership of Kebe's YouTube channel or any other purported damage that she may allege. *See Hicks*, 209 Ga. App. at 192 (1993) (noting that a plaintiff must show that its special damages were the "result of the alleged defamatory words")

Finally, Kebe's allegations of damage to her "professional reputation and credibility" and to her brand (Answer ¶ 220) are nothing more than conclusory formulaic recitations of the elements of her claim and thus are also insufficient as a matter of law. *Iqbal*, 556 U.S. at 678; *see also, e.g.*, *Latson v. Boaz*, 278 Ga. 113, 115 (2004) (finding allegations that statements "subjected them to humiliation,

ridicule, upset, and worry" did not constitute special damages necessary to maintain a slander claim).

As Kebe's slander *per se* claim is not based on allegations that fall within the three types of oral statements that constitute slander *per se*, it must be dismissed because special damages were not sufficiently pled. *See* OCGA § 51-5-4(a)-(b); *see also Cottrell,* 299 Ga. at 523 ("Because the jury in this case found no special damages, a verdict for defamation is sustainable only if there was defamation per se, which would include slander per se.").

There is no alleged statement by Plaintiff, charging Kebe with the commission of a specific crime, and thus Kebe cannot satisfy O.G.C.A. § 51-5-4(a)(1). "To constitute slander per se, . . . the words at issue must charge the commission of a specific crime punishable by law. Where the plain import of the words spoken impute no criminal offense, they cannot have their meaning enlarged by innuendo." *Dagel v. Lemcke*, 245 Ga. App. 243, 244 (2000) (citation omitted) (holding that "smacks of illegality" did not standing alone constitute slander *per se*). Where, as here, "a person cannot reasonably conclude" that Plaintiff's alleged statements "impute a crime on" Kebe, the claim cannot constitute slander *per se*. *See* OGCA § 51-5-4(a)(1).

The only allegation that Kebe can conceivably argue falls into this category,

is her conclusory allegation that Plaintiff claimed that Kebe "constantly stalks [Plaintiff]." (Answer ¶ 211.) But as set forth above, Kebe's allegation (made upon information and belief) does not plead the specific statement allegedly made by Plaintiff, when it was made, or the context in which it was made. *See, e.g.*, *Burns*, 458 F. Supp. 2d at 46 (noting that the complaint must provide "sufficient notice of the communications complained of to enable [the defendant] to defend himself." (quotation marks and citation omitted)). Kebe also does not allege that Plaintiff made any claim that Kebe physically followed her or placed her under surveillance for the purpose of harassment, which is what criminal stalking requires. *See* O.G.C.A. § 16-5-90. Thus, there is no alleged fact by which this Court, or the public, could reasonably infer that Kebe committed a crime. At most Kebe's factual allegations are that she and Plaintiff made comments about one another online, which even if taken at true, demonstrates that Plaintiff's alleged statement is an opinion about Kebe's focus on Plaintiff or rhetorical hyperbole that cannot establish slander *per se*. *See Dagel*, 245 Ga. App. at 244 (slander *per se* cannot be established by innuendo); *see also Cottrell*, 299 Ga. at 524 ("[A] vague statement or even a derogatory one does amount to slander per se when a person cannot reasonably conclude from what is said that the comments are imputing a crime to the plaintiff"). It is clear to any listener that if Plaintiff had stated that Kebe stalked

13

her, the allegation was rhetorical hyperbole. *See supra* Section I.A.

There is also no allegation that Plaintiff stated that Kebe has an infectious disease or that Kebe committed a debasing act that would ostracize her from society, so O.G.C.A. § 51-5-4(a)(2) has no application.

Lastly, Kebe has not alleged any statements by Plaintiff that would constitute defamation as to Kebe's trade or profession pursuant to O.G.C.A. § 51-5-4(a)(3). "The kind of aspersion necessary to come under this phase of the rule of slander per se must be one that is especially injurious to the plaintiff's reputation because of the particular demands or qualifications of plaintiff's vocation." *See Cottrell*, 299 Ga. at 524 (punctuation and citation omitted). The only alleged statement made by Plaintiff that Kebe could even possibly claim injures her trade is that she makes up stories about Plaintiff. (Answer ¶ 211.) But as set forth above, this allegation does not comply with the pleading requirements of Rule 8 because it is simply a conclusory allegation. Kebe has also not alleged any facts to support the inference that any of Plaintiff's alleged statements damaged Kebe's reputation because of the demands or qualifications of Kebe's business. In fact, Kebe failed to allege any purported demands or qualifications of her business.

In any event, any claim by Plaintiff that Kebe made up false stories about Plaintiff is not slander *per se*. Kebe is a self-described internet and news blogger

who generates revenue from third-party advertisements. (Answer ¶¶ 193, 197.)
Kebe does not rely on others believing her statements to be true; rather her
motivation as an entertainment gossip blogger is to create buzz and publicity to
draw viewers to her social media platforms. Although disparaging another's
reputation as to their trade may "sometimes" constitute slander *per se*, allegations
of another's "ignorance or mistake" on a single occasion, rather than general
ignorance or lack of skill, is not actionable slander *per se*. *Cottrell*, 299 Ga. at 524;
*see also Kin Chun Chung v. JPMorgan Chase Bank, N.A.*, 975 F. Supp. 2d 1333,
1349 (N.D. Ga. 2013). Plaintiff's alleged comments are specifically linked to
Kebe's defamatory remarks about Plaintiff. They do not relate to Kebe's
qualifications in general, and thus cannot constitute slander *per se*. Also, as the
alleged statements about Kebe are at most rhetorical hyperbole or opinion (*see
supra* Section I.A.), they are not actionable as a matter of law.

Moreover, on the whole, Plaintiff's alleged statements are not so injurious
on their face as to constitute slander *per se*. As Georgia courts have recognized,

> To be slander per se, the words are those which are
> recognized as injurious on their face—without the aid of
> extrinsic proof. . . . Thus, the court may not hunt for a
> strained construction in order to hold the words used as
> being defamatory as a matter of law, and the negative
> inference a hearer might take from the words does not
> subject the speaker to liability for slander per se.

*Cottrell*, 299 Ga. at 523 (quotation marks and citation omitted). None of Plaintiff's alleged statements are slander *per se* as they are not the type that can be seen as injurious on their face, without the use of extrinsic evidence. *See supra* Section I; *see also Bullock v. Jeon*, 226 Ga. App. 875, 877-78 (1997) (calling someone a "m_____-f_____" did not amount to slander per se as "it generally communicates an obscenity reflecting the speaker's agitated and angry state of mind."). As such, because Kebe has not adequately alleged special damages, this claim must fail.

### C.   Kebe Is a Public Figure and Has Not Alleged Actual Malice.

Kebe has alleged ample facts to conclude that she is at least a limited purpose public figure. Kebe alleges she is an entertainment and celebrity news blogger, who operates under the brand/handle "unWinewithTashaK" on her website, on YouTube (612,453 subscribers), on Twitter (10,500 followers), and on Facebook (40,495 followers). (Answer ¶¶ 193-96, 198-200.) It is well settled "that even a single interview given to the media may be sufficient to establish a plaintiff as a limited-purpose public figure." *Atlanta Humane Soc. v. Mills*, 274 Ga. App. 159, 164 (2005) (citations omitted). Also, an individual may be a limited purpose public figure if he, "because of his position in the controversy, could realistically be expected to have an impact on its resolution." *Atlanta Journal-Constitution v. Jewell*, 251 Ga. App. 808, 817 (2001). The facts support that Kebe is at least a

16

limited purpose public figure as Kebe herself created the public controversy by posting defamatory videos about Plaintiff on her YouTube channel, which Kebe perpetuated by refusing to remove the videos. (*See* Answer ¶¶ 52, 61-62, 81, 91-92, 207-211; Compl. ¶¶ 36, 38, 52, 81; 91-92.)

Since Kebe is a public figure, she must allege facts to support the inference that the "alleged defamatory statements were made with actual malice, that is with knowledge that they were false or with reckless disregard for whether they were false." *Bollea v. World Championship Wrestling, Inc.*, 271 Ga. App. 555, 557 (2005) (citations omitted). Actual malice must be pled in non-conclusory fashion, and must provide a plausible inference of actual malice. *See Biro v. Conde Nast*, 807 F.3d 541, 546 (2d Cir. 2015) (dismissing plaintiff's defamation claim as he failed to sufficiently plead actual malice). Kebe has simply pled the formulaic recitation of the element of actual malice without any factual allegations to make that claim plausible. (*See* Answer ¶ 225.) This is insufficient.

In addition, Plaintiff's statements concerning issues of public interest or concern are privileged as a matter of law and are not actionable. *See Neff v. McGee*, 346 Ga. App. 522, 526 (2018) (citing O.C.G.A. §§ 51-5-7 and 9-11-11.1), *cert denied* (Apr. 1, 2019). "Statements are deemed to have not been made in good faith, but rather with malice, if the evidence shows 'in a clear and

convincing manner that a defendant in fact entertained serious doubts as to the truth of his statements.'" *Neff*, 346 Ga. App. at 526; *see also Smith v. Henry*, 276 Ga. App. 831, 833 (2005) ("Malice to avoid qualified privilege must be actual and with evil intent"). Kebe does not even allege that Plaintiff had any doubt with respect to the truth of her statements. For this reason alone, Plaintiff's statements are privileged, and cannot be defamatory.

## II.    KEBE FAILED TO PLEAD AN ACTIONABLE ASSAULT CLAIM.

Kebe's assault claim (Count II) must be dismissed as Kebe failed to plead any conduct by Plaintiff that could plausibly state an assault claim.

Under Georgia law, "[a]n assault occurs when all the apparent circumstances, reasonably viewed, are such as to lead a person reasonably to apprehend a violent injury from the unlawful act of another." *Equal Empl. Opportunity Commn. v. Nunez, Inc.*, 1:09-CV-2661-WSD-AJB, 2011 WL 13168394, at *20 (N.D. Ga. Feb. 28, 2011), *report and recommendation adopted*, 1:09-CV-2661-WSD, 2011 WL 13175436 (N.D. Ga. Mar. 14, 2011); *see also Hallford v. Kelley*, 184 Ga. App. 90, 92 (1987) (describing test for assault as whether perpetrator's actions "would create such an apprehension of violent injury as reasonably to be considered an assault"); *cf.* O.C.G.A. § 16-5-20 (a) ("A person commits the offense of simple assault when he either: (1) Attempts to commit a

violent injury to the person of another; or (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury.").[2]

Here, there are no facts pled that could plausibly support the elements of this claim. Kebe alleges only that there were threats made by an individual (and non-party) named "Skeemo." (Answer ¶ 216.) However, such allegations are not actionable against Plaintiff because Kebe did not allege Plaintiff made these threats. *See Brown v. Manning*, 764 F. Supp. 183, 186-87 (M.D. Ga. 1991) (holding defendant was not liable for assault based on threatening telephone calls as plaintiff could not prove that the threats were made by the defendant).

Furthermore, while Kebe alleges that she was fearful of Plaintiff, she does not allege any facts that would establish that she feared physical harm as the result of any statement or action by Plaintiff. (*See* Answer ¶¶ 217-18.) Kebe's failure to plead any factual allegations that Plaintiff threatened to injure Kebe precludes her claim. *See Bullock*, 226 Ga. App. at 878 ("[Plaintiff] admitted at his deposition that [defendant] did not threaten or attempt violently to injure him and that [defendant] never touched or attempted to touch him."). There must be fear of an imminent injury; fear of some future injury is insufficient to establish an assault claim. *See*

---

[2] O.C.G.A. § 51-1-14 provides: "Any violent injury or illegal attempt to commit a physical injury upon a person is a tort for which damages may be recovered."

*Johnson v. State*, 158 Ga. App. 432, 433 (1981). Kebe does not allege that she has ever even met Plaintiff in person (because she has not), has ever been in the same location at the same time (because she has not been), or has ever had any verbal communications with Plaintiff (because she has not). (*See* Answer ¶ 208.) The assault counterclaim should be dismissed. *See id.*; *see also Everett v Goodloe*, 268 Ga. App. 536, 543, 543 (2004); *Bullock*, 226 Ga. App. 875.

## III.  KEBE FAILED TO PLEAD A PLAUSIBLE CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

The Court should also dismiss Kebe's intentional infliction of emotional distress claim (Count III) as Kebe failed to allege conduct by Plaintiff that is sufficiently outrageous or how said conduct resulted in her alleged fear.

To plead a viable intentional infliction of emotional distress claim, a plaintiff must allege (1) that the conduct was intentional or reckless; (2) that the conduct must was extreme and outrageous; (3) a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress is severe. *Cottrell,* 299 Ga. at 521. "[T]he conduct must have been 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Griggs v. USAA Cas. Ins. Co.*, 263 F. Supp. 3d 1375, 1381 (N.D. Ga. 2017) (quotation marks and citation omitted).

Kebe's allegations that Plaintiff and other non-parties posted unspecified alleged "violent messages" on social media and that Plaintiff encouraged purported "fellow gang members" to "handle" Kebe (Answer ¶¶ 233-34) are insufficient to support this claim. These allegations are too conclusory to support the first two elements of the claim, as Kebe does not allege: (i) what the purported conduct or statement was that caused her to be fearful; (ii) when the conduct occurred or statement was made; (iii) how Kebe became aware of said conduct or statement; and (iv) what resulted from said conduct or statement. *See Martin v. Bank of Am. Corp.*, No. 1:12-CV-00678-SCJ, 2012 WL 13013982, at *3 (N.D. Ga. Nov. 26, 2012) (granting motion to dismiss tortious infliction of emotional distress claim as allegations were merely conclusory). Thus, the Court cannot reasonably infer that the conduct was intentional or reckless or that it was sufficiently extreme or outrageous to support a claim. Kebe's allegations are insufficient to comply with Rule 8. *See Iqbal*, 556 U.S. at 662.

Kebe has not alleged any fact to permit this Court to plausibly infer that Plaintiff's conduct was extreme or outrageous. Thus, the Court should dismiss Kebe's claim as a matter of law. *See Garner*, 2005 WL 643680, at *5 ("Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law.").

21

Kebe also failed to allege facts to support the third element of the claim. Kebe alleged no facts that would allow the Court to infer that some unspecified conduct, that directedly caused Kebe's harm, was causally linked to any act or statement by Plaintiff. For this reason alone, the Court should dismiss this claim.

Kebe's allegations of fear (Answer ¶¶ 218, 221) also should not be considered, as they are contradicted by Kebe's other specific allegations and admissible documentary evidence. *See Griffin Indus., Inc.*, 496 F.3d at 1205-06. Plaintiff attempted amicably, and privately, to discuss with Kebe the removal of Kebe's defamatory interview with Defendant Jones that Kebe posted on her YouTube Channel (the "Jones Video"). The admissible evidence shows that on September 19, 2018, the same day that the Jones Video was uploaded to Kebe's YouTube channel (Answer ¶ 207), Plaintiff's counsel sent a cease and desist letter to Kebe (*see id.* ¶ 52 and Compl. ¶ 52; *see* also Decl. of Sarah M. Matz, Esq., filed concurrently herewith ("Matz Decl.").[3] Moreover, on February 28, 2019, Plaintiff's counsel sent a second letter to Kebe pursuant to O.C.G.A. §§ 51-5-11 and 51-5-12 demanding retraction and repudiation of the defamatory statements in several videos published on Kebe's YouTube channel, including but not limited to the

---

[3] The documents attached as Exhibits A and B to the Matz Decl. are proper to be considered by the Court on a motion to dismiss as they are referenced in the Complaint and in Kebe's Answer (¶¶ 52, 75). *See Horsley*, 304 F.3d at 1134.

Jones Video. (*See* Compl. ¶ 75 and Matz Decl. Ex. B.) Rather than remove the Jones Video or speak privately with Plaintiff regarding the matter, Kebe sought instead to capitalize and inflame the controversy caused by the defamatory videos. (*See id.; see also* Compl. ¶¶ 36, 61-62; Answer, ¶¶ 36, 61-62, 210.) If Kebe feared Plaintiff in any way, she would not have demanded a public interview rather than to resolve the issue privately as Plaintiff requested. She also would not have blatantly disregarded Plaintiff's letters when she "temporarily unlisted" and then "re-listed" the defamatory videos. (*See* Answer ¶¶ 61-62.)

## IV.    KEBE IS NOT ENTITLED TO PUNITIVE DAMAGES OR FEES AND EXPENSES.

It is well-settled that a punitive damages claim should be dismissed if the party's underlying tort claims are dismissed. *See Roofing Supply of Atlanta, Inc. v. Forrest Homes, Inc.*, 279 Ga. App. 504, 508 (2006). As such, Plaintiff's requests that the Court dismiss Count IV, as Counts I-III should be dismissed.

In addition, Kebe failed to plead that she sent Plaintiff a demand to remove any purported defamatory material and/or offer a retraction of same. Thus, Kebe as a matter of law, is not entitled to punitive damages on her slander claim. *See Mathis*, 276 Ga. at 28-29; *see also* O.G.C.A. §§ 51-5-11 and 51-5-12.

Kebe has further failed to allege sufficient facts to establish punitive damages on her claims. In order to be awarded punitive damages, the party seeking

them must allege and prove "more than the mere commission of a tort." *MDC Blackshear, LLC v. Littell*, 273 Ga. 169, 173 (2000). Punitive damages may only be awarded if the "clear and convincing evidence proves that a defendant's 'actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.'" *Tyler v. Lincoln*, 272 Ga. 118, 120 (2000) (quoting O.C.G.A. § 51–12–5.1). Kebe failed to allege any non-conclusory facts that satisfy this elevated requirement. Instead, Kebe alleges in a conclusory manner that Plaintiff acted with "intent to cause harm" and that Plaintiff's actions constituted "willful misconduct, malice, wantonness, oppression and exhibited a conscious indifference to consequences." (Answer ¶¶ 227, 231, 236, 239.) These allegations merely parrot the language of O.C.G.A. § 51-12-5.1(b). (*See also* Answer, ¶¶ 230-231, 234-235, 238, 240, 242, which consist of additional conclusory and formulaic allegations that are insufficient to comply with Federal Rule 8.) Further, Plaintiff took lawful steps to have the defamatory videos removed prior to commencing this action. (*See supra* Section III.) Thus, the facts as alleged by Kebe and the admissible evidence contradict Kebe's conclusory allegations in support of her punitive damages claim.

Kebe also failed to allege sufficient facts to obtain a recovery of her litigation expenses (Count V). Pursuant to O.C.G.A. § 13-6-11, the expenses of

litigations are not recoverable unless it is "pleaded . . . [that] the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense . . . ." Plaintiff acted in good faith and provided Kebe with ample opportunity to avoid this litigation. Moreover, as Kebe's claims should be dismissed, she is also not entitled to her litigation fees. *See Williams v Jet One Jets, Inc.*, 755 F. Supp. 2d 1281, 1290 (N.D. Ga. 2010) (noting "prerequisite to any award of attorney fees under O.C.GA. § 13–6–11 is the award of damages or other relief on the underlying claim") (quotation marks and citation omitted); *see also Freeman v. Wheeler*, 277 Ga. App. 753, 757 (2006) (recognizing that damages under OCGA § 13-6-11 "are ancillary and recoverable only where other elements of damage are recoverable on the underlying claim").

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that the Court dismiss the Counterclaims in their entirety and grant Plaintiff such other and further relief as the Court deems just and appropriate.

Dated: August 12, 2019

Respectfully submitted,

/s/ Sarah M. Matz
Sarah M. Matz (admitted pro hac vice)
Gary P. Adelman (pro hac vice to be filed)
ADELMAN MATZ P.C.
1173A Second Avenue, Suite 153
New York, New York 10065

Telephone: (646) 650-2207
E-mail: sarah@adelmanmatz.com
E-mail: g@adelmanmatz.com

Lisa F. Moore (Bar No. 419633)
W. Andrew Pequignot (Bar No. 424546)
MOORE PEQUIGNOT LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia 30318
Telephone: (404) 748-9596
E-mail: lisa@themoorefirm.com
E-mail: andrew@themoorefirm.com

*Attorneys for Plaintiff*

## CERTIFICATION AS TO FONT

In accordance with Local Rule 7.1(D), the undersigned certifies that the foregoing document was prepared with Times New Roman 14, a font and point selection approved by the Court in Local Rule 5.1(C).

/s/ W. Andrew Pequignot
W. Andrew Pequignot
Georgia Bar No. 424546