# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMÁNZAR,<br><br>Plaintiff,<br><br>v.<br><br>LATASHA TRANSRINA KEBE a/k/a LATASHA TRANSRINA HOWARD and STARMARIE EBONY JONES,<br><br>Defendants. | Case No.<br><br>1:19-cv-1301-WMR |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

In accordance with Local Rule 16.2 and this Court's Order, dated August 13, 2019 (Doc. 15),[1] Plaintiff Belcalis Marlenis Almánzar ("Almánzar" or "Plaintiff") and Defendant Latasha Transrina Kebe ("Kebe") respectfully submit the following Joint Preliminary Report and Discovery Plan:[2]

---

[1] Pursuant to this Court's May 24, 2019 Order granting the parties' request for an extension of time (Doc. 9), as Kebe did not dismiss her counterclaims, the parties were required to file their Initial Disclosures and Joint Preliminary Report and Discovery Plan by August 26, 2019. This Court's subsequent order provides that the Joint Preliminary Report and Discovery Plan is due by August 27, 2019.

[2] Plaintiff has engaged a private investigator and is still attempting to verify the current whereabouts of Defendant Starmarie Ebony Jones, who appears to have moved to another state during the pendency of this action.

**1.     Description of Case:**

**(a)     Describe briefly the nature of this action.**

(i)     *Plaintiff's Claims Against Defendants*

Plaintiff has asserted claims under Georgia law for slander *per se* pursuant to O.C.G.A. § 51-5-4(a)(2) (Count I); slander pursuant to O.C.G.A. § 51-5-4(a)(4) (Count II); libel *per se* pursuant to O.C.G.A. § 51-5-1 (Count III); invasion of privacy – false light (Count IV); intentional infliction of emotional distress (Count V); punitive damages pursuant to O.C.G.A. § 51-12-5.1 (Count VI); and attorneys' fees and litigation expenses pursuant to O.C.G.A. § 13-6-11 (Count VII).

(ii)     *Kebe's Counterclaims Against Plaintiff*

Kebe has asserted counterclaims, under Georgia law, for slander *per se* (Count I); assault (Count II); intentional infliction of emotional distress (Count III); punitive damages pursuant to O.C.G.A. § 51-12-5.1 (Count IV); and expenses of litigation and attorney's fees pursuant to O.C.G.A. § 13-6-11 (Count V).

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

(i)     *Plaintiff's Summary of the Facts (drafted by Plaintiff)*

Plaintiff, a citizen of the state of New York, is a Grammy award winning musical artist, songwriter, and television personality professionally known as

2

"Cardi B." Plaintiff is also well known for her volunteer and philanthropic work, which includes assisting families affected by gang violence.

Kebe, a resident of the state of Georgia, is a blogger who operates a website and social media accounts under the names "Tasha K" and "unWinewithTashaK," including a YouTube channel that she refers to as a "celebrity gossip site" (collectively, the "Gossip Sites"). Kebe produces, hosts, and publishes videos on the Gossip Sites and generates income from advertisements.

Plaintiff and Kebe have never met or communicated directly with each other in person. Nonetheless, Kebe published multiple false statements concerning Plaintiff on the Gossip Sites that Plaintiff alleges are defamatory, including that Plaintiff prostituted for a living, that Plaintiff used cocaine and molly, and that Plaintiff has herpes. Plaintiff alleges Kebe knew these statements were false when they were published or published them with reckless disregard for whether they were false. These statements have reached millions of people.

On February 28, 2019, Plaintiff sent a letter to Kebe pursuant to O.C.G.A. §§ 51-5-11 and 51-5-12 demanding retraction and repudiation of the alleged defamatory statements made by Kebe. On or about March 25, 2019, the same day that Plaintiff filed her initial complaint in this action, Kebe temporarily unlisted

certain videos from her YouTube channel that contained the statements. The next day, however, she re-published them.

> (ii)  *Kebe's Summary of the Facts (drafted by Kebe)*

Kebe, a resident of the State of Georgia, is an entertainment and celebrity news blogger, who is known on various social media platforms for her brand, "unWinewithTashaK". Kebe has grown her brand and has been operating under her brand name for several years prior to this civil action.

On September 19, 2018, Kebe published a video of an interview she conducted with Starmarie Jones, the named co-defendant in this civil action. Kebe has never met Plaintiff in person but did receive several private messages from Plaintiff after the publication of the Jones interview. Plaintiff alleged that the facts Jones disclosed about Plaintiff were not true but did not wish to conduct her own interview with Kebe.

Plaintiff began publishing videos on her social media accounts, which reached tens of millions of people, that Kebe alleges were made for the specific purpose of injuring Kebe in her trade as an entertainment and celebrity news blogger. Specifically, Kebe alleges that Plaintiff stated that Kebe makes up fake stories; lies about having legitimate sources that provide her information; makes up lies to generate traffic to her social media accounts. Kebe further alleges that Plaintiff

claimed that she was going to make an example out of Kebe and take all of Kebe's money by filing suit against Kebe. In addition, Kebe alleges that Plaintiff involved a few of her friends to also publish statements that Kebe perceived as threats to her safety and well-being. Kebe was served with Plaintiff's Complaint and filed her counterclaims against Plaintiff.

 **(c)**   **The legal issues to be tried are as follows:**

  (i)   *Plaintiff's Claims*

   A.   Whether Kebe's oral statements are slander *per se*;

   B.   Whether Kebe's oral statements are slander;

   C.   Whether Kebe's written statements are libel *per se*;

   D.   Whether Plaintiff is a general purpose public figure or limited purpose public figure under Georgia law such that Plaintiff must prove that Kebe made defamatory statements with actual malice;

   E.   If Plaintiff is a general purpose public figure or a limited purpose public figure, whether Kebe made defamatory statements with actual malice;

F.  Whether Plaintiff can prove special damages to the extent that any of the alleged defamatory statements made or published by Kebe do not constitute defamation *per se*;

G.  Whether Kebe's conduct was intentional or reckless;

H.  Whether Kebe's conduct was extreme and outrageous;

I.  Whether Plaintiff suffered severe emotional distress;

J.  Whether Plaintiff's emotional distress was caused by Kebe's conduct;

K.  Whether the falsehoods published by Kebe concerning Plaintiff are highly offensive to a reasonable person;

L.  Whether Kebe is liable to Plaintiff for compensatory damages;

M.  Whether Kebe is liable to Plaintiff for punitive damages;

N.  Whether Kebe is liable to Plaintiff for her reasonable attorneys' fees and expenses of litigation;

O.  Whether Kebe's statements were justified because they are true;

P.  Whether Kebe's statements were privileged communications; and

    Q. Whether Plaintiff has stated a claim upon which relief can be granted.

(ii) *Kebe's Counterclaims*

    A. Whether Plaintiff's oral statements are slander *per se*;

    B. Whether Kebe is a general purpose public figure or limited purpose public figure under Georgia law such that Kebe must prove that Plaintiff made defamatory statements with actual malice;

    C. If Kebe is a general purpose public figure or a limited purpose public figure, whether Plaintiff made defamatory statements with actual malice;

    D. Whether Plaintiff intended to commit a violent injury to Kebe;

    E. Whether Kebe reasonably apprehended a violent injury from any unlawful acts by Plaintiff;

    F. Whether the law requires fear of imminent harm, and if so, whether such fear of imminent harm existed;

    G. Whether Plaintiff had the apparent ability to commit a violent injury to Kebe;

H. Whether the conduct of Plaintiff, and others allegedly associated with her, was for the sole purpose of intimidating and threatening Kebe;

I. Whether Plaintiff's conduct was intentional, extreme, outrageous, and egregious;

J. Whether Plaintiff acted with the specific intent to cause Kebe harm;

K. Whether Kebe suffered severe emotional distress;

L. Whether Kebe's emotional distress was caused by Plaintiff's conduct;

M. Whether Plaintiff is liable to Kebe for compensatory damages;

N. Whether Plaintiff is liable to Kebe for punitive damages;

O. Whether Plaintiff is liable to Kebe for her reasonable attorneys' fees and expenses of litigation; and

P. Whether Plaintiff's statements were justified because they are true;

Q. Whether Plaintiff's statements are mere name calling, opinion, or rhetorical hyperbole that is not actionable;

    R. Whether Plaintiff's statements were privileged communications; and

    S. Whether Kebe has stated a claim upon which relief can be granted.

 (d) **The cases listed below (include both style and action number) are:**

   (1) Pending Related Cases: None.

   (2) Pending Adjudicated Related Cases: None.

2. **This case is complex because it possesses one or more of the features listed below (please check):**

```
_____     (1) Unusually large number of parties
_____     (2) Unusually large number of claims or defenses
_____     (3) Factual issues are exceptionally complex
_____     (4) Greater than normal volume of evidence
__X__     (5) Extended discovery period is needed
__X__     (6) Problems locating or preserving evidence
_____     (7) Pending parallel investigations or action by government
_____     (8) Multiple use of experts
_____     (9) Need for discovery outside United States boundaries
_____     (10) Existence of highly technical issues and proof
_____     (11) Unusually complex discovery of electronically stored
              information
```

3. **Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

Almánzar:

Gary P. Adelman (*pro hac vice* application to be filed)

9

    Sarah M. Matz (admitted *pro hac vice*)
    ADELMAN MATZ P.C.
    1173A Second Avenue, Suite 153
    New York, New York 10065
    (646) 650-2207
    g@adelmanmatz.com
    sarah@adelmanmatz.com

    Kebe:

    Olga Izmaylova (GA Bar No. 666858)
    Sadeer Sabbak (GA Bar No. 918493)
    SABBAK & IZMAYLOVA, P.C.
    1875 Old Alabama Road, Suite 760
    Roswell, Georgia 30076
    (404) 793-7773
    olga@silawatl.com
    ssabbak@silawatl.com

**4.**     **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

No.

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.**     **Parties to This Action:**

    **(a)**     **The following persons are necessary parties who have not been joined:**

None known at the current time.

    **(b)**     **The following persons are improperly joined as parties:**

None known at the current time.

**(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d)   The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.   Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

**(a)   List separately any amendments to the pleadings that the parties anticipate will be necessary:**

The parties do not anticipate other amendments at this time.

**(b)   Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.   Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below, and specific dates have been provided pursuant to this Court's Standing Order based on the eight-month discovery track requested below.

(a)   *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

April 27, 2020

11

    (b)    *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

     May 26, 2020

    (c)    *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

    (d)    *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

    September 25, 2019

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

There are no objections to initial disclosures.

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues that could be addressed and the position of each party.

Not at this time.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Plaintiff will seek discovery on: (a) the videos created by and published by Kebe and/or Jones regarding Plaintiff; (b) Kebe's source(s) and documents that Kebe relied on when she created and published videos concerning Plaintiff and/or when Kebe refused to de-list said videos as requested by Plaintiff; (c) Kebe's oral, written, and electronic communications with Jones regarding Plaintiff; (d) Kebe's communications with non-parties regarding Plaintiff, including but not limited to posts and uploads on social media accounts owned by Kebe, Jones, and non-parties; (e) records maintained by Kebe and/or non-parties regarding the date, time, and place that the subject videos were published; (f) records maintained by Kebe and/or non-parties regarding the number of views for each relevant video created and published by Kebe; and (g) Kebe's counterclaims and affirmative defenses.

Kebe will seek discovery on: (a) any and all videos created and published by Plaintiff to her social media accounts, regarding Kebe; (b) any and all written posts published by Plaintiff to her social media accounts, regarding Kebe; (c) any and all direct and/or private messages between Plaintiff and Kebe on various social media

13

accounts; (d) any and all communications between Plaintiff and non-parties, including but not limited to posts and uploads on social media accounts owned by Plaintiff and non-parties, regarding Kebe; (e) any and all mobile phone communications, including but not limited to text messages and/or instant messages, between Plaintiff and non-parties, regarding Kebe; and (f) Plaintiff's claims and any affirmative defenses to Kebe's counterclaims.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The issues in this case will likely require documents and depositions from multiple third parties, including social media companies, which necessitates an extended discovery period. In addition, Plaintiff is an internationally known musician, who is frequently traveling, which the parties also anticipate will cause delays during the discovery period.

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

    (a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None at this time.

    (b)    Is any party seeking discovery of electronically stored information?

Yes.

14

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

None at this time.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

Electronically stored information shall be produced to the requesting party as text searchable PDF files and shall be bates labeled for production. The only files that should be produced in native format are files not easily converted to image format, such as video and audio recordings, Microsoft Excel and Access files. Native files shall be produced with the original formatting and metadata but may be titled with bates labeling and confidentiality designations. ESI may be produced on disk or by file transfer, but not on paper.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties anticipate seeking a joint protective order addressing the confidentiality of certain personal information.

13.  **Settlement Potential:**

    (a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on May 23, 2019, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

           For Plaintiff/Almánzar:

| | |
|---|---|
| Lead counsel (signature): | /s/ Sarah M. Matz |
| Other participants: | W. Andrew Pequignot |

           For Defendant/Kebe:

| | |
|---|---|
| Lead counsel (signature): | /s/ Olga Izmaylova |
| Other participants: | Sadeer Sabbak |

    (b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

           (__)  A possibility of settlement before discovery.
           (X)  A possibility of settlement after discovery.
           (__)  A possibility of settlement, but a conference with the judge is needed.
           (__)  No possibility of settlement.

    (c)    Counsel (__) do or (X) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is: none at this time.

    (d)    The following specific problems have created a hindrance to settlement of this case:

The parties need to take discovery before they can further evaluate the possibility of settlement.

**14.    Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b) The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 26th day of August, 2019.

/s/ Sarah M. Matz
Gary P. Adelman (*pro hac vice* to be filed)
Sarah M. Matz (admitted *pro hac vice*)
ADELMAN MATZ P.C.
1173A Second Avenue, Suite 153
New York, New York 10065
(646) 650-2207
g@adelmanmatz.com
sarah@adelmanmatz.com

Lisa F. Moore
(GA Bar No. 419633)
W. Andrew Pequignot
(GA Bar No. 424546)
MOORE PEQUIGNOT LLC
887 West Marietta Street NW, Suite M-102
Atlanta, Georgia 30318
(404) 748-9596

/s/ Olga Izmaylova (with permission)
Olga Izmaylova
(GA Bar No. 666858)
Sadeer Sabbak
(GA Bar No. 918493)
SABBAK & IZMAYLOVA, P.C.
1875 Old Alabama Road, Suite 760
Roswell, Georgia 30076
(404) 793-7773
olga@silawatl.com
ssabbak@silawatl.com

*Attorneys for Defendant*
*Latasha Transrina Kebe*

lisa@themoorefirm.com
andrew@themoorefirm.com

*Attorneys for Plaintiff*
*Belcalis Marlenis Almánzar*

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified.

IT IS SO ORDERED, this _____ day of _____, 2019.

_____
Honorable William M. Ray II
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2019, I electronically filed the foregoing JOINT PRELIMINARY REPORT AND DISCOVERY PLAN with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

        /s/ W. Andrew Pequignot
        W. Andrew Pequignot
        Georgia Bar No. 424546