**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

BELCALIS MARLENIS ALMANZAR,      *
                                 *
            Plaintiff,            *
                                 *          Civil Action No.
      v.                          *          1:19-cv-01301-WMR
                                 *
LATASHA TRANSRINA KEBE et al.,    *
                                 *
            Defendants.           *

## DEFENDANT KEBE'S INITIAL DISCLOSURES

In accordance with Fed. R. Civ. P. 26, Local Rule 26.1, and this Court's Order

Granting Joint Motion for Extension of Time, dated May 24, 2019, Defendant

Latasha Kebe (hereinafter referred to as "Ms. Kebe") respectfully submits the

following Initial Disclosures.

**(1)**

**If the defendant is improperly identified, state defendant's correct**

**identification and state whether defendant will accept service of an amended**

**summons and complaint reflecting the information furnished in this disclosure**

**response.**

**RESPONSE:** Not applicable to Ms. Kebe in the above-styled civil action.

**(2)**

**Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

**RESPONSE:** At this time, Ms. Kebe is not aware of any necessary parties to this action, who have not been named by Plaintiff.

**(3)**

**Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

**RESPONSE:** Ms. Kebe has asserted counterclaims, under Georgia law, for slander *per se* (Count I); assault (Count II); intentional infliction of emotional distress (Count III); punitive damages pursuant to O.C.G.A. § 51-12-5.1 (Count IV); and expenses of litigation and attorneys' fees pursuant to O.C.G.A. § 13-6-11 (Count V).

Ms. Kebe, a resident of the State of Georgia, is an entertainment and celebrity news blogger, who is known on various social media platforms for her brand, "unWinewithTashaK". Ms. Kebe has grown her brand and has been operating under her brand name for several years prior to this civil action.

Plaintiff is an international celebrity and musical artist with a social media following in the tens of millions. Plaintiff regularly publishes videos, posts, and music to her social media. Plaintiff has also made other media appearances in print and video published by third-parties. Plaintiff, through various outlets and media formats, regularly discusses her time as a stripper where she admits to engaging in the activities she now alleges are defamatory.

On September 19, 2018, Ms. Kebe published a video of an interview she conducted with Starmarie Jones, the named co-defendant in this civil action. Ms. Kebe has never met Plaintiff in person but did receive several private messages from Plaintiff after the publication of the Jones interview. Plaintiff alleged that the facts Ms. Jones disclosed about Plaintiff were not true but did not wish to conduct her own interview with Ms. Kebe.

Plaintiff began publishing videos on her social media accounts, which reached tens of millions of people. Ms. Kebe believes were made for the specific purpose of injuring her career as an entertainment and celebrity news blogger. Specifically, Plaintiff stated that Kebe makes up fake stories; lies about having legitimate sources that provide her information; and makes up lies to generate traffic to her social media accounts. Additionally, Plaintiff stated that she was going to make an example out

of Kebe and bankrupt her. Plaintiff also involved a few of her friends to publish statements containing threats to Ms. Kebe's safety and well-being.

**(4)**

**Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

**RESPONSE:**

| Statutes | Cases |
|---|---|
| • O.C.G.A. § 13-6-11<br>• O.C.G.A. § 51-1-14.<br>• O.C.G.A. § 51-5-4<br>• O.C.G.A. § 51-5-5<br>• O.C.G.A. § 51-5-6<br>• O.C.G.A. § 51-5-7<br>• O.C.G.A. § 51-12-5.1 | • *Wallace v. Stringer,* 250 Ga. App. 850 (2001)<br>• *Edwards v. Sabat,* 263 Ga. App. 852 (2003)<br>• *Everett v. Goodloe*, 268 Ga. App. 536 (2004)<br>• *Capitol T.V. Service, Inc. v. Derrick*, 163 Ga. App. 65 (1982)<br>• *Brewer v. Rogers*, 211 Ga. App. 343 (1993)<br>• *Brown v. Capricorn Records, Inc.*, 136 Ga. App. 818 (1975)<br>• *Turnage v. Kasper,* 307 Ga. App. 172 (2010)<br>• *Kuritzky v. Emory University*, 294 Ga. App. 370 (2008)<br>• *Cottrell v. Smith,* 299 Ga. 517 (2016) |

Ms. Kebe notes that the list of authority is neither exclusive nor exhaustive and that Ms. Kebe may rely upon other authority not cited herein. Ms. Kebe reserves the right to amend and or supplement her response to this Disclosure.

**(5)**

**Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

**RESPONSE:** See Attachment A.

**(6)**

**Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

**RESPONSE:** At this time, Ms. Kebe does not plan to present any expert witnesses at trial.

**(7)**

**Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to**

support your claims or defenses unless solely for impeachment, identifying the

subjects of the information. (Attach document list and descriptions to Initial

Disclosures as Attachment C.)

     **RESPONSE:** See Attachment C.

**(8)**

     **In the space provided below, provide a computation of any category of**

**damages claimed by you. In addition, include a copy of, or describe by category**

**and location of, the documents or other evidentiary material, not privileged or**

**protected from disclosure on which such computation is based, including**

**materials bearing on the nature and extent of injuries suffered, making such**

**documents or evidentiary material available for inspection and copying under**

**Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as**

**Attachment D.)**

     **RESPONSE:** See Attachment D.

**(9)**

     **If defendant contends that some other person or legal entity is, in whole**

**or in part, liable to the plaintiff or defendant in this matter, state the full name,**

**address, and telephone number of such person or entity and describe in detail**

**the basis of such liability.**

**RESPONSE:** At this time, Ms. Kebe is not aware of any such person or legal entity.

**(10)**

**Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

**RESPONSE:** At this time, Ms. Kebe is not aware of the existence of any such insurance agreement.

Respectfully submitted this 26th day of August, 2019.

*/s/Olga Izmaylova*
olga@silawatl.com
Georgia State Bar No. 666858


*/s/Sadeer Sabbak*
ssabbak@silawatl.com
Georgia State Bar No. 918493

SABBAK & IZMAYLOVA, P.C.                 *Attorneys for Latasha Kebe*
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911

## ATTACHMENT A

1. **Latasha Transrina Kebe**. Ms. Kebe may be contacted through Ms. Kebe's undersigned counsel. Ms. Kebe has knowledge concerning the following subjects:

   a. Ms. Kebe's interview with Starmarie Jones.

   b. Her professionalism, due diligence, and journalistic integrity as it relates to stories she publishes in general and specifically in regards to her interview with Starmarie Jones.

   c. The emotional distress she experienced while pregnant as a direct result of Plaintiff's threats and tortious assault.

2. **Belcalis Marlenis Almanzar**. Plaintiff may be contacted through Plaintiff's counsel. Plaintiff has knowledge concerning the following subjects:

   a. Videos, song lyrics, and social media posts of Plaintiff discussing her time as stripper where she admits to engaging in the precise activities she now complains of.

   b. Plaintiff and Skeemo's longtime friendship and membership in the Bloods gang.

   c. Communications between Plaintiff and Skeemo, relating to threats against Ms. Kebe.

    **d.** Videos published by Plaintiff, relating to defamatory statements Plaintiff made in regard to Ms. Kebe's profession.

3. **Starmarie Ebony Jones**. It is believed that Ms. Jones may be contacted via electronic communication at Iamlovedstarmarie@yahoo.com. Upon information and belief, Ms. Jones has knowledge concerning the following subjects:

    a. Ms. Jones' past relationship with Plaintiff.

    b. Ms. Jones' opportunity to observe and the details surrounding the conduct Plaintiff alleges are defamatory.

4. **Skeemo**. Skeemo may be contacted through Plaintiff, Belcalis Marlenis Almanzar, and therefore through Plaintiff's counsel. Plaintiff has knowledge concerning the following subjects:

    **a.** Details surrounding his longtime friendship with Plaintiff and his role in Plaintiff's introduction and membership in the Bloods.

    **b.** The communications between himself and Plaintiff, relating to threats against Ms. Kebe.

Ms. Kebe reserves the right to amend and supplement this list of witnesses and the subject matter discussed in the event such becomes necessary during the course of discovery.

## ATTACHMENT C

1. Videos published by Plaintiff, relating to Ms. Kebe. These materials are in the possession of Ms. Kebe and Ms. Kebe's counsel.

2. Posts published by Skeemo, relating to Ms. Kebe. These materials are in the possession of Ms. Kebe and Ms. Kebe's counsel.

3. Communications between Plaintiff and Skeemo, relating to Ms. Kebe. These materials are in the possession of Ms. Kebe and Ms. Kebe's counsel.

4. Communications between Plaintiff and Ms. Kebe. These materials are in the possession of Ms. Kebe and Ms. Kebe's counsel.

5. Videos and posts published by Plaintiff, relating to her membership in Bloods, a violent street-gang. These materials are in the possession of Ms. Kebe and Ms. Kebe's counsel.

6. Videos published by Plaintiff, relating to Ms. Kebe. These materials are in the possession of Ms. Kebe and Ms. Kebe's counsel.

7. Video and audio recordings of Plaintiff, relating to alleged defamatory statements she seeks damages for. These materials are in the possession of Ms. Kebe and Ms. Kebe's counsel.

Ms. Kebe reserves the right to amend and supplement this list of documents in the event such becomes necessary during the course of discovery.

## ATTACHMENT D

- Slander *per se* (Count I): Ms. Kebe is entitled to an award of punitive damages in the amount of at least three million dollars ($3,000,000.00).

- Assault (Count II): Ms. Kebe is entitled to an award of punitive damages in the amount of at least three million dollars ($3,000,000.00).

- Intentional infliction of emotional distress (Count III): Ms. Kebe is entitled to an award of punitive damages in the amount of at least three million dollars ($3,000,000.00).

- Punitive damages pursuant to O.C.G.A. § 51-12-5.1 (Count IV): Plaintiff's conduct was undertaken with the specific intent to cause harm to Ms. Kebe. Therefore, pursuant to O.C.G.A. § 51-12-5.1(f), there shall be no limitation regarding the amount which may be awarded as punitive damages.

- Expenses of litigation and attorney's fees pursuant to O.C.G.A. § 13-6-11 (Count V): Ms. Kebe is entitled to recover from Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11, in an amount to be determined at the conclusion of this case.

Ms. Kebe reserves the right to amend and supplement the calculation of her damages as such becomes necessary during the course of discovery.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 26, 2019, I electronically filed the foregoing DEFENDANT KEBE'S INITIAL DISCLOSURES with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

*/s/Olga Izmaylova*
Olga Izmaylova
Georgia State Bar No. 666858
