**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |
|---|---|
| BELCALIS MARLENIS ALMÁNZAR,<br><br>              Plaintiff,<br><br>      v.<br><br>LATASHA TRANSRINA KEBE a/k/a<br>LATASHA TRANSRINA HOWARD and<br>STARMARIE EBONY JONES,<br><br>              Defendants. | Case No. 1:19-cv-01301-WMR |

**<u>REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S</u>**
**<u>MOTION TO DISMISS DEFENDANT LATASHA KEBE'S</u>**
**<u>COUNTERCLAIMS</u>**

Plaintiff respectfully submits this memorandum of law (this "Reply") in further support of her Motion to Dismiss Defendant Latasha Kebe's Counterclaims (Doc. 13) and in reply to Kebe's Response (Doc. 18) (the "Response").[1]

Kebe's Response fails to demonstrate that her Counterclaims state a plausible claim for relief. Indeed, Kebe's Response does nothing more than point the Court to the same deficient allegations that do not contain sufficient facts for this Court to draw a reasonable inference that Plaintiff is liable for any of the misconduct alleged.

Despite Kebe's attempt to argue against dismissal, it is clear based on what was actually pled, that Plaintiff's alleged statements are not actionable as they do not satisfy the legal standard for slander *per se* or are non-actionable opinion. Moreover, given Kebe's failure to even try to oppose Plaintiff's arguments that the alleged statements are non-actionable rhetorical hyperbole and/or privileged, and that Kebe failed to sufficiently allege actual malice or special damages, dismissal on those grounds is also warranted.

Kebe's claims for assault must also be dismissed as there are no alleged facts to support the imposition of liability against Plaintiff, based on the alleged conduct

---

[1] All capitalized terms that are not defined herein shall have the same meaning as set forth in Plaintiff's Memorandum of Law (Doc. 13-1) (the "Memorandum").

of others. Kebe has also failed to plead facts to support the inference that she had a reasonable fear of imminent physical harm by Plaintiff. Being allegedly told by non-parties about the alleged online posting of unspecified messages by another non-party is simply not capable of being the basis of a plausible assault claim against Plaintiff.

In addition, as Kebe has failed to allege conduct by Plaintiff that is sufficiently outrageous or how such alleged conduct resulted in her alleged fear, her intentional infliction of emotional distress claim should also be dismissed.

Putting aside Kebe's misstatement as to what law should be applied, it is clear that Kebe's Counterclaims are not plausible. As such, and as she has not argued that she can present any additional facts to remedy these deficiencies through amendment, Kebe's Counterclaims must  be dismissed with prejudice.

## ARGUMENT

### I.   KEBE'S CLAIM THAT PLAINTIFF HAS FAILED TO CITE PROPER LEGAL AUTHORITY IS MERITLESS.

At the outset, Kebe contends that Plaintiff cites federal law "almost exclusively" and argues this alleged "failure to cite to proper legal authority" should alone result in the denial of Plaintiff's motion. (Resp. 3.) There obviously is nothing improper about citing federal cases for application of Federal Rules 8, 9, and 12. While Plaintiff's state law claims are governed by Georgia law, the Federal

Rules of Civil Procedure still govern the procedural issues raised by this motion.[2] *See Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1307 (11th Cir. 2002). Likewise, there is nothing improper about citing federal decisions interpreting Georgia substantive law to the extent they are not in conflict with a decision of the Georgia Supreme Court. *See, e.g.*, *State v. Almanza*, 304 Ga. 553, 556-57 (2018) (holding that it was proper to rely on federal case law as the Georgia state evidentiary rule at issue was identical with a federal evidentiary rule.); *see also State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1231 (11th Cir. 2004) ("The opinions of federal courts sitting in diversity are considered persuasive, rather than precedential."). Federal courts in diversity cases may consider a wide range of case law, scholarly works and "any other reliable data" that would show how the highest court in the state would decide the issue. *See Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1326 (11th Cir. 2005); *see also State Farm Fire and Cas. Co.*, 393 F.3d at 1231 (noting that federal courts may consider law from other jurisdictions on an issue if there is a paucity of state court cases on that issue). There is also nothing improper about citing as persuasive authority federal decisions in other jurisdictions that interpret the Federal Rules or

---

[2] Indeed, Kebe cites *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for the pleading standard for this same reason.

similar tort claims under another state's laws. Finally, half of the cases cited to by Plaintiff were Georgia state law cases, making Kebe' argument factually, as well as legally, incorrect. Kebe's argument is meritless.

## II.   KEBE'S SLANDER *PER SE* CLAIM SHOULD BE DISMISSED.

In contravention of Rule 8's "plain statement" requirement, the Answer requires Plaintiff and this Court to guess which alleged statements form the basis of Kebe's slander *per se* counterclaim. The Response does not provide clarification because it simply refers back to the same vague allegations, further confusing the issue by paraphrasing the alleged statements differently, still without referring to a single specific statement allegedly made by Plaintiff. Nevertheless, it is clear that Kebe's slander *per se* claim is based solely on alleged statements about Kebe's "veracity and professionalism as an entertainment and celebrity news blogger" (Resp. 5),[3] which are only paraphrased on information and belief in one paragraph of the Answer (*see* ¶ 211).[4]

Kebe argues that these alleged statements are actionable statements of fact

---

[3] Kebe's Response argues that O.C.G.A. § 51-5-4(a)(3) is the only slander *per se* category that she claims would apply. (Resp. 3.)

[4] Even though the Response cites other paragraphs of the Answer, Kebe apparently concedes that the alleged "name calling" in Paragraph 213 of the Answer and other alleged statements addressed in Plaintiff's Memorandum cannot sustain her claim. As such Kebe's claim based on those alleged statements should also be dismissed.

rather than non-actionable opinions because they "can be proved false." (Resp. 6.)

Yet, the only case that Kebe cites, *Cottrell v. Smith*, 299 Ga. 517 (2016), held that

similar statements could not support a slander claim. *Id.* at 529-30 (finding

statements such as "not trustworthy" and "seems like a scam artist" were non-

actionable opinions). Moreover, while Kebe claims the alleged statements would

cause harm to her "trade" as a celebrity blogger within the meaning of O.C.G.A. §

51-5-4(a)(3) (Resp. 6), she cannot and does not point to any factual allegations in

the Answer that support that contention. Even taking Kebe's vague allegations at

face value, the alleged statements concerning Kebe's veracity were in relation to

her stories about Plaintiff[5] and *not* her "trade" generally and thus are not

actionable. (Mem. 15.)

_____

[5] Kebe mis-paraphrases the allegations in her Counterclaims in an apparent attempt to bolster her strained argument that Plaintiff's statements about Kebe were general and not specifically related to Plaintiff. (Resp. 5.) For example, Kebe's Response argues that Plaintiff stated that Kebe "does not have legitimate sources for the celebrity news stories she reports" and that her "her blog should not be trusted as a source for legitimate entertainment and celebrity news." (Resp. 5-6.) Kebe did not plead either of those statements. What Kebe actually alleged was that Plaintiff "falsely claims that [Kebe] has legitimate sources . . . about Cardi B." (Answer ¶ 211.) These allegations are clearly about Kebe's actions and conduct specific to Plaintiff, not in general. The Court should not permit Kebe to proceed with a pleading that fails to allege the specific statements allegedly made and then mischaracterize the vague allegations she actually has pled to avoid dismissal. Indeed, this is precisely why courts require parties alleging slander to plead the specific statements that were made. (Mem. 3-5.)

Plaintiff's Memorandum also sets forth other separate bases for dismissing this claim that the Response does not even address, including:

- That the alleged statements are First Amendment-protected rhetorical hyperbole and thus are not actionable (Mem. 7-8).

- That the Answer does not adequately plead special damages, which are required if the alleged statements are not slander *per se* (*id.* 9-16).

- That the Answer does not adequately plead actual malice (*id.* 16-18).

- The alleged statements are privileged under Georgia law and are thus not actionable (*id.* 17-18).

Any of the foregoing would, by itself, be grounds for dismissal of Kebe's slander *per se* claim and Kebe's failure to respond warrants dismissal here. *See Welch v. Delta Air Lines, Inc.,* 978 F. Supp. 1133, 1137 (N.D. Ga. 1997) (finding the plaintiff's failure to respond to the defendant's statute of limitations argument resulted in the motion being deemed unopposed pursuant to Local Rule 7.1); *see also Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) ("[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case."). Given Kebe's failure to address any of these arguments, she has conceded them, and as such,

6

Kebe's slander *per se* claim should be dismissed.

## III.   KEBE'S ASSAULT CLAIM SHOULD BE DISMISSED.

Kebe's argument that she has sufficiently pled reasonable apprehension of a violent injury to sustain her assault claim based entirely on unidentified threats by an unidentified person named "Skeemo" is also wholly without merit. (Resp. 8.)

Kebe fails to address, and therefore concedes, that Plaintiff cannot be liable for assault based on the conduct of others. (Mem. 19.) Moreover, nowhere does Kebe plead that Plaintiff threatened Kebe with physical harm, which is an element of assault. Kebe's failure to address either of these arguments would be fatal to her claim, and given her failure to address both, it is clear that her assault claim should be dismissed.[6]

The cases cited by Kebe also are unavailing to her argument. In *Wallace v. Stringer*, 250 Ga. App. 850 (2001), the court held that a store employee's threat to have an alleged shoplifter dragged to her office in the back of the store, coupled with her apparent ability to accomplish the threat, was sufficient to support an assault claim. In *Edwards v. Sabat*, 263 Ga. App. 852 (2003), the court affirmed an

---

[6] Kebe makes much of the fact Plaintiff cited Georgia's criminal assault statute, O.C.G.A. § 16-5-20. (Resp. 8.) Plaintiff simply cited this statute to show that the legal standard for a criminal assault claim is similar to the standard for a civil assault claim. (Mem. 18-19.)

assault verdict based on being tailgated, cut off, and run into a ditch. Finally, in *Capitol T. V. Serv., Inc. v. Derrick*, 163 Ga. App. 65 (1982), the person found to have committed assault got in another man's face and threated to hurt him.[7]

Each of the above cases have something wholly lacking in Kebe's allegations—i.e., that the person asserting the assault claim feared that physical harm was imminent. (Mem. 19-20.) The element of fear of imminent physical harm was satisfied in these cases cited by Kebe by threats of harm being made by someone in the same physical space. However, here, Kebe has failed to allege any facts to support this element of the claim. Plaintiff and Kebe *have never even met each other in person*. Kebe's reliance on threadbare allegations that someone named Skeemo posted messages (the contents of which she has failed to allege) and that Plaintiff said she was going to sue Kebe, are simply insufficient for the Court to infer that she has plausibly pled a reasonable apprehension of imminent violent injury by Plaintiff. This is not the type of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 663. As such, this claim should be dismissed.

---

[7] Kebe also cited *Everett v. Goodloe*, 268 Ga. App. 536 (2004), but that case affirmed a finding that the assault claim was deficient as a matter of law.

## IV.   KEBE'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM SHOULD BE DISMISSED.

In defense of her intentional infliction of emotional distress claim (Resp. 9), Kebe simply restates the same conclusory allegations set forth in her Answer, which were already addressed in Plaintiff's Memorandum. As set forth in Plaintiff's Memorandum, Kebe has failed to allege conduct by Plaintiff that is sufficiently outrageous or allege how said conduct resulted in her alleged fear (Mem. 20-23), and as such, this claim should be dismissed.

## V.   KEBE'S CLAIMS FOR PUNITIVE DAMAGES AND ATTORNEYS' FEES AND LITIGATION EXPENSES SHOULD BE DISMISSED.

Kebe contends she "will be prepared to prove" that she is entitled to punitive damages (pursuant to O.C.G.A. § 51-12-5.1) and attorneys' fees and expenses of litigation (pursuant to O.C.G.A. § 13-6-11) "at the appropriate time." (Resp. 10-11.) Whether or not that is true, it does not absolve Kebe of the obligation to plead adequately her entitlement to those damages. She has not done that. (Mem. 23-25.)

Regardless, these claims for damages should be dismissed because, as discussed above, the tort claims upon which they are based should be dismissed. (Mem. 23-25.) Kebe also does not dispute that she never sent Plaintiff a written request to remove any alleged defamatory statements, which O.C.G.A. § 51-5-12 requires to be entitled to punitive damages based on a slander claim. Thus, if the

slander claim is the only tort claim to survive this motion, the punitive damages claim still must be dismissed. (Mem. 23.)

## CONCLUSION

For the reasons set forth in Plaintiff's Memorandum and this Reply, Plaintiff respectfully requests that this Court dismiss Kebe's Counterclaims in their entirety.

Dated: September 9, 2019          Respectfully submitted,


/s/ Sarah M. Matz
Sarah M. Matz (admitted *pro hac vice*)
Gary P. Adelman (admitted *pro hac vice*)
ADELMAN MATZ P.C.
1173A Second Avenue, Suite 153
New York, New York 10065
Telephone: (646) 650-2207
E-mail: sarah@adelmanmatz.com
E-mail: g@adelmanmatz.com

Lisa F. Moore (Bar No. 419633)
W. Andrew Pequignot (Bar No. 424546)
MOORE PEQUIGNOT LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia 30318
Telephone: (404) 748-9596
E-mail: lisa@themoorefirm.com
E-mail: andrew@themoorefirm.com

*Attorneys for Plaintiff*

## <u>CERTIFICATION AS TO FONT</u>

In accordance with Local Rule 7.1(D), the undersigned certifies that the foregoing document was prepared with Times New Roman 14, a font and point selection approved by the Court in Local Rule 5.1(C).


/s/ Sarah M. Matz
Sarah M. Matz (admitted *pro hac vice*)

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2019, I electronically filed the foregoing REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT LATASHA KEBE'S COUNTERCLAIMS with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

/s/ Sarah M. Matz
Sarah M. Matz (admitted *pro hac vice*)