UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BELCALIS MARLENIS ALMÁNZAR,

               Plaintiff,

v.

LATASHA TRANSRINA KEBE a/k/a
LATASHA TRANSRINA HOWARD and
STARMARIE EBONY JONES,

               Defendants.

Case No. 1-19-cv-01301-WMR

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO
DEFENDANT KEBE'S AMENDED COUNTERCLAIMS**

COMES NOW Plaintiff Belcalis Marlenis Almánzar ("Plaintiff"), by and through her undersigned counsel, and submits her Answer and Affirmative Defenses to the Amended Counterclaims (the "Counterclaims") of Defendant Latasha Transrina Kebe a/k/a Latasha Transrina Howard ("Kebe") as follows:

**FACTUAL ALLEGATIONS AND CLAIMS**

193. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 193 of the Counterclaims, except that Plaintiff admits that Kebe posts videos.

1

194.    Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 194 of the Counterclaims, except that Plaintiff admits that Kebe has used "unWinewithTashaK" as a social media handle.

195.    Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 195 of the Counterclaims.

196.    Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 196 of the Counterclaims, except that Plaintiff admits that a website exists at the domain www.unWinewithTashaK.com.

197.    Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 197 of the Counterclaims.

198.    Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 198 of the Counterclaims, except that Plaintiff admits that there is a YouTube channel named "unWinewithTashaK."

199.    Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 199 of the Counterclaims,

except that Plaintiff admits that there is a Twitter account using the handle @unwinewithtasha.

200. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 200 of the Counterclaims, except that Plaintiff admits that there is a Facebook account using the name "Tasha K."

201. Plaintiff admits the allegations contained in Paragraph 201 of the Counterclaims.

202. Plaintiff denies the allegations contained in Paragraph 202 of the Counterclaims.

203. Plaintiff denies the allegations contained in Paragraph 203 of the Counterclaims.

204. Plaintiff denies the allegations contained in Paragraph 204 of the Counterclaims, except that Plaintiff admits that Plaintiff has a Twitter account using the handle @iamcardib.

205. Plaintiff denies the allegations contained in Paragraph 205 of the Counterclaims.

206. Plaintiff denies the allegations contained in Paragraph 206 of the Counterclaims, except that Plaintiff admits that Plaintiff has an Instagram account using the handle iamcardib.

207. Plaintiff admits the allegations contained in Paragraph 207 of the Counterclaims.

208. Plaintiff admits the allegations contained in Paragraph 208 of the Counterclaims.

209. The allegations in Paragraph 209 of the Counterclaims lack specificity as to the alleged communications between Plaintiff and Kebe, and Plaintiff lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 209, including denying Kebe's characterization of the alleged communication, except admits that Kebe asked to interview Plaintiff.

210. The allegations in Paragraph 210 of the Counterclaims lack specificity as to the alleged statements made by Plaintiff, and Plaintiff denies the allegations contained in Paragraph 210, including denying Kebe's characterization of the alleged communications, except admits that Plaintiff declined to be interviewed by Kebe.

211. The allegations in Paragraph 211 of the Counterclaims lack specificity as to the alleged statements made by Plaintiff, and Plaintiff denies the allegations

in Paragraph 211 of the Counterclaims, including denying Kebe's characterization of the alleged videos.  Plaintiff refers the Court to the videos containing Plaintiff's statements as the best evidence of Plaintiff's statements.

212. Plaintiff denies the allegations contained in Paragraph 212 of the Counterclaims.

213. The allegations in Paragraph 213 of the Counterclaims lack specificity as to the alleged statements made by Plaintiff and Plaintiff denies the allegations in Paragraph 213 of the Counterclaims, including denying Kebe's characterization of the alleged videos. Plaintiff refers the Court to the videos containing Plaintiff's statements as the best evidence of Plaintiff's statements.

214. The allegations in Paragraph 214 of the Counterclaims lack specificity as to the alleged statements made by Plaintiff, and Plaintiff lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 214, including denying Kebe's characterization of the alleged statement.

215. The allegations in Paragraph 215 of the Counterclaims lack specificity as to the alleged statements made, and Plaintiff denies the allegations contained in Paragraph 215, including denying Kebe's characterization of the alleged videos.

Plaintiff refers the Court to the videos containing Plaintiff's statements as the best evidence of Plaintiff's statements.

216. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 216 of the Counterclaims.

217. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 217 of the Counterclaims.

218. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 218 of the Counterclaims.

219. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 219 of the Counterclaims.

220. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 220 of the Counterclaims.

221. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 221 of the Counterclaims.

222. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 222 of the Counterclaims.

## COUNT I – SLANDER PER SE

223. Plaintiff incorporates by reference each and every answer in the foregoing Paragraphs 1 through 222, as if fully set forth herein.

224. Plaintiff denies the allegations contained in Paragraph 224 of the Counterclaims.

225. Plaintiff denies the allegations contained in Paragraph 225 of the Counterclaims.

226. Plaintiff denies the allegations contained in Paragraph 226 of the Counterclaims.

227. Plaintiff denies the allegations contained in Paragraph 227 of the Counterclaims.

## COUNT II - ASSAULT

228. Plaintiff incorporates by reference each and every answer in the foregoing Paragraphs 1 through 227, as if fully set forth herein.

229. Plaintiff denies the allegations contained in Paragraph 229 of the Counterclaims.

230. Plaintiff denies the allegations contained in Paragraph 230 of the Counterclaims.

231. Plaintiff denies the allegations contained in Paragraph 231 of the Counterclaims.

## **COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

232. Plaintiff incorporates by reference each and every answer in the foregoing Paragraphs 1 through 231, as if fully set forth herein.

233. Plaintiff denies the allegations contained in Paragraph 233 of the Counterclaims.

234. Plaintiff denies the allegations contained in Paragraph 234 of the Counterclaims.

235. Plaintiff denies the allegations contained in Paragraph 235 of the Counterclaims.

236. Plaintiff denies the allegations contained in Paragraph 236 of the Counterclaims.

## **COUNT IV – PUNITIVE DAMAGES**

237. Plaintiff incorporates by reference each and every answer in the foregoing Paragraphs 1 through 236 , as if fully set forth herein.

238. Plaintiff denies the allegations contained in Paragraph 238 of the Counterclaims.

239. Plaintiff denies the allegations contained in Paragraph 239 of the Counterclaims.

240. Plaintiff denies the allegations contained in Paragraph 240 of the Counterclaims.

## COUNT V – EXPENSES OF LITIGATION AND ATTORNEYS' FEES

241. Plaintiff incorporates by reference each and every answer in the foregoing Paragraphs 1 through 240, as if fully set forth herein.

242. Plaintiff denies the allegations contained in Paragraph 242 of the Counterclaims.

243. Plaintiff denies the allegations contained in Paragraph 243 of the Counterclaims.

Plaintiff denies any remaining allegations not specifically admitted. Plaintiff further denies that Kebe is entitled to the relief requested in the Counterclaims or any other relief.

## AFFIRMATIVE DEFENSES

Plaintiff hereby sets forth her separate and distinct affirmative defenses to the Counterclaims. By listing any matter as an affirmative defense, Plaintiff does not assume the burden of proving any matter upon which Kebe bears the burden of proof under applicable law.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Counterclaims claims are barred in whole or in part by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Kebe's claim for punitive damages with respect to Kebe's slander *per se* counterclaim is barred as Kebe failed to send plaintiff a letter, as required by O.C.G.A. § 51-5-12, demanding retraction and repudiation of any alleged defamatory statements made by Plaintiff. Kebe is also not entitled to an award of punitive damages and/or attorneys' fees.

## FOURTH AFFIRMATIVE DEFENSE

Any damages Kebe claims she is owed from Plaintiff, if proven, must be reduced based upon the doctrine of offset, recoupment, and/or setoff based on the damages sustained by Plaintiff as set forth in her Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Kebe's Counterclaims are barred in whole or in part by Kebe's failure to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

Kebe's Counterclaims are barred in whole or in part by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not assault Kebe. Plaintiff took no action that reasonably caused Kebe to apprehend a violent injury from any unlawful acts by Plaintiff. Plaintiff made no threat to Kebe that reasonably placed her in imminent fear of violent injury by Plaintiff. Further, to the extent that Kebe claims that a statement made by Plaintiff caused her to fear for her safety, any such alleged statement, even if made by Plaintiff, was not made within close proximity of Kebe. Thus, Kebe had no reasonable apprehension of violent imminent injury by Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Kebe's claims are barred in whole or in part by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

Kebe's Counterclaims are barred in whole, or in part, as Kebe failed to allege, and will be unable to prove, facts sufficient to establish the necessary elements of each and every Counterclaim.

### TENTH AFFIRMATIVE DEFENSE

The alleged statements made by Plaintiff, as alleged in the Counterclaims, and to the extent that they were made, were privileged under O.C.G.A. § 51-5-7,

11

the First Amendment of the U.S. Constitution, and the Constitution of Georgia and were justified to the extent Plaintiff was fairly responding to and publicly commenting on the statements made about her by Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

The alleged statements made by Plaintiff constitute non-actionable rhetorical hyperbole, under controlling federal law and Georgia state law.

**TWELFTH AFFIRMATIVE DEFENSE**

The alleged statements made by Plaintiff constitute non-actionable opinion, under controlling federal law and Georgia state law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The alleged statements made by Plaintiff are not slanderous as the alleged statements, to the extent that the Plaintiff made them, were truthful.

**FOURTEENTH AFFIRMATIVE DEFENSE**

At the time that the alleged statements were made, Plaintiff had an honest belief in the truth of the statements made.

**FIFTEENTH AFFIRMATIVE DEFENSE**

All statements allegedly made by Plaintiff, to the extent they were made, were not slanderous as they were related to matters of public interest and

importance and were made in good faith, without actual malice, and/or for the purpose of informing the public.

### SIXTEENTH AFFIRMATIVE DEFENSE

Kebe's slander *per se* claim is barred as Kebe failed to plead, and will be unable to prove, actual malice by Plaintiff. Kebe was required to plead, and is required to prove, actual malice by Plaintiff as Kebe is a public figure.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The alleged statements made by Plaintiff, to the extent they were made, do not constitute slander *per se,* as provided in O.C.G.A. § 51-5-4(a)(1-3). Additionally, as Kebe has neither alleged nor sustained special damages, Kebe will be unable to prove her slander *per se* claim.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Kebe's Counterclaims are barred because Kebe's alleged damages are merely speculative.

### NINETEENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by the doctrine of assumption of risk and/or contributory negligence. Kebe assumed the risk of the damages she has alleged and/or contributed to them given the nature of her own actions.

## TWENTIETH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part as Kebe's alleged damages if any are proven, were caused by intervening causes and/or third parties.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part, as a matter of law, Plaintiff is not liable for the actions of third parties.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Kebe's claims are barred to the extent that Kebe failed to allege, and will be unable to prove, that Plaintiff's actions caused any of her alleged damages.

Dated:  October 23, 2019            Respectfully submitted,

/s/ Sarah M. Matz
Sarah M. Matz (admitted *pro hac vice*)
Gary P. Adelman (admitted *pro hac vice*)
ADELMAN MATZ P.C.
1173A Second Avenue, Suite 153
New York, New York 10065
Telephone: (646) 650-2207
E-mail: sarah@adelmanmatz.com
E-mail: g@adelmanmatz.com

Lisa F. Moore (Bar No. 419633)
W. Andrew Pequignot (Bar No. 424546)
MOORE PEQUIGNOT LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia 30318
Telephone: (404) 748-9596

E-mail: lisa@themoorefirm.com
E-mail: andrew@themoorefirm.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2019, I electronically filed the foregoing PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT KEBE'S AMENDED COUNTERCLAIMS with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

/s/ Sarah M. Matz
Sarah M. Matz
(admitted *pro hac vice*)