# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMÁNZAR, | Case No. |
| Plaintiff, | 1:19-cv-1301-WMR |
| v. | |
| LATASHA TRANSRINA KEBE a/k/a LATASHA TRANSRINA HOWARD and STARMARIE EBONY JONES, | |
| Defendants. | |

## <u>CONSENT PROTECTIVE ORDER</u>

WHEREAS, it appears that certain documents, information, and tangible objects that may be produced in discovery in this proceeding will contain confidential commercial information and/or sensitive personal information, the disclosure of which would cause injury.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES TO THIS ACTION, THROUGH THEIR RESPECTIVE COUNSEL, SUBJECT TO APPROVAL OF THE COURT, THAT:

1.     This Consent Protective Order (this "Protective Order"), and any

1

subsequent protective order, governs the treatment of documents (as defined in the Federal Rules of Civil Procedure), transcripts of and exhibits to depositions, interrogatory answers, responses to requests for admissions, and other written, recorded, or graphic material, including all copies, excerpts, abstracts, or summaries thereof (collectively, "Discovery Material"), produced, filed with the Court, served, or obtained through this action. By entering into this Protective Order, the parties do not waive any of their rights and remedies under Rule 26(b) of the Federal Rules of Civil Procedure.

2. Any party shall have the right to designate as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Discovery Material that it in good faith believes: (i) constitutes, reflects, or discloses any person's medical information (including but not limited to hospital records, medical records, mental health records, pharmacy prescription records, and diagnostic test results), trade secrets, or other confidential research, development, or commercial information within the scope of Fed. R. Civ. P. 26(c)(1)(G); (ii) contains confidential information that the designating party believes, if disclosed to the public, may cause harm to such party's business or reputation; or (iii) contains personal information that is not publicly available, such as physical addresses of a person's residences, personal email addresses, and telephone numbers.

3.     Discovery Material designated as "CONFIDENTIAL –

ATTORNEYS' EYES ONLY" shall be limited to Discovery Material that the

designating party believes in good faith is so sensitive or confidential in nature

(e.g., medical records) that the disclosure to another party, even under the

restricted terms and conditions applicable to material designated

"CONFIDENTIAL," would not provide adequate protection.

4.     All Discovery Material designated as either "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY," and all information

contained therein, shall be referred to in this Protective Order as "Designated

Material" and shall be handled in strict accordance with the terms of this Protective

Order. Specifically, absent an order by this Court, such Designated Material shall

be used by the parties to this action solely in connection with this action or any

appeal therefrom and not for any other purpose.

5.     Discovery Material designated as "CONFIDENTIAL" and

information contained therein shall not be disclosed, shown, made available, or

communicated in any way, except as set forth below to the following persons:

a.     attorneys for the parties to this litigation and their secretarial,

clerical, and paralegal staff who are providing assistance to such attorneys, except

that no Discovery Material designated as "CONFIDENTIAL" or information

3

contained therein shall be disclosed, shown, made available, or communicated in any way to a non-attorney staff member unless the staff member has executed a non-disclosure agreement with the attorney's law firm or has executed the declaration attached as Exhibit 1 to this Protective Order;

b.      qualified stenographers and videographers taking testimony involving Designated Material, provided that any such person must first execute the declaration attached as Exhibit 1 to this Protective Order prior to any disclosure of any Designated Material to such person;

c.      consultants and experts, and their staff, who are employed for the purposes of this litigation, provided that any such person must first execute the declaration attached as Exhibit 1 to this Protective Order prior to any disclosure of any Designated Material to such person;

d.      the Court and the Court's staff pursuant to Paragraphs 14 and 15 of this Protective Order;

e.      the parties and employees of the parties to this action, but only to the extent necessary to participate in, assist in, and monitor the progress of this action and for no other purpose, and provided that any such party or employee of a party first executes the declaration attached as Exhibit 1 to this Protective Order prior to any disclosure of any Designated Material to such person;

4

f.      third parties specifically retained to assist outside counsel in

copying, imaging, and/or coding of documents, and for that purpose only, provided

that (i) any such third party or employee of a third party that is to take possession

of, store in physical or electronic format, and/or review the Designated Material

shall first execute the declaration attached as Exhibit 1 to this Protective Order

prior to any disclosure of any Designated Material to any such entity or person; (ii)

all Designated Material is kept and maintained in a separate and secure place; and

(iii) the retained third party is not currently performing any services, as an

employee, consultant, or otherwise, for any individual or entity that has an interest

in the outcome of this action. The requirement to execute the declaration attached

as Exhibit 1 to this Protective Order does not apply to third-party vendors that

provide encrypted electronic storage services (e.g., Dropbox) provided that: (i) the

Designated Material is to be stored in an account owned and controlled by the

applicable law firm; (ii) the Designated Material is encrypted automatically at the

time the Designated Material is stored; and (iii) the Designated Material is not

encrypted remotely by the third-party vendor. The requirement to execute the

declaration attached as Exhibit 1 to this Protective Order also does not apply to

outside vendors that provide electronic discovery review platforms provided the

vendors' employees are not given direct access to view the Designated Material;

g.      witnesses deposed in this action or who are called to testify at any hearing in this action, may be shown Designated Material by an attorney in preparation for or during a deposition, hearing, or trial only under the following circumstances:

(i)      any witness may be shown Designated Material in which the witness is identified as an originator, signatory, author, addressee, or recipient of the original or a copy, provided the witness executes the declaration attached as Exhibit 1 to this Protective Order before the Designated Material is disclosed to such witness; or

(ii)      to any witness upon written approval by the designating party, provided the witness executes the declaration attached as Exhibit 1 to this Protective Order before the Designated Material is disclosed to such a person.

6.      Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and information contained therein shall not be disclosed, shown, made available, or communicated in any way except to the persons set forth in Subparagraphs 5.a., 5.b., 5.c., 5.d., 5.f., and 5.g., subject to the conditions and procedures set forth therein and elsewhere in this Protective Order.

7.      Designated Material shall be so designated by marking or stamping the material "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

6

ONLY," or by including "CONFIDENTIAL" or "CONFIDENTIAL –

ATTORNEYS' EYES ONLY" in the title of the Designated Material stored in

electronic format, when the material is disclosed. Designated Material may also be

so designated, in writing, as soon thereafter as the person or entity seeking the

protection becomes aware of the nature of the material disclosed and sought to be

protected. The indiscriminate marking of materials as "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" is expressly prohibited.

8.     Where Discovery Material is produced for inspection before being

sent to the receiving party, the producing party shall have the right to have persons

present in the inspection room at all times during the receiving party's inspection

of such Discovery Material. If the producing party does have a person present in

the inspection room during inspection by the receiving party, another room nearby

shall be reserved for the receiving party's counsel to confer.

9.     Deposition Testimony:

a.     Unless otherwise designated as set forth in Paragraph 9, all

deposition testimony, including summaries thereof, shall presumptively be treated

as "CONFIDENTIAL" and subject to this Protective Order during the deposition

and for a period of fifteen (15) days after the completion of the deposition.

b.     Notwithstanding Subparagraph 9.a, any deposition testimony

may be classified as Designated Material by indicating on the record at the

deposition that the examination or testimony discloses Designated Material under

the terms of this Protective Order. Any designation made during the deposition, or

in accordance with Subparagraph 9.d., shall be controlling unless it is later changed

by the designating party in writing or as provided in Paragraphs 16 and 18. The

portions of the original deposition transcript, audio-visual recording of a

deposition, exhibits, and all copies of exhibits thereto that contain material so

designated shall be separately bound and prominently marked with the appropriate

designation on the cover thereof and if and when filed with the Court, the

confidential portions of such transcripts, audio-visual recordings of depositions,

and deposition exhibits shall be filed pursuant to Paragraphs 14 through 16 of this

Protective Order.

       c.     Before or during the taking of deposition testimony designated

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

designating party shall have the right to exclude from the deposition all persons

who are not permitted access to the testimony under Paragraphs 5 and 6, except the

witness and his or her counsel, counsel of record for the named parties, and the

court reporter and videographer.

       d.     Notwithstanding Subparagraph 9.a., Counsel may designate any

transcript, audio-visual recoding, or deposition exhibit, or any portion thereof, as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the deposition has concluded, by providing written notice to the applicable court reporting agency and videographer who participated at the deposition and to the attorneys for each party in this action. Said written notice shall designate the portion(s) of the transcript that contain Designated Material and the designation (i.e., "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY), so that the applicable court reporting agency may send corrected copies of the deposition transcript and audio-visual recording of the deposition marked with the appropriate designations.

10.    All persons set forth in Paragraphs 5 and 6 of this Protective Order who are required to execute the declaration attached as Exhibit 1 to this Protective Order shall: (i) be informed of the terms of this Protective Order; (ii) receive a copy of this Protective Order; and (iii) agree to be bound by the terms of this Protective Order and to take all necessary precautions to prevent any disclosure or use of Designated Material other than as authorized by this Protective Order. The attorney for the disseminating party shall be responsible for maintaining all executed declarations in the form of Exhibit 1. Each such declaration shall be delivered to the attorney for the other parties to this action upon request, except for

9

the declarations of experts, which shall be delivered at the time that expert reports are required to be exchanged, and the declarations of the persons set forth in Subparagraphs 5.b. and 5.g., which shall be delivered at the same time any Designated Material is disclosed to such person.

11.    Individuals who are authorized to review Designated Material pursuant to this Protective Order shall hold the Designated Material and its contents in confidence and shall not divulge the Designated Material or its contents, either verbally or in writing, except as expressly permitted by this Protective Order, unless authorized to do so by a further order of this Court or as specifically required by law.

12.    During the course of this action, a party may be requested to produce Discovery Material that such party is obligated to keep confidential by contract or otherwise. The party receiving the request shall timely contact the other party to whom the obligation of confidentiality is owed to determine whether such party is willing to permit disclosure of the Discovery Material under the terms of this Protective Order. If so, the documents shall be produced in accordance with this Protective Order. If not, the requesting party shall be notified of any documents withheld on this basis and the identity of the party to whom the obligation of confidentiality is owed. This Protective Order shall not preclude any party from

moving the Court for an order compelling production of such Discovery Material, nor shall it preclude any party from asserting any other legal basis to withhold the requested Discovery Material.

13.    All Discovery Material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be kept in secure facilities, and access to those facilities shall be permitted only to the persons set forth in Paragraphs 5 and 6 of this Protective Order.

14.    In the event that a party wishes to use any Designated Material as an exhibit or in any paper filed with the Court in this litigation, which comprise, excerpt, reproduce, paraphrase, or contain Designated Material, the party shall file such materials under seal in accordance with this Court's procedures and rules (*see* http://www.gand.uscourts.gov/cv-sealed-procedures).

15.    Notwithstanding any other provision, the parties hereto may provisionally file documents under seal and/or in a form with any Designated Material redacted in accordance with this Court's procedures and rules. Within twenty (20) days following the submission of the final response regarding a parties' motion (i.e., the reply if no sur-replies are granted) or within twenty (20) days of the filing of such a document not filed as part of a motion, any party who wishes that such document remain filed under seal shall make a motion for an

11

Order of this Court addressing the specific documents or portions of documents that such party wishes to remain sealed. Nothing herein is intended to alter or modify the applicability of Fed. R. Civ. P. 5.2 and this Court's local rules and procedures (*see* http://www.gand. uscourts.gov/redaction) to this case. The redactions expressly authorized by Fed. R. Civ. P. 5.2 and this Court's local rules and procedures may be made without further application to the Court.

16.    A designating party that inadvertently fails to mark Designated Material as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time of the production shall promptly notify the receiving parties of its failure and correct it. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each Discovery Material appropriately marked as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any correction to the designation of a transcript or audio-visual recording of a transcript shall be sent to the applicable court reporting agency as provided in Subparagraph 9.d. The change in designation of Designated Material is effective upon receipt of written notice of the change in designation, even if the substitute copy of the Discovery Material is not included with said written notice, provided that the written notice sufficiently identifies the Discovery Material being re-designated. Within five (5) business days of receipt of the

substitute copies, the receiving parties shall return or destroy the previously

unmarked materials and all copies thereof, and make reasonable efforts to retrieve

documents distributed to persons not entitled to receive such documents under the

re-designation.

17.     If Designated Material is disclosed to any person other than in the

manner authorized herein, the party responsible for the disclosure must

immediately bring all pertinent facts relating to such disclosure to the attention of

all interested parties. Without prejudice to other rights and remedies of the

designating party, the party responsible for disclosure shall make every effort to

minimize the effect of the improperly disclosed Designated Material by taking

necessary steps to have any and all copies of improperly disclosed Designated

Material returned to the responsible party or destroyed. In the event Designated

Material, or any memorandum of law quoting or paraphrasing Designated

Material, is not filed with the Court under seal as provided in Paragraphs 14 and

15, the filing party shall immediately contact the Clerk of the Court in order to

have said filing be restricted from public view. The responsible party shall take all

steps necessary to prevent further disclosure by it or by the person who was the

recipient of such information.

18.     If at any time during the pendency or trial of this action, counsel for

any party claims that Designated Material is not appropriately designated,

objecting counsel may serve a captioned notice of objection on all parties and

affected entities, identifying with particularity the Designated Material as to which

the designation is challenged for such materials. If the designating party does not

re-designate the materials within five (5) business days after service, the objecting

entity may file and serve a motion seeking an order that such materials be re-

designated, in which case the designating party shall have the burden of proving

that the original designation was appropriate. The original designation shall remain

effective unless the Court issues an order re-designating the Discovery Materials.

If the Court issues an order re-designating the Discovery Materials, the new

designation shall become effective five (5) business days following the entry of the

Court's order. The failure of any party to challenge any designation by any other

party shall not constitute a waiver of the right to challenge the designation at a later

time, nor does it constitute an admission of the correctness of the designation.

19.    Unless the parties stipulate otherwise, evidence of the existence or

nonexistence of a designation under this Protective Order shall not be admissible

for any purpose, nor shall the designation or acceptance of any information

designated pursuant to this Protective Order constitute an admission or

acknowledgment that the material so designated is in fact proprietary, confidential,

or a trade secret.

20.     Upon the termination of this proceeding, this Protective Order shall continue to be binding upon the parties hereto and upon all persons to whom Designated Material has been disclosed or communicated, and this Court shall retain jurisdiction to enforce this Protective Order.

21.     Subject to final order of the Court upon completion of all matters relating to this case, within sixty (60) days after entry of any final and non-appealable judgment in this litigation, any and all Discovery Material and all copies thereof, save those filed with the Court, shall be returned to the producing party or, at the option of the producing party, destroyed; provided, however, counsel for each party in this action shall be permitted to retain and archive Discovery Material that is contained in files ordinarily maintained in the course of litigation. If Discovery Material is destroyed pursuant to this Paragraph, the party destroying such Discovery Material shall certify in writing to the producing party that such destruction has taken place.

22.     Nothing in this Protective Order shall limit or restrict the manner in which any party shall handle its own Discovery Material.

23.     This Protective Order is being entered without prejudice to the right of any party to move the Court for modification of or relief from any of its terms.

24.     When any third party produces documents or testimony pursuant to a request from a party to this action:

a.      such third parties may designate their testimony or documents as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order and any subsequent protective order issued by the Court;

b.      any party receiving such documents or testimony from a third party may designate any such documents or testimony as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order and any subsequent protective order issued by the Court, provided that the designating party has a direct interest in placing such documents or testimony under the confidentiality provisions of this Protective Order and any subsequent protective order issued by the Court as defined in Paragraph 2;

c.      Paragraph 5 shall apply to any designation as "CONFIDENTIAL" by any designating party of any documents or testimony received from third parties, and Paragraph 6 shall apply to any designation as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by any designating party of any documents or testimony received from third parties.

25.     If a party through inadvertence produces or provides discovery which

16

it believes is subject to a claim of privilege and/or the work product doctrine, the

producing party may give written notice to the receiving parties that the document

or thing is subject to a claim of privilege and/or the work product doctrine and

request that the document or thing be returned to the producing party. The

receiving parties shall return to the producing party such document or thing,

including any and all copies thereof whether electronic and/or hard copy. Return of

the document or thing by the receiving parties shall not constitute an admission or

concession, or permit any inference, that the returned document or thing is, in fact,

properly subject to a claim of privilege and/or the work product doctrine, nor shall

it foreclose any party from moving the Court for an order that such document or

thing has been improperly designated or should be produced for reasons other than

a waiver caused by the inadvertent production.


SO ORDERED, this 17th day of September, 2020.

_William M. Ray II_

_____
Hon. William M. Ray, II
United States District Court
For the Northern District of Georgia

CONSENTED TO:

/s/ Lisa F. Moore
Gary P. Adelman (admitted *pro hac vice*)
Sarah M. Matz (admitted *pro hac vice*)
ADELMAN MATZ P.C.
1173A Second Avenue, Suite 153
New York, New York 10065
(646) 650-2207
g@adelmanmatz.com
sarah@adelmanmatz.com

Lisa F. Moore
(GA Bar No. 419633)
W. Andrew Pequignot
(GA Bar No. 424546)
MOORE PEQUIGNOT LLC
887 West Marietta Street NW, Suite M-102
Atlanta, Georgia 30318
(404) 748-9596
lisa@themoorefirm.com
andrew@themoorefirm.com

*Attorneys for Plaintiff*
*Belcalis Marlenis Almánzar*

/s/ Olga Izmaylova (with permission)
Olga Izmaylova
(GA Bar No. 666858)
Sadeer Sabbak
(GA Bar No. 918493)
SABBAK & IZMAYLOVA, P.C.
1875 Old Alabama Road, Suite 760
Roswell, Georgia 30076
(404) 793-7773
olga@silawatl.com
ssabbak@silawatl.com

*Attorneys for Defendant*
*Latasha Transrina Kebe*

**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

BELCALIS MARLENIS ALMÁNZAR,

                         Plaintiff,

    v.

LATASHA TRANSRINA KEBE a/k/a
LATASHA TRANSRINA HOWARD and
STARMARIE EBONY JONES,

                    Defendants.

Case No.

1:19-cv-1301-WMR

**DECLARATION UNDER CONSENT PROTECTIVE ORDER**

      I, _____, pursuant to

28 U.S.C. § 1746, declare under the penalty of perjury, as follows:

    1.    My business address is _____

_____.

    2.    My present employer is _____

_____.

    3.    My present occupation or job description is _____

_____.

4.      [For experts and consultants only] Except as retained by

_____ in connection with the above-captioned action, I am currently

not employed by any other party to this lawsuit or engaged as an independent

contractor or consultant by any other party to this lawsuit, either directly or

indirectly.

5.      I hereby acknowledge and agree that any information or

material designated as "CONFIDENTIAL" and/or "CONFIDENTIAL –

ATTORNEYS' EYES ONLY" that I receive or review in this lawsuit is provided

to me pursuant to the terms and restrictions of the Consent Protective Order in the

above-captioned action (the "Protective Order").

6.      I have read the Protective Order and have received a copy of the

same, and agree to comply with and be bound by each of the applicable terms.

7.      I hereby submit myself to the jurisdiction of the United States

District Court for the Northern District of Georgia for the limited purpose of

assuring my compliance with the Protective Order.

8.      I understand that I am to handle all of the materials that I

receive which have been designated as "CONFIDENTIAL" and/or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a manner consistent with

the Protective Order. No later than thirty (30) days after final termination of this

litigation, including any and all appeals, or resolution through settlement, I agree to return to the counsel of record who provided me with such materials all information and documents designated as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and all copies, extracts, and summaries thereof (including those I prepared), or I will certify in writing that all such materials have been destroyed. Such return or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____          _____
                                    (signature of declarant)


                                    _____
                                    (printed name of declarant)

**CERTIFICATE OF COMPLIANCE AND SERVICE**

The undersigned hereby certifies that on September 15, 2020, the foregoing Consent Protective Order was prepared using 14-point Time New Roman font and was filed electronically with the Clerk of Court using the CM/ECF filing system, which will cause a copy of the same to be electronically served on all counsel of record.

/s/ Lisa F. Moore
Lisa F. Moore
*Attorney for Plaintiff*