## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| BELCALIS MARLENIS ALMANZAR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. |
| v. | * | 1:19-cv-01301-WMR |
| | * | |
| LATASHA TRANSRINA KEBE et al., | * | |
| | * | |
| Defendants. | * | |

### DEFENDANT KEBE'S MOTION FOR LEAVE TO FILE AN ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND SECOND AMENDED COUNTERCLAIMS

COMES NOW Latasha Kebe (hereinafter referred to as "Ms. Kebe"), by and through undersigned Counsel, and, pursuant to Fed. R. Civ. P. 15(a)(2) and Fed. R. Civ. P. 15(a)(3), respectfully moves this Honorable Court for leave to file an Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint and Second Amended Counterclaims. Specifically, Ms. Kebe seeks (1) to file an Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, which was filed on November 29, 2020, and (2) to amend her counterclaims by dismissing Count I – Slander *Per Se* (hereinafter referred to as "Slander Counterclaim").

## I.   SUMMARY OF RELEVANT FACTS

Plaintiff filed the present action on March 21, 2019, and on May 8, 2019, Ms. Kebe filed an Answer and Counterclaim. (*See* Dkt. Nos. 1 and 5). On June 12, 2019, Plaintiff filed the First Amended Complaint and Ms. Kebe filed an Answer to the First Amended Complaint and Amended Counterclaims on July 7, 2019. (*See* Dkt. Nos. 11 and 12). Plaintiff filed a Motion to Dismiss Ms. Kebe's Counterclaims on August 12, 2019, and Ms. Kebe filed a response to the Motion to Dismiss on August 26, 2019. (*See* Dkt. Nos. 13, 13-1, 13-2, and 18). On October 7, 2019, this Court heard arguments on Plaintiff's Motion to Dismiss Ms. Kebe's Counterclaims and entered an Order denying same on October 9, 2019. (*See* Dkt. Nos. 14 and 26).

Per this Court's latest Order granting an extension of time to complete discovery, entered on October 27, 2020, the deadline for all parties to complete discovery was November 29, 2020. (*See* Dkt. Nos. 56 and 57). As the discovery period was coming to a close, Ms. Kebe and undersigned Counsel, determined that evidence showing Plaintiff's defamatory statements were the direct and proximate cause of Ms. Kebe's financial harm and damages, in the Slander Counterclaim, was tenuous, therefore, Ms. Kebe should dismiss the Slander Counterclaim at once. In light of that determination, on November 23, 2020, Notice of Defendant Kebe's Voluntary Dismissal of Count I of the Amended Counterclaims with Prejudice

(hereinafter referred to as "Notice") was filed. (*See* Dkt. No. 65). Plaintiff's counsel was served with said Notice on November 23, 2020; since that date, Plaintiff was aware that Ms. Kebe did not wish to proceed on the Slander Counterclaim. In fact, Plaintiff's counsel discussed Ms. Kebe's intent to dismiss the Slander Counterclaim with Cheick Kebe (Ms. Kebe's husband) during his deposition on November 29, 2020, and, again, with Ms. Kebe during her deposition on November 30, 2020.

Undersigned Counsel later learned that the Notice was not sufficient, and the appropriate filing is an amendment to Ms. Kebe's counterclaims (hereinafter referred to as "Amendment"), in accordance with Fed. R. Civ. P. 15(a). On December 3, 2020, via numerous emails, undersigned Counsel requested written consent from Plaintiff's counsel to file the Amendment, so that Ms. Kebe can dismiss her Slander Counterclaim. After ignoring several requests, Plaintiff's counsel finally responded and stated that they needed to consult with Plaintiff before providing an answer regarding Plaintiff's consent to Ms. Kebe filing the Amendment. On December 4, 2020, during a meet and confer call, undersigned Counsel, once again, inquired whether Plaintiff was willing to consent to Ms. Kebe filing the Amendment and, again, Plaintiff's counsel stated that they need to consult with Plaintiff before providing a definitive answer. Later that same day, undersigned Counsel requested, via email, that Plaintiff's counsel provide a definitive answer

regarding Plaintiff's consent to Ms. Kebe filing the Amendment by 11:59 p.m. on December 4, 2020. To date, undersigned Counsel still has not received a response from Plaintiff's counsel.

Meanwhile, on November 29, 2020, the last day of the discovery period, Plaintiff filed a Second Amended Complaint. (*See* Dkt. No. 69). Ms. Kebe provided consent to Plaintiff's filing of a Second Amended Complaint exclusively "[t]o include additional (and only recently discovered) alleged defamatory statements that Kebe has made about Plaintiff during the pendency of this action . . . ." (*See* Dkt. No. 56, ¶ 11). However, Plaintiff exceeded the scope of Ms. Kebe's consent by removing Starmarie Ebony Jones as a named co-defendant, and, for the first time since the inception of this litigation, naming an entirely new party, Kebe Studios LLC, as Ms. Kebe's co-defendant. (*See* Dkt. Nos. 1 and 69).

In light of all the events outlined above, Ms. Kebe is seeking permission from this Court to file an Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, in order to address all newly pled allegations and to raise objections to Plaintiff's unfounded and impermissible substitution of co-defendants. Additionally, Ms. Kebe is seeking permission from this Court to file her Second Amended Counterclaims, in order to get rid of the Slander Counterclaim, so Plaintiff

does not incur any unnecessary expenses in preparing a Motion to Compel Discovery and a Motion for Summary Judgment based on the Slander Counterclaim.

## II.     LEGAL STANDARDS

Under Fed. R. Civ. P. 15(a)(3), "[a]ny required response to an amended pleading must be made . . . within 14 days after service of the amended pleading . . . ." In responding to a pleading, a party must answer the allegations and state its defenses to each claim asserted against it. *See* Fed. R. Civ. P. 8(b). Therefore, Ms. Kebe has until December 13, 2020, to file her Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint.

Under Fed. R. Civ. P. 15(a)(2), "[a] party may amend its pleading only with the opposing party's written consent or the court's leave." Because undersigned Counsel did not receive a definitive response from Plaintiff, Ms. Kebe's sole avenue to amend her counterclaims is to request this Court's permission, and "[t]he Court should freely give leave when justice so requires." *See id.* Although this Court has wide discretion when it comes to granting leave, obviously certain limitations exist, and "[a] district court may deny leave to amend for a number of reasons, including undue delay, bad faith, or when such amendment would be futile." *Dileng v. Comm'r of Internal Revenue Serv.,* 157 F. Supp. 3d 1336, 1349 (N.D. Ga. 2016). Ultimately, the decision whether to grant leave to amend rests in the sound discretion of the

district court. *See Hall v. United Ins. Co. of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004).

## III. ARGUMENT

There has been no undue delay on Ms. Kebe's part in filing the foregoing motion. Ms. Kebe filed her Notice on November 23, 2020, prior to the close of the discovery period on November 29, 2020, so Ms. Kebe clearly intended to dismiss the Slander Counterclaim prior to the close of the discovery period. This Court (via Ms. Lundy's email on December 1, 2020) directed all parties to utilize the week of November 30, 2020, in a final effort to resolve any outstanding discovery disputes and to hold off on filing motions to compel until December 7, 2020, or thereafter.

The fact is Plaintiff did publish defamatory statements about Ms. Kebe and, for a period of time following those statements, Ms. Kebe did experience a decrease in social media followers and third-party advertisers, which inevitably led to diminished income. That is why Ms. Kebe wholeheartedly believed that there was sufficient evidence to prove that Plaintiff's defamatory statements were the direct and proximate cause of Ms. Kebe's financial harm and damages, when she initially filed her Amended Counterclaims. In fact, the Slander Counterclaim survived Plaintiff's Motion to Dismiss. (*See* Dkt. No. 26).

However, upon a thorough review of all the evidence, Ms. Kebe concluded that she could not sufficiently prove causation and, therefore, should dismiss her Slander Counterclaim. Prior to filing this motion, Ms. Kebe did attempt to obtain Plaintiff's consent, but did not receive a response. Ms. Kebe did not want to risk waiting for Plaintiff's response any longer because Ms. Kebe did not want this issue to remain outstanding when it came time to file motions to compel and motions for summary judgment. To date, Plaintiff has not wasted any time specifically defending the Slander Counterclaim, nor has Plaintiff incurred any unnecessary expenses relating to the Slander Counterclaim, because both parties were engaged in discovery production and have not yet filed motions to compel.

There has been absolutely no bad faith on Ms. Kebe's part. In fact, the main reason she is bringing this issue to the Court's attention at this time is so Plaintiff can avoid wasting time and incurring unnecessary expenses defending against the Slander Counterclaim, which would have happened if Ms. Kebe waited. Additionally, Ms. Kebe believes that it is not prudent to pursue claims that are unlikely to survive summary judgment. Ms. Kebe certainly acted in good faith by bringing this issue before the Court without undue delay and prejudice to the Plaintiff.

Because Ms. Kebe is seeking leave in order to dismiss the Slander Counterclaim (not to add any additional claims), Plaintiff will not be prejudiced in any way and there will be no delay in the trial of this case. In fact, should this Court grant Ms. Kebe's request to amend her counterclaims, both parties will benefit by saving resources they otherwise would have expended on the Slander Counterclaim.

Plaintiff waited until November 29, 2020, the last day in the discovery period, to file the Second Amended Complaint, which gives Ms. Kebe until December 13, 2020, to file her answer and affirmative defenses. *See* Fed. R. Civ. P. 15(a)(3). Ms. Kebe is already prepared to file her Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint and Second Amended Counterclaims. Ms. Kebe hopes the Court allows her to amend her counterclaims, so all the aforementioned outstanding issues can be addressed in one responsive pleading. Ms. Kebe is attaching, as Exhibit 1, her proposed Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint and Second Amended Counterclaims, for the Court's review and consideration.

## CONCLUSION

For the reasons stated above, this motion for leave is timely, it is not futile, it has been made in good faith, and it imposes no undue prejudice or burdens on the Plaintiff.

WHEREFORE, Ms. Kebe respectfully requests that this Honorable Court enter an Order granting her leave to file an Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint and Second Amended Counterclaims (which is attached as Exhibit 1 herein) because it would benefit both parties and because justice so requires.

## CERTIFICATION AS TO FONT

In accordance with Local Rule 7.1(D), the undersigned certifies that the foregoing document was prepared with Times New Roman 14 point, a font and point selection approved by the Court in Local Rule 5.1(C).

Respectfully submitted this 7th day of December, 2020.

*/s/Olga Izmaylova*
olga@silawatl.com
Georgia State Bar No. 666858

*/s/Sadeer Sabbak*
ssabbak@silawatl.com
Georgia State Bar No. 918493

SABBAK & IZMAYLOVA, P.C.      *Attorneys for Latasha Kebe*
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2020, I electronically filed the foregoing DEFENDANT KEBE'S MOTION FOR LEAVE TO FILE AN ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND SECOND AMENDED COUNTERCLAIMS and Exhibit 1, which is attached hereto, with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

*/s/Olga Izmaylova*
olga@silawatl.com
Georgia State Bar No. 666858

SABBAK & IZMAYLOVA, P.C.
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911