**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| BELCALIS MARLENIS ALMANZAR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. |
| v. | * | 1:19-cv-01301-WMR |
| | * | |
| LATASHA TRANSRINA KEBE et al., | * | |
| | * | |
| Defendants. | * | |

<u>**DEFENDANT KEBE'S MOTION TO DISMISS WITH PREJUDICE KEBE STUDIOS LLC AS AN IMPERMISSIBLY ADDED CO-DEFENDANT**</u>

COMES NOW Latasha Kebe (hereinafter referred to as "Ms. Kebe"), by and through undersigned Counsel, and, pursuant to Fed. R. Civ. P. 15(a)(2) and Fed. R. Civ. P. 21, respectfully moves this Honorable Court for an Order dismissing with prejudice Kebe Studios LLC as an impermissibly added co-defendant in the foregoing civil action. In support of this Motion, Ms. Kebe shows this Honorable Court the following:

**RELEVANT FACTS AND PROCEDURAL HISTORY**

1. On March 21, 2019, Plaintiff filed a Complaint in this action, naming Ms. Kebe and Starmarie Ebony Jones (hereinafter referred to as "Jones") as the only defendants. (*See* Dkt. No. 1). On March 22, 2019, Plaintiff filed her Certificate of

Interested Persons and Corporate Disclosure Statement, which listed Plaintiff, Ms. Kebe, and Jones as the only interested parties. (*See* Dkt. No. 3).

2.  On May 8, 2019, Ms. Kebe filed an Answer and Counterclaim, as well as her Certificate of Interested Persons and Corporate Disclosure Statement, which listed Ms. Kebe, Jones, and Plaintiff as the only interested parties. (*See* Dkt. Nos. 5 and 6).

3.  On June 12, 2019, Plaintiff filed her First Amended Complaint, again naming Ms. Kebe and Jones as the sole defendants. (*See* Dkt. No. 11). Ms. Kebe filed an Answer and Amended Counterclaims on July 7, 2019. (*See* Dkt. No. 12).

4.  The parties filed a Joint Preliminary Report and Discovery Plan, as well as their respective Initial Disclosures on August 26, 2019. (*See* Dkt. Nos. 16, 17, and 19). None of those documents listed Kebe Studios LLC as a necessary or interested party. *See id.*

5.  Plaintiff sent her first discovery requests to Ms. Kebe on October 4, 2019. (*See* Dkt. Nos. 23 and 24). From that date, the parties were continuously engaged in discovery until November 29, 2020. (*See* Dkt. No. 57).

6.  Since the beginning of the discovery period, this Court granted four separate motions for extension of time to complete discovery. (*See* Dkt. Nos. 38, 39, 42, 43, 45, 47, 56, and 57).

7.  On October 16, 2020, the parties' latest Joint Motion for Extension of

Deadlines was filed. (*See* Dkt. No. 56). In that motion, Ms. Kebe provided consent for Plaintiff to file a Second Amended Complaint exclusively "[t]o include additional (and only recently discovered) alleged defamatory statements that Kebe has made about Plaintiff during the pendency of this action . . . ." (*See* Dkt. No. 56, ¶ 11). Ms. Kebe consented because "[t]he additional statements are very similar to those in the current complaint, and thus it would be inefficient to require them to be alleged in a new lawsuit." *See id.* There was absolutely no mention of adding any new co-defendants. *See id.*

8.  This Court's latest Order extending deadlines stated that all parties must complete discovery and file discovery motions by November 29, 2020, and file motions for summary judgment by December 30, 2020. (*See* Dkt. Nos. 47 and 57). This Court made it clear that no further extension of deadlines would be granted. (*See* Dkt. No. 57).

9.  On November 29, 2020, the last day of the discovery period, Plaintiff filed her Second Amended Complaint and, without consent or permission, added Kebe Studios LLC as a new co-defendant and removed Jones as an existing co-defendant. (*See* Dkt. No. 69). In the Second Amended Complaint, Plaintiff stated that Kebe Studios LLC was formed on April 14, 2018. (*See id.* at ¶ 5).

10. Ms. Kebe has never provided consent for Plaintiff to add Kebe Studios LLC

as a new co-defendant or to remove Jones as an existing co-defendant. In fact, Plaintiff has never even mentioned her intention to amend the parties in this civil action.

11. Plaintiff did not seek leave from this Court to amend her complaint to remove a current co-defendant or to add a new co-defendant. Additionally, Plaintiff never filed any motion, requesting that this Court add or drop a party.

## LEGAL STANDARDS

Once the time to amend a pleading, as a matter of course, has passed, "[a] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Additionally, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

"Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of the Div. of Univ. of the Fla. Dep't of Educ.,* 342 F.3d 1281, 1287 (11th Cir. 2003); *see also Carruthers v. BSA Adver., Inc.,* 357 F.3d 1213, 1218 (11th Cir. 2004); *Dileng v. Comm'r of Internal Revenue Serv.,* 157 F. Supp. 3d 1336, 1349 (N.D. Ga. 2016); *Gilbert v. Monaco Coach Corp.,* 352 F. Supp. 2d 1336, 1338 (N.D. Ga. 2004). A district court may deny a motion for leave to amend to join an

additional party defendant if the motion is filed after the close of discovery, past the deadline for amendments, and past the deadline for filing dispositive motions. *See Carruthers* at 1218; *Gilbert* at 1339.

## I.    ARGUMENT

On November 29, 2020, Plaintiff, for the first time since the inception of this litigation, added Kebe Studios LLC as a new co-defendant and removed Jones as an existing co-defendant; however, Plaintiff's time to amend, as a matter of course, had expired. *See* Fed. R. Civ. P. 15(a)(1). Therefore, Plaintiff's only lawful means to achieve such amendment were to obtain consent from Ms. Kebe or to request permission from this Court. *See* Fed. R. Civ. P. 15(a)(2); Fed. R. Civ. P. 21. Plaintiff did neither. Because Plaintiff could not be bothered to ask for consent from Ms. Kebe, or to seek permission from this Court, Kebe Studios LLC should automatically be dismissed as a co-defendant in this civil action. Even if Plaintiff did file a motion to add Kebe Studios LLC as a new co-defendant, this Court, upon reviewing the facts and relevant law, would have denied Plaintiff's motion.

Kebe Studios LLC was formed on April 14, 2018, nearly a year before Plaintiff initiated this civil action on March 21, 2019 (*see* Dkt. No. 1). Plaintiff's First Amended Complaint, naming Ms. Kebe and Jones as the only defendants, was filed on June 12, 2019. (*See* Dkt. No. 11). It wasn't until one year and eight months

after she initiated this civil action that Plaintiff filed her Second Amended Complaint, naming Kebe Studios LLC as a co-defendant for the very first time. (*See* Dkt. No. 69). The Second Amended Complaint was filed on the last day of the previously extended discovery period, past the deadline for amendments. Due to the fact that Plaintiff failed to properly request permission from this Court, to add Kebe Studios LLC as a new co-defendant, Plaintiff never submitted an explanation, or even one legitimate reason, why this amendment would not cause undue delay and why she did not make this amendment earlier. *See Maynard* at 1287.

In *Maynard,* the Plaintiff filed a motion to amend the complaint, to add a new defendant, on the last day of the already extended discovery period. *See Maynard* at 1286-87. However, the Plaintiff knew of the existence of the new defendant early on and failed to provide a legitimate reason why he could not have made the motion earlier. *See Maynard* at 1287. The Eleventh Circuit Court of Appeals concluded that allowing the amendment "[w]ould have produced more attempts at discovery, delayed disposition of the case, and likely prejudiced [the defendant]." *See id.* The *Maynard* Court ultimately held that because Plaintiff "[f]ailed to show good cause for the eleventh hour amendment . . . the district court did not abuse its discretion by enforcing its timetable for disposition of the case." *See id.*

In the case at bar, Plaintiff's refusal to ask this Court for permission, to add Kebe Studios LLC as a new co-defendant in her "eleventh hour amendment", will similarly delay the disposition of this case and cause undue prejudice to Ms. Kebe, who is done with her discovery production and is preparing to file dispositive motions. "Adding a new defendant would force parties to engage in new discovery. To add an additional party defendant at this stage in the litigation would unduly delay the proceedings." *Gilbert* at 1339. Even though the court in *Gilbert* had already issued its order on defendant's summary judgment motion, the underlying reasoning for denying plaintiff's motion to add a new party defendant is applicable to the case at bar because adding Kebe Studios LLC will force parties to engage in new discovery, thereby unduly delaying the proceedings and causing undue prejudice to Ms. Kebe. *See id.*

Finally, the Plaintiff has offered no explanation regarding her failure to add Kebe Studios LLC in her original complaint, or in her first amended complaint, despite the fact that Kebe Studios LLC was formed on April 14, 2018, and that information has been publicly available ever since. *See Carruthers* at 1218 (holding that Plaintiff's failure to explain why she could not have discovered and pled retaliation in her original complaint, or her amended complaint, constituted undue delay).

Ms. Kebe has participated in the discovery process for the last fourteen months and has fully completed her discovery production to Plaintiff. Ms. Kebe is ready to proceed with dispositive motions and with trial. And this Court has made it abundantly clear that no further extension of deadlines will be granted. (*See* Dkt. No. 57). Allowing Plaintiff to add Kebe Studios LLC as a new co-defendant, now, will further delay proceedings and prejudice Ms. Kebe, who has completed discovery and will have to conduct additional discovery. *See Carruthers* at 1218. Moreover, Plaintiff has failed to provide any legitimate reason as to why interests of justice require the addition of Kebe Studios LLC as a new co-defendant. *See id.*

Even if Plaintiff followed the law and requested permission from this Court to add Kebe Studios LLC as a new co-defendant, Plaintiff's motion would have been denied for all the above-described reasons. Nonetheless, Plaintiff failed to seek permission from this Court, to add Kebe Studios LLC as a new co-defendant, and, therefore, Kebe Studios LLC should automatically be dismissed as a co-defendant in this civil action. Also, Plaintiff's Second Amended Complaint never mentions Kebe Studios LLC in the factual background section; does not allege one single action of Kebe Studios LLC that could give rise to any of Plaintiff's claims; and fails to establish even a slight nexus between Kebe Studios LLC and Plaintiff's alleged injuries and damages. Therefore, adding Kebe Studios LLC as a new co-defendant,

at this stage in the litigation, is absolutely futile. *See, e.g., Carruthers* at 1218; *Maynard* at 1287; *Gilbert* at 1338.

## CONCLUSION

For all the above-stated reasons, Plaintiff's addition of Kebe Studios LLC as a new co-defendant, at the close of discovery and past the deadline for amendments, is impermissible; will unduly delay the proceedings; will unduly prejudice Ms. Kebe, who is prepared to proceed with dispositive motions and trial; and constitutes an exercise in futility.

WHEREFORE, Ms. Kebe respectfully requests that this Honorable Court enter an Order dismissing with prejudice Kebe Studios LLC as an impermissibly added co-defendant because the law, and justice, so requires.

## <u>CERTIFICATION AS TO FONT</u>

In accordance with Local Rule 7.1(D), the undersigned certifies that the foregoing document was prepared with Times New Roman 14 point, a font and point selection approved by the Court in Local Rule 5.1(C).

Respectfully submitted this 15th day of December, 2020.

*/s/Olga Izmaylova*
olga@silawatl.com
Georgia State Bar No. 666858


*/s/Sadeer Sabbak*
ssabbak@silawatl.com
Georgia State Bar No. 918493

SABBAK & IZMAYLOVA, P.C.          *Attorneys for Latasha Kebe*
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2020, I electronically filed the foregoing DEFENDANT KEBE'S MOTION TO DISMISS WITH PREJUDICE KEBE STUDIOS LLC AS AN IMPERMISSIBLY ADDED CO-DEFENDANT with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.


*/s/Olga Izmaylova*
olga@silawatl.com
Georgia State Bar No. 666858

SABBAK & IZMAYLOVA, P.C.
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911