# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| BELCALIS MARLENIS ALMANZAR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. |
| v. | * | 1:19-cv-01301-WMR |
| | * | |
| LATASHA TRANSRINA KEBE et al., | * | |
| | * | |
| Defendants. | * | |

### DEFENDANT KEBE'S MOTION TO COMPEL FULL AND COMPLETE RESPONSES, AND PRODUCTION, TO KEBE'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

COMES NOW Latasha Kebe (hereinafter referred to as "Ms. Kebe"), by and through undersigned Counsel, and, pursuant to Fed. R. Civ. P. 26, 34 and 37, and L.R. 26 and 37.1, respectfully moves this Honorable Court to compel Plaintiff Belcalis Almanzar to respond fully to Ms. Kebe's First Requests for the Production of Documents and Things; to produce all documents responsive to Ms. Kebe's First Requests for the Production of Documents and Things; to withdraw her improper, general and boilerplate, objections; and to state her objections in accordance with the law. Additionally, Ms. Kebe moves this Honorable Court to award her reasonable expenses, including attorneys' fees, incurred in filing this motion.

1

In support of this motion, Ms. Kebe relies on, and incorporates herein, the Brief in Support with all attached Exhibits, as well as all subsequent briefing and arguments made to, and with the permission of, this Court. With this motion, Ms. Kebe submits an executed Certificate of Compliance to ensure this Honorable Court that numerous good faith attempts were made to resolve all discovery issues, prior to filing this motion.

WHEREFORE, Ms. Kebe, pursuant to Fed. R. Civ. P. 26, 34 and 37, and L.R. 26 and 37.1, respectfully requests that this Honorable Court grant Ms. Kebe's Motion to Compel and order the Plaintiff to:

(1) respond fully to Ms. Kebe's First Requests for the Production of Documents and Things within 7 days, because the discovery period has already expired;

(2) produce all documents responsive to Ms. Kebe's First Requests for the Production of Documents and Things within 7 days, because the discovery period has already expired;

(3) withdraw Plaintiff's improper, general and boilerplate, objections;

(4) cease raising improper objections, going forward;

(5) reimburse Ms. Kebe for all reasonable expenses, including attorneys' fees, she incurred in filing this motion; and

(6) any additional sanctions this Court deems necessary and appropriate to deter Plaintiff's misconduct in the future.

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. Civ. P. 37 and L.R. 37.1, undersigned counsel certify that they contacted counsel for Plaintiff on numerous occasions in an effort to resolve all outstanding discovery issues without seeking this Court's intervention. Undersigned counsels' good faith attempts to cure Plaintiff's deficient discovery responses and production included the following:

(1) Phone call on March 5, 2020, discussing Plaintiff's request for a 30-day extension to respond to Ms. Kebe's discovery demands, and agreeing to said request.

(2) Phone call on March 25, 2020, discussing Plaintiff's request for a 60-day extension to respond to Ms. Kebe's discovery demands, and agreeing to said request.

(3) Phone call on June 1, 2020, discussing Plaintiff's request for extension until July 17, 2020 to respond to Ms. Kebe's discovery demands, and agreeing to said request.

(4) Email conversation from July 9, 2020 to July 10, 2020, discussing Plaintiff's request for another 30-day extension to respond to Ms. Kebe's discovery demands, and agreeing to said request.

(5) Letter dated August 31, 2020, detailing the deficiencies in Plaintiff's Responses to Ms. Kebe's First Continuing Interrogatories.

(6) Letter dated August 31, 2020, detailing the deficiencies in Plaintiff's Responses to Ms. Kebe's First Requests for the Production of Documents and Things.

(7) Email dated September 18, 2020, reminding Plaintiff's counsel that Ms. Kebe was still waiting on discovery responses and documents that Plaintiff's counsel previously promised to send by September 17, 2020, and requesting that Plaintiff's counsel provide all promised discovery immediately, as it was past due.

(8) Telephone conference on September 29, 2020, discussing both parties' discovery deficiencies during which Plaintiff's counsel stated that Ms. Kebe would receive all of Plaintiff's outstanding discovery responses and document production within 14 days.

(9) Email dates October 7, 2020, confirming receipt of 6 volumes of Plaintiff's document production, inquiring whether Plaintiff's production is complete, and reminding Plaintiff's counsel that they agreed to supplement and include corresponding Bates Stamps to their written responses to Ms. Kebe's Requests for Production by October 13, 2020.

(10) Email dated October 8, 2020 from Plaintiff's counsel confirming that they would send the supplemental written responses the following week and stating that they are also aiming to produce the remainder of their documents at that time.

(11) Telephone conference on November 13, 2020, discussing all of Plaintiff's outstanding discovery deficiencies in detail and notifying Plaintiff's counsel what they need to produce to cure all the deficiencies.

(12) Telephone conference on November 16, 2020, discussing both parties' outstanding discovery deficiencies.

(13) Letter dated November 30, 2020, summarizing Plaintiff's outstanding discovery deficiencies, at this Court's request.

(14) Email dated December 2, 2020, summarizing Plaintiff's outstanding discovery deficiencies, at Plaintiff's counsels' request.

(15) Email dated December 4, 2020, with an itemized list of Plaintiff's discovery deficiencies, at Plaintiff's counsels' request.

(16) Telephone conference on December 4, 2020, discussing a plan to try and cure all outstanding discovery deficiencies one last time, per this Court's mandate.

(17) Email dated December 4, 2020, following up on the phone conference and proposing a specific plan, with a timeline, as a final attempt to cure all outstanding discovery deficiencies before filing a Motion to Compel; a plan that Plaintiff's counsel rejected.

Despite those efforts by undersigned counsel to cure all outstanding discovery issues, the parties were, unfortunately, unable to resolve their discovery disputes.

Respectfully submitted this 21st day of December, 2020.

*/s/Olga Izmaylova*
olga@silawatl.com
Georgia State Bar No. 666858

*/s/Sadeer Sabbak*
ssabbak@silawatl.com
Georgia State Bar No. 918493

SABBAK & IZMAYLOVA, P.C.   *Attorneys for Latasha Kebe*
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911

7

## **CERTIFICATION AS TO FONT**

In accordance with Local Rule 7.1(D), the undersigned certifies that the foregoing document was prepared with Times New Roman 14 point, a font and point selection approved by the Court in Local Rule 5.1(C).

Respectfully submitted this 21st day of December, 2020.

/s/Olga Izmaylova
olga@silawatl.com
Georgia State Bar No. 666858


/s/Sadeer Sabbak
ssabbak@silawatl.com
Georgia State Bar No. 918493

SABBAK & IZMAYLOVA, P.C.          *Attorneys for Latasha Kebe*
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2020, I electronically filed Defendant Kebe's Motion to Compel Full and Complete Responses, and Production, to Kebe's First Requests for the Production of Documents and Things; Brief in Support of Motion; and all attached Exhibits with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

                                          */s/Olga Izmaylova*
                                          olga@silawatl.com
                                          Georgia State Bar No. 666858

SABBAK & IZMAYLOVA, P.C.
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911

9