# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| BELCALIS MARLENIS ALMANZAR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. |
| v. | * | 1:19-cv-01301-WMR |
| | * | |
| LATASHA TRANSRINA KEBE et al., | * | |
| | * | |
| Defendants. | * | |

### DEFENDANT KEBE'S BRIEF IN SUPPORT OF HER MOTION TO FILE DOCUMENTS UNDER SEAL

Ms. Kebe has moved this Honorable Court, pursuant to Fed. R. Civ. P. 5.2(d) and 26(c), the parties' Consent Protective Order (Dkt. 53), and Section II.J. to Appendix H of this Court's Local Rules, for an Order permitting her to file certain documents under seal. Ms. Kebe submits the foregoing Brief in support of her motion.

This Court is permitted, for good cause, to shield the disclosure of confidential information from the public record. *See* Fed. R. Civ. P. 26(c). "The federal district courts derive their authority to seal or otherwise deny public access to documents or proceedings from Rule 26(c) of the Federal Rules of Civil Procedure." *In re Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.,* 184 F. Supp. 2d 1353, 1362 (N.D. Ga. 2002).

The parties have a Consent Protective Order in this case providing for the filing of documents under seal. (*See* Dkt. 53). The documents listed above contain information designated by Plaintiff as "Confidential." The documents listed above are either documents designated by Plaintiff as "Confidential" pursuant to the parties' Consent Protective Order or Documents designated by Ms. Kebe as "Confidential" because they contain references to, or excerpts from, documents Plaintiff has designated "Confidential". As Plaintiff has designated the information as "Confidential," it is Plaintiff's burden to establish good cause for sealing. *See* Section II.J.2.e. to Appendix H of this Court's Local Rules.

Ms. Kebe respectfully requests permission to file the following documents under seal for the reasons set forth below:

1. The following supporting documents to Kebe's Motion to Compel Full and Complete Responses to Kebe's First Continuing Interrogatories:

    a. Kebe's Brief in Support of her Motion to Compel Full and Complete Responses to Kebe's First Continuing Interrogatories (hereinafter referred to as "Kebe's Brief") because it quotes directly from, or references, documents that have been designated as "Confidential";

b. Exhibit 1 to Kebe's Brief: Kebe's First Continuing Interrogatories because Plaintiff has designated her responses thereto as "Confidential";

c. Exhibit 2 to Kebe's Brief: Plaintiff's Responses to Kebe's Interrogatories because Plaintiff designated them as "Confidential";

d. Exhibit 3 to Kebe's Brief: Discovery Deficiency Letter sent to Plaintiff's counsel on August 31, 2020 because it quotes directly from, or references, documents that have been designated as "Confidential";

e. Exhibit 4 to Kebe's Brief: Plaintiff's Supplemental Responses to Kebe's Interrogatories because Plaintiff designated them as "Confidential";

f. Exhibit 5 to Kebe's Brief: Discovery Dispute Letter sent to Ms. Lundy on November 30, 2020 because it quotes directly from, or references, documents that have been designated as "Confidential";

g. Exhibit 6 to Kebe's Brief: Plaintiff's Discovery Deficiency Chart created on December 4, 2020 because it quotes directly from, or references, documents that have been designated as "Confidential";

h. Exhibit 7 to Kebe's Brief: Email sent to Plaintiff's counsel on December 4, 2020, with the Discovery Deficiency Chart because it

3

contains an attachment that quotes directly from, or references, documents that have been designated as "Confidential";

i. Exhibit 8 to Kebe's Brief: Plaintiff's Second Supplemental Responses to Kebe's Interrogatories because Plaintiff designated them as "Confidential";

j. Exhibit 9 to Kebe's Brief: Subpoena for Deposition, sent to Rashad Haughton on November 3, 2020 because it quotes directly from, or references, documents that have been designated as "Confidential"; and

k. Exhibit 10 to Kebe's Brief: Subpoena for Document Production, sent to Rashad Haughton on November 3, 2020 because it quotes directly from, or references, documents that have been designated as "Confidential".

2. The following supporting documents to Kebe's Motion to Compel Full and Complete Responses, and Production, to Kebe's First Requests for Production of Documents and Things:

a. Kebe's Brief in Support of her Motion to Compel Full and Complete Responses, and Production, to Kebe's First Requests for the Production of Documents and Things (hereinafter referred to as "Brief in Support")

    because it quotes directly from, or references, documents that have been designated as "Confidential";

b. Exhibit 1 to Brief in Support: Kebe's First Requests for the Production of Documents and Things because Plaintiff has designated her responses thereto as "Confidential";

c. Exhibit 2 to Brief in Support: Plaintiff's Responses to Requests for Production because Plaintiff has designated them as "Confidential";

d. Exhibit 3 to Brief in Support: Deficiency Letter addressing Plaintiff's Responses to First Requests for Production, sent to Plaintiff's counsel on August 31, 2020 because it quotes directly from, or references, documents that have been designated as "Confidential";

e. Exhibit 4 to Brief in Support: Email sent to Plaintiff's counsel on September 17, 2020, regarding overdue production because it quotes directly from, or references, documents that have been designated as "Confidential";

f. Exhibit 5 to Brief in Support: Plaintiff's Supplemental Responses to Requests for Production because Plaintiff has designated them as "Confidential";

g. Exhibit 6 to Brief in Support: Discovery Dispute Letter sent to Ms. Lundy on November 30, 2020 because it quotes directly from, or references, documents that have been designated as "Confidential";

h. Exhibit 7 to Brief in Support: Plaintiff's Discovery Deficiency Chart created on December 4, 2020 because it quotes directly from, or references, documents that have been designated as "Confidential";

l. Exhibit 8 to Brief in Support: Email sent to Plaintiff's counsel on December 4, 2020, with the Discovery Deficiency Chart attached because it contains an attachment that quotes directly from, or references, documents that have been designated as "Confidential";

i. Exhibit 9 to Brief in Support: Plaintiff's Second Supplemental Responses to Requests for Production because Plaintiff has designated them as "Confidential";

j. Exhibit 10 to Brief in Support: Notice to Preserve Data, mailed to Facebook, Inc. on June 14, 2019 because it quotes directly from, or references, documents that have been designated as "Confidential"; and

k. Exhibit 11 to Brief in Support; Facebook, Inc. Reply Letter, dated June 28, 2019 because it quotes directly from, or references, documents that have been designated as "Confidential".

For the foregoing reasons, Ms. Kebe respectfully requests that this Court grant her motion to file documents listed above under seal.

## CERTIFICATION AS TO FONT

In accordance with Local Rule 7.1(D), the undersigned certifies that the foregoing document was prepared with Times New Roman 14 point, a font and point selection approved by the Court in Local Rule 5.1(C).

Respectfully submitted this 21st day of December, 2020.

*/s/Olga Izmaylova*
olga@silawatl.com
Georgia State Bar No. 666858


*/s/Sadeer Sabbak*
ssabbak@silawatl.com
Georgia State Bar No. 918493

SABBAK & IZMAYLOVA, P.C.        *Attorneys for Latasha Kebe*
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911