**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| BELCALIS MARLENIS ALMÁNZAR,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>LATASHA TRANSRINA KEBE a/k/a<br>LATASHA TRANSRINA HOWARD and<br>KEBE STUDIOS LLC,<br><br>　　　　　　　　Defendants. | Case No. 1:19-cv-01301-WMR |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO
DEFENDANT KEBE'S SECOND AMENDED COUNTERCLAIMS**

COMES NOW Plaintiff Belcalis Marlenis Almánzar ("Plaintiff"), by and through her undersigned counsel, and submits her Answer and Affirmative Defenses to the Second Amended Counterclaims (the "Counterclaims") of Defendant Latasha Transrina Kebe a/k/a Latasha Transrina Howard ("Kebe") as follows:

**FACTUAL ALLEGATIONS AND CLAIMS**

193.　Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 193 of the Counterclaims, except that Plaintiff admits that Kebe posts videos.

1

194. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 194 of the Counterclaims, except that Plaintiff admits that Kebe has used "unWinewithTashaK" as a social media handle.

195. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 195 of the Counterclaims, except that Plaintiff admits that Kebe is the host of a YouTube Channel called unWinewithTashaK.

196. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 196 of the Counterclaims, except that Plaintiff admits that there is a YouTube channel named "unWinewithTashaK".

197. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 197 of the Counterclaims.

198. Plaintiff denies the allegations in Paragraph 198 of the Counterclaims, except that Plaintiff admits that she is an international celebrity and is famous for being a hip-hop artist.

199. Plaintiff denies the allegations contained in Paragraph 199 of the Counterclaims.

200. Plaintiff denies the allegations contained in Paragraph 200 of the Counterclaims, except that Plaintiff admits that Plaintiff has a Twitter account using the handle @iamcardib.

201. Plaintiff denies the allegations contained in Paragraph 201 of the Counterclaims, except that Plaintiff admits that Plaintiff has an Instagram account using the handle iamcardib.

202. Plaintiff denies the allegations contained in Paragraph 202 of the Counterclaims, except that Plaintiff admits that Plaintiff posts on her Twitter and Instagram accounts.

203. Plaintiff denies the allegations contained in Paragraph 203 of the Counterclaims, except that Plaintiff admits that Plaintiff uses her social media accounts to communicate with her friends and her fans.

204. Plaintiff denies the allegations contained in Paragraph 204 of the Counterclaims.

205. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 205 of the Counterclaims, except that Plaintiff denies the allegation that she "constantly boasts about being a member of Brim".

206. Plaintiff denies the allegations contained in Paragraph 206 of the Counterclaims.

207. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 207 of the Counterclaims.

208. Plaintiff admits the allegations contained in Paragraph 208 of the Counterclaims.

209. Plaintiff admits that Jones made statements to the effect of what was alleged in Paragraph 209 of the Counterclaims, except denies that those statements were the entirety of the statements made in the September 19, 2018 video.

210. Plaintiff denies the allegations contained in Paragraph 210 of the Counterclaims, except that Plaintiff admits that Plaintiff reached out to Kebe via private messages to discuss the content of Kebe's interview with Jones.

211. Plaintiff lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 211 of the Counterclaims, including denying Kebe's characterization of the alleged communication, except admits that Kebe asked to interview Plaintiff and Plaintiff has requested that Kebe remove Kebe's interview with Jones from Kebe's YouTube channel.

212. The allegations in Paragraph 212 of the Counterclaims lack specificity as to the alleged statements made by Plaintiff, and Plaintiff denies the allegations

contained in Paragraph 212, including denying Kebe's characterization of the alleged communications, except admits that Plaintiff declined to be interviewed by Kebe.

213. The allegations in Paragraph 213 of the Counterclaims lack specificity as to the alleged statements made by Plaintiff, and Plaintiff denies the allegations in Paragraph 213 of the Counterclaims, including denying Kebe's characterization of the alleged videos. Plaintiff refers the Court to the videos containing Plaintiff's statements as the best evidence of Plaintiff's statements.

214. The allegations in Paragraph 214 of the Counterclaims lack specificity as to the alleged statements made by Plaintiff, and Plaintiff denies the allegations in Paragraph 214 of the Counterclaims, including denying Kebe's characterization of the alleged videos. Plaintiff refers the Court to the videos containing Plaintiff's statements as the best evidence of Plaintiff's statements.

215. The allegations in Paragraph 215 of the Counterclaims lack specificity as to the alleged statements made by Plaintiff and Plaintiff denies the allegations in Paragraph 215 of the Counterclaims, including denying Kebe's characterization of the alleged videos. Plaintiff refers the Court to the videos containing Plaintiff's statements as the best evidence of Plaintiff's statements.

216. The allegations in Paragraph 216 of the Counterclaims lack specificity as to the alleged statements made by Plaintiff and Plaintiff denies the allegations in Paragraph 216 of the Counterclaims, including denying Kebe's characterization of the alleged videos. Plaintiff refers the Court to the videos containing Plaintiff's statements as the best evidence of Plaintiff's statements.

217. Plaintiff lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 217, except that, with respect to the allegations regarding statements allegedly made by Plaintiff in a conversation, those allegations in Paragraph 217 of the Counterclaims lack specificity as to the alleged statements made, and Plaintiff denies the allegations contained in Paragraph 217, including denying Kebe's characterization of the alleged conversation and videos. Plaintiff refers the Court to the videos containing Plaintiff's statements as the best evidence of Plaintiff's statements.

218. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 218 of the Counterclaims.

219. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 219 of the Counterclaims.

220. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 220 of the Counterclaims.

221. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 221 of the Counterclaims.

222. Plaintiff lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 222, except that, with respect to the allegations regarding statements allegedly made by Plaintiff, those allegations in Paragraph 222 of the Counterclaims lack specificity as to the alleged statements made, and Plaintiff denies the allegations contained in Paragraph 222, including denying Kebe's characterization of Plaintiff's alleged comments and behavior and further that Paragraph 222 contains conclusory statements to which no response is required. Plaintiff refers the Court to the videos containing Plaintiff's statements as the best evidence of Plaintiff's statements.

223. Plaintiff denies the allegations contained in Paragraph 223 of the Counterclaims.

224. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 224 of the Counterclaims.

225. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 225 of the Counterclaims.

226. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 226 of the Counterclaims,

except that, with regards to the allegations about Plaintiff's alleged conduct Paragraph 226 of the Counterclaims lack specificity as to the alleged conduct and Plaintiff denies the allegations contained in Paragraph 226 with respect to same.

227. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 227 of the Counterclaims, except that, with regards to the allegations about Plaintiff's alleged conduct Paragraph 227 of the Counterclaims lack specificity as to the alleged conduct and Plaintiff denies the allegations contained in Paragraph 227 with respect to same.

## COUNT I - ASSAULT

228. Plaintiff incorporates by reference each and every answer in the foregoing Paragraphs 1 through 227, as if fully set forth herein.

229. Plaintiff denies the allegations contained in Paragraph 229 of the Counterclaims.

230. Plaintiff denies the allegations contained in Paragraph 230 of the Counterclaims.

231. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 231 of the Counterclaims.

232. Plaintiff denies the allegations contained in Paragraph 232 of the Counterclaims.

233. Plaintiff denies the allegations contained in Paragraph 233 of the Counterclaims.

234. Plaintiff denies the allegations contained in Paragraph 234 of the Counterclaims.

**COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

235. Plaintiff incorporates by reference each and every answer in the foregoing Paragraphs 1 through 234, as if fully set forth herein.

236. Plaintiff denies the allegations contained in Paragraph 236 of the Counterclaims.

237. Plaintiff denies the allegations contained in Paragraph 237 of the Counterclaims.

238. Plaintiff denies the allegations contained in Paragraph 238 of the Counterclaims.

239. Plaintiff denies the allegations contained in Paragraph 239 of the Counterclaims.

240. Plaintiff denies the allegations contained in Paragraph 240 of the Counterclaims.

## COUNT III – PUNITIVE DAMAGES

241. Plaintiff incorporates by reference each and every answer in the foregoing Paragraphs 1 through 240, as if fully set forth herein.

242. Plaintiff denies the allegations contained in Paragraph 242 of the Counterclaims.

243. Plaintiff denies the allegations contained in Paragraph 243 of the Counterclaims.

244. Plaintiff denies the allegations contained in Paragraph 244 of the Counterclaims.

## COUNT IV – EXPENSES OF LITIGATION AND ATTORNEYS' FEES

245. Plaintiff incorporates by reference each and every answer in the foregoing Paragraphs 1 through 244, as if fully set forth herein.

246. Plaintiff denies the allegations contained in Paragraph 246 of the Counterclaims.

247. Plaintiff denies the allegations contained in Paragraph 247 of the Counterclaims.

Plaintiff denies any remaining allegations not specifically admitted. Plaintiff further denies that Kebe is entitled to the relief requested in the Counterclaims or any other relief.

## AFFIRMATIVE DEFENSES

Plaintiff hereby sets forth her separate and distinct affirmative defenses to the Counterclaims. By listing any matter as an affirmative defense, Plaintiff does not assume the burden of proving any matter upon which Kebe bears the burden of proof under applicable law.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Counterclaims claims are barred in whole or in part by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Any damages Kebe claims she is owed from Plaintiff, if proven, must be reduced based upon the doctrine of offset, recoupment, and/or setoff based on the damages sustained by Plaintiff as set forth in her Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Kebe's Counterclaims are barred in whole or in part by Kebe's failure to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

Kebe's Counterclaims are barred in whole or in part by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff did not assault Kebe. Plaintiff took no action that reasonably caused Kebe to apprehend a violent injury from any unlawful acts by Plaintiff. Plaintiff made no threat to Kebe that reasonably placed her in imminent fear of violent injury by Plaintiff. Further, to the extent that Kebe claims that a statement made by Plaintiff caused her to fear for her safety, any such alleged statement, even if made by Plaintiff, was not made within close proximity of Kebe. Thus, Kebe had no reasonable apprehension of violent imminent injury by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Kebe's claims are barred in whole or in part by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Kebe's Counterclaims are barred in whole, or in part, as Kebe failed to allege, and will be unable to prove, facts sufficient to establish the necessary elements of each and every Counterclaim.

### NINTH AFFIRMATIVE DEFENSE

Kebe's Counterclaims are barred because Kebe's alleged damages are merely speculative.

### TENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by the doctrine of assumption of risk and/or contributory negligence. Kebe assumed the risk of the damages she has alleged and/or contributed to them given the nature of her own actions.

### ELEVENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part as Kebe's alleged damages, if any are proven, were caused by intervening causes and/or third parties.

### TWELFTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part, as a matter of law, Plaintiff is not liable for the actions of third parties.

### THIRTEENTH AFFIRMATIVE DEFENSE

Kebe's Counterclaims are barred to the extent that Kebe failed to allege, and will be unable to prove, that Plaintiff's actions caused any of her alleged damages.

Dated:  December 28, 2020		Respectfully submitted,


			/s/ Lisa F. Moore
			Sarah M. Matz (admitted *pro hac vice*)
			Gary P. Adelman (admitted *pro hac vice*)
			ADELMAN MATZ P.C.
			1173A Second Avenue, Suite 153
			New York, New York 10065
			Telephone: (646) 650-2207
			E-mail: sarah@adelmanmatz.com
			E-mail: g@adelmanmatz.com

			Lisa F. Moore (Bar No. 419633)
			W. Andrew Pequignot (Bar No. 424546)
			MOORE PEQUIGNOT LLC
			887 West Marietta Street, Suite M-102
			Atlanta, Georgia 30318
			Telephone: (404) 748-9596
			E-mail: lisa@themoorefirm.com
			E-mail: andrew@themoorefirm.com

			*Attorneys for Plaintiff*

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2020, I electronically filed the foregoing PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT KEBE'S AMENDED COUNTERCLAIMS with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

/s/ Lisa F. Moore
Lisa F. Moore