# EXHIBIT 1

To Declaration of S. Matz

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMÁNZAR,<br><br>               Plaintiff,<br><br>v.<br><br>LATASHA TRANSRINA KEBE a/k/a LATASHA TRANSRINA HOWARD and STARMARIE EBONY JONES,<br><br>               Defendants. | Case No.<br><br>1:19-cv-1301-WMR |

## PLAINTIFF'S FIRST REQUESTS TO LATASHA KEBE FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff BELCALIS MARLENIS ALMÁNZAR ("Plaintiff") hereby requests that Defendant LATASHA TRANSRINA KEBE ("Kebe") produce the documents and things described in the below requests (the "Requests") to Adelman Matz P.C., 1173A Second Avenue, Suite 153, New York, New York 10065.

## INSTRUCTIONS AND DEFINITIONS

1.    In accordance with Rule 26 of the Federal Rules of Civil Procedure, these Requests are continuing and any document obtained subsequent to

1

production that would have been produced had it been available or its existence been known is to be produced forthwith.

2. Plaintiff incorporates by reference the definitions set forth in Plaintiff's First Set of Interrogatories to Defendant Latasha Kebe served on Kebe concurrently with these Requests.

3. In responding to the Requests, Kebe is required to furnish all documents that are available to Kebe, including documents in the possession, custody or control of Kebe's attorneys, agents, employees, representatives, or any other persons or entities directly or indirectly employed by or connected with Kebe or Kebe's attorneys, or subject to Kebe's control.

4. If Kebe objects to the production of any document based on a claim of any privilege or a claim that such documents constitute attorney work product, Kebe is hereby requested to provide the information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, including the following information: (i) the date of the document; (ii) the name of the document's originator, the name of the person(s) to whom it is addressed, and the names of all person(s) who were shown copies or to whom copies were distributed; (iii) a general physical description of the type of document, and the subject matter to which it pertains; (iv) the document's current custodian; and (v) the precise grounds on which the claim of

privilege or other objection to production is based.

5. Each Request seeks the production of the document in its entirety, without abbreviation or redaction. If any information is redacted from a document, clearly mark the redacted document with the words "REDACTED," and state the basis for the redaction of the information.

6. If for any Request there are no documents that are responsive, so state.

7. If any responsive document has been, but no longer is, in Kebe's possession, custody or control, provide a list of such documents containing the following information: (i) the date of the document; (ii) its title, if any; (iii) a description of the subject matter of the document; and (iv) the names and addresses of each person who prepared, received, reviewed and has or has had possession, custody or control of the document.

8. If, in answering these Requests, Kebe claims that any Request, or a definition or instruction applicable thereto, is ambiguous, do not use such claim as a basis for refusing to respond, but rather set forth as a part of the response the language you claim is ambiguous and the interpretation you have used to respond to the individual Request.

9. Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

10. Each of the foregoing definitions and instructions is hereby incorporated by reference into, and shall be deemed a part of, each and every other definition and instruction contained herein as well as each specific Request set forth below.

**REQUESTS**

**Request No. 1.** Copies, in native format, of any Published Content.

**Request No. 2.** Copies, in native format, of any Unpublished Content.

**Request No. 3.** Communications between Kebe and any person concerning the Published Content or the Unpublished Content.

**Request No. 4.** Documents concerning the deletion of any of the Defendant Social Media Accounts (including but not limited to any communications between Kebe and a representative of a Social Media Platform).

**Request No. 5.** Documents concerning the preservation of information and data (including but not limited to account information, web pages, posts, and Content) associated with each Defendant Social Media Account.

**Request No. 6.** Copies of all the raw footage from which the Videos were made.

**Request No. 7.** Documents concerning Kebe's belief that Jones suffers from a mental illness, as stated by Kebe in the Lovelyti Call.

**Request No. 8.** Documents sufficient to evidence when the Lovelyti Call was made and recorded by Kebe.

**Request No. 9.** Documents concerning Kebe's knowledge or belief that any or all of the statements made by Jones in the Jones Video, or in any of the other Videos, were false or inaccurate.

**Request No. 10.** Documents concerning social media analytics for the Defendant Social Media Accounts, including but not limited to documents generated using Facebook's Insights program (re Facebook and Instagram) and the Twitter Analytics program (re Twitter), as well as documents generated from any social media management platform (e.g., Buffer, SparkCentral, or CX Social), on a monthly basis where the information is available, from the date each account was created to present.

**Request No. 11.** Documents concerning the creation and Publication of the Published Content, including but not limited to Communications with any person interviewed regarding Plaintiff, Kebe's notes concerning Plaintiff, and any written script used by Kebe during the creation of the Published Content.

**Request No. 12.** Documents sufficient to evidence the number of followers or subscribers for each Defendant Social Media Account, on a monthly basis where available, beginning January 1, 2018 to present.

**Request No. 13.** Documents sufficient to evidence the number of views for each Video that has been Published.

**Request No. 14.** Documents sufficient to evidence the number of views for each audio-visual recording in which Plaintiff is not mentioned that was Published on a Defendant Website or Defendant Social Media Account.

**Request No. 15.** Documents sufficient to evidence the number of visitors who have viewed or visited each Defendant Website.

**Request No. 16.** Communications between Plaintiff and Kebe.

**Request No. 17.** Communications between Kebe and Jones.

**Request No. 18.** Documents concerning any payments made by Kebe, or on Kebe's behalf, to others relating to their participation in the creation of the Published Content or the Unpublished Content, including but not limited to any money payments, or consideration of any kind, made to any person being interviewed and to the sources of Kebe's stories concerning Plaintiff.

**Request No. 19.** Documents concerning advertising on the Defendant Websites and the Defendant Social Media Accounts, including but not limited to

any agreements, whether written or oral, any drafts, revisions, renewals, extensions, modifications, or amendments of such agreements, and any communications with a non-party advertiser.

**Request No. 20.** Documents sufficient to evidence the monthly and annual gross revenue that Kebe earned from advertisements on the Defendant Websites and the Defendant Social Media Accounts from January 1, 2016 to present.

**Request No. 21.** Documents sufficient to evidence the monthly and annual gross revenue that Kebe earned from sources other than advertisements on the Defendant Websites and the Defendant Social Media Accounts from January 1, 2016 to present.

**Request No. 22.** Documents concerning the monetary value of Kebe's alleged brand called "unWinewithTashaK."

**Request No. 23.** Documents concerning the allegation in Paragraph 197 of the Counterclaims that "Kebe's brand generates revenue via third-party advertisements."

**Request No. 24.** Documents sufficient to evidence the number of subscribers, followers, and likes, for each of the Websites and Social Media Accounts alleged in Paragraphs 198 to 200 of the Counterclaims on the date the Counterclaims were filed.

**Request No. 25.**   Documents concerning any statement by Plaintiff that Kebe alleges was defamatory, including but not limited to copies of all videos referenced in Paragraphs 210, 211, 212, and 213 of the Counterclaims and any communication with any person concerning each such video or alleged defamatory statement.

**Request No. 26.**   Documents concerning Kebe's allegation in Paragraph 214 of the Counterclaims that Plaintiff "was going to make an example out of Ms. Kebe."

**Request No. 27.**   Documents concerning the alleged private conversation between Plaintiff and a person named "Skeemo" that is referenced in Paragraph 215 of the Counterclaims.

**Request No. 28.**   Documents concerning any alleged threats against Kebe made by Plaintiff, "Skeemo," or others that are referenced in Paragraphs 216, 219, 221, 229, 233, and 234 of the Counterclaims, including but not limited to copies of the alleged threats and communications with others concerning said threats.

**Request No. 29.**   Documents concerning the alerts Kebe claims to have received concerning the safety of Kebe and Kebe's family, including all communications with the "various sources", as alleged in Paragraph 217 of the Counterclaims.

**Request No. 30.**   Communications between Kebe and law enforcement representatives, including but not limited to agents of the FBI, concerning alleged threats being made against Kebe from January 1, 2018 to present.

**Request No. 31.**   Documents concerning Kebe's allegation that she changed her residence based on advice from the FBI, as alleged in Paragraph 218 of the Counterclaims.

**Request No. 32.**   Documents concerning each lease for any residence that Kebe lived in from September 1, 2018 to present.

**Request No. 33.**   Documents concerning Kebe's moving expenses that she incurred from September 1, 2018 to present.

**Request No. 34.**   Documents concerning any written agreement with any moving company that Kebe contracted with to move her residence from September 1, 2018 to present.

**Request No. 35.**   Communications between Kebe and any third-party, regarding Kebe changing her residence between September 1, 2018 to present.

**Request No. 36.**   Documents concerning any post or video that Kebe made on a Website or Social Media Account concerning Kebe's relocation of her residence from September 1, 2018 to present.

**Request No. 37.**   Documents concerning Kebe's allegation in Paragraphs 202, 213, 221, 229, 233, and 234 of the Counterclaims that Plaintiff is in a gang.

**Request No. 38.**   Documents concerning Kebe's allegation in Paragraph 219 of the Counterclaims that her pregnancy was "high risk."

**Request No. 39.**   Copies of Kebe's medical and mental health records relating to any alleged harm sustained by Kebe as alleged in Paragraphs 221, 222, 226, 230, and 235, including HIPPA-compliant authorizations for each medical care provider who treated Kebe for each condition or injury claimed.

**Request No. 40.**   Duly executed HIPPA-complaint authorizations to obtain Kebe's collateral source records from any applicable insurance company, or any other source, that paid for all or part of Kebe's medical or psychiatric treatment that Kebe claims resulted from Plaintiff's conduct as alleged in the Counterclaims.

**Request No. 41.**   Documents concerning the allegation in Paragraph 221 of the Counterclaims that Kebe was unable to work for several weeks resulting in lost income and "other financial and emotional harms."

**Request No. 42.**   Documents concerning Kebe's damages, as alleged in Paragraphs 220, 226, 227, 230, 231, 236, 237, 238, and 242 of the Counterclaims.

**Request No. 43.** Documents concerning Kebe's allegation in Paragraph 229 of the Counterclaims that Plaintiff "intended to commit a violent injury to Ms. Kebe."

**Request No. 44.** Documents concerning Kebe's allegation in Paragraphs 229 and 234 of the Counterclaims that Plaintiff "encouraged fellow gang members to 'handle' Ms. Kebe."

**Request No. 45.** Documents concerning Kebe's allegation in Paragraph 229 of the Counterclaims that Kebe "believed that her safety and well-being was at risk" as a result of any action or statement by Plaintiff.

**Request No. 46.** Documents concerning Kebe's allegation that Plaintiff "has acted in bad faith, been stubbornly litigious, and has caused Ms. Kebe unnecessary trouble and expense."

**Request No. 47.** Documents concerning any post, tweet, or video Published by Kebe on any Social Media Account, in which she claimed that she was being stalked or harassed by any other person (including but not limited to Mr. Dennis Bryon).

**Request No. 48.** Documents concerning any allegation by any other person that they were being stalked or harassed by Kebe.

**Request No. 49.** Documents concerning any legal proceeding commenced by Kebe, or on behalf of Kebe, in any civil or criminal court, between January 1, 2018 and the present (including but not limited to all pleadings in such proceeding).

**Request No. 50.** Documents concerning any legal proceeding commenced against Kebe, in any civil or criminal court, between January 1, 2018 and the present (including but not limited to all pleadings in such proceeding).

**Request No. 51.** Documents concerning the allegations, affirmative defenses, and Counterclaims in this action, as set forth in the Complaint, the Amended Complaint, the Answer, and the Answer to the Amended Complaint, and any subsequent amended pleadings.

**Request No. 52.** Documents reviewed or relied on in the preparation of Kebe's responses to Plaintiff's First Set of Interrogatories.

**Request No. 53.** Documents identified or referred to in Kebe's responses to Plaintiff's First Set of Interrogatories.

**Request No. 54.** Documents reviewed or relied on in the preparation of the Answer or the Answer to the Amended Complaint.

**Request No. 55.** Documents reviewed or relied on in the preparation of Kebe's Initial Disclosures.

**Request No. 56.** Documents reviewed or relied on by Kebe in the preparation of the Joint Preliminary Report and Discovery Plan.

**Request No. 57.** Documents that Kebe intends to rely on in connection with this action.

Dated: October 4, 2019 Respectfully submitted,

/s/ Sarah M. Matz
Sarah M. Matz (admitted *pro hac vice*)
Gary P. Adelman (admitted *pro hac vice*)
ADELMAN MATZ P.C.
1173A Second Avenue, Suite 153
New York, New York 10065
Telephone: (646) 650-2207
E-mail: sarah@adelmanmatz.com
E-mail: g@adelmanmatz.com

Lisa F. Moore (Bar No. 419633)
W. Andrew Pequignot (Bar No. 424546)
MOORE PEQUIGNOT LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia 30318
Telephone: (404) 748-9596
E-mail: lisa@themoorefirm.com
E-mail: andrew@themoorefirm.com

*Attorneys for Plaintiff*

To: Olga Izmaylova, Esq.
Sadeer Sabbak, Esq.
SABBAK & IZMAYLOVA, P.C.
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076

13

Telephone: (404) 793-7773
Facsimile: (678) 878-4911
E-mail: olga@silawatl.com
E-mail: ssabbak@silawatl.com
*Attorneys for Latasha Kebe*

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2019, I electronically served the foregoing **PLAINTIFF'S FIRST REQUESTS TO LATASHA KEBE FOR THE PRODUCTION OF DOCUMENTS AND THINGS** with Olga Izmaylova, Esq. at olga@silawatl.com and Sadeer Sabbak, Esq. at ssabbak@silawatl.com, pursuant to an agreement by the parties.

_/s/ David Marcus_
David Marcus