# EXHIBIT 3

To Declaration of S. Matz

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

BELCALIS MARLENIS ALMANZAR,  *
             *
    Plaintiff,    *
             *   Civil Action No.
  v.         *   1:19-cv-01301-WMR
             *
LATASHA TRANSRINA KEBE et al.,  *
             *
    Defendants.   *

**DEFENDANT KEBE'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFF'S FIRST REQUESTS TO LATASHA KEBE FOR THE**
**PRODUCTION OF DOCUMENTS AND THINGS**

COMES NOW Latasha Kebe (hereinafter referred to as "Ms. Kebe"), by and through undersigned Counsel, and pursuant to Rule 34 hereby files her Responses and Objections to Plaintiff's First Requests to Latasha Kebe For the Production of Documents and Things.

**GENERAL OBJECTIONS**

Ms. Kebe objects to each Request: (1) insofar as it calls for the production of documents not in Plaintiff's possession, custody, or control; (2) insofar as it calls for the production of documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged; (3) insofar as it calls for the production of documents which

are publicly available or otherwise equally available and/or uniquely available or equally available on the Internet or from third parties; (4) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (5) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Ms. Kebe submits these responses and objections without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive materials exist.

Ms. Kebe's responses and objections are not intended to be, and shall not be construed as, agreement with Plaintiff's characterization of any facts, circumstances, or legal obligations. Ms. Kebe reserves the right to contest any such characterization as inaccurate.

Ms. Kebe also objects to the Requests to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

Subject to and without waiving the any objections, Ms. Kebe provides the following responses:

## <u>SPECIFIC OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>

**Request No. 1.** *Copies, in native format, of any Published Content.*

<u>Response to Request No. 1</u>

Ms. Kebe objects on the grounds that "Published Content" as defined by Plaintiff in her Interrogatories calls for the production of documents which are publicly available or otherwise equally available equally available on the Internet or from third parties. Ms. Kebe also objects on the grounds that "Native Format" as defined by Plaintiff in her Interrogatories calls for the production of documents to calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Kebe further objects to Plaintiff's definition of "Native Format" as overly broad and unduly burdensome to the extent it seeks metadata.

Subject to and without waiving the foregoing objections, Ms. Kebe is producing all videos that are responsive to this request (referenced in paragraph 32 of Plaintiff's First Set of Interrogatories to Defendant Latasha Kebe) on the enclosed Flash Drive at Bates numbers Kebe-026 through Kebe-055, except for the dates of April 19, 2018 and September 29, 2018 for the following reasons: (i) no such video exists; or (ii) if any video was

published on that date, it was removed by YouTube for violation of their community guidelines. Ms. Kebe does not possess any raw footage for those dates.

Ms. Kebe will produce the "1/25 Tweet" and the "Lovelyti Call" as they become available.

**Request No. 2.** *Copies, in native format, of any Unpublished Content.*

Response to Request No. 2

There are no documents that are responsive.

**Request No. 3.** *Communications between Kebe and any person concerning the Published Content or the Unpublished Content.*

Response to Request No. 3

Subject to and without waiving any objections, Ms. Kebe is producing all communications in her possession that are responsive to this request on the enclosed Flash Drive at Bates numbers Kebe 005, Kebe 021, Kebe 022, Kebe 050, Kebe 093-100, Kebe 144, and Kebe 145-146.

Any communications via Instagram Direct Messenger were under Ms. Kebe's former handle "unwinewithtasha" which Ms. Kebe no longer has access to after being deleted by Instagram. Facebook, Inc. has access to this information.

**Request No. 4.** *Documents concerning the deletion of any of the Defendant Social Media Accounts (including but not limited to any communications between Kebe and a representative of a Social Media Platform).*

Response to Request No. 4

Subject to and without waiving any objections, Ms. Kebe will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

**Request No. 5.** *Documents concerning the preservation of information and data (including but not limited to account information, web pages, posts, and Content) associated with each Defendant Social Media Account.*

Response to Request No. 5

Subject to and without waiving any objections, Ms. Kebe is producing REDACTED documents that are responsive to this request on the enclosed Flash Drive at Bates numbers Kebe-001 through Kebe-004. The redacted line on Kebe-0003 is appropriate since it refers to a totally separate and distinct legal matter involving a client represented by Ms. Kebe's legal team. Although Ms. Kebe's legal team addressed legal matters in separate letters, counsel for Facebook, Inc. elected to reference both cases in their reply to Ms. Kebe's legal team's "Notice to Preserve Data".

**Request No. 6.** *Copies of all the raw footage from which the Videos were made.*

Response to Request No.6

Subject to and without waiving any objections, Ms. Kebe is producing all available raw footage that are responsive to this request (referenced in paragraph 32 of Plaintiff's First Set of Interrogatories to Defendant Latasha Kebe) on the enclosed Flash Drive at Bates numbers Kebe-056 through Kebe-062. If no raw footage exists either: (i) no such video was produced on the requested date; (ii) video is from a "live" stream; or (iii) When Ms. Kebe first began to publish pre-recorded Content on her YouTube channel, she would delete the raw footage as soon as the edited Content was uploaded. Ms. Kebe's sole reason for deleting raw footage of pre-recorded Content was to preserve memory and storage space on her computer. Any deletions of raw footage occurred before Ms. Kebe knew, or should have known, about the prospect of this litigation. Furthermore, prior to receiving notice of this litigation, Ms. Kebe and Mr. Kebe implemented new procedures for preserving all pre-recorded Content (raw and edited), which prevents the deletion of raw footage.

**Request No. 7.** *Documents concerning Kebe's belief that Jones suffers from a mental illness, as stated by Kebe in the Lovelyti Call.*

<u>Response to Request No.7</u>

Ms. Kebe submits this response without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive materials exist. Ms. Kebe's response is not intended to be, and shall not be construed as, agreement with Plaintiff's characterization of any facts, circumstances, or legal obligations. Ms. Kebe reserves the right to contest any such characterization as inaccurate. Ms. Kebe also objects to the Request No. 7 to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

There are no documents that are responsive.

**Request No. 8.** *Documents sufficient to evidence when the Lovelyti Call was made and recorded by Kebe.*

<u>Response to Request No.8</u>

Subject to and without waiving any objections, Ms. Kebe will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

**Request No. 9.** *Documents concerning Kebe's knowledge or belief that any or all of the statements made by Jones in the Jones Video, or in any of the other Videos, were false or inaccurate.*

<u>Response to Request No.9</u>

Ms. Kebe submits this response without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive materials exist. Ms. Kebe's response is not intended to be, and shall not be construed as, agreement with Plaintiff's characterization of any facts, circumstances, or legal obligations. Ms. Kebe reserves the right to contest any such characterization as inaccurate. Ms. Kebe also objects to Request No. 9 to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

There are no documents that are responsive.

**Request No. 10.** *Documents concerning social media analytics for the Defendant Social Media Accounts, including but not limited to documents generated using Facebook's Insights program (re Facebook and Instagram) and the Twitter Analytics program (re Twitter), as well as documents generated from any social media management platform (e.g., Buffer, SparkCentral, or CX Social), on a monthly basis where the information is available, from the date each account was created to present.*

8

<u>Response to Request No.10</u>

Ms. Kebe objects on the grounds Plaintiff's Request No. 10 calls for the production of documents which are vague, overly broad, unduly burdensome and are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Kebe also objects insofar as it calls for the production of documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged.

Subject to and without waiving any objections, Ms. Kebe is producing documents that are responsive to this request on the enclosed Flash Drive at Bates numbers Kebe-063 through Kebe-072

**Request No. 11.** *Documents concerning the creation and Publication of the Published Content, including but not limited to Communications with any person interviewed regarding Plaintiff, Kebe's notes concerning Plaintiff, and any written script used by Kebe during the creation of the Published Content.*

<u>Response to Request No.11</u>

There are no documents that are responsive.

**Request No. 12.** *Documents sufficient to evidence the number of followers or subscribers for each Defendant Social Media Account, on a monthly basis where available, beginning January 1, 2018 to present.*

Response to Request No.12

Without waiving any objections, see the Response to Request No. 10.

**Request No. 13.** *Documents sufficient to evidence the number of views for each Video that has been Published.*

Response to Request No.13

Plaintiff objects to this request to the extent it encompasses documents publicly available and equally accessible to Defendant. Without waiving any objections, Ms. Kebe is producing documents that are responsive to this request on the enclosed Flash Drive at Bates numbers Kebe-073 through Kebe-080.

**Request No. 14.** *Documents sufficient to evidence the number of views for each audio-visual recording in which Plaintiff is not mentioned that was Published on a Defendant Website or Defendant Social Media Account.*

Response to Request No.14

Plaintiff objects to this request to the extent it encompasses documents publicly available and equally accessible to Defendant. Without waiving any objections, see the Response to Request No. 13.

**Request No. 15.** *Documents sufficient to evidence the number of visitors who have viewed or visited each Defendant Website.*

Response to Request No.15

Subject to and without waiving any objections, Ms. Kebe will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

**Request No. 16.** *Communications between Plaintiff and Kebe.*

Response to Request No.16

Plaintiff objects to this request to the extent it encompasses documents publicly available and equally accessible to Defendant.

Subject to and without waiving any objections, Ms. Kebe is producing a video that are responsive to this request on the enclosed Flash Drive at Bates number Kebe-005. Any communications via Instagram Direct Messenger were under Ms. Kebe's former handle "unwinewithtasha" which Ms. Kebe no longer has access to after being deleted by Instagram. Facebook, Inc. has access to this information.

**Request No. 17.** *Communications between Kebe and Jones.*

<u>Response to Request No.17</u>

Ms. Kebe objects on the grounds that any "Communications" to Plaintiff's Request No. 3 as defined by Plaintiff in her Interrogatories calls for the production of documents which are vague, overly broad, and are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Kebe also objects insofar as it calls for the production of documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged.

Subject to and without waiving any objections, Ms. Kebe is producing all communications made by Me. Kebe, or on Ms. Kebe's behalf, in her possession that are responsive to this request on the enclosed Flash Drive at Bates numbers Kebe 0021-022. Ms. Kebe's unpublished communications with Jones, if any, were via Instagram Direct Messaging under Ms. Kebe's former handle "unwinewithtasha" which Ms. Kebe no longer has access to after being deleted by Instagram. Facebook, Inc. has access to this information.

**Request No. 18.** *Documents concerning any payments made by Kebe, or on Kebe's behalf, to others relating to their participation in the creation of the Published Content or the Unpublished Content, including but not limited to any money payments, or consideration of any kind, made to any person being interviewed and to the sources of Kebe's stories concerning Plaintiff.*

Response to Request No.18

Ms. Kebe submits this response without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive materials exist. Ms. Kebe's response is not intended to be, and shall not be construed as, agreement with Plaintiff's characterization of any facts, circumstances, or legal obligations. Ms. Kebe reserves the right to contest any such characterization as inaccurate. Ms. Kebe also objects to Request No. 18 to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

There are no documents that are responsive.

**Request No. 19.** *Documents concerning advertising on the Defendant Websites and the Defendant Social Media Accounts, including but not limited to any agreements, whether written or oral, any drafts, revisions, renewals, extensions,*

*modifications, or amendments of such agreements, and any communications with a*
*non-party advertiser.*

Response to Request No.19

Subject to and without waiving any objections, Ms. Kebe will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

**Request No. 20.** *Documents sufficient to evidence the monthly and annual gross revenue that Kebe earned from advertisements on the Defendant Websites and the Defendant Social Media Accounts from January 1, 2016 to present.*

Response to Request No.20

Without waiving any objections, Ms. Kebe is producing documents that are responsive to this request on the enclosed Flash Drive at Bates numbers Kebe-081 through Kebe-088. Ms. Kebe will produce relevant additional, non-privileged documents that are responsive to this request on a rolling basis as they become available.

**Request No. 21.** *Documents sufficient to evidence the monthly and annual gross revenue that Kebe earned from sources other than advertisements on the Defendant Websites and the Defendant Social Media Accounts from January 1, 2016 to present.*

<u>Response to Request No.21</u>

Ms. Kebe objects on the grounds that Request No. 21 calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Kebe further objects on the grounds that Plaintiff's Request No. 21 is overly broad and unduly burdensome.

Subject to and without waiving any objections, Ms. Kebe will produce relevant, non-privileged documents, if any, that are responsive to this request on a rolling basis as they become available.

**Request No. 22.** *Documents concerning the monetary value of Kebe's alleged brand called "unWinewithTashaK."*

<u>Response to Request No.22</u>

Ms. Kebe objects on the grounds that Request No. 22 calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Kebe further objects on the grounds that Plaintiff's Request No. 22 is vague, overly broad, and unduly burdensome.

Subject to and without waiving any objections, Ms. Kebe will produce

relevant, non-privileged documents that are responsive to this request on a

rolling basis as they become available.

**Request No. 23.** *Documents concerning the allegation in Paragraph 197 of the*

*Counterclaims that "Kebe's brand generates revenue via third-party*

*advertisements."*

Response to Request No.23

Subject to and without waiving any objections, Ms. Kebe will produce

relevant, non-privileged documents that are responsive to this request on a

rolling basis as they become available.

**Request No. 24.** *Documents sufficient to evidence the number of subscribers,*

*followers, and likes, for each of the Websites and Social Media Accounts alleged in*

*Paragraphs 198 to 200 of the Counterclaims on the date the Counterclaims were*

*filed.*

Response to Request No.24

Without waiving any objections, see the Response to Request No. 10.

**Request No. 25.** *Documents concerning any statement by Plaintiff that Kebe*

*alleges was defamatory, including but not limited to copies of all videos referenced*

*in Paragraphs 210, 211, 212, and 213 of the Counterclaims and any*

*communication with any person concerning each such video or alleged defamatory*

*statement.*

Response to Request No.25

Plaintiff objects to this request to the extent it encompasses documents

publicly available and equally accessible to Defendant. Without waiving any

objections, Ms. Kebe is producing documents that are responsive to this

request on the enclosed Flash Drive at Bates numbers Kebe 006-007. Ms.

Kebe will produce relevant, non-privileged documents, if any, that are

responsive to this request on a rolling basis as they become available.

**Request No. 26.** *Documents concerning Kebe's allegation in Paragraph 214 of the*

*Counterclaims that Plaintiff "was going to make an example out of Ms. Kebe."*

Response to Request No.26

Without waiving any objections, Ms. Kebe is producing documents that are

responsive to this request on the enclosed Flash Drive at Bates numbers

Kebe-006.

**Request No. 27.** *Documents concerning the alleged private conversation between*

*Plaintiff and a person named "Skeemo" that is referenced in Paragraph 215 of the*

*Counterclaims.*

Response to Request No.27

Without waiving any objections, Ms. Kebe is producing documents that are responsive to this request on the enclosed Flash Drive at Bates numbers Kebe 007-008, Kebe 093-100, and Kebe 145-146.

**Request No. 28.** *Documents concerning any alleged threats against Kebe made by Plaintiff, "Skeemo," or others that are referenced in Paragraphs 216, 219, 221, 229, 233, and 234 of the Counterclaims, including but not limited to copies of the alleged threats and communications with others concerning said threats.*

Response to Request No.28

Ms. Kebe is producing documents that are responsive to this request on the enclosed Flash Drive at Bates numbers Kebe-008, Kebe-016, and Kebe 089-100. Ms. Kebe will produce relevant, non-privileged documents, if any, that are responsive to this request on a rolling basis as they become available.

**Request No. 29.** *Documents concerning the alerts Kebe claims to have received concerning the safety of Kebe and Kebe's family, including all communications with the "various sources", as alleged in Paragraph 217 of the Counterclaims.*

Response to Request No.29

Without waiving any objections, Ms. Kebe is producing documents that are responsive to this request on the enclosed Flash Drive at Bates numbers Kebe 089-092 and Kebe 093-100. Also, see the Response to Request No. 28.

18

Ms. Kebe will produce relevant, non-privileged documents, if any, that are responsive to this request on a rolling basis as they become available.

**Request No. 30.** *Communications between Kebe and law enforcement representatives, including but not limited to agents of the FBI, concerning alleged threats being made against Kebe from January 1, 2018 to present.*

Response to Request No.30

Subject to and without waiving any objections, Ms. Kebe will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

**Request No. 31.** *Documents concerning Kebe's allegation that she changed her residence based on advice from the FBI, as alleged in Paragraph 218 of the Counterclaims.*

Response to Request No.31

Without waiving any objections, Ms. Kebe is producing documents that are responsive to this request on the enclosed Flash Drive at Bates numbers Kebe 015, and 093-119.

Ms. Kebe will produce relevant, non-privileged documents including that are responsive to this request on a rolling basis as they become available.

**Request No. 32.** *Documents concerning each lease for any residence that Kebe lived in from September 1, 2018 to present.*

    <u>Response to Request No.32</u>

    Without waiving any objections, Ms. Kebe is producing documents that are responsive to this request on the enclosed Flash Drive at Bates numbers Kebe 101-119.

**Request No. 33.** *Documents concerning Kebe's moving expenses that she incurred from September 1, 2018 to present.*

    <u>Response to Request No.33</u>

    Without waiving any objections, Ms. Kebe is producing documents that are responsive to this request on the enclosed Flash Drive at Bates numbers Kebe 104-107.

    Ms. Kebe will produce relevant, non-privileged documents including that are responsive to this request on a rolling basis as they become available.

**Request No. 34.** *Documents concerning any written agreement with any moving company that Kebe contracted with to move her residence from September 1, 2018 to present.*

<u>Response to Request No.34</u>

Subject to and without waiving any objections, Ms. Kebe will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available.

**Request No. 35.** *Communications between Kebe and any third-party, regarding Kebe changing her residence between September 1, 2018 to present.*

<u>Response to Request No.35</u>

Without waiving any objections, Ms. Kebe is producing documents that are responsive to this request on the enclosed Flash Drive at Bates numbers Kebe 101-103.

**Request No. 36.** *Documents concerning any post or video that Kebe made on a Website or Social Media Account concerning Kebe's relocation of her residence from September 1, 2018 to present.*

<u>Response to Request No.36</u>

There are no documents that are responsive.

**Request No. 37.** *Documents concerning Kebe's allegation in Paragraphs 202, 213, 221, 229, 233, and 234 of the Counterclaims that Plaintiff is in a gang.*

<u>Response to Request No.37</u>

Without waiving any objections, Ms. Kebe is producing documents that are

responsive to this request on the enclosed Flash Drive at Bates numbers

Kebe 109-114. Also see, https://www.gq.com/story/cardi-b-invasion-of-

privacy-profile.

**Request No. 38.** Documents concerning Kebe's allegation in Paragraph

219 of the Counterclaims that her pregnancy was "high risk."

<u>Response to Request No.38</u>

Subject to and without waiving any objections, Ms. Kebe will produce

relevant, non-privileged documents that are responsive to this request on a

rolling basis as they become available.

**Request No. 39.** *Copies of Kebe's medical and mental health records*

*relating to any alleged harm sustained by Kebe as alleged in Paragraphs 221, 222,*

*226, 230, and 235, including HIPPA-compliant authorizations for each medical*

*care provider who treated Kebe for each condition or injury claimed.*

<u>Response to Request No.39</u>

Ms. Kebe objects to Plaintiff's request for HIPPA-compliant authorizations

since all relevant medical records for each medical care provider who treated

Kebe for each condition or injury claimed will be provided, as requested.

Subject to and without waiving any objections, Ms. Kebe will produce all

relevant, non-privileged medical and mental health records that are

responsive to this request on a rolling basis as they become available.

**Request No. 40.** *Duly executed HIPPA-complaint authorizations to obtain Kebe's*

*collateral source records from any applicable insurance company, or any other*

*source, that paid for all or part of Kebe's medical or psychiatric treatment that*

*Kebe claims resulted from Plaintiff's conduct as alleged in the Counterclaims.*

Response to Request No.40

Subject to and without waiving any objections, Ms. Kebe will produce

relevant, non-privileged documents that are responsive to this request on a

rolling basis as they become available.

**Request No. 41.** *Documents concerning the allegation in Paragraph 221 of the*

*Counterclaims that Kebe was unable to work for several weeks resulting in lost*

*income and "other financial and emotional harms"*

Response to Request No.41

Subject to and without waiving any objections, Ms. Kebe is producing

documents that are responsive to this request on the enclosed Flash Drive at

Bates numbers Kebe 081-088.

Ms. Kebe will produce relevant, non-privileged documents that are

responsive to this request on a rolling basis as they become available.

**Request No. 42.** *Documents concerning Kebe's damages, as alleged in*

*Paragraphs 220, 226, 227, 230, 231, 236, 237, 238, and 242 of the Counterclaims.*

    Response to Request No.42

    Subject to and without waiving any objections, Ms. Kebe will produce

relevant, non-privileged documents that are responsive to this request on a

rolling basis as they become available.

**Request No. 43.** *Documents concerning Kebe's allegation in Paragraph 229 of the*

*Counterclaims that Plaintiff "intended to commit a violent injury to Ms. Kebe."*

    Response to Request No.43

    Without waiving any objections, Ms. Kebe is producing documents that are

responsive to this request on the enclosed Flash Drive at Bates numbers

Kebe 007, Kebe 016, Kebe 022, Kebe 089-092, and Kebe 093-100.

**Request No. 44.** *Documents concerning Kebe's allegation in Paragraphs 229 and*

*234 of the Counterclaims that Plaintiff "encouraged fellow gang members to*

*'handle' Ms. Kebe."*

    Response to Request No.44

Without waiving any objections, Ms. Kebe is producing documents that are responsive to this request on the enclosed Flash Drive at Bates numbers Kebe 007, Kebe 016, Kebe 089-092, and Kebe 093-100.

**Request No. 45.** *Documents concerning Kebe's allegation in Paragraph 229 of the Counterclaims that Kebe "believed that her safety and well-being was at risk" as a result of any action or statement by Plaintiff.*

Response to Request No.45

Without waiving any objections, Ms. Kebe is producing documents that are responsive to this request on the enclosed Flash Drive at Bates number Kebe 015. Also, see Response to Request No. 33

Subject to and without waiving any objections, Ms. Kebe will produce relevant, non-privileged documents, if any, that are responsive to this request on a rolling basis as they become available.

**Request No. 46.** *Documents concerning Kebe's allegation that Plaintiff "has acted in bad faith, been stubbornly litigious, and has caused Ms. Kebe unnecessary trouble and expense."*

Response to Request No.46

Without waiving any objections, Ms. Kebe is producing documents that are responsive to this request on the enclosed Flash Drive at Bates number Kebe

006, Kebe 022, Kebe 144, and Kebe 145-146. Also, see the Response to

Request No. 44 above.

**Request No. 47.** *Documents concerning any post, tweet, or video Published by*

*Kebe on any Social Media Account, in which she claimed that she was being*

*stalked or harassed by any other person (including but not limited to Mr. Dennis*

*Bryon).*

    Response to Request No.47

    Ms. Kebe also objects on the grounds that Request No. 47 calls for the

    production of documents which are neither relevant to the subject matter of

    this litigation nor reasonably calculated to lead to the discovery of

    admissible evidence. Plaintiff objects to this request to the extent it

    encompasses documents publicly available and equally accessible to

    Defendant.

    Subject to and without waiving any objections, Ms. Kebe will produce

    relevant, non-privileged documents that are responsive to this request on a

    rolling basis as they become available.

**Request No. 48.** Documents concerning any allegation by any other person that

they were being stalked or harassed by Kebe.

    Response to Request No.48

None at this time. Ms. Kebe will produce relevant, non-privileged

documents, if any, that are responsive to this request on a rolling basis as

they become available

**Request No. 49.** *Documents concerning any legal proceeding commenced by*

*Kebe, or on behalf of Kebe, in any civil or criminal court, between January 1, 2018*

*and the present (including but not limited to all pleadings in such proceeding).*

<u>Response to Request No.49</u>

Without waiving any objections, Ms. Kebe is producing documents that are

responsive to this request on the enclosed Flash Drive at Bates numbers

Kebe 120-126.

**Request No. 50.** D*ocuments concerning any legal proceeding commenced against*

*Kebe, in any civil or criminal court, between January 1, 2018 and the present*

*(including but not limited to all pleadings in such proceeding).*

<u>Response to Request No.50</u>

Without waiving any objections, Ms. Kebe is producing documents that are

responsive to this request on the enclosed Flash Drive at Bates numbers

Kebe 127-136.

**Request No. 51.** *Documents concerning the allegations, affirmative defenses, and*

*Counterclaims in this action, as set forth in the Complaint, the Amended*

27

*Complaint, the Answer, and the Answer to the Amended Complaint, and any*

*subsequent amended pleadings.*

Response to Request No.51

Without waiving any objections, Ms. Kebe is producing documents that are responsive to this request on the enclosed Flash Drive at Bates numbers Kebe 006, 015, 017-024, and 144-147.

**Request No. 52.** *Documents reviewed or relied on in the preparation of Kebe's responses to Plaintiff's First Set of Interrogatories.*

Response to Request No.52

Without waiving any objections, Ms. Kebe is producing documents that are responsive to this request on the enclosed Flash Drive at Bates numbers Kebe 001-147.

**Request No. 53.** *Documents identified or referred to in Kebe's responses to Plaintiff's First Set of Interrogatories.*

Response to Request No.53

Without waiving any objections, see the Response to Request No. 52.

**Request No. 54.** *Documents reviewed or relied on in the preparation of the Answer or the Answer to the Amended Complaint.*

Response to Request No.54

28

Without waiving any objections, see the Response to Request No. 52.

**Request No. 55.** *Documents reviewed or relied on in the preparation of Kebe's Initial Disclosures.*

Response to Request No.55

Without waiving any objections, see the Response to Request No. 52.

**Request No. 56.** *Documents reviewed or relied on by Kebe in the preparation of the Joint Preliminary Report and Discovery Plan.*

Response to Request No.56

Without waiving any objections, see the Response to Request No. 52.

**Request No. 57.** *Documents that Kebe intends to rely on in connection with this action.*

Response to Request No.57

Without waiving any objections, see the Response to Request No. 52. In addition, subject to and without waiving any objections, Ms. Kebe will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available

Respectfully submitted this 16th day of November, 2019.

>*/s/Sadeer Sabbak*
>ssabbak@silawatl.com
>Georgia State Bar No. 918493
>
>*/s/Olga Izmaylova*
>olga@silawatl.com
>Georgia State Bar No. 666858

SABBAK & IZMAYLOVA, P.C.          *Attorneys for Latasha Kebe*
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911

## CERTIFICATION PURSUANT TO FRCP RULE 26(g)(1)(B)

Pursuant to Rule 26(g)(1)(B) of the Federal Rules of Civil Procedure, the undersigned certifies that the above discovery responses and objections are: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Respectfully submitted this 16th day of November, 2019.

*/s/Sadeer Sabbak*
ssabbak@silawatl.com
Georgia State Bar No. 918493

*/s/Olga Izmaylova*
olga@silawatl.com
Georgia State Bar No. 666858

SABBAK & IZMAYLOVA, P.C.          *Attorneys for Latasha Kebe*
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911