# EXHIBIT 10

To Declaration of S. Matz

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| BELCALIS MARLENIS ALMANZAR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. |
| v. | * | 1:19-cv-01301-WMR |
| | * | |
| LATASHA TRANSRINA KEBE et al., | * | |
| | * | |
| Defendants. | * | |

## DEFENDANT KEBE'S FOURTH SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT LATASHA KEBE

COMES NOW, LATASHA KEBE, the Defendant in the above-styled civil action, and, after conferring with Plaintiff's Counsel, submits the fourth set of supplemental responses to Plaintiff's First Set of Interrogatories. Ms. Kebe incorporates her initial objections and responses herein.

### Supplemental Response to Interrogatory No. 1

Ms. Kebe lists the following additional individuals, who may have knowledge concerning the issues in the foregoing litigation and the subject of that knowledge:

1. **Star Brim** – one of Plaintiff's best friends and fellow gang members.

Contact Info: P.O. Box 206, Bronx, NY 10464; @star_brim5 (Instagram handle).

Subject of Knowledge: Ms. Brim has previously physically assaulted individuals on Plaintiff's behalf. Due to the fact that Plaintiff has stated on multiple occasions that

1

she gets others to take care of people for her, and the fact that Plaintiff and Ms. Brim are both in the blood gang, Ms. Kebe has reason to believe that Plaintiff and Ms. Brim have communicated and made plans to threaten and assault Ms. Kebe.

2. **Sean Davie** – Owner of a YouTube channel called SeanDavieWay Show.

Contact Info: @SeanDavieWayShow (Instagram Profile).

Subject of Knowledge: Mr. Davie has published a number of videos on his YouTube channel regarding the ongoing litigation between Plaintiff and Ms. Kebe. Mr. Davie seems to have confidential information about the ongoing litigation, before other bloggers and media outlets have those details. Most recently, Mr. Davie posted a video, discussing the fact that Plaintiff is telling third parties that Ms. Kebe is losing this litigation and other confidential information that Plaintiff is prohibited from sharing.

3. **Auntie Neci** – One of Plaintiff's fans, who has direct contact with Plaintiff.

Contact Info: @901auntie.neci (Instagram Profile).

Subject of Knowledge: Turned over private messages between Plaintiff and herself to Sean Davie, where Plaintiff is discussing this litigation and Ms. Kebe.

## Supplemental Response to Interrogatory No. 11

At this time, Ms. Kebe has the following estimates of the damages she incurred as a result of Plaintiff's conduct:

Assault – Ms. Kebe notes that, under the law, damage is inferred in this case. Nevertheless, Ms. Kebe's current estimated damages for Assault are approximately $713,004.04. Ms. Kebe came to that figure by adding up the following expenses:

1. Kebe 102, 105, 346 – early lease termination fee = $2,250.00

2. Kebe 102, 105, 346 – insufficient notice fee = $1,198.00

3. Kebe 102, 105, 346 - prorated Rent = $120.54

4. Kebe 108 – security deposit for new lease = $1,995.00

5. Cumberland Academy Early withdrawal fee = $5,000.00. Ms. Kebe has contacted the Cumberland Academy for documentation, proving she paid this fee when she had to withdraw her child from the academy, and is awaiting their response. However, Ms. Kebe recalls the fee being $5,000.00.

6. Rental of U-Haul truck and moving supplies = approximately $694.00. Ms. Kebe did not keep the receipts from her move because she did not know she would need them; however, that figure was reached by visiting the U-Haul website and getting an estimate for the same truck and moving supplies Ms. Kebe purchased.

7. Security Camera and Motion Detectors = approximately $1,600.00. Ms. Kebe did not keep the receipts because she did not anticipate needing them; however, due to the violent threats Ms. Kebe was receiving, she invested in security cameras and motion detectors for her new home.

8. Kebe 433 – 435 - Weapons Carry License – approximately $146.50. Ms. Kebe was going to purchase a weapon for herself and her husband, so they each obtained Georgia Weapons Carry Licenses at $73.25 per license. Ms. Kebe did not end up purchasing the actual weapons.

9. Kebe 403 – 405 shows Ms. Kebe's YouTube analytics. Specifically, it shows that Ms. Kebe published 125 videos in the 7 months before the threats; Ms. Kebe published 80 videos in the 7 months during the threats, the move, and the birth of her son; and Ms. Kebe published 204 videos in the 7 months following the birth of her son. Based on those numbers, it is clear that Ms. Kebe's productivity was severely impacted by the assault and subsequent move.

10. Ms. Kebe is waiting to receive her medical records and bills, so she does not have a figure for her medical expenses; however, Ms. Kebe did have a high-risk pregnancy and was diagnosed with anxiety long ago. Ms. Kebe does recall that the threats caused her anxiety and stress to become even more severe than normal.

11. From all the evidence Ms. Kebe produced, and her recollection of events, it is clear that Ms. Kebe suffered emotional and physical distress. Since the jury awards damages for pain and suffering, after considering all of the symptoms Ms. Kebe described, it was decided (with advice of Counsel) that asking a jury to award $100,000.00 per month, for the seven months during which Ms. Kebe endured the majority of her emotional distress damages, was fair under the circumstances.

<u>Intentional Infliction of Emotional Distress</u> - Ms. Kebe notes that, under the law, damage is inferred in this case. Nevertheless, for the reasons described above, Ms. Kebe plans to ask the jury to award $700,000.00 in damages for Intentional Infliction of Emotional Distress.

<u>Punitive Damages</u> – Ms. Kebe notes that punitive damages shall be determined by the jury. Typically, punitive damages are calculated based on the losing party's income, assets, and net worth. Plaintiff has refused to provide her income taxes, as requested in discovery, therefore, Ms. Kebe researched Plaintiff's current net worth on the internet, which revealed a net worth of $24 million. Because punitive damages are awarded for the sole purpose of punishing the tortfeasor, the amount should reflect said punishment. Given Plaintiff's net worth and abhorrent actions in this case, Ms. Kebe intends to seek a minimum of $1,000,000.00 in punitive damages at trial.

<u>Costs of Litigation</u> – Ms. Kebe does not have a figure for all costs and expenses, including attorneys' fees, incurred in connection with this lawsuit. This figure will be provided at a later date.

## CERTIFICATION PURSUANT TO FRCP RULE 26(g)(1)(B)

Pursuant to Rule 26(g)(1)(B) of the Federal Rules of Civil Procedure, the undersigned certifies that Defendant Kebe's First Supplemental Responses to Plaintiff's First Set of Interrogatories are: (i) consistent with the Federal Rules of Civil Procedure and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Respectfully submitted this 29th day of November, 2020.

                                            */s/Olga Izmaylova*
                                            olga@silawatl.com
                                            Georgia State Bar No. 666858

                                            */s/Sadeer Sabbak*
                                            ssabbak@silawatl.com
                                            Georgia State Bar No. 918493

SABBAK & IZMAYLOVA, P.C.        *Attorneys for Latasha Kebe*
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BELCALIS MARLENIS ALMANZAR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. |
| v. | * | 1:19-cv-01301-WMR |
| | * | |
| LATASHA TRANSRINA KEBE et al., | * | |
| | * | |
| Defendants. | * | |

## **VERIFICATION OF LATASHA KEBE**

PERSONALLY APPEARED before me, Latasha Kebe, the Defendant, who first being duly sworn, deposes and states that she has read Plaintiff's First Set of Interrogatories to Defendant Latasha Kebe and submitted Defendant Kebe's Third and Fourth Supplemental Responses. To the best of her knowledge, information, and belief, her supplemental responses to Plaintiff's First Set of Interrogatories to Defendant Latasha Kebe are true and correct.

By: _____
Latasha Kebe, Defendant

Sworn to and subscribed before me
this 30th day of November, 2020.

_____
NOTARY PUBLIC
My Commission Expires: 5/9/2021