# EXHIBIT 12

To Declaration of S. Matz

**Sarah Matz**
---

| | |
|---|---|
| From: | Sarah Matz |
| Sent: | Sunday, December 6, 2020 11:56 PM |
| To: | Olga Izmaylova; <lisa@themoorefirm.com>; Andrew Pequignot; Gary Adelman |
| Cc: | Sadeer Sabbak |
| Subject: | RE: Follow Up re: today's meet and confer |

Olga:

I am not going to respond at length to your email below as its contents and your rhetoric are inaccurate and inappropriate.

In an effort to continue to work in good faith to resolve this dispute, we have reviewed your deficiency list. We continue to think that we should discuss it and have a meet and confer as is required by LR 37.1 prior to the filing of any Motion to Compel not to mention that many of the issues you are raising for the very first time. There are a number of things I think you have made some incorrect assumptions about and we should discuss those.

As far as your requests for certain information about some of the comments, this information is equally available to you, and I do not believe we are required to provide this, however as a courtesy tomorrow we will be providing a spreadsheet that shows the video titles many of the comments were in relation to. Additionally, so you are aware, some of the items/information you have asked for do not exist, and/or have already been supplied to you in other parts of the production. We would be more than happy to discuss these issues with you as well.

With that said, tomorrow no later than 12:00pm we are also providing some of the supplementations you have requested along with some new documents that we just received.

We continue to believe that we should meet and confer regarding the numbered items on your list.

It is our position that asking for the Instagram data download is objectionable for the reasons set forth in our written objections. Your client has never produced any such records or even all the content she has published about our client. Additionally, given the scope of the claims, this request is not proportional.

As to the phone records, we still do not see how this is relevant, and it is not proportional.

Regarding the tax returns, we are providing supplemental information to clarify our position on damages, which is one of the items we have asked to speak with you about. You should review our supplementation tomorrow. I believe this will moot the issue of your request, but if you feel that it does not we should discuss.

As to damages calculations and the other documentation requests related to lost business opportunities and lost earnings, you should review our supplementation, we believe this will moot the issue, but if it does not we can discuss it.

I think we need to discuss the other items on your list as well, which is what we have requested, but thus far you have not done so, despite Sadeer's agreement that he would.

Our offer to meet and confer remains open and we are cognizant of the fact that is a mandatory requirement prior to the filing of any Motion to Compel pursuant to the local rules. I tried to reach Sadeer and left him a voicemail earlier this evening but have not heard back from him. We have also not heard back from you on any of our specific lists which were originally sent to you on 11/20 and 11/29. The list we sent you on Friday was just a version that took into account what

you had provided since that time.  Tomorrow we will also be providing our client's response to your request for consent to dismiss your client's counterclaim for slander per se.

Lastly kindly note that CARDI VIDEO 152 and CARDI VIDEO 153 should be treated as CONFIDENTIAL ATTORNEYS EYES ONLY and we will be reproducing copies marked as such tomorrow as well.

We look forward to your response. We can be available to discuss any of the above tomorrow at your convenience.

Best Regards,

Sarah Matz

Adelman Matz P.C.
Dir: (646) 650-2213
E: sarah@adelmanmatz.com

---

**From:** Olga Izmaylova <olga@silawatl.com>
**Sent:** Saturday, December 5, 2020 2:49 PM
**To:** Sarah Matz <sarah@adelmanmatz.com>; <lisa@themoorefirm.com> <lisa@themoorefirm.com>; Andrew Pequignot <andrew@themoorefirm.com>; Gary Adelman <g@adelmanmatz.com>
**Cc:** Sadeer Sabbak <ssabbak@silawatl.com>
**Subject:** Re: Follow Up re: today's meet and confer
**Importance:** High

Sarah,

How dare you send us that email full of lies, in a desperate attempt to "preserve the record". Sadeer and I have never had the displeasure of working with such hypocritical, dishonest, and unethical attorneys in our entire careers. We know that you are desperately trying to make up lies in an effort to make it seem like we are the ones at fault for your lack of discovery production, but your plan will fail. I am writing you this email to set the record straight and to correct the myriad of lies you wrote in your previous email.

First off, the Judge told us to use the week of November 30, 2020, to turn over all outstanding evidence to opposing counsel. That week is at its end and we have not received even ONE piece of evidence from you. All you have done this entire week, and honestly this entire discovery process, is delay curing your discovery deficiencies by acting like you don't know exactly what evidence we are looking for. I do not understand how an attorney with your alleged experience could possibly still be so confused. We have explained ad nauseum the evidence we are looking for in our discovery requests, follow-up deficiency letters, four meet and confers, numerous emails, the letter to Ms. Lundy, and the detailed deficiency chart.

The fact that you are trying to make it appear as if we have not been participating in this discovery process and not following the Judge's orders is reprehensible. The reason you received our latest detailed deficiency chart thirty minutes before the scheduled call is because you DUMPED CARDI_000376 – CARDI_000701 on us the day after discovery closed in this case. Your discovery dump is also the reason why you saw certain issues being raised for the first time in that chart. By the way, that chart was a courtesy. The Judge never told us to take time out of our days and make yet another detailed list of your discovery deficiencies, from discovery requests you received on February 9, 2020. The Judge simply told both sides to take the week of November 30, 2020, and cure all possible discovery deficiencies. You have failed at that task miserably. Also, don't you forget that I emailed Andrew on December 2, 2020, summarizing the discovery we are still seeking from you and on December 3, 2020, I again emailed you to remind you which documents to review for the discovery we are seeking from you. You are so blinded by your hypocrisy that you forgot you promised to send us your list of our deficiencies by Wednesday, but you actually didn't send it until 10:30 a.m. on Friday, the date of our scheduled call; mind you, we have turned over all of our discovery to you before the discovery deadline. You have made absolutely NO ATTEMPTS to cure any of your discovery deficiencies. Instead, you objected to definitions and requests, which are IDENTICAL to the ones you sent us. We have produced all the discovery you requested of us and all you have done is delay, delay, delay because you have absolutely no intention to cure any of your deficiencies.

Another lie you dared to write is that I refused to participate on Friday's call. As you admitted, Sadeer, who is Ms. Kebe's attorney and my co-counsel in this case, was on Friday's call. Sadeer knew all the information that needed to be discussed. Unlike you, Sadeer doesn't need to be supervised. I did not join the call because it wasn't necessary, and I have never stated that I refused to participate. In fact, I stayed off the call, in order to continue to work on this case per the Judge's directive. If you are suggesting that my absence from that call somehow means we are refusing to participate in curing your ongoing discovery deficiencies, then, by that same logic, you have refused to participate in all the meet and confers we have had because I have never heard Gary's voice in my life. In addition to Gary's constant absence, please recall that Andrew was also absent from the November 16, 2020 call; yet, you didn't hear us allege that you refused to participate. Be serious when you decide to sit down and launch lies against myself, Sadeer, and our client.

Speaking of my client, she has NEVER stated that her Slander Counterclaim against Cardi was meritless. What she said, and what I have tried to explain to you on numerous occasions, is that Cardi did defame Ms. Kebe; however, after reviewing all the evidence through the discovery process, we have determined that legally, the nexus between Cardi's defamatory statements and Ms. Kebe's damages will be difficult to prove to a jury. Therefore, in the interest of judicial economy and to not be stubbornly litigious, we have decided to voluntarily dismiss the slander counterclaim. Do not EVER again suggest that my firm files frivolous claims. Need I remind you that Ms. Kebe's slander counterclaim survived a Motion to Dismiss, which was heard before the Judge. You have prevented us from dismissing that claim by refusing to consent to us filing amended counterclaims, unless, of course, my client pays your client money, which gives me extortion vibes, to be honest. Had you cared to practice law the way Sadeer and I do, you would've never advised your client to file this lawsuit because all of Cardi's claims are meritless. And I say that with confidence because we have yet to see a shred of evidence supporting any of her claims.

Your fake attempts at "trying to accommodate us" aren't fooling anyone. We have never asked for your accommodation because we do not need it. We are done with our discovery production. You are the ones that need more time to cure your deficiencies, so do not insult our intelligence by suggesting that you are "accommodating us". You were the ones, who asked for additional time in your letter to Ms. Lundy last week. We were ready to proceed with filing motions to compel but attempted to once again accommodate you this entire week, during which you have delayed evidence production and tried to schedule unnecessary meet and confers. You have crossed the line with your blatant lies and unfounded allegations, so we are done accommodating you. We are not scheduling any more phone calls with you because all you do is lie about the things we say on those calls. After every call, you mischaracterize what we have agreed upon. Those phone calls benefit no one and are a huge waste of time. You have all the information you could possibly ever need to cure your discovery deficiencies, and, instead of turning over evidence, you keep harassing us about nonsense and ignoring our legitimate questions.

Just in case it hasn't been made abundantly clear by now, we are sick of your games and we do not trust you at all. There will be NO MORE meet and confers between us. Going forward, the only communications we will have with you will be before the judge, where our words cannot be taken out of context and your lies can be exposed. The timeline I sent yesterday was completely reasonable and you have refused to consent to it. So, now, we are moving forward with filing leave with the court to amend our counterclaims and motions to compel discovery that you have continuously refused to produce. We do not care to hear any more of your sorry excuses. We have had enough of your lies.

Best,

Olga and Sadeer
Sabbak & Izmaylova, P.C.
Office  (404) 793-7773

---

**From:** Sarah Matz <sarah@adelmanmatz.com>
**Date:** Saturday, December 5, 2020 at 11:11 AM
**To:** Sadeer Sabbak <olga@silawatl.com>, "<lisa@themoorefirm.com>" <lisa@themoorefirm.com>, Andrew Pequignot <andrew@themoorefirm.com>, Gary Adelman <g@adelmanmatz.com>
**Cc:** Sadeer Sabbak <ssabbak@silawatl.com>
**Subject:** Re: Follow Up re: today's meet and confer

Olga:

I do not agree that what you wrote below was what we discussed today. The Judge was very clear that he wanted us to use this week to resolve any disputes that could be resolved and we have been trying to do so all week and discuss with you. You have been telling us you were too busy with other matters. We finally had a time scheduled yesterday and you only got us a list of issues, some of which are being raised or articulated for the first time, 30 minutes before the call which you then decided not to participate in. I was on another call until 1pm and could not review it in that time.

What we talked about with Sadeer was re-scheduling the meet and confer since we wanted to be able to read your list and consider it and you were not able to make the call.

Sadeer suggested, that prior to the re-scheduled meet and confer call, since we both now had provided updated lists, we respond to one another's lists with what we are willing to supplement and note areas that need to be discussed prior to supplementation or agreement to supplement. As just one example, I specifically advised Sadeer that with respect to the tax returns we were willing to discuss alternatives that would satisfy the purpose you need the information for, but that has to be part of a discussion.

We discussed timing of doing that response to lists and the re-scheduled meet and confer and the only two options we discussed was that if we were agreeing not to file until 12/11 I think we would do that informal list exchange Monday and schedule a time on Tuesday. To be clear, since Ms. Lundy's email said we could file on or after 12/7 we suggested this as an accommodation to your schedule, since you had been tied up with other matters and couldn't get us the list until yesterday and since you apparently were too busy to participate on the call we all scheduled. Yes we all have other matters, but I am not going to accept your attempt to imply in your earlier email that the lack of discussion this week was a result of my or Lisa's schedule. We have repeatedly tried to schedule a call with you much earlier in the week and it was your hearings and other matters that were the impediment. I can certainly understand that because we have all been there, which is why we offered this accommodation. If you want to informally agree not to file motions to compel until 12/11, then we should do what I outlined above. To the extent you want to jointly confirm that waiting until 12/11 is ok with the Judge, while I do not think we have to based on Ms. Lundy's email, I'm not opposed to jointly confirming that with the Court.

Given that it has been your schedule preventing us from talking, I don't see any reason why you would not want to take us up on an offer trying to accommodate you. All we are trying to do is resolve and/or streamline as many of the disputes as possible to avoid presenting unnecessary issues to the Judge. If you want to take us up on the offer I suggest we provide responses to one another's lists (as outlined above) by Monday (11:59pm deadline) and we schedule a time to speak on Tuesday. I am free at noon, 1pm or 3pm (subject to Lisa's availability, but I'm sure we can find time).

If you do not want to informally agree to that, what we discussed with Sadeer was re-scheduling the meet and confer this weekend, and mutually agreeing on an exchange time for the responses to one another's lists ahead of that call. I have time tomorrow afternoon, but as I told Sadeer I have a personal matter today.

Let me know what you would like to do in this regard. I disagree that there is not a need for additional meet and confer call as you suggest, nor do I agree with you not participating on the call we had scheduled yesterday only to imply now that you may not re-schedule it as we agreed to do.

4

If you refuse to meet and confer with us, we will proceed accordingly and note your refusal to participate to the Court, including failing to meet and confer at all on certain items that have been raised for the first time in your list sent yesterday.

As to your request for amendment- I do not have a response for you yet.  You only asked us on Thursday evening and demanding an immediate response is simply not reasonable. We are working to get you a response, but we need to speak with our client.  As Sadeer acknowledged yesterday, my client is not available on a moment's notice.  Also, as I explained to Sadeer, while we are likely going to be amenable to working out some solution that does not require you to make a full blown motion for the purposes of efficiency, given that you have pursued what your client admitted was a meritless claim for almost two years, opposed its dismissal from the case, and there was a lot of discovery related to it, we are not going to agree to its dismissal without preserving certain rights (including related to seeking costs and fees) and speaking with our client first.  I am sure you can understand that.  Also, this issue has nothing to do with the open discovery issues, so I am not going to agree to have it tied into that, nor is it appropriate for you to be refusing to participate in meet and confers about discovery because we have not responded on this unrelated issue.

Let me know what you want to do in terms of our above offer on the schedule for motions to compel and when you and Sadeer are available for a meet and confer call on all the main issues.  Sadeer I also await your availability for the meet and confer on the social media issues.

Thank you.

All rights reserved.

Best Regards,

Sarah Matz

Adelman Matz P.C.
Dir: (646) 650-2213
E: sarah@adelmanmatz.com

---

**From:** Olga Izmaylova <olga@silawatl.com>
**Sent:** Friday, December 4, 2020 5:09 PM
**To:** Sarah Matz <sarah@adelmanmatz.com>; <lisa@themoorefirm.com> <lisa@themoorefirm.com>; Andrew Pequignot <andrew@themoorefirm.com>; Gary Adelman <g@adelmanmatz.com>
**Cc:** Sadeer Sabbak <ssabbak@silawatl.com>
**Subject:** Follow Up re: today's meet and confer

Hey Sarah,

Sadeer updated me regarding your phone call earlier today. I am writing to respond to the issues you all left open. We will agree not to file a Motion to Compel until Friday, December 11, 2020, if you agree to all of the following:

1. Ms. Lundy's email is vague regarding when the motions to compel are due. We do not feel comfortable assuming the appropriate due date. Therefore, you will need to obtain confirmation from Ms. Lundy today that the Court will accept our motions, if we submit them on 12/11/20.

2. You must communicate to us your final position regarding consenting to the second amendment of our counterclaims, to remove Count I, by 11:59 p.m. tonight, December 4, 2020.

3. I am attaching our discovery deficiencies chart in word format, as you requested. Responses to each item listed in the deficiency letters must be submitted to opposing counsel by 5:00 p.m. on Saturday, December 5, 2020. This deadline applies to us as well.

4. All outstanding discovery deficiencies, noted in the letters, must be cured by 11:59 p.m. on Sunday, December 6, 2020. This deadline applies to us as well.

As we've already discussed, everyone is extremely busy with court hearings and other cases, so unless both parties comply with all the above-mentioned deadlines, specifically curing all the discovery deficiencies by Sunday, then we do not see a need for any more meet and confers. If all parties have complied, then we can discuss the need for another meet and confer early on next week. Sadeer will email Sarah separately about the timing of their phone call on Sunday regarding social media analytics.

Have a great day,

Olga Izmaylova
Sabbak & Izmaylova, P.C.
1875 Old Alabama Rd., Ste. 760
Roswell, GA 30076
Office  (404) 793-7773
Fax     (678) 878-4911
olga@silawatl.com
www.AtlantaCriminalDefenseTeam.com

