# EXHIBIT 13

To Declaration of S. Matz

**AUTHORIZATION FOR RELEASE / DISCLOSURE OF PROTECTED HEALTH INFORMATION**

To: Ernest Eglen

Current Address: 3155 Roswell Rd. NE, #140 Atlanta, GA 30305

Patient's Full Name: Latasha Kebe

YOU ARE HEREBY authorized and directed to permit the examination of, and the copying or reproduction in any manner, whether mechanical, photographic or otherwise, by my attorney, **SADEER SABBAK**, or his law firm, **SABBAK & IZMAYLOVA, P.C.**, or such other persons as they may authorize, of any or all portion desired by my attorney:

| | | |
|---|---|---|
| ☑ Entire Medical Record | ☐ Consultation Reports | ☐ Medication Records |
| ☐ Abstract of Record | ☐ Discharge Summary Reports | ☐ Neurodiagnostic Reports |
| ☐ Financial Record | ☐ Doctor's Orders | ☐ Operative Reports |
| ☐ Pathology Slides/Blocks | ☐ Electro Cardiogram (ECG/EKG) Reports | ☐ Pathology Reports |
| ☐ Radiology Films | ☐ Emergency Room Record | ☐ Physical Therapy Note |
| ☐ Ambulance Record | ☐ Face Sheet | ☐ Radiology Reports |
| ☐ Autopsy Report | ☐ Gastro Intestinal (GI) Lab Reports | ☐ Speech/Language Pathology Notes |
| ☐ Cardiac Cath Reports | ☐ History and Physical Reports | ☐ Treatment Plan |
| ☐ Consent Forms | ☐ Laboratory Test Results | ☐ Diagnostic Photos |

O.C.G.A. §9-11-9.2 requires the filing of this authorization and provides in pertinent part:
"(b) that attorney representing the defendant is authorized to obtain and disclose protected health information contained in medical records to facilitate the investigation, evaluation, and defense of the claims and allegations set forth in the complaint which pertain to the plaintiff, or, where applicable, the plaintiff's decedent whose treatment is at issue in the complaint. This authorization includes the defense attorney's right to discuss the care and treatment of the plaintiff, or where applicable, the plaintiff's decedent with all of the plaintiff's or decedent's treating physicians," and
"(c) the authorization shall provide for the release of all protected health information except information that is considered privileged and shall authorize the release of such information by any physician or health care facility by which health care records of the plaintiff or plaintiff's decedent would be maintained."

**Nothing contained in O.C.G.A. § 9-11-9.2 requires any health care provider to meet with defense counsel. You shall have no oral communications with defense counsel regarding above-named patient's protected health information without said patient's attorney present. Further, pursuant to federal law, specifically the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the Secretary of Health and Human Services (HHS) may LEVY CIVIL MONETARY PENALTIES AND IMPOSE CRIMINAL SANCTIONS AGAINST THOSE WHO WRONGFULLY DISCLOSE A PATIENT'S PROTECTED HEALTH INFORMATION.** See 42 U.S.C. §§1320d-5 and 1320d-6 (2002). **The undersigned maintains that this Federal law preempts State law, including the provisions of O.C.G.A. §9-11-9.2. You may wish to consult with an attorney before disclosing the undersigned patient's protected health information to anyone other than the patient and his/her legal representative named herein.**

I understand that the information used or disclosed pursuant to this Authorization may be subject to redisclosure by the recipient of the information and may then no longer be protected by the federal privacy regulations. I understand that unless otherwise limited by state or federal regulations, I may revoke this Authorization at any time by presenting my revocation in writing except to the extent that the provider has taken action with reliance on this Authorization. I further understand that this Authorization is specific to the information checked above, for the date(s) of service indicated, and for the purpose written above. I understand that this disclosure may include psychiatric, drug/alcohol, and/or HIV testing results and/or AIDS related information. This provider shall not condition treatment on the receipt of this Authorization, except when such conditioning is permitted in the circumstance identified in the policy entitled "Authorization for Release/Disclosure of Protected Health Information."

This Authorization and/or request to release information from my protected health information (PHI) is fully understood and is made voluntarily on my part and includes faxing of PHI. I understand that a photostatic of faxed copy of this Authorization is as valid as the original.

You are further authorized to furnish oral and/or written communication to my attorney, or his delegate as requested by said attorney on any of the foregoing matters. You are requested to treat such information as confidential, and you are requested not to furnish any of such information, in any form to anyone, without express written authorization from me or my attorney, **SADEER SABBAK**. I also authorize my attorney or his delegate to photograph my person while I am present in any hospital, clinic or medical facility.

I further understand that this Authorization is valid for a period of <u>one year</u> from today's date and will expire at that time unless an earlier date is written here _____.

_____
CLIENT/PATIENT

Date: 10/18/20
_____
DATE

**Kebe 430**

# AUTHORIZATION FOR RELEASE / DISCLOSURE OF PROTECTED HEALTH INFORMATION

To: Dr. Robert Dourron

Current Address: 4961 Buford Hwy, Suite 202, Chamblee, GA 30341

Patient's Full Name: Natasha Kebe

YOU ARE HEREBY authorized and directed to permit the examination of, and the copying or reproduction in any manner, whether mechanical, photographic or otherwise, by my attorney, **SADEER SABBAK**, or his law firm, **SABBAK & IZMAYLOVA, P.C.**, or such other persons as they may authorize, of any or all portion desired by my attorney:

| | | |
|---|---|---|
| ☑ Entire Medical Record | ☐ Consultation Reports | ☐ Medication Records |
| ☐ Abstract of Record | ☐ Discharge Summary Reports | ☐ Neurodiagnostic Reports |
| ☐ Financial Record | ☐ Doctor's Orders | ☐ Operative Reports |
| ☐ Pathology Slides/Blocks | ☐ Electro Cardiogram (ECG/EKG) Reports | ☐ Pathology Reports |
| ☐ Radiology Films | ☐ Emergency Room Record | ☐ Physical Therapy Note |
| ☐ Ambulance Record | ☐ Face Sheet | ☐ Radiology Reports |
| ☐ Autopsy Report | ☐ Gastro Intestinal (GI) Lab Reports | ☐ Speech/Language Pathology Notes |
| ☐ Cardiac Cath Reports | ☐ History and Physical Reports | ☐ Treatment Plan |
| ☐ Consent Forms | ☐ Laboratory Test Results | ☐ Diagnostic Photos |

O.C.G.A. §9-11-9.2 requires the filing of this authorization and provides in pertinent part:
"(b) that attorney representing the defendant is authorized to obtain and disclose protected health information contained in medical records to facilitate the investigation, evaluation, and defense of the claims and allegations set forth in the complaint which pertain to the plaintiff, or, where applicable, the plaintiff's decedent whose treatment is at issue in the complaint. This authorization includes the defense attorney's right to discuss the care and treatment of the plaintiff, or where applicable, the plaintiff's decedent with all of the plaintiff's or decedent's treating physicians," and
"(c) the authorization shall provide for the release of all protected health information except information that is considered privileged and shall authorize the release of such information by any physician or health care facility by which health care records of the plaintiff or plaintiff's decedent would be maintained."

**Nothing contained in O.C.G.A. § 9-11-9.2 requires any health care provider to meet with defense counsel. You shall have no oral communications with defense counsel regarding above-named patient's protected health information without said patient's attorney present. Further, pursuant to federal law, specifically the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the Secretary of Health and Human Services (HHS) may LEVY CIVIL MONETARY PENALTIES AND IMPOSE CRIMINAL SANCTIONS AGAINST THOSE WHO WRONGFULLY DISCLOSE A PATIENT'S PROTECTED HEALTH INFORMATION.** See 42 U.S.C. §§1320d-5 and 1320d-6 (2002). **The undersigned maintains that this Federal law preempts State law, including the provisions of O.C.G.A. §9-11-9.2. You may wish to consult with an attorney before disclosing the undersigned patient's protected health information to anyone other than the patient and his/her legal representative named herein.**

I understand that the information used or disclosed pursuant to this Authorization may be subject to redisclosure by the recipient of the information and may then no longer be protected by the federal privacy regulations. I understand that unless otherwise limited by state or federal regulations, I may revoke this Authorization at any time by presenting my revocation in writing except to the extent that the provider has taken action with reliance on this Authorization. I further understand that this Authorization is specific to the information checked above, for the date(s) of service indicated, and for the purpose written above. I understand that this disclosure may include psychiatric, drug/alcohol, and/or HIV testing results and/or AIDS related information. This provider shall not condition treatment on the receipt of this Authorization, except when such conditioning is permitted in the circumstance identified in the policy entitled "Authorization for Release/Disclosure of Protected Health Information."

This Authorization and/or request to release information from my protected health information (PHI) is fully understood and is made voluntarily on my part and includes faxing of PHI. I understand that a photostatic of faxed copy of this Authorization is as valid as the original.

You are further authorized to furnish oral and/or written communication to my attorney, or his delegate as requested by said attorney on any of the foregoing matters. You are requested to treat such information as confidential, and you are requested not to furnish any of such information, in any form to anyone, without express written authorization from me or my attorney, **SADEER SABBAK**. I also authorize my attorney or his delegate to photograph my person while I am present in any hospital, clinic or medical facility.

I further understand that this Authorization is valid for a period of <u>one year</u> from today's date and will expire at that time unless an earlier date is written here _____.

_Natasha Kebe_   10/18/20
CLIENT/PATIENT   DATE

**Kebe 431**