UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMÁNZAR,<br><br>                        Plaintiff,<br>    v.<br><br>LATASHA TRANSRINA KEBE a/k/a<br>LATASHA TRANSRINA HOWARD and<br>KEBE STUDIOS LLC,<br><br>                        Defendants. | Case No. 1:19-cv-01301-WMR |

**BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

This is a diversity action commenced by Plaintiff Belcalis Marlenis Almánzar p/k/a Cardi B ("Almánzar" or "Plaintiff") against Defendant Latasha Kebe ("Kebe") and Kebe Studios LLC's ("Kebe Studios") (collectively, "Defendants"). Plaintiff moves this Court, pursuant to Fed. R. Civ. P. 5.2(d) and 26(c), the parties' Consent Protective Order (ECF No. 53), and Section II.J. to Appendix H of this Court's Local Rules, for an Order permitting Plaintiff to file certain documents under seal.

This Court is permitted, for good cause, to shield the disclosure of confidential information from the public record. *See* Fed. R. Civ. P. 26(c).

"Because '[t]he prospect of all discovery material being presumptively subject to the right of access would likely lead to an increased resistance to discovery requests,' we have recognized an exception to the public right of access." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *United States v. Anderson,* 799 F.2d 1438, 1441, n. 10 (11th Cir.1986)).  "[D]ocuments filed in connection with motions to compel discovery are not subject to the common-law right of access." *Id.*

On September 17, 2020, this Court previously entered the Consent Protective Order in this case providing for the filing of documents under seal. (*See* ECF No. 53.) The documents listed below contain information (i) designated by Kebe as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY"; (ii) are confidential because they contain references to, or excerpts from, documents that Kebe has designated as "CONFIDENTIAL" or CONFIDENTIAL-ATTORNEYS EYES ONLY"; or (iii) are deposition testimony that shall be treated as confidential pursuant to Paragraph 9 of the Consent Protective Order.   To the extent Kebe wishes for the information to remain "Confidential," it is Kebe's ultimate burden to establish good cause for sealing. *See* Section II.J.2.e. to Appendix H of this Court's Local Rules.

For the reasons set forth herein Plaintiff respectfully requests permission to the following documents supporting Plaintiff's motion to compel, under seal:

1. Plaintiff's Brief in Support of Plaintiff's Motion to Compel, because it quotes from, references or describes documents that have been designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" by Kebe;

2. Exhibit 5 to the Declaration of Sarah M. Matz dated December 31, 2020 (the "Matz Decl."), which is a true and correct copy of relevant pages from the transcript of the Deposition of Latasha Transrina Kebe as taken on November 19, 2020, as it is deposition testimony that shall be treated as confidential pursuant to Paragraph 9 of the Consent Protective Order, because there are portions that discuss material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY";

3. Exhibit 6 to the Matz Decl., which is a true and correct copy of that email chain between November 19 and 20, 2020, which references and describes documents that have been designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" by Kebe;

4. Exhibit 8 to the Matz Decl., which is a true and correct copy of relevant pages from the transcript of the deposition of Cheikna Kebe as taken on November 29, 2020, as it is deposition testimony that shall be treated as confidential pursuant to Paragraph 9 of the Consent Protective Order, because there are portions that discuss material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" by Kebe;

5. Exhibit 9 to the Matz Decl., which is a true and correct copy of an email dated November 29, 2020, which references and discusses documents that have been designated as "CONFIDENTIAL" or CONFIDENTIAL-ATTORNEYS EYES ONLY" by Kebe;

6. Exhibit 11 to the Matz Decl., which is a true and correct copy of emails exchanged between counsel for Plaintiff and counsel for Kebe between December 1 and 4, 2020, which references and describes documents that have been designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" by Kebe;

7. Exhibit 14 to Matz Decl., which is a true and correct copy of relevant pages from the transcript of the Deposition of Latasha Transrina Kebe as taken on November 30, 2020, as it is deposition testimony that shall

be treated as confidential pursuant to Paragraph 9 of the Consent Protective Order;

8. Exhibit 15 to Matz Decl., which is a true and correct copy documents bates stamped KEBE 449-462, which were designated as "CONFIDENTIAL-ATTORNEYS EYES ONLY" by Kebe;

9. Exhibit 1 to the Declaration of Lisa F. Moore dated December 31, 2020 (the "Moore Decl."), which is a true and correct copy of a discovery deficiency letter dated September 15, 2020 that references and describes documents that have been designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" by Kebe;

10. Exhibit 2 to the Moore Decl., which is a true and correct copy of the letter to this Court dated November 30, 2020, that references and describes documents that have been designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" by Kebe;

11. The Matz Decl., as it references and describes meet and confer conversations about documents that have been designated as

"CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" by Kebe;

12. The Moore Decl., as it references and describes meet and confer conversations about documents that have been designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" by Kebe; and

13. The Declaration of W. Andrew Pequignot dated December 31, 2020, as it references and describes meet and confer conversations about documents that have been designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" by Kebe.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her motion to file the documents listed above under seal.

Dated: December 31, 2020

Respectfully submitted,

/s/ W. Andrew Pequignot
Lisa F. Moore (Bar No. 419633)
W. Andrew Pequignot (Bar No. 424546)
MOORE PEQUIGNOT LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia 30318
Telephone: (404) 748-9596
E-mail: lisa@themoorefirm.com
E-mail: andrew@themoorefirm.com

Sarah M. Matz (admitted *pro hac vice*)

        Gary P. Adelman (admitted *pro hac vice*)
        ADELMAN MATZ P.C.
        1173A Second Avenue, Suite 153
        New York, New York 10065
        Telephone: (646) 650-2207
        E-mail: sarah@adelmanmatz.com
        E-mail: g@adelmanmatz.com

        *Attorneys for Plaintiff*

## CERTIFICATION AS TO FONT

In accordance with Local Rule 7.1(D), the undersigned certifies that the foregoing document was prepared with Times New Roman 14, a font and point selection approved by the Court in Local Rule 5.1(C).

/s/ W. Andrew Pequignot
W. Andrew Pequignot

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2020, I electronically filed the foregoing BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

/s/ W. Andrew Pequignot
W. Andrew Pequignot