# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMÁNZAR, <br><br> Plaintiff, <br><br> v. <br><br> LATASHA TRANSRINA KEBE and KEBE STUDIOS LLC, <br><br> Defendants. | Case No. 1:19-cv-01301-WMR |

## DECLARATION OF LISA F. MOORE

I, Lisa F. Moore, make the following declaration:

1.  I represent Plaintiff Belcalis Marlenis Almánzar ("Plaintiff") in the above-captioned action. I am over the age of 18 and have personal knowledge of the facts stated herein.

2.  A more detailed background of discovery in this action is set forth in my prior declaration in support of Plaintiff's motion to compel. I submit this declaration to provide additional facts in support of Plaintiff's opposition to Defendant Kebe's motions to compel.

3.    The Plaintiff began producing documents within a few days after the Court entered the consent protective order, and Plaintiff has continued to supplement her production throughout discovery (which closed on November 30).

4.    The parties' counsel participated in a number of meet-and-confer conferences during discovery, but the only conference that involved any meaningful discussion about the adequacy of Plaintiff's written discovery responses or document productions occurred on November 13, 2020 (the "Conference").

5.    The alleged deficiencies discussed during the Conference tracked the alleged deficiencies identified in the letters sent by Kebe's counsel dated August 31, 2020 (the "Discovery Letters"). Counsel for the parties walked through the specific issues identified in the Discovery Letters, and we explained the categories of information we were willing to supplement and those we were not. We did not discuss any other alleged deficiencies in Plaintiff's written discovery responses or document productions.

6.    In the Discovery Letters, Kebe's counsel limited the communications Kebe was seeking in response to Interrogatory No. 6 to communications that occurred between August 1, 2018 and the filing of this action. We explained to Kebe's counsel during the Conference that we were applying the same limitation to

the corresponding document requests (Nos. 35, 38, 41, 44, and 47). Kebe's counsel

agreed with this approach and did not seek to broaden the prior clarification with

respect to either the responses to the interrogatories or to the document requests.

7.      Plaintiff's supplemental responses to Kebe's document requests

reference documents by volumes instead of the individual Bates numbers because

the volumes contain a relatively small number of documents and similar

documents were grouped together to make them easier to locate. Plaintiff's counsel

disclosed their intent to refer to volume numbers before the responses were

supplemented to include them, and Kebe's counsel agreed with this approach.

8.      A true and correct copy of the letter our firm sent to the Court dated

November 30, 2020 is attached hereto as Exhibit A.

  I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 15, 2021


                              /s/ Lisa F. Moore
                              Lisa F. Moore

# Exhibit A



887 West Marietta Street, Suite M-102
Atlanta, GA  30318

P 404.748.9596   E info@TheMooreFirm.com
F 404.565.2941   W TheMooreFirm.com

November 30, 2020

**<u>Via Email</u>**

Hon. William M. Ray, II
United States District Court for the Northern District of Georgia
2188 Richard B. Russell Federal Building and United States Courthouse
75 Ted Turner Drive SW, Atlanta, GA 30303-3309

   Re: *Almanzar v. Kebe*, No. 1:19-cv-1301-WMR

Dear Judge Ray:

   We write in response to the letter from Defendant Kebe's attorneys regarding alleged deficiencies in Plaintiff's discovery responses and document production. As an initial matter, under Rule 6(a)(1)(C) and contrary to the position taken in their letter, discovery closed today. As to the substance of their letter, they primarily cite generalized and unsupported grievances. Suffice it to say, we take issue with the claim that Plaintiff's interrogatory responses contain false information, or that there is anything improper about the form of Plaintiff's objections and responses (among other things). But without more specifics, we cannot tell which responses Kebe's attorneys are continuing to take issue with and therefore cannot properly respond.

   The only particularized issue they raise relates to the "Instagram Data Download." In short, they have asked Plaintiff to produce all of the data associated with Plaintiff's Instagram account from September 1, 2018, including direct messages and other private information and regardless of the relevance to the issues in this case. The information they hope to gain from this request, namely Instagram videos and posts or messages with third parties about Kebe or this case, is responsive to Kebe's other requests, and as agreed in response to those other requests, Plaintiff has searched for and produced documents in response.

   In contrast to the generalized nature of Kebe's complaints, we have provided very detailed list of the deficiencies in Kebe's production, including the following:

- Emails and other communications regarding advertising;
- Documents related to the revenue into Kebe Studios (an entity that was not disclosed to us until two weeks ago), including but not limited documents showing actual revenues received from YouTube, PayPal, Stripe, Venmo, advertisers and other payment processing platforms, as well as documents related to the increase and or decrease in revenue over certain periods of time;
- Documents related to the opening of certain alleged business accounts of Kebe Studios LLC, which despite interrogatories and other requests that Kebe Studios



887 West Marietta Street, Suite M-102
Atlanta, GA  30318

P 404.748.9596   E info@TheMooreFirm.com
F 404.565.2941   W TheMooreFirm.com

should have been identified in response to, was not disclosed to us until Kebe was initially deposed on November 19, 2020, less than two weeks before the close of discovery;

- Documents related to Kebe's alleged more than 1.7 million dollars of damages, For example, Kebe claims she suffered mental, emotional and physical injuries but has not produced medical records. In fact despite comprising of $700,000 of their alleged damages, Plaintiff's counsel did not even seek these medical records until October of 2020. Defendant has also failed to produce documents related to collateral source records;
- Documents related to Defendant's Instagram viewership data;
- Certain follow up follow information regarding analytics that were produced;
- Emails and other communications relating to our Client that have not been searched; and
- Documents evidencing when certain texts were receive.

There are numerous other deficiencies we have detailed in correspondence to Kebe's counsel, and we have attempted to work with them in earnest to resolve those deficiencies before the expiration of discovery today, including but not limited to requests for supplemental production made to Defendant and third party witness Cheickna Kebe (also Defendant's husband) during their depositions on November 19, November 29, and November 30, 2020 when they admitted that they had either not produced responsive documents or had not searched for them. While Defendants' letter claims to have cured all of their outstanding deficiencies, that is patently not the case.

As both parties have produced additional documents over the weekend and today, we propose that each party be given until Wednesday, December 2 to provide the other side with a specific list of alleged discovery deficiencies that remain outstanding. After a final meet and confer on or before Friday, December 4, if the parties are unable to reach an agreed-upon resolution, either party may raise those issues that are enumerated on their list by letter to this Court by the end of the day on Monday, December 7. Thank you for your attention to this matter.

Respectfully submitted,

/s/ Lisa F. Moore

Lisa F. Moore