# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMÁNZAR, <br><br> Plaintiff, <br><br> v. <br><br> LATASHA TRANSRINA KEBE a/k/a LATASHA TRANSRINA HOWARD and KEBE STUDIOS LLC, <br><br> Defendants. | Case No. 1:19-cv-01301-WMR |

## DECLARATION OF LISA F. MOORE IN OPPOSITION TO KEBE'S MOTION TO DISMISS AND, IN THE ALTERNATIVE, IN SUPPORT OF PLAINTIFF'S CROSS-MOTION TO FURTHER AMEND HER COMPLAINT

LISA F. MOORE, pursuant to 28 U.S.C. § 1746, declares under the penalty of perjury, as follows:

1. I am an attorney for Plaintiff Belcalis Marlenis Almánzar ("Plaintiff") in this action and submit this declaration in support of Plaintiff's motion to compel discovery responses of Defendant Latasha Transrina Kebe a/k/a Latasha Transrina Howard ("Kebe" or "Defendant").

2. On May 20, 2020 I spoke with counsel for Kebe Ms. Olga Izmaylova regarding scheduling matters and discovery timing. Ms. Izmaylova and I discussed

filing a consent motion for an extension of time in an effort to explore a potential resolution of the matter. We also discussed the challenges that the pandemic has caused with respect to the completion of discovery in addition to the fact that counsel for both Plaintiff and Defendant had been sick, that Defendant had been ill, and that Plaintiff had been quarantining in California. On this call I also noted that there were issues with Kebe's discovery as well, and that we would need to address those. Ms. Izmaylova acknowledged that, as indicated in Kebe's written responses, Kebe had not produced all responsive documents but would be working to supplement her production. She indicated that given the pandemic and the fact that she and her client had both been ill that she had not be able to obtain documents that she acknowledged were responsive to Plaintiff's discovery requests. We agreed to seek leave from the court to extend the discovery schedule, in light of the pandemic and complications resulting therefrom.

3. While investigating various publications online, Plaintiff's attorneys discovered additional defamatory statements in other videos published by Kebe. By letter dated September 15, 2020, Plaintiff's attorneys informed Kebe's attorneys that these recently published videos had been discovered and that Kebe was required to supplement her responses and document production. (*See* [ECF Doc. No. 97-9 at p. 1]).

4. On or about September 29, 2020, following the exchange of deficiency letters, counsel for the parties met and conferred. On that call we discussed the deficiencies with Kebe's production, including those raised in Plaintiff's deficiency letter, which also included Kebe's lack of production of documents that were responsive to Plaintiff's Request No. 19. As to Kebe's discovery supplementation, Kebe's counsel represented that they would be providing supplementation by the end of October 2020. Plaintiff's counsel also raised the issue that Plaintiff intended to amend her complaint to include new relevant facts, including but not limited to certain videos, that had only recently been discovered.

5. The issue of amending was again raised when the parties were agreeing to a joint motion for extension of deadlines that was later filed on October 16, 2020. Given the then close of discovery and the timing of both parties anticipated supplements, the parties jointly requested some additional time from the Court to complete discovery. At no time did Kebe's attorneys request to see a copy of Plaintiff's proposed amended pleading before it was filed or limit Kebe's consent to Plaintiff amending to any particular facts.

6. On September 30, 2020, my office served notices of subpoenas for documents and deposition testimony on non-party Cheickna Kebe ("Mr. Kebe"),

Defendant Kebe's husband and business manager, which counsel for Kebe acknowledged service of on Mr. Kebe's behalf or about October 16, 2020. Mr. Kebe's deposition was originally noticed for October 22, 2020. We also served a notice of deposition on Kebe on or about 6, October 2020, to take Kebe's deposition on October 23, 2020.

7. Given that discovery was still outstanding, on October 21, 2020 we agreed with Kebe's counsel to re-schedule the depositions of Kebe and Mr. Kebe on October 29, 2020 and October 30, 2020. On October 27, 2020, counsel for Kebe emailed me and indicated that she had forgotten that Kebe and Mr. Kebe would be out of town on the dates previously agreed upon in writing, and the depositions where rescheduled for November 19, and 20, 2020.

8. On or around November 13, 2020 and continuing on November 16, 2020, counsel for the parties again met and conferred regarding outstanding discovery. In addition to discussing issues with Plaintiff's production, we also addressed continuing issues with Kebe's production, given that her deposition was scheduled to take place on November 19, 2020. For example, Plaintiff's counsel again raised the issue that documents concerning advertisers and/or revenues therefrom had not been produced by Kebe. Plaintiff's counsel specifically noted that they fell squarely within the ambit of various requests for production including

Request No. 19 and should be produced, which Kebe's counsel agreed to do. Plaintiff's counsel was very clear that all supplemental documents had to be produced prior to Kebe's deposition.

9. On a break during the November 19, 2020 deposition of Kebe, counsel for the parties discussed Kebe's revelation regarding Kebe Studios LLC ("Kebe Studios") and Ms. Izmaylova stated that this was the first time she had heard of Kebe Studios.

10. On this same call, counsel for the parties agreed to continue the deposition on November 29 or 30 on the condition that Kebe's counsel agreed to produce all outstanding discovery prior to the continued deposition. One of the items specifically discussed was that these documents would include any company records which were responsive to the prior demands given that they were clearly within Kebe's possession, custody and control. Kebe's counsel said she did not know whether there were separate company books and records but given that Kebe worked from her home she suspected there were not and would confirm with Kebe, and to the extent there were additional responsive documents, they would be produced. The agreement to adjourn the deposition was explicitly conditioned on Kebe's counsel producing all outstanding discovery prior to the continued deposition.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 15, 2021

                               /s/ Lisa F. Moore
                               LISA F. MOORE