**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| BELCALIS MARLENIS ALMÁNZAR,<br><br>                   Plaintiff,<br>v.<br><br>LATASHA TRANSRINA KEBE a/k/a LATASHA TRANSRINA HOWARD and KEBE STUDIOS LLC,<br><br>                   Defendants. | Case No. 1-19-cv-01301-WMR |

**DECLARATION OF SARAH M. MATZ IN OPPOSITION TO KEBE'S MOTION TO DISMISS AND, IN THE ALTERNATIVE, IN SUPPORT OF PLAINTIFF'S CROSS-MOTION TO FURTHER AMEND HER COMPLAINT**

SARAH M. MATZ, pursuant to 28 U.S.C. § 1746, declares under the penalty of perjury, as follows:

1. I am an attorney for Plaintiff Belcalis Marlenis Almánzar ("Plaintiff") in this action and submit this declaration in opposition to the motion of Defendant Latasha Transrina Kebe a/k/a Latasha Transrina Howard ("Kebe" or "Defendant") to dismiss and, in the alternative in support of Plaintiff's cross-motion to amend and deem her Second Amended Complaint filed, *nunc pro tunc*.

2. Annexed hereto as **Exhibit 1** is a true and correct copy of Plaintiff's First Requests to Latasha Kebe for the Production of Documents and Things, dated October 4, 2019.

3. Annexed hereto as **Exhibit 2** is a true and correct copy of Plaintiff's First Set of Interrogatories to Defendant Latasha Kebe, dated October 4, 2019.

4. Annexed hereto as **Exhibit 3** is a true and correct copy of Defendant Kebe's Objections and Responses to Plaintiff's First Requests to Latasha Kebe for the Production of Documents and Things, dated November 16, 2019.

5. Annexed hereto as **Exhibit 4** is a true and correct copy of Defendant Kebe's Objections and Responses to Plaintiff's First Set of Interrogatories to Defendant Latasha Kebe, dated November 16, 2019.

6. Kebe's initial production in December of 2019 was not complete and did not include many of the documents Kebe's attorneys represented that she would produce. The production in December of 2019 did not include any documents that referenced or any in away identified Kebe Studios LLC's ("Kebe Studios") involvement in this action.

7. Following various shutdowns resulting from the COVID-19 pandemic, I spoke with Ms. Izmaylova again on or around March 25, 2020, regarding an additional extension of time for Plaintiff to respond to Kebe's

demands. On this call I also noted that there were issues with Kebe's discovery as well, and that we would need to address those. Ms. Izmaylova acknowledged that as indicated in Kebe's written responses Kebe had not produced all responsive documents and advised that Kebe would be working to supplement her production. We agreed to seek leave from the Court to extend the discovery schedule, in light of the COVID-19 pandemic and delays resulting therefrom.

8. On or about September 29, 2020, following the exchange of deficiency letters, counsel for the parties met and conferred. On that call we discussed the deficiencies with Kebe's production, including those raised in Plaintiff's deficiency letter, which also included Kebe's lack of production of documents that were responsive to Plaintiff's Request No. 19. As to Kebe's discovery supplementation, Kebe's counsel represented that they would be providing supplementation by the end of October 2020. Plaintiff's counsel also raised the issue that Plaintiff intended to amend her complaint to include new relevant facts, including certain videos, that had only recently been discovered.

9. The issue of amending was again raised when the parties were agreeing to a joint motion for extension of deadlines that was later filed on October 16, 2020. Given the then close of discovery and the timing of both parties anticipated supplements, the parties jointly requested some additional time from

the Court to complete discovery. At no time did Kebe's attorneys request to see a copy of Plaintiff's proposed amended pleading before it was filed or limit Kebe's consent to Plaintiff amending.

10. On or around November 13, 2020, and continuing on November 16, 2020, counsel for the parties again met and conferred regarding outstanding discovery. In addition to discussing issues with Plaintiff's production, we also addressed continuing issues with Kebe's production, given that her deposition was scheduled to take place on November 19, 2020. For example, Plaintiff's counsel again raised the issue that documents concerning advertisers and/or revenues therefrom had not been produced by Kebe. Plaintiff's counsel specifically noted that they fell squarely within the ambit of various requests for production including Request No. 19 and should be produced, which Kebe's counsel agreed to do. Plaintiff's counsel was very clear that all supplemental documents had to be produced prior to Kebe's deposition.

11. On or around November 15, 2020, Kebe served her First Supplemental Response to Plaintiff's Interrogatories. Annexed hereto at **Exhibit 5** is a true and correct copies of Kebe's Supplemental Response to Interrogatories.

12. Annexed hereto as **Exhibit 6** is a true and correct copy of relevant pages from the transcript of the deposition of Latasha Kebe taken on November 19, 2020.

13. On a break during the November 19, 2020 deposition of Kebe, counsel for the parties discussed Kebe's revelation regarding Kebe Studios and, Ms. Izmaylova stated that this was the first time she had heard of Kebe Studios.

14. On this call, counsel for the parties agreed to continue the deposition on November 29 or 30 on the condition that Kebe's counsel agreed to produce all outstanding discovery prior to the continued deposition. One of the items specifically discussed was that these documents would include any company records which were responsive to the prior demands given that they were clearly within Kebe's possession, custody and control. Kebe's counsel said she did not know whether there were separate company books and records but given that Kebe worked from her home she suspected there were not and would confirm same with Kebe and to the extent there were additional responsive documents, they would be produced. The agreement to adjourn the deposition was explicitly conditioned on Kebe's counsel producing all outstanding discovery prior to the continued deposition.

15. On November 23, 2020, Kebe's attorneys supplemented Kebe's production. Annexed hereto as **Exhibit 8** is a true and correct copy of an email from Sadeer Sabbak, Esq. to the undersigned, and others, dated November 23, 2020, without attachments. Said email contained a link to Kebe's "Supplemental Production", which included "Volume 017", which contains Kebe Bates range Kebe 361-365. (*See id.*). Annexed hereto as **Exhibit 9** is a true and correct copy of Kebe 361-365.

16. Annexed hereto as **Exhibit 7**, is a true and correct copy of relevant pages from the transcript of the deposition of Cheikna Kebe, as taken on November 29, 2020.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 15, 2021, in New York, New York.

_____
SARAH M. MATZ