# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMÁNZAR,<br><br>                    Plaintiff,<br><br>v.<br><br>LATASHA TRANSRINA KEBE a/k/a<br>LATASHA TRANSRINA HOWARD and<br>STARMARIE EBONY JONES,<br><br>                    Defendants. | Case No.<br><br>1:19-cv-1301-WMR |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT LATASHA KEBE

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff BELCALIS MARLENIS ALMÁNZAR ("Plaintiff") hereby requests that Defendant LATASHA TRANSRINA KEBE ("Kebe") provide answers under oath to the following interrogatories (the "Interrogatories") within thirty (30) days after service of same.

### INSTRUCTIONS AND DEFINITIONS

1.     In accordance with Rule 26 of the Federal Rules of Civil Procedure, these Interrogatories are continuing in nature. Kebe is, therefore, requested to

1

provide, by way of supplementary answers or amendments thereto, such additional information as, Kebe, or any persons on Kebe's behalf may hereinafter obtain that would augment or modify the answers now given.

2. In answering these Interrogatories, Kebe is requested to furnish all information that is available, including information in the possession of Kebe's employees, attorneys, agents, representatives, or anyone acting in cooperation or concert with Kebe, including any experts that have been consulted or retained.

3. Kebe is also requested to identify separately for each Interrogatory all persons and documents consulted by it in preparing Kebe's answer thereto.

4. The term "**Plaintiff**" shall refer to Plaintiff BELCALIS MARLENIS ALMÁNZAR.

5. The term "**Kebe**" shall refer to Defendant LATASHA TRANSRINA KEBE a/k/a LATASHA TRANSRINA HOWARD and her present and former employees, servants, agents, attorneys, partners, associates, investigators, representatives, accountants, contractors, financial advisors, distributors, and any other person(s) acting on her behalf.

6. The term "**Jones**" shall refer to Defendant STARMARIE EBONY JONES and her present and former employees, servants, agents, attorneys, partners, associates, investigators, representatives, accountants, contractors,

financial advisors, distributors, and any other person(s) acting on her behalf.

7. The term "**Defendants**" shall refer to Defendants Kebe and Jones, collectively.

8. The term "**Complaint**" shall refer to Plaintiff's Complaint dated March 21, 2019 (Doc. No. 1).

9. The term "**Answer**" shall refer to Kebe's Answer to the Complaint dated May 8, 2019 (Doc. No. 5).

10. The term "**Amended Complaint**" shall refer to Plaintiff's Amended Complaint dated June 12, 2019 (Doc. No. 11).

11. The term "**Answer to the Amended Complaint**" shall refer to Kebe's Answer to Plaintiff's Amended Complaint dated July 7, 2019, 2019 (Doc. No. 12).

12. The term "**Counterclaims**" shall refer to Kebe's amended counterclaims set forth in her Answer to the Amended Complaint, and any subsequent amendments or additions to these counterclaims.

13. The term "**Social Media Platform**" shall refer to online or digital social media or networking platforms, which include but are not limited to services such as Facebook, Twitter, Instagram, YouTube, and LinkedIn.

14. The term "**Social Media Account**" shall refer to an account on a Social Media Platform.

15. The term "**Defendant Social Media Account**" shall refer to any Social Media Account currently or previously owned or controlled by Kebe or Jones.

16. The term "**URL**" shall refer to the uniform resource locator for an Internet website, including but not limited to a Social Media Account.

17. The term "**Website**" shall refer to any website (i.e. web pages and multimedia content associated with at least one domain name).

18. The term "**Defendant Website**" shall refer to any Website owned or controlled by Kebe or Jones, which includes but is not limited to the Website located at the URL www.unWinewithTasha.com.

19. The term "**Handle**" shall refer to the user identification name associated with a Social Media Account.

20. The term "**9/2 Video**" shall have the same meaning as set forth in Paragraph 26 of the Amended Complaint.

21. The term "**Jones Video**" shall have the same meaning as set forth in Paragraph 30 of the Amended Complaint.

22. The term "**9/19 Video**" shall have the same meaning as set forth in Paragraph 36 of the Amended Complaint.

23. The term "**9/21 Video**" shall have the same meaning as set forth in

Paragraph 54 of the Amended Complaint.

24. The term "**1/25 Tweet**" shall have the same meaning as set forth in Paragraph 58 of the Amended Complaint.

25. The term "**Lovelyti Call**" shall have the same meaning as set forth in Paragraph 63 of the Amended Complaint.

26. The term "**Video**" shall refer to any audio-visual recording created by, or caused to be created by, one or more Defendants that relate to or contain oral or written commentary about Plaintiff.

27. The term "**Audio Recording**" shall refer to any audio recording created by, or caused to be created by, one or more Defendants that relate to or contain oral or written commentary about Plaintiff.

28. The term "**Writing**" shall refer to any written text created by, or caused to be created by, one or more Defendants that relate to or contain commentary about Plaintiff, including but not limited to any comments, posts, replies, direct messages, or tweets on any Social Media Platform.

29. The term "**Photograph**" shall refer to any photograph created by, or caused to be created by one or more Defendants, or posted on a Defendant Social Media Accounts or Defendant Website, that depict or purport to depict in any way Plaintiff.

30. The term "**Content**" shall refer to any Video, Audio Recording, Writing, or Photograph.

31. The terms "**Publication**" and "**Published**" shall include any display, dissemination, communication, transmittal, performance, or broadcast in any format and through any medium, including but not limited to on any Website or Social Media Platform.

32. The term "**Published Content**" shall refer to all Content that has been Published, including but not limited to the 9/2 Video, the Jones Video, the 9/19 Video, the 9/21 Video, the 1/25 Tweet, and the Lovelyti Call, as well as the following: (i) the Videos Published on Kebe's unWinewithTashaK YouTube channel on January 5, 2018, February 15, 2018, April 13, 2018, April 19, 2018, May 17, 2018, September 2, 2018, September 4, 2018, September 8, 2018, September 18, 2018, September 19, 2018, September 21, 2108, October 5, 2018, October 29, 2018, November 7, 2018, November 19, 2018, December 5, 2018, December 14, 2018, December 17, 2018, December 18, 2018, January 4, 2019, February 12, 2019, March 26, 2019, March 28, 2109, April 23, 2019, July 8, 2019, July 20, 2019, and August 23, 2019; and (ii) the Videos Published on Kebe's Wino Gang Podcast (formerly Tasha K's Future Podcast Home) YouTube channel on September 19, 2018, September 29, 2018, November 13, 2018, and December 17,

2018.

33.     The term "**Unpublished Content**" shall refer to all Content that has not been Published, including but not limited to any non-Published: (i) Video; (ii) Audio Recordings from telephone conversations between any Defendant and any person concerning Plaintiff that have not been Published; (iii) Writing; and (iv) draft communication or document concerning Plaintiff that has not been Published.

34.     The term "**First Requests**" refers to Plaintiff's First Requests to Latasha Kebe for the Production of Documents and Things served concurrently with these Interrogatories.

35.     The term "communication" refers to any act or instance whereby messages, facts, data, or any other information is transmitted orally, visually, in writing, electronically, or by any other means or media from one natural person or entity to another.

36.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

37.     The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

38. The terms "reflecting," "relating to," and "referring to" shall each be construed to include "summarizing," "containing," "showing," "discussing," "describing," or "commenting upon."

39. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

40. The term "evidencing" means demonstrating, showing, supporting, and/or tending to show the existence or lack thereof.

41. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

42. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

43. The use of the singular form of any word includes the plural and vice versa.

44. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and phone numbers, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in respect to subsequent

discovery requesting the identification of that person.

45. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) the general subject matter; (iii) the date of the document; and (iv) author(s), addressee(s), and recipient(s).

46. If Kebe is unable to respond to any Interrogatory fully, supply the information that is available and explain why Kebe's response is incomplete, the efforts made to obtain the information, and the source from which all responsive information may be obtained.

47. If, for any reason other than a claim of privilege, Kebe refuses to respond to any Interrogatory herein, state the grounds upon which such refusal is based with sufficient particularity to permit a determination of the propriety of such refusal.

48. "Describe" means to:

   a. provide all relevant details, to the extent required by applicable rules and practice, concerning the item to be described, including dates, where applicable;

   b. identify all documents concerning the item described, giving the general subject matter, date, and author(s), addressee(s), and recipient(s) of the documents;

    c. identify all communications concerning the item described, giving the general subject matter, date, and participants in the communications; and

    d. identify all persons with knowledge of the item described, giving the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.

  49. If, in answering these Interrogatories, Kebe claims that any Interrogatory, or a definition or instruction applicable thereto, is ambiguous, do not use such claim as a basis for refusing to respond, but rather set forth as a part of the response the language you claim is ambiguous and the interpretation you have used to respond to the individual Interrogatory.

  50. Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

  51. Each of the foregoing definitions and instructions is hereby incorporated by reference into, and shall be deemed a part of, each and every other definition and instruction contained herein as well as each specific Interrogatory set forth below.

## INTERROGATORIES

**Interrogatory No. 1.** Identify each person with personal knowledge concerning the allegations, affirmative defenses, and Counterclaims in this action, as set forth in the Complaint, the Amended Complaint, the Answer, and the Answer to the Amended Complaint, and any subsequent amended pleadings, and the subjects of each person's knowledge.

**Interrogatory No. 2.** Identify each item of Content (including both Published Content and Unpublished Content) and the person(s) who participated in the creation of the Content (including but not limited to each person who appeared in the Content and each person who recorded or produced the Content).

**Interrogatory No. 3.** Identify each Defendant Website and Defendant Social Media Account and the person(s) who have owned or controlled the Defendant Website from January 1, 2018 to present.

**Interrogatory No. 4.** Identify the custodian location of any documents (including but not limited to any communications) that are responsive to any requests for production of documents served on Kebe by Plaintiff (including the First Requests and any subsequent requests).

**Interrogatory No. 5.** If any documents (including but not limited to any communications) responsive to Plaintiff's requests for production of documents

(including the First Requests and any subsequent requests) are no longer in the possession, custody, or control of Kebe, identify each such document and describe when, how, and why the document was destroyed or came to no longer be in Kebe's possession, custody, or control.

**Interrogatory No. 6.**   Identify each Defendant Social Media Account and provide the name of the Social Media Platform, each Handle used by each Defendant on the Social Media Platform, the URL, and the name of each person who has had login credentials for each account from January 1, 2018 until present.

**Interrogatory No. 7.**   For each item of Published Content, identify the format and medium(s) where the Publication occurred (including but not limited to any Website or Social Media Platform), the person(s) responsible for the Publication, and the date range(s) that the Content appeared on each medium.

**Interrogatory No. 8.**   Identify each person who has provided Kebe with information concerning Plaintiff, describe the information that was provided by such person, and identify any documents reflecting the communication of the information to Kebe.

**Interrogatory No. 9.**   Identify each statement allegedly made by Plaintiff that Kebe contends constitutes slander (including the verbatim quotation), which includes but is not limited to the statements alleged in Paragraph 211 of the

Counterclaims, the date Plaintiff allegedly made such statement, and describe any Publication of the statement (including but not limited to the applicable Social Media Account, including but not limited to the specific Handle for each Social Media Account, and/or any Website, used by Plaintiff allegedly to communicate the statement).

**Interrogatory No. 10.**   Describe the alleged threats made against Kebe as alleged in Paragraphs 216, 221, 229, 233, and 234 of the Counterclaims, including: (i) the identity of each person who allegedly made a threat; (ii) a description of each threat made by each person; (ii) how the threat was made, e.g., in person in the vicinity of Kebe, by telephone, or on a Social Media Account; (iii) the date each threat was made; (iv) if Kebe was informed of the threat by another person, the identity of such person, including but not limited to the sources alleged in Paragraph 217 of the Counterclaims, and the contact information for each such person; and (v) if an alleged threat was made by someone other than Plaintiff, Kebe's basis for believing the alleged threat was made at Plaintiff's direction.

**Interrogatory No. 11.**   Describe Kebe's computation of each category of damages alleged by Kebe in the Counterclaims, which shall include identifying any documents that Kebe relied upon to compute the damages.

**Interrogatory No. 12.**   Describe how each category of damages alleged by

Kebe in the Counterclaims was caused by a statement or action by Plaintiff, which shall include identifying the specific statement or action by Plaintiff that caused the alleged harm and how the statement or action by Plaintiff caused the specified damages.

**Interrogatory No. 13.** Describe the facts evidencing Kebe's allegation that Plaintiff acted "with actual malice and total disregard for the truth," as alleged in Paragraph 225 of the Counterclaims.

**Interrogatory No. 14.** Describe the facts evidencing how Plaintiff's conduct "was intentional, willful, malicious, wanton and exhibited a conscious indifference to consequences," as alleged in Paragraphs 227, 231, and 239 of the Counterclaims.

**Interrogatory No. 15.** Describe the facts evidencing how Plaintiff's conduct was "intentional, extreme, outrageous, and egregious," as alleged in Paragraph 234 of the Counterclaims.

**Interrogatory No. 16.** Describe the facts evidencing Kebe's allegation that Plaintiff has "acted in bad faith, been stubbornly litigious, and has caused Ms. Kebe unnecessary trouble and expense," as alleged in Paragraph 242 of the Counterclaims.

**Interrogatory No. 17.** Describe the facts evidencing or relating to Kebe's

Twelfth Affirmative Defense that Kebe's statements are privileged.

Dated: October 4, 2019          Respectfully submitted,

/s/ Sarah M. Matz
Sarah M. Matz (admitted *pro hac vice*)
Gary P. Adelman (admitted *pro hac vice*)
ADELMAN MATZ P.C.
1173A Second Avenue, Suite 153
New York, New York 10065
Telephone: (646) 650-2207
E-mail: sarah@adelmanmatz.com
E-mail: g@adelmanmatz.com

Lisa F. Moore (Bar No. 419633)
W. Andrew Pequignot (Bar No. 424546)
MOORE PEQUIGNOT LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia 30318
Telephone: (404) 748-9596
E-mail: lisa@themoorefirm.com
E-mail: andrew@themoorefirm.com

*Attorneys for Plaintiff*

To:    Olga Izmaylova, Esq.
      Sadeer Sabbak, Esq.
      SABBAK & IZMAYLOVA, P.C.
      1875 Old Alabama Road
      Suite 760
      Roswell, Georgia 30076
      Telephone: (404) 793-7773
      Facsimile: (678) 878-4911
      E-mail: olga@silawatl.com
      E-mail: ssabbak@silawatl.com
      *Attorneys for Latasha Kebe*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2019, I electronically served the foregoing **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT LATASHA KEBE** with Olga Izmaylova, Esq. at olga@silawatl.com and Sadeer Sabbak, Esq. at ssabbak@silawatl.com, pursuant to an agreement by the parties.

David Marcus