UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BELCALIS MARLENIS ALMÁNZAR,

                     Plaintiff,

   v.                                  Case No. 1:19-cv-01301-WMR

LATASHA TRANSRINA KEBE and KEBE
STUDIOS LLC,

                     Defendants.

**PLAINTIFF'S OPPOSITION TO DEFENDANT KEBE'S
MOTION FOR EXTENSION OF TIME TO RESPOND
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff respectfully submits this opposition to the motion for extension of time to respond to Plaintiff's motion for summary judgment (ECF No. 108) filed by Defendant Latasha Transrina Kebe ("Kebe"). Contrary to Kebe's contention, the discovery period closed in this case on November 30, 2020 (ECF Nos. 47, 57), and Plaintiff timely filed her motion for summary judgment on December 30, 2020 (ECF No. 92) in accordance with the Court's scheduling orders. Plaintiff sought partial summary judgment on her claims for defamation *per se* and intentional infliction of emotional distress and summary judgment on all of Kebe's remaining counterclaims—namely, for assault, intentional infliction of emotional distress,

punitive damages, and litigation expenses. (*Id.*)

Kebe seeks an extension of the deadline to respond to Plaintiff's motion for summary judgment by a minimum of five weeks (assuming the Court will issue a ruling on the motions to compel no earlier than the scheduled hearing). Kebe's motion is governed by Rule 56(d), which provides that under certain circumstances the Court can grant additional time to take discovery before a party must oppose a motion for summary judgment. To invoke this relief, however, such party must "show by affidavit or declaration that, ***for specified reasons***, it cannot present facts ***essential*** to justify its opposition." Fed. R. Civ. P. 56(d) (emphasis added).

Courts have made abundantly clear that a party opposing a motion for summary judgment "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts . . . ." *S.E.C. v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980) (citation omitted);[1] *see also King v. Harwood*, 852 F.3d 568, 579 (6th Cir. 2017) (holding that "mere recitations of conclusory allegations are insufficient" to delay consideration of a motion for summary judgment). In addition, as set forth in the plain language of

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Rule 56(d), an affidavit or declaration ordinarily must be submitted in support of the request for relief. The purpose of this requirement is to ensure that the motion is being submitted in good faith and not for the improper purpose of delay. *See Radich v. Goode*, 886 F.2d 1391, 1394 (3rd Cir. 1989); *see also Parsons v. Palestinian Auth.*, 715 F.Supp.2d 27, 35 (D.D.C. 2010) (noting that the affidavit in support of the motion "cannot be a generalized, speculative request to conduct discovery but must demonstrate that further specified discovery will defeat a summary judgment motion").

In short, Kebe must set forth the specific facts that she hopes to obtain from additional discovery, provide a reasonable basis for believing that such facts exist, and explain why such facts are essential to opposing summary judgment. *S.E.C.*, 612 F.2d at 901; *see also Family Home and Fin. Ctr. v. Fed. Home Loan*, 525 F.3d 822, 827 (9th Cir. 2008); *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir. 1986) (noting that "the opposing party must demonstrate how additional time will enable him to rebut movant's allegations of no genuine issue of fact"). A failure to meet these requirements necessitates denying the motion. *See S.E.C.*, 612 F.2d at 901; *see also Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 628 (7th Cir. 2014) (affirming denial of motion where the plaintiffs had "fell far short of meeting their burden to identify material facts needed to oppose

summary judgment"); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1295 (N.D. Ga. 2009) (citation omitted) (finding no basis to delay consideration of motion for summary judgment based on vague allegations that additional discovery is necessary).

Kebe has utterly failed to meet her burden. The only assertion that Kebe provides in support of her motion consists of a four-word vague and conclusory statement: "crucial discovery remains outstanding." (Mot. 3.) Kebe has not submitted an affidavit or declaration in support of her motion; has not articulated specific facts that she needs to oppose summary judgment; has not identified which claims require additional discovery; has not shown that the factual information she claims to need actually exists; and has not explained why the alleged missing facts are essential to her opposition. In other words, she has not even attempted to satisfy any of the requirements of Rule 56(d).

The discovery period in this case has closed and the deadline to file motions for summary judgment has expired.[2] Kebe should not be permitted to delay resolution of Plaintiff's pending motion for summary judgment based on a single

---

[2] Regardless of whether the Court compels limited supplementation in response to the pending motions to compel, the discovery period has closed under the operative scheduling order. To the extent Kebe argues discovery is not closed as a backdoor attempt to secure more time to file a motion for summary judgment (Mot. 2-3), there is no justification whatsoever for this *post hoc* extension of the deadline.

4

vague and speculative assertion that additional discovery is required. She must first meet the requirements of Rule 56(d), which she has not done. The categorical and conspicuous inadequacies of her allegations in support of this motion are further exacerbated by the fact that her motions to compel are likewise missing the required specificity. (*See* ECF No. 104.) In addition, even if Kebe had sustained her burden under Rule 56(d), an extension of five weeks (at a minimum) to respond to Plaintiff's motion would not be warranted. For all these reasons, Kebe's motion should be denied.

Dated: January 18, 2021                     Respectfully submitted,

/s/ W. Andrew Pequignot
Lisa F. Moore (Bar No. 419633)
W. Andrew Pequignot (Bar No. 424546)
MOORE PEQUIGNOT LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia 30318
Telephone: (404) 748-9596
E-mail: lisa@themoorefirm.com
E-mail: andrew@themoorefirm.com

Sarah M. Matz (admitted *pro hac vice*)
Gary P. Adelman (admitted *pro hac vice*)
ADELMAN MATZ P.C.
1173A Second Avenue, Suite 153
New York, New York 10065
Telephone: (646) 650-2207
E-mail: sarah@adelmanmatz.com
E-mail: g@adelmanmatz.com

*Attorneys for Plaintiff*

## CERTIFICATION AS TO FONT

In accordance with Local Rule 7.1(D), the undersigned certifies that the foregoing document was prepared with Times New Roman 14, a font and point selection approved by the Court in Local Rule 5.1(C).

Dated: January 18, 2021

/s/ W. Andrew Pequignot<br>
W. Andrew Pequignot

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMÁNZAR,<br><br>Plaintiff,<br>v.<br><br>LATASHA TRANSRINA KEBE and KEBE STUDIOS LLC,<br><br>Defendants. | Case No. 1:19-cv-01301-WMR |

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2021, I electronically filed the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT KEBE'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

/s/ W. Andrew Pequignot
W. Andrew Pequignot