## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

BELCALIS MARLENIS ALMÁNZAR,

               Plaintiff,

   v.

LATASHA TRANSRINA KEBE and KEBE
STUDIOS LLC,

               Defendants.

Case No. 1:19-cv-01301-WMR

## REPLY BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION TO COMPEL PRODUCTION OF DOCUMENTS

The Court should grant Plaintiff's motion and order Kebe to produce the

documents Kebe's attorneys already agreed to produce long ago.[1] The Court

should not consider any arguments by Kebe as she did not file a timely response to

Plaintiff's Motion. To the extent the Court considers Kebe's untimely response,

any arguments from Kebe that documents are not relevant, made for the first time

in her opposition are waived under well-settled Eleventh Circuit law. In addition,

Kebe's claim that Plaintiff could have subpoenaed documents directly from Kebe's

doctors is specious as Kebe's counsel repeatedly promised that the documents

---

[1] All capitalized terms not defined herein have the same meaning as in Plaintiff's
Brief in Support of her Motion to Compel Production of Documents ("Pls.' Br.").

would be produced. In fact, Kebe's counsel objected to providing Plaintiff with authorizations and represented that they would be providing the medical records, a representation that was repeated during meet and confers on this issue.

The Court also should reject Kebe's unsupported argument that documents relevant to Plaintiff's Document Request Nos. 1-3 were produced. Kebe's counsel failed to meet and confer regarding whether all videos were produced and Kebe testified she has relevant communications in her possession that *she did not produce*. Kebe should be ordered to search for all requested documents and produce them. Finally, the Court should reject Kebe's argument that Plaintiff did not Comply with Local Rule 37.1. Plaintiff's brief complied with this local rule and Kebe should be compelled to produce outstanding discovery.

## I.   ARGUMENT

### A.   KEBE'S OPPOSITION WAS NOT TIMELY FILED.

The Court has ample grounds not to consider Kebe's opposition papers as Kebe filed her opposition late and has exhibited a pattern of failing to comply with Court orders. *Bruce v. Cenlar, FSB*, 1:18-CV-3741-SDG-JKL, 2020 WL 4550930, at *6 (N.D. Ga. Feb. 18, 2020), *report and recommendation adopted,* 1:18-CV-3741-SDG, 2020 WL 8225003 (N.D. Ga. Apr. 22, 2020) (disregarding plaintiff's late opposition, in part, as plaintiff "demonstrated a troubling pattern of missing

deadlines to respond to motions and court filings."). Kebe filed her opposition to this motion on January 26, 2021, even though the Court's January 13, 2021 Order required Kebe to respond no later than January 25, 2021. (ECF No. 102).[2] As such, it would be within the Court's discretion not to consider Kebe's opposition.

**B.   PLAINTIFF COMPLIED WITH LOCAL RULE 37.1.**

Plaintiff is entitled to the outstanding discovery owed by Kebe, which Kebe and her attorneys previously and repeatedly stated they would produce but have not. Knowing that she has failed to comply with her discovery obligations, Kebe inexplicably argues that Plaintiff failed to comply with Local Rule 37.1 as her excuse why the Court should not grant Plaintiff's motion.

The Court should reject Kebe's argument as Plaintiff complied with this local rule. The facts in *North American Medical Corp v. Axion Worldwide Inc.*, No. 1:06-CV-1678-JTC, 2008 WL 11342890, at *2 (N.D. Ga. Oct. 2, 2008), the primary case that Kebe relies on, does not support denial of Plaintiff's motion. In *North American Medical Corp.*, defendant's motion quoted verbatim each document request and respective objection in one section but combined its

---

[2] Kebe also filed her opposition to Plaintiff's motion for summary judgment on January 25, 2021, in violation of this Court's January 19, 2021 Order extending Kebe's deadline to oppose "though and until **January 22, 2021**." (ECF Nos. 113, 116). Kebe also served Kebe's First Written Responses 12 days late and there was no agreement to extend Kebe's deadline. (Pls.' Br. p. 3; Matz Decl. Exs. 1, 3.)

supporting grounds for discovery in a single general argument section why discovery should be compelled. *See id*. at *1. By doing so, defendant limited the court's ability to analyze the discovery requests at issue. *See id.* Here, Plaintiff did not lump her legal discussion into a single general argument as in that case.

To the contrary, Plaintiff separated out each argument in her motion so the "objection, grounds, authority, and supporting reasons follow the verbatim statement of each specific disclosure . . . ." In addition to quoting Plaintiff's relevant discovery demands and Kebe's responses (Pls.' Br. at Section I.A), Plaintiff then separately addressed each demand and provided the grounds, authority, and supporting reasons (Pls.' Br. at Section II.B-E). The format of Plaintiff's brief does not in any way limit or impact the Court's ability to analyze the discovery requests at issue as Plaintiff made it clear in the discussion sections to which demands were at issue and why documents should be produced. Plaintiff believes in good faith that this is in compliance with the Local Rule 37.1 and to the extent the Court disagrees, Plaintiff still complied with the spirit of the Local Rule allowing the Court to analyze each discovery request at issue. Also, as explained in Section I.C, *infra*, Kebe waived her objections to the demands for discovery for which Plaintiff seeks to compel and thus the Court does not need to consider the relevance of the demands, or any other objection that Kebe could have had. The

only analysis needed is what documents each demand requested and whether all responsive documents were produced. Accordingly, the Court should reject Kebe's argument and consider Plaintiff's motion.[3]

## C. THE COURT SHOULD GRANT PLAINTIFF'S MOTION.

Plaintiff established her entitlement to an order compelling Kebe to produce the documents set forth in her motion papers. Kebe provided no excuse for her failure, nor could she as Kebe repeatedly promised to produce them, and Kebe admitted at her November 30, 2020 deposition that there are communications that she has access to but had not searched for. Kebe did not file a timely response to Plaintiff's Motion. Moreover, Kebe's objections to Plaintiff's motion, which are made for the first time, should not be considered by the Court. Kebe's relevancy objections, which were raised for the first time in her opposition papers, were not included in her discovery responses. (*See* Section I.C.1-3, *infra.*)

It is black letter law in the Eleventh Circuit that Courts will deem an objection waived if it is not timely made, i.e., within 30 days from when the

---

[3] Regardless, the Court should not deny the motion. Courts routinely grant leave to a party to re-file their motion to compel if they fail to comply with Local Rule 37.1. *See, e.g., N. Am. Med. Corp.*, 2008 WL 11342890, at *1; *Osmose, Inc. v. Viance, LLC*, No. 3:09-CV-23-JTC, 2009 WL 10690651, at *3 (N.D. Ga. May 5, 2009). Plaintiff respectfully submits that requiring re-filing would not be in the interests of efficiency as the motion was still arranged so that the Court can evaluate the arguments for each specific request at issue. *See also* Fed. R. Civ. P. 1.

demand is received. *See United States v. Providence Learning Ctr. & Dev. Corp.*,
No. 1:05-CV-2981-RWS) 2007 WL 9701665, at *2 (N.D. Ga. Jan. 17, 2007) ("The
failure to raise an objection within thirty days waives any objection to the
discovery request.") (quotation marks and citations omitted); *In re Delta/Airtran
Baggage Fee Antitrust Litig.*, No. CV 1:09-MD-2089-TCB, 2012 WL 12952328, at
*1 (N.D. Ga. July 18, 2012) (granting motion to compel discovery in part due to
untimely opposition to the discovery request). Objections to discovery demands
raised for the first time in opposition to a motion to compel have been waived. *See
Harvard v. Inch*, No. 4:19CV212-MW/CAS, 2020 WL 701990, at *3 (N.D. Fla.
Feb. 7, 2020 ) (citation omitted) (finding party "waived the argument by
mentioning it for the first time in her response to the instant motion to compel and
failing to timely raise it as an objection to [the] original request for production.").

Kebe waived her objections by serving her responses late and then in her
actual written responses and subsequent meet and confers repeatedly represented
that documents responsive to the demands at issue here would be produced.[4] (Matz
Decl. ¶ 13, Exs 1, 3, 6, 7; Moore Decl. ¶ 11.) The Court should also disregard
Kebe's unsupported claims that she has produced all documents responsive to

---

[4] As noted in Plaintiff's moving papers, Kebe waived any objections she would
have had as she served Kebe's First Written Responses late and obtained no
extension to serve them. (Pls.' Br. p. 3.)

6

Plaintiff's Document Requests Nos. 1-3. Kebe failed to produce all documents in her possession, custody and control and Kebe's counsel's failed to confirm this repeatedly despite multiple requests. (*See* Section I.C.3-4.)

Based upon the foregoing, Kebe has waived her objections, including objections to relevancy. *See Siddiq v. Saudi Arabian Airlines Corp.*, 6:11-CV-69-ORL-19GJK, 2011 WL 6936485, at *5 (M.D. Fla. Dec. 7, 2011) ("By indicating that it will produce the documents if and when they become available, Defendant has waived its relevancy objection") (citation omitted).

**1.    Plaintiff Is Entitled to Kebe's Medical Records.**

The Court should disregard Kebe's newly asserted objections to Plaintiff's demand for Kebe's medical records as Kebe responded in her Original Response to Request Nos. 39, 40, 41, and 42, and in her Supplemental Responses to Requests Nos. 39 and 41, that responsive documents to these demands would be produced. (*See* Pls.' Br. p. 12-13; Matz Decl. Exs. 1, 3 and 7.) In fact, Kebe produced some responsive documents, which she acknowledged in her Supplemental Response to Request No. 39 and her Original Response to Request No. 41. (*See id.*) Kebe's sole objections were to Plaintiff's request for a HIPPA-compliant authorization for Kebe's medical care providers (Request No. 39) and HIPPA-compliant authorizations for Kebe's collateral source records (Request No. 40). Kebe only

objected on the ground that she would produce all requested medical and collateral source records. (*See* Pls.' Br. p. 12; Matz Decl. Exs. 1, 3.) Kebe's attorneys then repeatedly confirmed at meet and confers that these records would be produced. (Matz. Decl. ¶ 13; Moore Decl. ¶ 11.) On November 20, 2020, Kebe's counsel confirmed responsive documents would be produced before the adjourned depositions were held. (Matz Decl. Ex. 6 at pp. 4-5.) Further, for the reasons stated at Plaintiff's brief at pages 13-16, these documents and authorizations are relevant and should be produced.[5] These are also relevant to the issues of frequency of treatment which Kebe put at issue in this action in relation to previously existing conditions being allegedly exacerbated. (ECF No. 79 ¶ 224.)

The Court should disregard Kebe's argument that Plaintiff is not entitled to Kebe's medical records or that Plaintiff should have obtained them herself. Plaintiff had no reason to believe that she needed to subpoena these records from Kebe's providers as Kebe's attorneys repeatedly stated that Kebe would produce

---

[5] In addition to being waived, Kebe's objection that she does not seek to recover medical expenses is contradicted by her recent testimony and supplemental interrogatory responses. At her deposition, Kebe identified "medical bills" as part of her damages. (Matz Decl. Ex. 5, Tr. 172:18-173:20; 175:2-24.) Kebe testified she had not given her medical bills to her attorneys. (*Id.*, Tr. 177:3-24.) In her Supplemental Interrogatory Responses, Kebe identified medical bills as part of her damages but stated she did not know the amount of her bills as she was "waiting to receive her medical records and bills." (Matz. Decl. Ex. 10 at p. 4 ¶ 10.)

them voluntarily. (Pls.' Br. p. 12; Matz Decl. ¶ 13; Exs. 1, 3; Moore Decl. ¶ 11.) In fact, Plaintiff could not have done so as Kebe failed to produce the authorizations Plaintiff requested and stated that HIPPA-compliant authorizations were not required to be produced as Kebe would produce her medical records. (*Id.*) Kebe, however, did not produce all of her records and the few medical records that she did produce show that her counsel did not request her medical records until October 18, 2020 (Matz Decl. ¶ 17, Ex. 13), less than a month and a half before discovery closed on November 30, 2020. The Court should reject Kebe's arguments concerning medical records, and Plaintiff's request that Kebe appear for another deposition at Kebe's expense, when it was Kebe who prevented Plaintiff from obtaining them separately by representing she would produce all requested medical records without the need for an authorization and then waited more than a year after receiving Plaintiff's Document Requests to even request them. Plaintiff's intent is to obtain the discovery she needs and was promised. In the alternative, the Court should preclude Kebe from submitting any evidence at trial regarding mental or physical harm or pain and suffering.  Kebe should not be allowed to make unsupported assertions and then withhold evidence that disproves those claims.[6]

---

[6] The medical records produced do not support Kebe's claimed damages.

## 2.    Documents Evidencing Kebe's Advertising Revenue.

The Court should also compel Kebe to produce documents concerning advertising revenue derived from the Kebe's Websites and Social Media Accounts, as requested in Document Requests Nos. 19 and 20. Kebe waived any relevance objections to these demands as she made them for the first time in opposition to this motion, stated in her responses to Plaintiff's Document Requests to Nos. 19 and 20 that they would be produced, confirmed in meet and confers that she would produce relevant documents, and confirmed in a written email response on November 20, 2020, that responsive documents would be produced. (Pls.' Br. p. 11; Matz. Decl. ¶¶ 10-11, 13, Exs. 3, 6, 7; Moore Decl. ¶¶ 6-7, 11.)

Although Kebe withdrew her defamation claim against Plaintiff over a year and a half after she filed it, because she admittedly had no evidence to support it, Kebe now claims the requested documents are not relevant. This objection was again raised for the first time in opposition to the motion and therefore should not be considered. (*See id*.) Additionally, these demands are relevant to Plaintiff's claims for false light and IIED (Pls.' Br. p. 17), whether Kebe knowingly or recklessly published false statements about Plaintiff as she was motivated by

financial concerns (*id.* pp. 17-18),[7] Plaintiff's punitive damages claims (*id.* p. 18),[8] and Kebe's alleged loss of work damages (*id.* 18-19).

As Kebe waived her objections to produce documents responsive to Document Requests Nos. 19 and 20, Kebe should be ordered to produce them.

### 3.    Published and Unpublished Content Evidencing Defamation.

For the same reasons stated above, these documents should be produced as Kebe waived her objections to Plaintiff's Document Requests Nos. 1 and 2, which request published and unpublished videos.[9] In her responses, Kebe stated that she would produce these native files, and in fact produced some files in native format. (Pls.' Br. p.10; Matz Decl. Exs. 1, 3, 7.) Kebe even claims that all responsive

---

[7] It is not contradictory to point out that Kebe's actions were motivated *both* by financial incentives and her desire intentionally to upset Plaintiff. (Kebe's Br. 5.)

[8] Kebe's argument that Kebe's profits are not relevant to punitive damages was not only waived but is contradicted by Georgia law. See *Scott v. Battle*, 548 S.E.2d 124, 128 (Ga. Ct. App. 2001) (affirming punitive damages award where it was "rationally related to the legitimate goal of depriving the tortfeasor of the profitability of his wrongdoing").

[9] Additionally, contrary to Kebe's argument otherwise, Plaintiff cited to legal authority in support of her request for this content. (Pls.' Br. p. 9.) Plaintiff is entitled to it pursuant to Rule 26, which provides that a party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also Rollins v. Cone Distrib., Inc.,* 710 F. App'x 814, 819 (11th Cir. 2017)

documents to both Request Nos. 1-2 have been allegedly produced.[10]

Kebe's additional argument that she has complied with Document Requests

Nos. 1 and 2 by providing all published and unpublished videos on November 23,

2020 is refuted by the evidence provided by Plaintiff. (Pls.' Br. p. 21-22.) During

meet and confers, Kebe's counsel stated that they would confirm whether all

videos had been produced from Kebe's Patreon account. (Pls.' Br. p. 21.)

However, Kebe's counsel failed to provide such confirmation. (*Id.*) When

Plaintiff's counsel sought to meet and confer with Kebe's counsel regarding the

videos, after Kebe made her supplemental production on November 23, 2020,

Kebe's attorneys refused to meet and confer. (Pls.' Br. pp. 21-22.) It is telling that

Mr. Sabbak's declaration provides no statement regarding the Patreon videos. Mr.

Sabbak clearly could not make such a representation because Kebe either refuses

to produce them, she has not looked for them, or Kebe's attorneys have not asked

her to produce them.[11] [12]  As such, Plaintiff is entitled to an order requiring Kebe to

search her records and produce all documents relevant to Demands to Plaintiff's

---

[10] Unpublished videos are clearly relevant under Rule 26, as they may contain
statements against interest or that are relevant to Kebe's intent and actual malice.

[11] Attorney Sabbak also provides no response to Plaintiff's counsel's two
declarations concerning Kebe's counsel's failure to meet and confer.

[12] Additionally, they could not all have been produced. This week Kebe posted a
new defamatory video about Plaintiff asserting that Plaintiff has STDs, which
Kebe has not supplemented as she is required to do.

Document Requests Nos. 1 and 2.[13]

### 4.      Communications Related to Published and Unpublished Content.

Kebe argues that all documents in response to Plaintiff's Document Request

No. 3 have been produced as of November 23, 2020, and for that reason Plaintiff's

motion should be denied. Kebe's claim is patently false. Kebe testified that she had

responsive communications in her possession *that she had not even searched for*.

(Pls.' Br. p. 22.) Kebe's November 23, 2020 supplemental production clearly did

not include the documents that Kebe admitted during her deposition a week later

that she had not produced. Kebe's refusal to address her admission during her

deposition that she admittedly failed to produce responsive documents she has in

her possession, custody and control is glaring. Kebe's admission also is dispositive

on this issue. Plaintiff is entitled to an order compelling Kebe to search for and

produce all relevant documents in response to Plaintiff's Document Request No. 3.

### D.    PLAINTIFF IS ENTITLED TO HER EXPENSES.

Kebe's arguments in opposing Plaintiff's request for her expenses related to

---

[13] Assuming *arguendo* that Kebe did in fact turn over all of her published and unpublished videos, including the Patreon videos, Plaintiff was justified in making this motion. After repeatedly saying they needed to confirm whether all videos had been produced, Kebe's counsel failed to respond to Plaintiff's email requesting confirmation and refused to meet and confer with Plaintiff's counsel regarding whether or not all videos had been produced, which necessitated this motion.

this motion are both inaccurate and unavailing. First, the Court did not issue a

December 7, 2020 deadline to file a motion to compel.[14] Rather, on December 1,

2020, the Court advised the parties that motions to compel could be filed "*on or*

*after* December 7, 2020." (Moore Decl. Ex. 3 (emphasis added). As such,

Plaintiff's motion was timely. The fact that Kebe filed her motion to compel first is

irrelevant to the timeliness or merit of Plaintiff's motion to compel. Second,

Kebe's statements regarding Plaintiff's Second Amended Complaint are both

irrelevant to this motion and incorrect. Plaintiff respectfully refers the Court to

Plaintiff's response to Kebe's Motion to Dismiss Plaintiff's Second Amended

Complaint regarding why her Second Amended Complaint was properly filed.

(ECF No. 105 at pp 14-20.) The Second Amended Complaint was filed with

Kebe's permission and it was necessary to add Kebe Studios LLC as a party as

Kebe did not divulge the existence of this entity until her deposition on November

19, 2020,[15] admitting the company was her alter ego and, as such was also liable

---

[14] If December 7 was the deadline to file motions to compel, which Plaintiff did not
believe based on the Court's correspondence, then Kebe is advocating for the
denial of her own motion to compel as she would have knowingly violated such a
directive by filing her motion to compel on December 21. (ECF No. 85.)

[15] Kebe also omitted reference to her company in her Certificate of Interested
Persons and Corporate Disclosure Statement filed on May 8, 2019 (ECF No. 6.)
and prior to her deposition produced no documents or interrogatory responses that
identified Kebe Studios LLC as a party. (ECF No. 105 at pp. 2-14.)

for the false statements published by Kebe concerning Plaintiff. (ECF No. 105 at pp 14-20.) *Finally*, Plaintiff <u>never</u> claimed that any of her discovery demands were irrelevant. Plaintiff stated that while the "overwhelming majority" of the deficiencies on Plaintiff's December 4, 2020 list remained un-cured, Plaintiff narrowed the issues to "only those that are <u>highly</u> relevant" in order to "conserve the resources of the parties and the Court." (Pls.' Br. p. 8, n. 4 (emphasis added).) This blatant and knowing misrepresentation by Kebe is further evidence why Plaintiff is entitled to her costs, including her reasonable attorneys' fees.

## II.    CONCLUSION

Plaintiff respectfully requests that the Court grant the motion to compel, order Kebe to produce the documents, and award Plaintiff her expenses incurred in obtaining this order pursuant to Rule 37(a)(5).

Dated: February 2, 2021                Respectfully submitted,

/s/ W. Andrew Pequignot
Lisa F. Moore (Bar No. 419633)
W. Andrew Pequignot (Bar No. 424546)
MOORE PEQUIGNOT LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia 30318
Telephone: (404) 748-9596
E-mail: lisa@themoorefirm.com
E-mail: andrew@themoorefirm.com

Sarah M. Matz (admitted *pro hac vice*)
Gary P. Adelman (admitted *pro hac vice*)

ADELMAN MATZ P.C.
1173A Second Avenue, Suite 153
New York, New York 10065
Telephone: (646) 650-2207
E-mail: sarah@adelmanmatz.com
E-mail: g@adelmanmatz.com

*Attorneys for Plaintiff*

**<u>CERTIFICATION AS TO FONT</u>**

In accordance with Local Rule 7.1(D), the undersigned certifies that the

foregoing document was prepared with Times New Roman 14, a font and point

selection approved by the Court in Local Rule 5.1(C).

/s/ W. Andrew Pequignot
W. Andrew Pequignot

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 2, 2021, I electronically filed the foregoing REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

/s/ W. Andrew Pequignot
W. Andrew Pequignot