# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

## 1:19-cv-01301-WMR
## Almanzar v. Kebe et al
## Honorable William M. Ray, II

Minute Sheet for proceedings held In Open Court on 02/03/2021.

TIME COURT COMMENCED: 1:35 P.M.
TIME COURT CONCLUDED: 5:35 P.M.
TIME IN COURT: 4:00
OFFICE LOCATION: Atlanta
COURT REPORTER: Andy Ashley
DEPUTY CLERK: Jennifer Lee

| | |
|---|---|
| ATTORNEY(S) PRESENT: | Sarah Matz representing Belcalis Marlenis Almanzar<br>Lisa Moore representing Belcalis Marlenis Almanzar<br>William Pequignot representing Belcalis Marlenis Almanzar<br>Olga Izmaylova representing Latasha Transrina Kebe<br>Sadeer Sabbak representing Latasha Transrina Kebe |
| PROCEEDING CATEGORY: | Motion Hearing(Motion Hearing Non-evidentiary); |
| MOTIONS RULED ON: | [80]Motion to Dismiss DENIED<br>[82]Motion to Compel GRANTED IN PART & DENIED IN PART<br>[84]Motion to Compel GRANTED IN PART & DENIED IN PART<br>[96]Motion to Compel GRANTED IN PART & DENIED IN PART<br>[107]Motion to Amend GRANTED |

MINUTE TEXT: The Court heard oral argument via Zoom. The Court DENIED the [80] Motion to Dismiss Kebe Studios LLC and GRANTED Plaintiffs' [107] Cross-Motion to Amend her Pleadings and Deem her Second Amended Complaint Filed, Nunc Pro Tunc. Kebe Studios LLC is ordered to file an Answer. If further discovery is needed concerning the LLC, the Court will consider a reasonable extension for this limited purpose.

The Court orders Plaintiff to supplement her responses to include not just herself individually but any agent she controls, who acts or purports to act on her behalf. Plaintiff must either provide the information required on the number of followers on the 3 specific dates requested or certify in writing that she attempted to do so in good faith and the information is unavailable. Plaintiff is not required to further supplement the interrogatories to provide information/evidence of lost earnings, as that form of recovery was previously disclaimed by Plaintiff. Concerning interrogatory seven produced by Defendant, Defendant must supply to Plaintiff a list of other people who have not already been named by Plaintiff that she seeks information from, and Plaintiff will then be required to detail what those people have knowledge of/if they do. For interrogatory 10 produced by Defendant, Plaintiff must supplement her response to include any information about who Plaintiff spoke to about Defendant Kebe specifically and disclose that information in the response. Within 7 days from this hearing, Defendant must supplement her documents with unredacted medical records and unredacted medical bills. Defendant must produce all information about her advertising revenue that Plaintiff seeks, subject to confidentiality. Defendant must supplement her responses for other evidence of published and unpublished content evidencing defamation; Defendant must certify that all has been produced and file a renewed certification every 60 days up until trial. Plaintiff has 60 days to hire a forensic expert to search Defendant's electronics for communications related to the content. The terms of the search must be consented to; if not, the Court will choose search queries.

Plaintiff must bear the costs, unless there is evidence that Defendant did not produce all that it should have- then, the Court can decide whether to shift costs. Plaintiff is required to bring her tax returns to trial for 2018 through the trial date. Defendant is allowed access to an Instagram download related to specific individuals that she says harassed her. If parties cannot agree on these search terms, each side will submit their preferred search terms and the Court will decide. Experts must agree to be confidential. Defendant is to bear the costs, unless it is discovered that Plaintiff failed to produce this information- then, the Court can decide whether to shift costs.

The Court ruled it will not grant attorney's fees to either side and encourages mediation discussions. No written order to follow.

**HEARING STATUS:** Hearing Concluded