# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| BELCALIS MARLENIS ALMANZAR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. |
| v. | * | 1:19-cv-01301-WMR |
| | * | |
| LATASHA TRANSRINA KEBE et al., | * | |
| | * | |
| Defendants. | * | |

### BRIEF IN SUPPORT OF DEFENDANT KEBE'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND TO DEEM HER RESPONSE OPPOSING SUMMARY JUDGMENT TIMELY FILED, *NUNC PRO TUNC*

Ms. Kebe respectfully submits this Brief in Support of her Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment and to Deem Her Response Opposing Summary Judgment Timely Filed, *Nunc Pro Tunc* (hereinafter referred to as "Motion for Extension of Time"), together with the Affidavit of Olga Izmaylova (attached hereto and incorporated herein as Exhibit 1) and the Affidavit of Sadeer Sabbak (attached hereto and incorporated herein as Exhibit 2). The Affidavits of Undersigned Counsel contain more detailed recitations of facts, which are fully incorporated herein. (*See generally* Exhibit 1 and Exhibit 2).

1

## RELEVANT FACTS AND PROCEDURAL HISTORY

1. On December 30, 2020, Plaintiff filed a Motion for Summary Judgment, not only seeking partial summary judgment on her claims in Counts I, III, and V, but also asking for summary judgment on each of Ms. Kebe's Counterclaims. (ECF No. 92).

2. To substantiate her request for summary judgment, Plaintiff filed 272 pages of supporting documents, including a Memorandum of Law, Statement of Material Facts, a couple of Declarations, and numerous Exhibits. Additionally, Plaintiff filed three deposition transcripts, totaling 840 pages, and manually submitted 18.08 hours of video footage. (*See* Exhibit 1 ¶ 6; Exhibit 2 ¶ 6).

3. Pursuant to L.R. 7.1(B), Ms. Kebe's response to Plaintiff's Motion for Summary Judgment was due on January 20, 2021.

4. On January 12, 2021, Undersigned Counsel emailed Plaintiff's Counsel, requesting their consent to extend Ms. Kebe's deadline for responding to Plaintiff's Motion for Summary Judgment. (Exhibit 2 ¶ 8).

5. In a response email sent on January 13, 2021, Plaintiff's counsel declined to grant Ms. Kebe's requested extension. (Exhibit 2 ¶ 8).

6. On January 17, 2021, Ms. Kebe filed a Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment for the Court's consideration. (ECF No. 108).

7. On January 18, 2021, Plaintiff filed her Opposition to Defendant Kebe's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment. (ECF No. 110).

8. On January 19, 2021, this Court entered an Order granting Ms. Kebe an extension to file a response to Plaintiff's Motion for Summary Judgment until Friday, January 22, 2021. (ECF No. 113).

9. On January 19, 2021, Undersigned Counsel notified the Court, via email to Ms. Lundy, that Ms. Kebe's Response to Plaintiff's Motion for Summary Judgment would be submitted on Friday, January 22, 2021. (Exhibit 1 ¶ 12).

10. Unfortunately, Undersigned Counsel were still preparing Ms. Kebe's response to Plaintiff's Motion for Summary Judgment and were not able file it by the prescribed deadline because it was incomplete. (*See* Exhibit 1 ¶ 14; Exhibit 2 ¶ 14).

11. Ms. Kebe's comprehensive response to Plaintiff's Motion for Summary Judgment, and all the supporting materials, was finally submitted to the Court at 4:15 a.m. on Monday, January 25, 2021. (ECF No. 115-120).

12. Ms. Kebe's filings included a Response to Plaintiff's Motion, a Brief Opposing Plaintiff's Motion for Summary Judgment, a Response to Plaintiff's Statement of Material Facts, and a Statement of Additional Material Facts, totaling ninety-five pages. Ms. Kebe also submitted eighty-one pages of excerpts from deposition transcripts and 110 pages of competent, admissible documentary evidence, which was previously produced to Plaintiff in discovery. Lastly, Ms. Kebe manually submitted sixteen videos (containing a total of seven hours of footage), which were copied onto three discs and mailed to the Court. (*See* Exhibit 1 ¶ 20; Exhibit 2 ¶ 20).

13. Plaintiff was granted access to Ms. Kebe's manual filings via secured link that was emailed to Plaintiff's counsel at 5:05 a.m. on Monday, January 25, 2021. (Exhibit 2 ¶ 20).

14. Both of Ms. Kebe's Attorneys detailed, under oath, that despite their most diligent efforts, Ms. Kebe's response to Plaintiff's Motion for Summary Judgment was filed two days late because they completely miscalculated the myriad of issues that needed to be addressed and the considerable length of time it would take to formulate a comprehensive response to Plaintiff's Summary Judgment Motion and to organize all the supporting materials. (*See* Exhibit 1 ¶¶ 12-19; Exhibit 2 ¶¶ 12-19).

15. On February 8, 2021, Plaintiff filed a Reply Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment Against Defendant Kebe; a Reply Statement of Material Facts; and a Response to Kebe's Additional Material Facts. (ECF No. 129, 129-1, 129-2).

## LEGAL STANDARD

It is well established that district courts have the power to manage their own docket. *Austin v. Global Connection,* 2008 WL 5237158 at *3 (11th Cir. 2008). When a party has failed to act within a specified time, "[t]he court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 391 (1993); *McDuffie v. Broward Cnty.,* 654 Fed. App'x. 408, 412 (11th Cir. 2016); *McLaughlin v. City of LaGrange,* 662 F.2d 1385, 1387 (11th Cir. 1981).

"Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer* at 392; *Pharmerica, Inc. v. Healthprime, Inc.,* 2009 WL 10697376 at *4 (N.D. Ga. 2009). The determination of excusable neglect is "[a]t bottom an equitable one,

taking account of all relevant circumstances surrounding the party's omission." *Pioneer* at 395.

These relevant circumstances include "[t]he danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer* at 395*; Pharmerica, Inc.* at *4. The first two of these factors weight heavily. *Pioneer* at 398; *Pharmerica, Inc.* at *4.

## ARGUMENT

**A. Plaintiff Was Not Prejudiced By Ms. Kebe's Delay**

Plaintiff does not assert, nor is there any evidence to conclude, that she was prejudiced by Ms. Kebe's delay in filing her response to Plaintiff's Motion for Summary Judgment two days late. (*See* ECF No. 115-120). In fact, fourteen days after Ms. Kebe filed her Response, Plaintiff filed a Reply Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment Against Defendant Kebe; a Reply Statement of Material Facts; and a Response to Kebe's Additional Material Facts. (ECF No. 129, 129-1, 129-2). The mere fact that Plaintiff was able to timely file a Reply to Ms. Kebe's Response is further evidence that Plaintiff was not prejudiced.

6

In her Reply Memorandum, Plaintiff asks the Court to disregard Ms. Kebe's response as untimely filed; however, Plaintiff fails to allege that she was, or will be in the future, prejudiced by Ms. Kebe's delayed filing. (*See* ECF No. 129). Plaintiff's argument, urging the Court to completely disregard Ms. Kebe's untimely response goes on for five whole pages. Yet, Plaintiff never mentions excusable neglect, or the four factors courts consider when establishing excusable neglect, as set forth by the United State Supreme Court in *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380 (1993). The lack of any prejudice to Plaintiff weighs strongly in favor of Ms. Kebe. *See Pioneer* at 398; *Pharmerica, Inc.* at *4.

**B. Ms. Kebe's Two-Day Delay Did Not Result In Any Adverse Impact On The Court or Its Proceedings**

In the instant case, this Court ordered for Ms. Kebe to response to Plaintiff's Motion for Summary Judgment by 11:59 p.m. on Friday, January 22, 2021. (ECF No. 113). Despite the Court's Order, Ms. Kebe's response was submitted to the Court at 4:15 a.m. on Monday, January 25, 2021. (ECF No. 115-120). Ms. Kebe fully understands and agrees that "[d]eadlines are not meant to be aspirational . . . ." *Young v. City of Palm Bay, Fla.,* 358 F.3d 859, 864 (11th Cir. 2004). However, unlike Plaintiff's counsel in the *Young* case, for whom the district court granted four separate motions for extension of time, Ms. Kebe's response was filed two days after it was due. Additionally, the two days that constitute the duration of Ms. Kebe's

7

delay were Saturday, January 23, 2021 and Sunday, January 24, 2021. (*See* Exhibit 1 ¶ 17; Exhibit 2 ¶ 17).

In fact, because the Court was closed, and could not conduct any judicial proceedings, for the duration of Ms. Kebe's delay, there was no adverse impact on the Court. Furthermore, a hearing date for Plaintiff's Summary Judgment Motion has not yet been scheduled and, because Ms. Kebe filed her response on January 25, 2021 (ECF No. 115-120), and Plaintiff was able to timely file a Reply Memorandum (ECF No. 129), there is no legitimate reason to believe that this Court will ever experience an adverse impact resulting from Ms. Kebe's delay.

## C. Ms. Kebe's Two-Day Delay Was Caused By An Inadvertent Mistake Of Defense Counsel

The delay in filing Ms. Kebe's response to Plaintiff's Motion for Summary Judgment was the fault of Ms. Kebe's Counsel, both of whom filed sworn Affidavits in support of the instant motion. (*See* Exhibit 1; Exhibit 2). Although Ms. Kebe's Counsel were diligently preparing Ms. Kebe's response and gathering all the necessary supporting materials, they "completely underestimated the myriad of issues in Plaintiff's Motion for Summary Judgment that still needed to be addressed and the considerable length of time it would take to formulate a comprehensive response and to organize all the supporting materials." (Exhibit 1 ¶ 13; Exhibit 2 ¶ 13).

There is no excuse for failing to comply with the Court's Order; however, Ms. Kebe's delay was not caused by intentional disregard of this Court's orders, indifference toward this Court's docket, or any acts of bad faith. (*See* Exhibit 1 ¶ 18; Exhibit 2 ¶ 18). In fact, Defense Counsels' immediate acknowledgement of fault and effective strategy to minimize potential negative consequences caused by their mistake corroborates that Defense Counsels' mistake was inadvertent, accidental, and has an innocent basis.

**D. Defense Counsel Did Not Act With Bad Faith**

Based on the sworn facts contained in Defense Counsels' Affidavits (*see* Exhibit 1; Exhibit 2), and the totality of the circumstances, it is evident that Defense Counsels' mistake was in good faith. Especially because, if there was even an inkling of evidence that Defense Counsel acted in bad faith, Ms. Kebe (their client) would be the most negatively impacted party.

Both Defense Counsel, in their respective Affidavits, explained exactly what happened that led to a two-day delay in filing Ms. Kebe's Response to Plaintiff's Motion for Summary Judgment. (*See* Exhibit 1; Exhibit 2). For Defense Counsels' actions to have been intentional or motivated by bad faith is completely illogical. Defense Counsel, alongside Ms. Kebe, have been involved in the instant civil action for almost two years and, for the majority of that time, they were in the discovery

phase. It makes absolutely no sense for Defense Counsel to jeopardize Ms. Kebe's claims and risk an adverse ruling from the Court regarding Summary Judgment, which would be dispositive at this stage in the litigation. And there is no evidence to indicate that Defense Counsels' actions were motivated by bad faith.

It is apparent from the facts in the Affidavits that Ms. Kebe is always their first consideration. Prior to making any decisions or agreeing on a plan of action, Defense Counsel always discuss the potential impact their actions will have on Ms. Kebe. (*See, e.g.,* Exhibit 1 ¶¶ 7-9, 11, 14-16, 19; Exhibit 2 ¶¶ 7-9, 11, 14-16, 19). Lastly, intentionally missing a filing deadline brings absolutely no benefit to Defense Counsel, Ms. Kebe, or the pending claims; it only creates additional work and the potential for adverse rulings and negative consequences.

## CONCLUSION

Ms. Kebe's two-day delay in responding to Plaintiff's Motion for Summary Judgment did not result in prejudice to the Plaintiff; did not adversely impact the Court or the Court's proceedings; was caused by an inadvertent mistake of Defense Counsel, both of whom were acting in good faith. Consequently, the totality of the circumstances warrants a finding of excusable neglect. Moreover, the excusable neglect doctrine exists to prevent victories by default because cases should be decided on their merits and not on technicalities.

Therefore, the Court should grant Ms. Kebe's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment and to Deem Her Response Opposing Summary Judgment Timely Filed, *Nunc Pro Tunc.* Furthermore, the Court should

## **CERTIFICATION AS TO FONT**

In accordance with Local Rule 7.1(D), the undersigned certifies that the foregoing document was prepared with Times New Roman 14 point, a font and point selection approved by the Court in Local Rule 5.1(C).

Respectfully submitted this 11th day of February, 2021.

*/s/Olga Izmaylova*
olga@silawatl.com
Georgia State Bar No. 666858


*/s/Sadeer Sabbak*
ssabbak@silawatl.com
Georgia State Bar No. 918493

SABBAK & IZMAYLOVA, P.C.     *Attorneys for Latasha Kebe*
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911

11