

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| BELCALIS MARLENIS ALMANZAR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. |
| v. | * | 1:19-cv-01301-WMR |
| | * | |
| LATASHA TRANSRINA KEBE et al., | * | |
| | * | |
| Defendants. | * | |

## AFFIDAVIT OF SADEER SABBAK IN SUPPORT OF DEFENDANT KEBE'S MOTION FOR EXTENSION OF TIME, *NUNC PRO TUNC*

State of Georgia
County of Fulton

Before the undersigned officer duly authorized to administer oaths, personally appeared, SADEER SABBAK, who after being duly sworn, deposed and stated as follows:

1.

I am a member in good standing of the State Bar of Georgia, and I am Counsel for Ms. Kebe, a defendant in the above-styled civil action.

2.

I am over the age of 18 and I have personal knowledge of the facts stated herein.

1

3.

My co-counsel (Olga Izmaylova) and I filed Defendant Kebe's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment and to Deem Her Response Opposing Summary Judgment Timely Filed, *Nunc Pro Tunc* and Brief in Support Thereof. I am executing this Affidavit in support of said Motion.

4.

On December 22, 2020, the parties were notified that Ms. Kebe's Motion to Dismiss Kebe Studios LLC as an Impermissibly Added Co-Defendant (ECF No. 80); Ms. Kebe's Motion to Compel Full and Complete Responses to Interrogatories (ECF No. 82); and Ms. Kebe's Motion to Compel Full and Complete Responses, and Production, to Requests for Production (ECF No. 84) were scheduled for a hearing on February 3, 2021. (ECF No. 87).

5.

On December 30, 2020, Plaintiff filed a Motion for Summary Judgment, not only seeking partial summary judgment on her claims in Counts I, III, and V, but also asking for summary judgment on each of Ms. Kebe's Counterclaims. (ECF No. 92). Pursuant to L.R. 7.1(B), Ms. Kebe's response to Plaintiff's Motion was due on January 20, 2021.

6.

To substantiate her request for summary judgment, Plaintiff filed 272 pages of supporting documents, including a Memorandum of Law, Statement of Material Facts, a couple of Declarations, and numerous Exhibits. Additionally, Plaintiff filed three deposition transcripts (totaling 840 pages) and manually submitted 18.08 hours of video footage.

7.

Considering the volume of supporting materials for Plaintiff's summary judgment motion; Plaintiff's substantial, outstanding discovery deficiencies; the obligation placed on Ms. Kebe to provide competent evidence for every material element of her counterclaims to survive summary judgment; and the fact that once Ms. Kebe responds to Plaintiff's Summary Judgment Motion, she will not be permitted to file supplemental briefs or materials, Ms. Izmaylova and I concluded that both parties would benefit from resolving their pending discovery disputes before proceeding to summary judgment motions.

8.

On January 12, 2021, I emailed Plaintiff's counsel, requesting their consent to extend Ms. Kebe's summary judgment response deadline. Unfortunately, Plaintiff's

counsel declined to grant Ms. Kebe the requested extension in a response email sent on January 13, 2021.

9.

Since October 27, 2020, when the last Order Granting an Extension of All Deadlines was filed, and the Court advised all counsel to make this case their priority (ECF No. 57), Ms. Izmaylova and I heeded the Court's Order and devoted all of our time and attention to this case. Over the last couple of months, especially when filing and responding to various motions, the majority of our time has been spent working on this case.

10.

Much like we have done for all of Plaintiff's other motions, Ms. Izmaylova and I were diligently working on Ms. Kebe's response to Plaintiff's Motion for Summary Judgment. Nevertheless, Ms. Izmaylova and I insisted that both parties would greatly benefit from resolving the pending discovery disputes before moving on to summary judgment.

11.

On January 17, 2021, we filed Defendant Kebe's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment. (ECF No. 108). We did not file this motion to prejudice the Plaintiff, to delay the proceedings, or for any

other improper purpose. Ms. Kebe's motions to compel discovery would not be resolved prior to her response deadline and, in addition to filing documents, Ms. Kebe must present competent evidence that supports all the material elements of her counterclaims in order to survive summary judgment. Once Ms. Kebe submits her responsive materials, the Local Rules prevent her from supplementing her response.

Even if the Court ended up ordering Plaintiff to produce additional discovery, Ms. Kebe would not be able to present any newly obtained evidence to prove that there are genuine disputes of material facts pertaining to her counterclaims. Therefore, it was in Ms. Kebe's best interest to respond to Plaintiff's Motion for Summary Judgment after her pending discovery motions were resolved, which is the reason we filed a Motion for Extension of Time.

12.

On January 19, 2021, the Court entered an Order granting Ms. Kebe an extension to file a response to Plaintiff's Motion for Summary Judgment until Friday, January 22, 2021. (ECF No. 113). That same day, Ms. Izmaylova emailed Ms. Lundy to let her know that Ms. Kebe's Response to Plaintiff's Motion for Summary Judgment would be submitted on Friday, January 22, 2021. Ms. Izmaylova sent Ms. Lundy that email because her and I had been diligently working on preparing Ms. Kebe's response and gathering all the necessary supporting

materials. Ms. Izmaylova genuinely believed that we would have no issues with preparing and filing Ms. Kebe's response by 11:59 p.m. on Friday, January 22, 2021.

13.

For the remainder of that week, Ms. Izmaylova and I blocked off our schedules and worked exclusively on Ms. Kebe's response to Plaintiff's Motion for Summary Judgment. Unfortunately, we completely underestimated the myriad of issues in Plaintiff's Motion for Summary Judgment that still needed to be addressed and the considerable length of time it would take to formulate a comprehensive response and to organize all the supporting materials.

14.

At 11:59 p.m. on Friday, January 22, 2021, Ms. Izmaylova and I were still in the process of preparing Ms. Kebe's response and were not able to file it by the prescribed deadline because it was incomplete. Filing an incomplete response, which Ms. Kebe is prohibited from supplementing, would have been utterly futile and seemingly fatal to Ms. Kebe's counterclaims and defenses in the instant case.

15.

Due to the fact that it was past midnight on a weekend, and the Court would be closed until Monday, Ms. Izmaylova and I agreed to continue working on Ms. Kebe's response, so we could file it as rapidly as possible. After a brief discussion,

we decided that we were on track to finish and submit Ms. Kebe's comprehensive response to Plaintiff's Motion for Summary Judgment, along with all the supporting materials, by the end of the weekend. Thereby minimizing the delay in Ms. Kebe's response, prejudice to the Plaintiff, and potential impact on the judicial proceedings.

16.

Ms. Izmaylova and I agreed that, in light of all the work we had already completed, it would be unreasonable for us not to finish and submit Ms. Kebe's response. Besides, the Court would not be available to consider any motions regarding our unexpected dilemma for at least another two days and we were apprehensive of any extraneous delay that could impact upcoming judicial proceedings and prejudice the Plaintiff. Also, an adverse ruling from the Court regarding Summary Judgment would most likely be dispositive of Ms. Kebe's pending counterclaims. Consequently, Ms. Izmaylova and I chose the option that was least detrimental to our client, so we continued to prepare Ms. Kebe's response for submission to the Court.

17.

Ms. Izmaylova and I worked unceasingly on Ms. Kebe's response all of Saturday, January 23, 2021, and Sunday, January 24, 2021. We did not leave our office until Ms. Kebe's comprehensive response to Plaintiff's Motion for Summary

Judgment, and all the supporting materials, were filed with the Court at 4:15 a.m. on Monday, January 25, 2021. (ECF No. 115-120). Essentially, Ms. Kebe's response was due at 11:59 p.m. on Friday, January 22, 2021, and it was submitted to the Court at 4:15 a.m. on Monday, January 25, 2021.

18.

I fully acknowledge that Ms. Kebe's response was submitted after the deadline prescribed by this Court. However, it bears reiterating that Ms. Kebe's delay did not result from Defense Counsels' intentional disregard of this Court's orders, indifference toward this Court's docket, or any acts of bad faith. Ms. Izmaylova and I made a mistake when we concluded that we could finish and file Ms. Kebe's comprehensive response opposing summary judgment by 11:59 p.m. on Friday, January 22, 2021.

19.

In an attempt to cure our mistake, Ms. Izmaylova and I worked through the whole weekend, without leaving our office, until we submitted Ms. Kebe's comprehensive response, along with all the supporting materials, to the Court. Our miscalculation regarding the amount of time we needed to fully prepare and submit the response was the sole cause for the delayed filing of Ms. Kebe's response to Plaintiff's Motion for Summary Judgment. If Ms. Izmaylova or I had detected our

impending catastrophe, while the Court was still available, we certainly would have tried to solve it at once, instead of potentially jeopardizing Ms. Kebe's claims and defenses.

20.

As filed, Ms. Kebe's Response to Plaintiff's Motion for Summary Judgment, the Brief Opposing Plaintiff's Motion, the Response to Plaintiff's Statement of Material Facts, and the Statement of Additional Material Facts consists of ninety-five pages. Ms. Kebe also submitted eighty-one pages of excerpts from deposition testimony and 110 pages of competent, admissible documentary evidence, which was previously produced to Plaintiff in discovery. Lastly, Ms. Kebe manually submitted sixteen videos (containing a total of seven hours of footage), which were copied onto three discs and mailed to the Court. Plaintiff was granted access to Ms. Kebe's manual filings via secured link that I emailed to Plaintiff's counsel at 5:05 a.m. on Monday, January 25, 2021.

21.

I respectfully request that this Court considers that Ms. Kebe has been involved in this litigation for almost two years, has fully and successfully participated in the discovery phase, and has submitted a thorough and comprehensive response (supported by competent, admissible evidence) showing

that there are genuine disputes of material fact and that the Court should deny Plaintiff's Motion for Summary Judgment. Additionally, I respectfully request that this Court takes into account the sworn statements in this Affidavit (as well as the Affidavit of Ms. Izmaylova) as undisputed evidence that the two-day delay in filing Ms. Kebe's response to Plaintiff's Motion to Suppress was the result of excusable neglect.

22.

Upon a thorough review of Ms. Kebe's Motion for Extension of Time, *Nunc Pro Tunc*, and all the attached supporting documents, this Court can confidently rule that Ms. Kebe's delayed response did not result in any prejudice to Plaintiff; did not have an impact on the judicial proceedings because the Court was closed for the duration of Ms. Kebe's two-day delay; that Ms. Kebe and her Counsel acted in good faith; that the delay was a result of excusable neglect; and that Ms. Kebe's Response Opposing Summary Judgment, filed on January 25, 2021, is deemed as timely filed, *Nunc Pro Tunc*.

FURTHER AFFIANT SAITH NOT.

Executed this 11th day of February, 2021.

*Sadeer Sabbak*
Sadeer Sabbak, Esq.

Sworn to and subscribed before me
me this 11th day of February, 2021

*Olga Izmay*
NOTARY PUBLIC
My Commission Expires: 5/9/2021

[Notary Seal: OLGA IZMAYLOVA, FULTON COUNTY, GEORGIA, MY COMMISSION EXPIRES MAY 09, 2021]

11