UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMÁNZAR,<br><br>        Plaintiff,<br>v.<br><br>LATASHA TRANSRINA KEBE and KEBE STUDIOS LLC,<br>        Defendants. | Case No. 1:19-cv-01301-WMR |

**RESPONSE TO KEBE'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff respectfully submits this response to Kebe's motion for an extension of time to respond to Plaintiff's motion for summary judgment and to deem her response opposing summary judgment timely filed *nunc pro tunc* (ECF No. 133). For the reasons set forth below, Kebe's motion should be denied.

**I. BACKGROUND**

Plaintiff timely filed her motion for summary judgment on December 30, 2020 in accordance with the governing scheduling order. (ECF Nos. 47 & 57.) The timing of this deadline was a burden on Plaintiff's counsel because both law firms representing Plaintiff were closed during the holidays and thus were understaffed. (ECF No. 89 ¶ 6.) Nevertheless, the Court had already made clear it would not

further extend the deadlines set forth in the scheduling order, so Plaintiff's counsel worked through the holidays to meet the Court's deadline. (ECF No. 57.)

Kebe's response to Plaintiff's motion for summary judgment was thus due on Wednesday, January 20, 2021. *See* L.R. 7.1(B). On Sunday, January 17 at 11:17 PM, just days before her response was due, Kebe filed a motion for an extension of time to respond to Plaintiff's motion for summary judgment contingent on the Court's resolution of Kebe's pending motions to compel discovery (which had been filed a month earlier, on December 21, 2020). (ECF No. 108.) Neither Kebe's motion nor her request for consent to an extension from Plaintiff's counsel mentioned the need for additional time to prepare a response. (*Id.*) Rather, the only basis provided by Kebe in support of her request for an extension was that the pending motions to compel should be resolved before she was required to file her summary judgment response. (*Id.*) Plaintiff's counsel prepared and filed a response to Kebe's motion for extension the next day, on the Martin Luther King Jr. holiday (the Court was closed), pointing out that Kebe had failed to meet her burden under Federal Rule of Civil Procedure 56(d). (ECF No. 110.)

On January 19, 2021, the Court's judicial assistant Ms. Sherri Lundy informed the parties that the Court was not likely to grant the extension requested by Kebe, aptly noting it was not reasonable for Kebe to have filed the motion three

days before her response was due. (ECF No. 130-1 (Declaration of W. Andrew Pequignot dated February 8, 2021 ¶ 2, Ex. A).) Ms. Lundy went on to note that "to the extent the parties would like an additional two days to respond, which is the same amount of time that the motion has been pending before the Judge, he will grant the extension until end of day on *Friday, January 22, 2021* . . . ." (*Id.* (emphasis added).) Kebe's counsel accepted the Court's offer to extend the deadline on these terms and confirmed: "***We will prepare and file Ms. Kebe's response to the Motion for Summary Judgement on Friday, January 22, 2021***." (*Id.* (emphasis added).)

     Despite the written representations made to the Court by Kebe's counsel, a response was not filed on Friday, January 22. It was not until *three days later*, on *Monday, January 25*, that Kebe filed her responsive pleadings, including a response brief, a response to Plaintiff's statement of material facts, and a statement of additional material facts.[1] (ECF No. 115.) Kebe did not at the time seek leave to file an untimely response or provide any explanation whatsoever for the late filing. Conspicuously, her response did not even make note of the fact that it was being filed late.

---

[1] Kebe's motion repeatedly and incorrectly states that Kebe's responsive pleadings were filed two days late. The deadline was January 22 and they filed on January 25, three days late.

Two and a half weeks later, on February 11, Kebe filed this second motion for an extension seeking an extension, in this case *nunc pro tunc*. (ECF No. 133.) According to Kebe's counsel, between January 19 (when they confirmed they would meet the extended deadline) and January 22 (the extended deadline), they realized they would be unable to finish the response on time. (Affidavit of O. Izmaylova, ECF No. 133-2, and Affidavit of Sadeer Sabbak, ECF No. 133-3 (together, the "Affidavits") ¶¶ 12-14.) They stated: "Our miscalculation regarding the amount of time we needed to fully prepare and submit the response was the *sole cause* for the delayed filing of Ms. Kebe's response to Plaintiff's Motion for Summary Judgment." (*Id.* ¶ 19 (emphasis added).) That "miscalculation" by their own admission did not occur until, at the earliest, three days before the extended deadline and only one day before the original deadline for their response, meaning they did not review Plaintiff's motion and supporting materials in any detail until that week even though it had been filed on December 30, 2020.

## II.   ARGUMENT

A.   **Kebe Has Not Demonstrated Excusable Neglect.**

Rule 6(b)(1)(B) provides that a court may extend a deadline after it has expired only "if the party failed to act because of *excusable neglect*." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added). In *Pioneer Investment Services Company v.*

*Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), the Supreme Court addressed the meaning of "excusable neglect."[2] The Court described the type of neglect that could meet the standard:

> At one end of the spectrum, a party may be prevented from complying by forces beyond its control, such as by an act of God or unforeseeable human intervention. At the other, a party simply may choose to flout a deadline. In between lie cases where a party may *choose* to miss a deadline although for a very good reason, such as to render first aid to an accident victim discovered on the way to the courthouse, as well as cases where a party misses a deadline through inadvertence, miscalculation, or negligence.

*Id.* at 387-88. If the actions of Kebe's counsel constitute "neglect," then the question becomes whether their actions were "excusable." *In re Bhandari*, 161 B.R. 315, 318 (Bankr. N.D. Ga. 1993) ("Once 'neglect' is shown, the [*Pioneer* decision] concluded that an equitably based inquiry . . . is necessary to determine whether it was 'excusable.'"). The Court approved a number of equitable factors that lower courts should consider such as "the reason for the delay" and "whether it was within the reasonable control of the movant" and "whether the movant acted in

---

[2] The *Pioneer* decision examined "excusable neglect" in the context of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure. However, the Court noted that the standard was analogous to the use of the term in Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure and similar rules. *Pioneer*, 507 U.S. at 391-92; *see also Mathis v. Adams*, 577 F. App'x 966, 967-68 (11th Cir. 2014) (citing the *Pioneer* factors and finding district court did not abuse its discretion in striking untimely filing under Rule 6(b)(1)(B)).

good faith." *Id.* at 395. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . . ." *Id.* at 391.

### 1. The Actions of Kebe's Counsel Do Not Constitute "Neglect" Within the Meaning of Rule 6(b)(1)(B).

The failure of Kebe's counsel to comply with the Court's deadline was not "inadvertent" or "accidental." (Br. 8-9.) It did not involve the miscalculation of the deadline or a docketing mistake. They were well aware of the deadline. Indeed, they had already sought and were granted an extension of the previous deadline (but not on the basis that they needed more time to respond) and confirmed to the Court just *three days earlier* that they would meet the extended deadline of February 22. They then made a deliberate and calculated choice to disregard the deadline to buy themselves more time to prepare a response. Their actions are not "neglect" as contemplated by Rule 6(b)(1)(B). *See Stringfellow v. Brown*, 105 F.3d 670 (10th Cir. Jan. 10, 1997) (finding no "neglect" where "plaintiff's attorney received the motion and knew of the need to respond, but simply disregarded the deadline based on the volume of evidence to be reviewed and his workload"); *see also Matter of Cent. Equip. & Serv. Co.*, 61 B.R. 986, 988 (Bankr. N.D. Ga. 1986) (finding no "neglect" where movants made the deliberate decision not to file on time); *Banco Latino Int'l v. Gomez-Lopez*, 310 B.R. 780, 785 (S.D. Fla. 2004) ("[T]he law since the *Pioneer* decision has been well established that where a

6

party's actions are deliberate, the party's late filing cannot constitute 'excusable neglect.'") (quotation marks and citations omitted), *aff'd*, 404 F.3d 1295 (11th Cir. 2005) (per curiam).

## 2. The Actions of Kebe's Counsel Also Are Not "Excusable."

"[T]he starting point and common denominator (indeed, the *sine qua non*) in every case employing an analysis of excusable neglect is an explanation of the reason for the delay." *Demint v. NationsBank Corp.*, 208 F.R.D. 639, 642 (M.D. Fla. 2002) (excusable neglect not satisfied); *see also Nat'l Fire & Marine Ins. Co. v. Wells*, 301 F. Supp. 3d 1082, 1094 (N.D. Ala. 2018) ("The reason for delay remains critical to the inquiry regarding whether an attorney's failures constitute excusable neglect.") (denying request to file untimely response to summary judgment motion). The only reason provided by Kebe's counsel for disregarding the deadline was their "miscalculation regarding the amount of time [they] needed to fully prepare and submit the response." (Affidavits ¶ 19.) This is not an adequate excuse for their actions. If Kebe's counsel had started reviewing and preparing their response promptly after Plaintiff filed her motion, they would have had ample time to file their response by the deadline. Instead, they made a gamble that the Court would grant Kebe a five-week (or longer) extension and allow them to file

the response after the resolution of the motions to compel. And they waited until mere days before the deadline to seek this extension.

They make much of the fact that Plaintiff's evidentiary support for her motion was significant and required ample time for a response. (Affidavits ¶ 6.) But if Kebe's counsel had reviewed Plaintiff's motion and supporting materials on or around December 30, 2020 when the motion was filed, they would have recognized that far sooner. Notably, however, when they previously sought an extension from the Court of the deadline to respond, *they made no mention of the need for additional time to respond to Plaintiff's evidence*. When the Court granted an extension until January 22, 2021 and Kebe's counsel confirmed they would meet the extended deadline, they admittedly believed they "would have no issues with preparing and filing Ms. Kebe's response by 11:59 p.m. on Friday, January 22, 2021." (*Id.* ¶ 12.) They claim to have only realized their "miscalculation" over the next three days, and presumably at some point on Friday because they claim the realization occurred too late to seek relief from the Court. (*Id.* ¶ 19.)

The actions they have described simply are not consistent with the exercise of diligence. If they had been truly "diligently working on preparing Ms. Kebe's response and gathering all the necessary supporting materials" (*id.* ¶ 12) over the prior month since Plaintiff's motion was filed, they would have realized long

8

before the deadline that they needed additional time to respond and could have made an appropriate showing to the Court at the appropriate time. The timeline of events they describe suggests that they did not even review Plaintiff's motion and supporting materials in any detail until the very week the response was due and after they represented to the Court that they would file their response by the extended deadline. That simply is not reasonable.

Indeed, the explanation provided by Kebe's counsel is the equivalent of arguing that they were too busy to file the response by the deadline. Courts in the Eleventh Circuit have routinely rejected this as an "excusable" reason for disregarding a deadline. *See, e.g.*, *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir.1981) ("The fact that counsel has a busy practice does not establish 'excusable neglect' under Rule 6(b)(2).") (citation omitted), *cert. denied*, 456 U.S. 979 (1982); *Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1569 (11th Cir. 1987) (quoting *McLaughlin* and noting this rule is "well established"); *Fey v. Panacea Mgmt. Grp. LLC*, 261 F. Supp. 3d 1297, 1307 (N.D. Ga. 2017) ("The proffered reasons for his delay—understaffing and a 'busy docket'—are insufficient.") (citations omitted); *McFadden v. Logan*, No. 12-0680-WS-B, at 2 n.3 (S.D. Ala. Dec. 17, 2012) ("Several circuits have affirmed post-*Pioneer* that a lawyer's busy schedule does not constitute excusable neglect.") (citing cases).

Kebe's motion focuses extensively on the purported lack of prejudice and delay resulting from her untimely response. (Br. 6-8.) Plaintiff would be harmed if Kebe were permitted to file her response late without consequence while Plaintiff was forced to prepare and file her motion over the holidays and while the law firms representing her were closed. (*Supra* pp. 1-2.) And the Court's consideration of Plaintiff's motion has been delayed now by several weeks given that Kebe's counsel did not disclose that their brief was late when finally filed three days after the deadline nor did they contemporaneously file a motion for leave to file their untimely response; rather, they waited *seventeen days* after filing their untimely response to file their second motion for an extension of time.[3]

Regardless, while prejudice and delay are factors the Court can consider when evaluating whether there has been excusable neglect, absence of prejudice or delay alone cannot establish excusable neglect. *See Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996) ("The word 'excusable' would be read out of the rule if inexcusable neglect were transmuted into excusable neglect by a mere

---

[3] When Plaintiff's counsel raised the late filing of their response during the hearing on the motions to compel on February 3, Kebe's counsel remained silent and did not offer a single word in explanation. And in the face of that silence, they inexplicably waited another eight days even to file their second motion for an extension of time and only after Plaintiff filed her reply in support of her motion for summary judgment.

absence of harm."); *see also Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 469 n.4 (5th Cir. 1998) (finding absence of prejudice alone insufficient to demonstrate excusable neglect); *Lau v. Klinger*, 46 F. Supp. 2d 1377, 1380 (S.D. Ga. 1999) ("Even the absence of prejudice to a defendant, standing alone, does not constitute excusable neglect."); *Madison v. BP Oil Co.*, 928 F. Supp. 1132, 1137 (S.D. Ala. 1996) (noting that excusable neglect requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules") (quotation marks and citation omitted). For the reasons stated above, Kebe has not set forth any reasonable basis for disregarding the Court's deadline.

Kebe's counsel also have not shown that they acted in good faith. They appear to have been working under the unreasonable assumption that the Court would extend the deadline to respond by five weeks or more.[4] And they waited until a holiday weekend and mere days before the deadline to seek this extension. As the Court already has recognized, this also was not reasonable. (*Supra* p. 2.)

---

[4] The hearing scheduled on the motions to compel was approximately two weeks away. Kebe's counsel sought an extension of three weeks from when the Court denied all the motions to compel or, if the Court granted any of the motions in whole or in part, three weeks from when the party compelled to produce information complied with the order. So, the extension they sought would have resulted in extending their response deadline months into the future.

Then, to top it all off, they filed their responsive pleadings three days late without seeking leave, without making any affirmative showing of excusable neglect, and indeed without even mentioning the tardiness of Kebe's response at all. Clearly, they hoped the Court would not notice. They did not file the instant motion until *seventeen days later*, and only until *after* Plaintiff filed her reply pleadings and Kebe's counsel had the benefit of responding to Plaintiff's arguments about Kebe's untimely response (essentially amounting to a surreply). This also is not the first time they have filed a response late. (*Infra* p. 14.) The actions of Kebe's counsel do not demonstrate good faith or excusable neglect.

**B.     Plaintiff's Motion for Summary Judgment Should Be Deemed Unopposed Because Kebe Failed to File a Timely Response.**

The Court should refuse to consider Kebe's untimely responsive pleadings. "Deadlines are not meant to be aspirational; counsel must not treat the goodwill of the court as a sign that, as long as counsel tries to act, he has carte blanche permission to perform when he desires." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004). As Judge Duffey in this district has explained: "The Court must enforce its deadlines to ensure fairness to all sides and to all litigants, including those who work hard—and make difficult choices—to meet the deadlines set by the Local Rules." *Mangham v. Westin Hotel Mgmt.*, LP, 1:16-cv-3725-WSD, at 14 (N.D. Ga. Oct. 11, 2017) (quotation marks and citation omitted).

12

The Court is well within its discretion to refuse to consider Kebe's untimely filings. *See, e.g.*, *Young*, 358 F.3d at 864 (affirming district court's refusal to consider opposition to summary judgment filed three days late); *McDuffie v. Broward Cnty.*, No. 15-14416, at 9 (11th Cir. May 25, 2016) (same, eleven days late); *Mosley v. Meristar Mgmt. Co.*, 137 F. App'x 248, 250 (11th Cir. 2005) (per curiam) (same, four days late). And that is a particularly appropriate outcome here where Kebe already was granted an extension, assured the Court in writing that her response would be filed on time, and then deliberately ignored those deadlines and filed her responsive pleadings three days late without seeking leave, without making any affirmative showing of excusable neglect, and indeed *without even mentioning the tardiness of her response at all*. See *McDuffie*, No. 15-14416, at 9 (citing similar facts in support of striking pleadings); *see also Pollo Capestre, S.A. de C.V. v. Campero, Inc.*, No. 19-20001-Civ-SCOLA/TORRES, at 7 (S.D. Fla. Aug. 8, 2019) ("While the Court has the discretion to consider the response, we decline to do so when a party fails to even acknowledge the untimeliness of its failure."); *Mangham*, 1:16-cv-3725-WSD, at 14 (deeming motion for summary judgment unopposed and movant's statement of material facts admitted due to untimely response); *Nautilus Ins. Co. v. Headhunters Racetrack, LLC*, No. 5:13-CV-00426, at 15 (M.D. Ga. Mar. 31, 2016) (refusing to consider untimely

13

opposition brief, response to statement of material facts, and statement of additional material facts).

Notably, this is not the only time Kebe has filed a late response; her response to Plaintiff's motion to compel the production of documents was also filed late without seeking leave, without making any affirmative showing of excusable neglect, and indeed without even mentioning the tardiness of her response. (Pl.'s Reply Br. in Supp. of Pl.'s Mot. to Compel Produc. of Docs. (ECF No. 126) pp. 2-3.) To the extent the Court wanted to give Defendant a pass, it already has done so by considering Kebe's response to Plaintiff's Motion to Compel that was due no later than January 25, 2021 but was not filed until January 26, 2021. (*See id.*)

Given that Kebe has now filed not one but two responses late while conspicuously failing to even mention the tardiness of her responses at all, she has plainly exhibited a pattern of failing to comply with Court orders. *Bruce v. Cenlar, FSB*, 1:18-CV-3741-SDG-JKL, 2020 WL 4550930, at *6 (N.D. Ga. Feb. 18, 2020), *report and recommendation adopted,* 1:18-CV-3741-SDG, 2020 WL 8225003 (N.D. Ga. Apr. 22, 2020) (disregarding plaintiff's late opposition, in part, as plaintiff "demonstrated a troubling pattern of missing deadlines to respond to motions and court filings").

The Court should refuse to consider Kebe's untimely Brief Opposing Plaintiff's Motion for Summary Judgment (ECF No. 116), untimely Response to Plaintiff's Statement of Material Facts (ECF No. 116-1), and untimely Statement of Additional Material Facts (ECF No. 116-2), and should deem Plaintiff's motion for summary judgment unopposed.

### III. CONCLUSION

For the reasons set forth above, Kebe's motion for an extension of time *nunc pro tunc* should be denied and the Court should refuse to consider Kebe's untimely pleadings in response to Plaintiff's motion for summary judgment.

Dated: February 17, 2021                Respectfully submitted,

/s/ W. Andrew Pequignot
Lisa F. Moore (Bar No. 419633)
W. Andrew Pequignot (Bar No. 424546)
MOORE PEQUIGNOT LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia 30318
Telephone: (404) 748-9596
E-mail: lisa@themoorefirm.com
E-mail: andrew@themoorefirm.com

Sarah M. Matz (admitted *pro hac vice*)
Gary P. Adelman (admitted *pro hac vice*)
ADELMAN MATZ P.C.
1173A Second Avenue, Suite 153
New York, New York 10065
Telephone: (646) 650-2207

E-mail: sarah@adelmanmatz.com
E-mail: g@adelmanmatz.com

*Attorneys for Plaintiff*

## CERTIFICATION AS TO FONT

In accordance with Local Rule 7.1(D), the undersigned certifies that the foregoing document was prepared with Times New Roman 14, a font and point selection approved by the Court in Local Rule 5.1(C).

DATED: February 17, 2021

/s/ W. Andrew Pequignot
W. Andrew Pequignot

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMÁNZAR,<br><br>　　　　　　Plaintiff,<br>v.<br><br>LATASHA TRANSRINA KEBE and KEBE STUDIOS LLC,<br>　　　　　　Defendants. | Case No. 1:19-cv-01301-WMR |

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2021, I electronically filed the foregoing RESPONSE TO KEBE'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record

　　　　　　　　　　　　　　　/s/ W. Andrew Pequignot
　　　　　　　　　　　　　　　W. Andrew Pequignot