## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMÁNZAR,<br><br>                    Plaintiff,<br><br>        v.<br><br>LATASHA TRANSRINA KEBE and KEBE STUDIOS LLC,<br><br>                    Defendants. | Case No. 1:19-cv-01301-WMR |

## [PROPOSED] PRETRIAL ORDER

1.      There are no motions or other matters pending for consideration by the court except as noted: **At the present time, there are no motions or other matters pending for consideration by the Court other than any objections or matters asserted by the parties in this Pretrial Order. The parties reserve the right to file motions *in limine* and any additional motions in accordance with the Federal Rules of Civil Procedure, the Northern District Local Rules, and this Court's orders and individual practices. Motions *in limine* shall be due on or before Tuesday, October 26, 2021 and responses to such motions shall be due on or before Tuesday, November 2, 2021.**

2.     All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**Discovery is completed (subject to the parties' duty to supplement) except for some outstanding issues related to the forensic search ordered by the Court and the related certifications, which the parties are working to resolve.**

3.     Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

**The parties are correctly named.**

4.     Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

There is no question as to the Court's jurisdiction. Jurisdiction over the subject matter of this action is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

5.    The following individually named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

**Lisa F. Moore (GA Bar No. 419633)**
**W. Andrew Pequignot (GA Bar No. 424546)**
**MOORE PEQUIGNOT LLC**
**887 West Marietta Street, Suite M-102**
**Atlanta, Georgia 30318**
**(404) 748-9596 (telephone)**
**lisa@themoorefirm.com**
**andrew@themoorefirm.com**

**Sarah M. Matz (admitted *pro hac vice*)**
**Gary P. Adelman (admitted *pro hac vice*)**
**ADELMAN MATZ P.C.**
**1173A Second Avenue, Suite 153**
**New York, New York 10065**
**(646) 650-2207 (telephone)**
**sarah@adelmanmatz.com**
**g@adelmanmatz.com**

Defendants:

**Olga Izmaylova (GA Bar No. 666858)**
**Sadeer Sabbak (GA Bar No. 918493)**
**SABBAK & IZMAYLOVA, P.C.**
**1875 Old Alabama Road, Suite 760**
**Roswell, Georgia 30076**
**(404) 793-7773 (telephone)**

**olga@silawatl.com**
**ssabbak@silawatl.com**

6.    Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

**None.**

7.    The captioned case shall be tried ( **X** ) to a jury or (_____) to the court without a jury, or (_____) the right to trial by jury is disputed.

8.    State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**Plaintiff claims punitive damages and attorneys' fees under O.C.G.A. §**
**13-6-11. The parties jointly request that the trial be bifurcated with the first**
**phase being comprised of liability, damages, and whether attorneys' fees and**
**punitive damages should be awarded and the second phase being comprised of**
**the amounts to be awarded, if any, in punitive damages and damages under**
**O.C.G.A. § 13-6-11.**

9.    Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.     Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.

The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.     State any objections to plaintiff's voir dire questions:

**Defendants object to Plaintiff's question 34 in Attachment B-1 because it is irrelevant.**

**Defendants object to Plaintiff's question 35 in Attachment B-1 because it is irrelevant.**

State any objections to defendant's voir dire questions:

**Plaintiff objects to Defendants' question 10 in Attachment B-2 because it is irrelevant.**

**Plaintiff objects to Defendants' question 14 in Attachment B-2 because it is vague and ambiguous and irrelevant.**

12.    All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. *See* Fed. R. Civ. P. 47(b).

**The parties anticipate that there will be more strikes for cause and more excused jurors due to the notoriety of the parties; prior knowledge of the specific facts and details of this case as a result of the media coverage of this case; and COVID-related health and safety concerns of prospective jurors, given the ongoing pandemic. A larger panel will provide both parties with a better opportunity to select the most qualified jurors to serve in this case. Consequently, Defendants request a panel of 40 prospective jurors from which to select the 8 jurors provided for in this Court's Standing Order.**

13.    State whether there is any pending related litigation. Describe briefly, including style and civil action number.

**None.**

14.     Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.     Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule,

regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.     Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

17.     The legal issues to be tried are as follows:

**<u>Plaintiff</u>:**

**a.     Defamation (Counts I to III)**

     **i.     Whether the statements at issue can reasonably be interpreted as stating or implying facts about Plaintiff;**

     **ii.     Whether Defendants acted with actual malice;**

     **iii.     Whether the statements at issue are defamation per se;**

     **iv.     Whether Plaintiff can prove special damages to the extent any of the statements at issue do not constitute defamation per se;**

**b.     Invasion of Privacy - False Light (Count IV)**

  i. **Whether the statements at issue are highly offensive to a reasonable person;**

 c. **Intentional Infliction of Emotional Distress (Count V)**

  i. **Whether Defendants' conduct was intentional or reckless;**

  ii. **Whether Defendants' conduct was extreme and outrageous;**

  iii. **Whether Defendants' conduct caused Plaintiff's emotional distress;**

 d. **Remedies (including Counts VI and VII)**

  i. **Whether Defendants are liable for pain and suffering damages;**

  ii. **Whether Defendants are liable for compensatory damages;**

  iii. **Whether Defendants are liable for other damages inferred under the law for defamation per se.**

  iv. **Whether Defendants are liable for punitive damages;**

  v. **Whether Defendants are liable for Plaintiff's reasonable attorneys' fees and expenses.**

  vi. **Whether Defendants are jointly and severally liable for Plaintiff's damages.**

  vii. **Whether Defendants are entitled to injunctive relief.**

**<u>Defendants</u>:**

1. **Whether Defendant Kebe's oral statements that Plaintiff was a prostitute; used drugs; has herpes; has had herpes outbreaks on her mouth; has HPV; engaged in a debasing act with a beer bottle; and committed infidelity constitute Slander Per Se under Georgia law.**

2.      **Whether Defendant Kebe's oral statements that Plaintiff was a prostitute; used drugs; has herpes; has had herpes outbreaks on her mouth; has HPV; engaged in a debasing act with a beer bottle; and committed infidelity constitute Slander Per Quod under Georgia law.**

3.      **Whether Defendant Kebe's written statements that Plaintiff has herpes constitute Libel Per Se under Georgia law.**

4.      **Whether Plaintiff is relying on rumor, innuendo, and extraneous circumstances to create an inference of defamation.**

5.      **Whether Plaintiff can show special damages resulting from Defendant Kebe's statements that constitute Slander Per Quod.**

6.      **Whether Plaintiff's defamation claims fail because Defendant Kebe's statements are true.**

7.      **Whether Plaintiff's defamation claims fail because Defendant Kebe's statements are protected under the First Amendment as rhetorical hyperbole or pure opinion.**

8.      **Whether Plaintiff can prove, by clear and convincing evidence, that Defendant Kebe's statements were published with actual malice.**

9.      **Whether Plaintiff has alleged a nondefamatory statement as the basis for her False Light Invasion of Privacy Claim, as required by Georgia law.**

10.     **Whether Plaintiff's False Light Invasion of Privacy Claim is encompassed by Plaintiff's defamation claims because they are based upon the same allegations.**

11.     **Whether Plaintiff can prove that Defendant Kebe published falsehoods that depicted Plaintiff as something or someone which she is not.**

12. **Whether Plaintiff can prove that Defendant Kebe's published falsehoods placed Plaintiff in a false light that would be highly offensive to a reasonable person.**

13. **Whether Plaintiff can prove that Defendant Kebe's conduct was outrageous in character and extreme in degree, as required by Georgia law.**

14. **Whether Plaintiff can prove that Defendant Kebe's conduct was directed to the Plaintiff.**

15. **Whether Plaintiff can prove that Defendant Kebe's outrageous and extreme conduct inflicted upon her emotional distress so severe that no reasonable person could be expected to endure it.**

16. **Whether Plaintiff is entitled to recover any compensatory damages from Defendant Kebe.**

17. **Whether Plaintiff is entitled to recover any general damages from Defendant Kebe.**

18. **Whether Plaintiff can prove, by clear and convincing evidence, that she is entitled to an award of punitive damages because Defendant Kebe's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, in accordance with O.C.G.A. § 51-12-5.1.**

19. **Whether Plaintiff can prove, by clear and convincing evidence, that Defendant Kebe acted with the specific intent to cause harm.**

20. **Whether Plaintiff can prove that she is entitled to recover expenses of litigation because Defendant Kebe has acted in bad faith, has been stubbornly litigious, or has caused Plaintiff unnecessary trouble and expense, in accordance with O.C.G.A. § 13-6-11.**

21. **Whether Plaintiff is entitled to an order permanently enjoining Defendant Kebe from publishing statements that Plaintiff was a**

**prostitute; used drugs; has herpes; has had herpes outbreaks on her mouth; has HPV; engaged in a debasing act with a beer bottle; and committed infidelity.**

22. **Whether Plaintiff is entitled to an order requiring Defendant Kebe to retract, remove, and repudiate in full her statements that Plaintiff was a prostitute; used drugs; has herpes; has had herpes outbreaks on her mouth; has HPV; engaged in a debasing act with a beer bottle; and committed infidelity.**

18. Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly

12

authorized by court order based upon a showing that the failure to comply was justified.

19.    Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

**The parties have consented to allowing exhibits to be added to the exhibit lists until Wednesday, October 20, 2021. After this time, exhibits may not be added without separate consent from opposing counsel or permission of the Court.**

20.     The following designated portions of the testimony of the persons listed below may be introduced by deposition:

**Plaintiff: Plaintiff may introduce the designated portions of the deposition testimony from Defendant Latasha Kebe and Cheickna Kebe that are attached as Attachment "J" to this Pretrial Order. Plaintiff reserves the right to introduce other portions on cross examination and/or for impeachment.**

**Defendants: None, except for purposes of rehabilitation after impeachment.**

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.     Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions

and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

**The parties refer the Court to the briefs submitted in support of and opposition to summary judgment. In addition, the parties jointly request that the parties be permitted to submit trial briefs up to seven (7) days before trial.**

22.     In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.     If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

**The parties have attached their separate proposed forms as Attachment "I-1" and Attachment "I-2" to this Pretrial Order.**

24.     Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**The parties request an additional half hour of time for closing arguments given the number of claims and the amount and the nature of the evidence in this case (including a significant amount of video evidence). An additional half hour will enable the parties to present a thorough and intelligible closing argument.**

25.     If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

**Not applicable.**

17

26.     Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person via a videoconference on October 6, 2021, to discuss in good faith the possibility of settlement of this case. The court ( **X** ) has or (_____) has not discussed settlement of this case with counsel. It appears at this time that there is:

(_____) A good possibility of settlement.

(_____) Some possibility of settlement.

( **X** ) Little possibility of settlement.

(_____) No possibility of settlement.

27.     Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

28.     The plaintiff estimates that it will require **4-5** days to present its evidence. The defendant estimates that it will require **3-4** days to present its evidence. The other parties estimate that it will require **N/A** days to present their evidence. It is estimated that the total trial time is **7-9** days.

**The required time to present evidence could be reduced by additional factual stipulations, and the parties intend to continue working on attempting to streamline the introduction of evidence.**

29.    IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____, 2021.

_____
Honorable William M. Ray, II
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

Dated:  October 14, 2021

/s/ Lisa F. Moore
Lisa F. Moore (GA Bar No. 419633)

19

W. Andrew Pequignot (GA Bar No. 424546)
MOORE PEQUIGNOT LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia 30318
(404) 748-9596 (telephone)
lisa@themoorefirm.com
andrew@themoorefirm.com

Sarah M. Matz (admitted *pro hac vice*)
Gary P. Adelman (admitted *pro hac vice*)
ADELMAN MATZ P.C.
1173A Second Avenue, Suite 153
New York, New York 10065
(646) 650-2207 (telephone)
sarah@adelmanmatz.com
g@adelmanmatz.com

*Attorneys for Plaintiff*

Dated: October 14, 2021

/s/ Olga Izmaylova (with permission)
Olga Izmaylova (GA Bar No. 666858)
Sadeer Sabbak (GA Bar No. 918493)
SABBAK & IZMAYLOVA, P.C.
1875 Old Alabama Road, Suite 760
Roswell, Georgia
(404) 793-7773 (telephone)
olga@silawatl.com
ssabbak@silawatl.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed on this date the foregoing

PROPOSED PRETRIAL ORDER with the Clerk of the Court using the CM/ECF

system, which will automatically send email notification of such filing to all of the

attorneys of record.

DATED: October 14, 2021

/s/ Lisa F. Moore
Lisa F. Moore
Georgia Bar No. 419633