**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| BELCALIS MARLENIS ALMÁNZAR,<br><br>Plaintiff,<br>v.<br><br>LATASHA TRANSRINA KEBE and KEBE STUDIOS LLC,<br><br>Defendants. | Case No. 1:19-cv-01301-WMR |

**PLAINTIFF'S MOTION *IN LIMINE***

Plaintiff Belcalis Marlenis Almánzar ("Plaintiff") respectfully submits this motion *in limine* to exclude certain evidence on the exhibit list submitted by Defendants Latasha Kebe ("Kebe") and Kebe Studios LLC (together with Kebe, "Defendants") and any related testimony from Defendants' witnesses during the upcoming trial.

## I. BACKGROUND

Plaintiff brought this action for defamation, invasion of privacy - false light, intentional infliction of emotional distress, and requested punitive damages and attorneys' fees (among other remedies), arising from Defendants' repeated and habitual publication of vile and disgusting defamatory statements about Plaintiff

that they knew were false and have refused to discontinue or retract.

Defendant Kebe asserted counterclaims for slander *per se*, assault, intentional infliction of emotional distress, punitive damages, and expenses of litigation. On November 23, 2020, on the eve of discovery closing, Kebe voluntarily dismissed here claim of slander *per se* because she admitted that she lacked any evidence to support the claim. On July 8, 2021, after full briefing and argument, the Court granted summary judgment on Kebe's remaining claims because she also lacked any evidence to support these claims.

## II. ARGUMENT

Evidence only is admissible if it is relevant, Fed. R. Evid. 402, which means the evidence "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action," Fed. R. Evid. 401. But even where the evidence is relevant, the Court may still exclude it "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. A district court has broad discretion on a motion *in limine* to determine that certain evidence is irrelevant, or its probative value is outweighed by the other factors set forth in Rule 403, or that the evidence is otherwise

inadmissible. *Cook ex rel. Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1104 (11th Cir. 2005); *accord Lanham v. Whitfield*, 805 F.2d 970, 972 (11th Cir. 1986) (affirming exclusion of evidence due to unfair prejudice).

**A. Evidence Related to Kebe's Dismissed Counterclaims Is Inadmissible.**

In support of her counterclaims, Kebe alleged that Plaintiff threatened her and also caused her to be threatened by various other persons. For example, she cited unauthenticated documents claiming they showed: alleged threats made by Plaintiff to other so-called bloggers; alleged threats to Kebe by various named individuals including Skeemo Holmes and Dennis Byron; alleged threats by random social media users; and emails from unknown persons using the names "Rashad Houghton" and "Camilla Marinat" about these alleged threats and other unsubstantiated allegations. Notably, this Court already has reviewed all of this evidence in connection with Plaintiff's motion for summary judgment and concluded that Kebe's allegations were mere speculation and that these documents failed to establish any alleged threats were caused by or attributable to Plaintiff. (Order Granting Pl.'s Mot. for Summ. J. in Part (ECF No. 150 at 22-24).)

Nevertheless, even though each of Kebe's counterclaims was dismissed, Defendants are inexplicably acting as if these counterclaims are still at issue in this action. They have identified all of the same evidence cited in support of these

dismissed claims on their exhibit list for trial, including the exhibits identified on the attached Exhibit A. Defendants should not be permitted to introduce any of these exhibits or any testimony about alleged threats against Kebe or other so-called bloggers by Plaintiff or anyone else, or any alleged harm caused to Kebe as a result of these alleged threats (including alleged moving and school relocation expenses, medical expenses, and physical and emotional distress damages), because none of these exhibits or any possible testimony about these issues bear any relevance whatsoever to the claims remaining in this case. This Court's July 8, 2021 Order on summary judgment could not be clearer that all of Kebe's counterclaims have been dismissed. There is no reasonable explanation for why Defendants have included these documents on their exhibit list and required Plaintiff to file this motion *in limine* to address this evidence given its obvious lack of relevance to the remaining claims.

Furthermore, even assuming *arguendo* there were some minimal probative value to this evidence, it would be greatly outweighed by the obvious unfair prejudice to Plaintiff if this evidence were admitted. "Unfair prejudice" as used in Rule 403 "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed R. Evid. 403 advisory committee's note. Allowing Defendants to introduce this evidence will unfairly

prejudice Plaintiff by potentially causing jurors to rule against her based on allegations that have already been deemed insufficient as a matter of law to state a claim. This evidence also could confuse the jury as to the material issues that need to be decided in this case and will undoubtedly result in a colossal waste of time because it will necessitate addressing Plaintiff's particularized objections to the over 117 exhibits in this category and relitigating the merits of these allegations that have been previously decided by this Court. Indeed, given that Defendants' attorneys have unreasonably refused to stipulate to numerous public statements made by Kebe and captured on videos that she created and published, Plaintiff is extremely concerned that Defendants will attempt to make the trial as protracted and confusing as possible for the jury with these and other extraneous and irrelevant exhibits.

Relatedly, Kebe relied on Plaintiff's alleged gang affiliation and ties to Skeemo Holmes in support of her counterclaims in an attempt to show that Plaintiff had caused him to threaten Kebe. Again, the Court has already addressed these claims and found them to lack support. Thus, any suggestion that Plaintiff was or is in a gang has no probative value to the remaining claims and would be highly prejudicial to Plaintiff given the many unstated and unfounded assumptions the jury could make through guilt by association. *U.S. v. Jernigan*, 341 F.3d 1273,

1284-85 (11th Cir. 2003) (noting that "modern American street gangs are popularly associated with a wealth of criminal behavior and social ills, and an individual's membership in such an organization is likely to provoke strong antipathy in a jury").[1] Defendants could imply or the jury could on its own improperly conclude that certain of the defamatory statements at issue are true based on Plaintiff's alleged gang affiliation even though this evidence is not relevant at all on this issue and the Federal Rules explicitly preclude using the evidence for this purpose. *See* Fed. R. Evid. 404(b) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). This evidence should be excluded.

**B. Allegations Concerning Pending Criminal Matter Are Inadmissible.**

Plaintiff is currently facing criminal charges for assault and related charges in a pending case in New York involving an altercation in a nightclub, and Defendants have included documents on their exhibit list that relate to this matter, including the exhibits identified on the attached Exhibit B. Plaintiff has pleaded not

---

[1] In *Jernigan*, the Eleventh Circuit affirmed the district court's admission of this evidence. The court noted that it was a close question that could have been resolved either way even where gang membership was directly relevant to proving the claim. Here, it is not a close question as there is not any arguable relevance.

guilty to the charges. The allegations in that case have no relevance to the claims remaining in this action and regardless should be excluded due to unfair prejudice and wasting of time. Similar to the alleged threats addressed above, allowing evidence on this issue would require the parties to undertake a minitrial on the merits of these allegations. And Plaintiff would be severely hampered in her ability to defend herself against these allegations due to the impact her testimony could have in the pending criminal proceeding. Any evidence or testimony on this pending criminal matter should be excluded.

### C. Messages by Starmarie Jones Are Inadmissible.

Defendants have included on their exhibit list several message threads with Starmarie Jones, who previously was a defendant in this action, including the exhibits identified on the attached Exhibit C. Many of these private messages and social media comments from Jones contain inflammatory and unfounded allegations against Plaintiff—including accusations that Plaintiff committed crimes that have no relevance to the remaining claims.[2] These messages are inadmissible hearsay, Fed. R. Evid. 802, and are not subject to cross examination because neither side has identified her as a witness. And even assuming these messages

---

[2] Many of her statements about Plaintiff in her video interview with Kebe also are inflammatory and unfounded but are not subject to this motion *in limine* because they are the subject of Plaintiff's claims.

were admissible and relevant (they are neither), introducing them would cause Plaintiff significant unfair prejudice if the jury gave these unsworn accusations any credence. They should be excluded.

**D. Allegations of Infidelity by Plaintiff's Husband Are Inadmissible.**

Defendants exhibit list contains a number of documents concerning allegations that Plaintiff's husband has committed infidelity, including the exhibits identified on the attached Exhibit D. There is no conceivable relevance to these allegations because the actions of Plaintiff's husband are not at issue. Plaintiff also could suffer unfair prejudice by these allegations if any jurors hold negative perceptions about a woman who would stay married to a man who has committed infidelity. Any evidence or testimony on this issue should be excluded.

**E. Videos About Plaintiff "Drugging and Robbing" Men Are Inadmissible.**

Defendants exhibit list contains unauthenticated videos compiled by unknown third parties that purport to show Plaintiff admitting to drugging and robbing men during the period of time before she was a successful artist, including the exhibits identified on the attached Exhibit E. These allegations do not directly bear on any of the defamatory statements that are the subject of Plaintiff's claims and are significantly and unfairly prejudicial because they could lead jurors to make improper conclusions about the likelihood of Plaintiff committing other

actions. *See* Fed. R. Evid. 404(b) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). In addition, this evidence could cause jurors to rule against Plaintiff despite the merits of her claims purely based on their feelings about Plaintiff's alleged actions on this unrelated issue. For these reasons, this evidence should be excluded.

Kebe 019 is inadmissible for additional reasons. This video consists of a compilation of video clips prepared by an unnamed third party that were put together with commentary with the clear purpose of casting Plaintiff in a negative light. The video has not been authenticated, and there is no reason to believe it even could be authenticated because there is no evidence regarding who created the video or where it came from or establishing that the clips are authentic and not edited. Kebe 019 is inadmissible for this reason alone.

In addition, the video is unfairly prejudicial to Plaintiff because it takes incomplete video clips and compiles them with commentary to communicate a slanted and inaccurate perspective. For example, one of the defamatory statements at issue in this case is the Defendants stating as fact that Plaintiff was a prostitute. Kebe 019, in addition to using prejudicial clips about Plaintiff "drugging and robbing men" as discussed above, starts with a clip showing Cardi referring to her

"life as a prostitute" and the video creator has added the title "Cardi Speaks about Prostitution." Plaintiff has produced the full video at CARDI VIDEO 164, and a truncated version (but still more complete than the clip in Kebe 019) that she posted on social media at CARDI VIDEO 163, which reveal that Plaintiff was dressed in a costume and acting the part of a prostitute for Halloween. This highlights the unfair prejudice that would be caused to Plaintiff by allowing Defendants to use this compilation of video clips that are deliberately taken out of context. This entire unauthenticated and prejudicial video should be excluded.

**F. Plaintiff's Irrelevant Comments on Social Media Are Inadmissible.**

Defendants have included on their exhibit list a handful of social media comments made by Plaintiff about third parties on social media, including the exhibits identified on the attached Exhibit F, that are entirely unrelated to any of the issues in this case and thus are irrelevant and inadmissible. These comments amount to name calling and the exhibits containing them appear to have been included on Defendants' list solely for the purpose of engendering negative feelings by the jury towards Plaintiff. This is an archetype of example of the type of unfair prejudice addressed by Rule 403. These exhibits should be excluded.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant her

motion *in limine*.

Dated: October 26, 2021

Respectfully submitted,

/s/ Lisa F. Moore
Lisa F. Moore (Bar No. 419633)
W. Andrew Pequignot (Bar No. 424546)
MOORE PEQUIGNOT LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia 30318
Telephone: (404) 748-9596
E-mail: lisa@themoorefirm.com
E-mail: andrew@themoorefirm.com

Sarah M. Matz (admitted *pro hac vice*)
Gary P. Adelman (admitted *pro hac vice*)
ADELMAN MATZ P.C.
1173A Second Avenue, Suite 153
New York, New York 10065
Telephone: (646) 650-2207
E-mail: sarah@adelmanmatz.com
E-mail: g@adelmanmatz.com

*Attorneys for Plaintiff*

**CERTIFICATION AS TO FONT**

In accordance with Local Rule 7.1(D), the undersigned certifies that the foregoing document was prepared with Times New Roman 14, a font and point selection approved by the Court in Local Rule 5.1(C).

Dated: October 26, 2021

/s/ Lisa F. Moore
Lisa F. Moore

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| BELCALIS MARLENIS ALMÁNZAR,<br><br>Plaintiff,<br>v.<br><br>LATASHA TRANSRINA KEBE and KEBE STUDIOS LLC,<br><br>Defendants. | Case No. 1:19-cv-01301-WMR |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2021, I electronically filed the foregoing PLAINTIFF'S MOTION *IN LIMINE* with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record

/s/ Lisa F. Moore
Lisa F. Moore