# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMANZAR, | * |
| | * |
| Plaintiff, | * |
| | *   Civil Action No. |
| v. | *   1:19-cv-01301-WMR |
| | * |
| LATASHA TRANSRINA KEBE et al., | * |
| | * |
| Defendants. | * |

## KEBES' MOTION AND BRIEF TO EXCLUDE DR. SHERRY L. BLAKE AND DR. TAMARA GRISALES, PURSUANT TO *DAUBERT*

COMES NOW Latasha Kebe (hereinafter referred to as "Ms. Kebe"), Defendant in the above-styled action, and file this Motion to Exclude Dr. Shelly Blake, pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Ms. Kebe also seeks the exclusion of Dr. Blake due to her late disclosure, which was due to Plaintiff's decision to unjustifiable withholding any such information to Ms. Kebe.

### I.   LEGAL AUTHORITY

"To fulfil their obligation under *Daubert,* district courts must engage in a rigorous inquiry to determine whether: (1) the expert is qualified to testify

1

competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291-1292 (11th Cir. 2005) (citations omitted). "**The proponent of expert testimony always bears the burden** to show that his expert is qualified to testify competently regarding the matters he intend[s] to address; the methodology by which the expert reach[es] his conclusions is sufficiently reliable; and the testimony assists the trier of fact." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (citations and internal punctuation omitted; emphasis added).

The Court in *Daubert* declared that the "focus, of course, must be solely on principles and methodology, not on the conclusions they generate." 509 U.S. at 595. Yet as the Court later recognized, "conclusions and methodology are not entirely distinct from one another." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Under the amendment, as under *Daubert*, when an expert purports to apply principles and methods in accordance with professional standards, and yet reaches a conclusion that other experts in the field would not reach, the trial court may fairly suspect that the principles and methods have not been faithfully applied. See

*Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). The amendment specifically provides that the trial court must scrutinize not only the principles and methods used by the expert, but *also whether those principles and methods have been properly applied to the facts of the case*. As the court noted in *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994), "any step that renders the analysis unreliable ... renders the expert's testimony inadmissible. This is true whether the step completely changes a reliable methodology or merely misapplies that methodology."

## II.  Argument

Per this Courts own standing order, "Potential Expert Witnesses must also be identified early enough to allow said witness to be deposed within the discovery period." [Standing Order Regarding Civil Trials, p. 13, ¶ 1]. Plaintiff was first seen by Dr. Blake during the weekend of November 2018, four months prior to Plaintiff filing this lawsuit. During that weekend's "therapeutic coaching sessions", Plaintiff complained that "her current significant stressors" were related to ongoing "beef" with Ms. Kebe. However, Plaintiff filed her Initial Disclosures on August 26, 2019, there was no mention of Dr. Blake:

> (4)  Provide the name of any person who ***may*** be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of

3

Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

Plaintiff has not identified any expert witnesses who may testify at trial. If, and when, Plaintiff determines that she will present evidence pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence, she will supplement this response and comply with the applicable provisions of the Federal Rules of Civil Procedure. **[Plaintiff's Initial Disclosures, Doc.16]**.

On August 17, 2020, Plaintiff served Ms. Kebe Plaintiff's Response to Latasha Kebe's First Continuing Interrogatories, where Plaintiff again failed to identify the existence of Dr. Blake. It was not until the eve of the Discovery Deadline, November 29, 2020, when Plaintiff first disclosed Dr. Blake's existence to Ms. Kebe, but only as a witness "…with information concerning the emotional distress caused to Plaintiff by Defendants' defamatory statements..." [Plaintiff's Third Supplemental Response to Kebe's Interrogatories].

Then on November 30, 2020, the Discovery Deadline, the Plaintiff serves Ms. Kebe with a copy of a report authored by Dr. Blake dated October 26, 2020, detailing her therapeutic coaching session with Plaintiff. After asking the court for additional week to complete discovery, to which Plaintiff ignored Ms. Kebe's discovery requests forcing her to file a Motion to Compel. Instead, Plaintiff used the additional week they were granted by the Court to sneak in a new report authored by Dr. Blake.

On December 7, 2020, Plaintiff served Ms. Kebe a report by Dr. Blake which now claims that Plaintiff underwent psychotherapy and now has clinical diagnoses for Depressive Disorder and Anxiety Disorder. Plaintiff served Ms. Kebe.

Given the well-established discovery and motion delaines in this case, the fact that Plaintiff 's first visit with Dr. Blake was prior to Plaintiff filing suite in March 2019, the misleading and evasive responses to interrogatories and initial disclosure, and the most telling fact of all, is that Plaintiff waited until the eve of last day of discovery to provide Ms. Kebe with a report, authored a month prior, about a therapy coaching session that happened 2 years prior to that.

The same failure applies to Dr. Tamara Grisales testimony, however, here Plaintiff attempted to sneak Dr. Tamara Grisales past Ms. Kebe by placing her on her witness list found in our recent pre-trial order.

### III.   Conclusion

Because Plaintiff's inexcusable failure to disclosure Dr. Blake until the last day of discovery was a deliberate scheme to deprive Ms. Kebe from meaningfully investigating Dr. Sherry Blake's alleged treatment of Plaintiff prior to the Discovery Delaine, and most importantly, prior to their motion for Summary Judgment.

Respectfully submitted this 26th day of October, 2021.

                                                   */s/Sadeer Sabbak*
                                                   ssabbak@silawatl.com
                                                   Georgia State Bar No. 918493

SABBAK & IZMAYLOVA, P.C.
1875 Old Alabama Road, Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| BELCALIS MARLENIS ALMANZAR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. |
| v. | * | 1:19-cv-01301-WMR |
| | * | |
| LATASHA TRANSRINA KEBE, et all | * | |
| | * | |
| | * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE OF DEFENDANT KEBE

I hereby certify that I electronically served upon Lisa Moore at lisa@themoorefirm.com, Andrew Pequignot at andrew@themoorefirm.com, Gary P. Adelman at g@adelmanmatz.com, and Sarah M. Matz at sarah@adelmanmatz.com the following: **Motion to Exclude Dr. Shelly Blake and Dr. Tamara Grisales.**

Respectfully submitted this 26th day of October, 2021.

/s/Sadeer Sabbak
ssabbak@silawatl.com
Georgia State Bar No. 918493

SABBAK & IZMAYLOVA, P.C.
1875 Old Alabama Road, Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911

7