# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| BELCALIS MARLENIS ALMANZAR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. |
| v. | * | 1:19-cv-01301-WMR |
| | * | |
| LATASHA TRANSRINA KEBE et al., | * | |
| | * | |
| Defendants. | * | |

## DEFENDANTS' MOTION *IN LIMINE* WITH CITATIONS TO LEGAL AUTHORITY

COME NOW Defendants Latasha Kebe ("Kebe") and Kebe Studios LLC ("Kebe Studios"), by and through undersigned Counsel, and file Defendants' Motion *in Limine* with Citations to Legal Authority. In support of this Motion, Defendants show the Court as follows:

The matters set forth below are inadmissible and asserting them in any way, directly or indirectly, before the jury would be improper and unfairly prejudicial. These are the types of matters that, once asserted or inferred, would cause irreparable harm to Defendants, and could not be corrected by an objection, a curative instruction, or even an admonition by the Court. This Motion is brought to avoid the need to object before the jury, which could be perceived by the jurors as an effort to hide information (to the detriment of the objecting party), even if the objection is

sustained. Accordingly, a motion *in limine* is proper to prevent such irrelevant and unfairly prejudicial information from coming before the jury.

Defendants respectfully move this Court for an Order *in Limine* prohibiting all parties, counsel, and witnesses from testifying, suggesting, referencing, arguing, or commenting upon the following matters in the presence of any prospective or actual jurors, whether in *voir dire*, opening statements, examination of witnesses, objections, motions, or closing arguments.

1. **Suggestions or Implications that Kebe is Involved in Illegal Activities and that Kebe Studios was formed as an Alter Ego or Business Conduit for Kebe's Illegal Activities**

Defendants seek to exclude any evidence, testimony, questions, argument, or comments indicating or otherwise suggesting that Kebe's purpose in forming Kebe Studios was to create an alter ego that would shield Kebe from criminal and civil liabilities. Defendants anticipate that Plaintiff will attempt to improperly suggest that Kebe is involved in tax evasion because she has not paid any taxes on Kebe Studios income, despite the fact that such a suggestion is completely false and wholly irrelevant to this case. Defendants object to such blatant conjecture for several reasons.

First, Plaintiff is relying solely on speculation of Plaintiff's Counsel, who initially made these uncorroborated allegations in Plaintiff's Second Amended

Complaint and has repeated them during Kebe's deposition and while drafting the Parties' Consolidated Pretrial Order. There is no evidence in the record to support Plaintiff's unfounded accusations because they are simply not true. *See* Fed. R. Evid. 102. Furthermore, even if these allegations weren't false, they would amount to character evidence, which is inadmissible pursuant to Fed. R. Evid. 404. Lastly, these allegations are irrelevant, have no probative value, will mislead the jury regarding Kebe's overall character, are unduly prejudicial to the Defendants, and, consequently, should be precluded. Fed. R. Evid. 401, 402, and 403.

2. **Kebe's Prior Arrests and Criminal History**

Defendants seek to exclude any evidence, testimony, questions, argument, or comments about Kebe's prior arrests and criminal history as impermissible character evidence that could only be introduced by Plaintiff for an improper purpose. Fed. R. Evid. 404. The general character of the parties, and especially their conduct in other transactions, are irrelevant matter. *Id.* Such evidence has no probative value, is unnecessarily harmful to the Defendants, as well as the integrity of the trial, and serves only to inflame the jury's prejudices. *See* Fed. R. Evid. 403.

3. **Evidence of Other Claims or Lawsuits**

Defendants seek to exclude any evidence, testimony, questions, argument, or comments related to any other claims or lawsuits involving Kebe, Kebe Studios, or

both. Evidence of other claims or lawsuits is totally irrelevant and immaterial, would mislead the jury and confuse the issues, and should be excluded from trial. Fed. R. Evid. 401, 402, and 403. Additionally, such evidence has no probative value, yet is highly prejudicial to the Defendants because it misleads the jury into believing that Defendants committed a wrongful act or omission in the present case merely because they were the subject of other, unrelated claims or lawsuits. Fed. R. Evid. 403.

Defendants anticipate that Plaintiff will attempt to introduce evidence of other cease and desist letters, citing defamation, that Kebe has received from unrelated third parties. Those letters are merely unsubstantiated allegations, which are irrelevant and have no bearing on the issues in the present case. Fed. R. Evid. 401 and 402. Plaintiff's reference to same would serve no legitimate purpose and would only arouse prejudice and passion against the Defendants, so should not be admitted into evidence. Fed. R. Evid. 401, 402, 403, and 404.

**4. <u>Discussions or Offers Regarding Possible Compromise</u>**

Defendants seek to exclude any evidence, testimony, questions, argument, or comments about discussions or offers regarding possible compromise or settlement, including email correspondence between Kebe and Plaintiff's counsel while Kebe was pro se. Communications by or among the parties, or their representatives,

regarding possible settlement or compromise are not admissible as evidence. Fed. R. Evid. 408.

### 5. Mention of Kebe's Counterclaims

Defendants seek to exclude any evidence, testimony, questions, argument, or comments about Kebe's counterclaims (which are now dismissed) because they are irrelevant and immaterial to this case. Fed. R. Evid. 401 and 402. Such evidence has absolutely no probative value and would result in unfair prejudice to Defendants by misleading the jury, confusing the issues, and wasting time. Fed. R. Evid. 403.

### 6. Evidence Pertaining to Starmarie Jones

Defendants seek to exclude any evidence, testimony, questions, argument, or comments regarding Starmarie Jones ("Jones") because it is irrelevant and immaterial to this case, and will confuse the issues, mislead the jury, and waste time. Fed. R. Evid. 401, 402, and 403. Defendants anticipate that Plaintiff will attempt to introduce evidence of Jones' posts, and interactions with others, on social media, even though Jones is no longer a party in this case and will not be testifying at trial. Evidence of Jones' social media activities is irrelevant and immaterial to this case, and it constitutes inadmissible hearsay. Fed. R. Evid. 401, 402, and 801. Furthermore, because Jones will not be testifying at trial and there are no named


witnesses, who can authenticate or identify said evidence, it must be excluded pursuant to Fed. R. Evid. 901.

Defendants also anticipate that Plaintiff will attempt to introduce evidence of Jones' prior arrests and criminal history, which is impermissible character evidence pursuant to Fed. R. Evid. 404. There are no legitimate reasons to introduce evidence of Jones' criminal history as it is wholly irrelevant, has no probative value, and will confuse the issues, mislead the jury, and waste time. Fed. R. Evid. 401, 402, and 403.

Defendants anticipate that Plaintiff will attempt to introduce a copy of an Order Granting Default Judgment and Injunctive Relief[1] for Plaintiff and against Jones. This Order has no probative value to Plaintiff and, if introduced, would result in unfair prejudice to the Defendants. Fed. R. Evid. 403. The Order Granting Default Judgment will mislead the jury into thinking that, after hearing from both parties, the Kings County Supreme Court determined that some statements (which are also at issue in the case at bar) are defamatory. *Id.* Thereby confusing which issues the jury must determine in this case and, in effect, improperly relieving Plaintiff of her burden of proof. *See Cottrell v. Smith,* 788 S.E.2d 772 (Ga. 2016) (describing

---

[1] Plaintiff served a copy of this order in discovery with the following Bates numbers: CARDI_000816 – 000818.

plaintiff's burden of proof in public figure defamation action). Because Defendants have a Due Process right to an impartial jury and a fair trial, Plaintiff must be prohibited from introducing the Order Granting Default Judgment in this case. *See* U.S. CONST. amend. XIV, § 1; GA. CONST. art. 1, § 1, ¶ 1.

### 7. Personal Experiences or Beliefs of Plaintiff's Counsel

Defendants seek to exclude any comment, reference, or suggestion by Plaintiff's counsel as to their personal experiences or beliefs. The experiences of Plaintiff's counsel are not evidence in this case and should not be used in an improper attempt to influence the jury. *Lawn v. U.S.,* 355 U.S. 339 (1958). A lawyer's statements which interject personal beliefs into the presentation of a case are improper and should be excluded. *U.S. v. Young,* 470 U.S. 1 (1985).

### 8. Lawyer as Witness

Defendants seek a ruling, prohibiting Plaintiff's counsel from testifying as a witness during this trial. Specifically, Defendants seek to preclude Lisa Moore from providing any testimony regarding the alleged medical records, which are addressed in Paragraph 11 below. *See* Rule 3.7 of Ga. Rules of Professional Conduct. Additionally, Defendants seek to preclude Sarah Matz from providing any testimony regarding the results of a Google search she conducted years after Kebe to disprove Kebe's testimony regarding her Google search results. *See* Rule 3.7 of Ga. Rules of

Professional Conduct. Said testimony is mere speculation and is irrelevant and inadmissible and will only mislead the jury and unduly prejudice the Defendants. Fed. R. Evid. 401, 402, and 403.

### 9. Proving the Contents of Writings, Recordings, or Photographs

Defendants seek to exclude any evidence, testimony, questions, argument, or comments that Plaintiff attempts to introduce to prove the content of a writing, recording, or photograph in lieu of introducing said writing, recording, or photograph as required by Fed. R. Evid. 1001, 1002, and 1003. Videos, pictures, screenshots, and copies of social media posts make up the bulk of the evidence in this case. Based on discussions with Plaintiff's counsel, Defendants anticipate that Plaintiff will attempt to elicit testimony regarding specific statements Kebe made in her videos and published to her social media platforms, instead of playing the actual videos or introducing copies of Kebe's social media posts. Defendants object to Plaintiff's position for several reasons.

First, Georgia law states that to determine whether an allegedly defamatory statement constitutes an actionable statement of fact, the statement must be examined in its totality in the context in which it was uttered or published. *Pierce v. Warner Bros Entm't, Inc.,* 237 F. Supp. 3d 1375, 1379 (M.D. Ga. 2017); *Bollea v. World Championship Wrestling, Inc.,* 610 S.E.2d 92, 96 (Ga. Ct. App. 2005). In

order to derive the meaning of the statement, a court can look to the surrounding phrases. *Monge v. Madison Cnty. Record, Inc.,* 802 F. Supp. 2d 1327, 1333 (N.D. Ga. 2011). If an opinion is based upon facts already disclosed in the communication, the expression of the opinion implies nothing other than the speaker's subjective interpretation of the facts, and the opinion is not actionable. *Id.* at 1335.

Second, the Federal Rules of Evidence state that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time." Fed. R. Evid. 106.

Third, Plaintiff has the burden of proof in this case, so there is no legitimate reason for Plaintiff to shy away from introducing evidence in accordance with the Federal Rules of Evidence and Georgia law.

Most importantly, the Federal Rules of Evidence mandate that Plaintiff introduce the original writing, recording, or photograph in order to prove its content. Fed. R. Evid. 1002. In this case, Plaintiff has all the videos, pictures, screenshots, and copies of social media posts, so there are no concerns of lost or destroyed evidence and Fed. R. Evid. 1004 does not apply here.

Considering all the above-stated facts, Plaintiff must be prohibited from eliciting testimony regarding the content of a writing, recording, or photograph instead of introducing the original writing, recording, or photograph, as the law requires.

### 10. Medical Opinion by Lay Witnesses

Defendants seek to exclude evidence of medical opinion by law witnesses. Lay witnesses, including Plaintiff, can only testify and render opinions as to matters within the knowledge of ordinary people. The diagnosis of medical conditions, injuries, or the question of how a medical condition may impact one's health and lifespan, are essentially medical questions that should be established by physicians as expert witnesses and not by laymen. Therefore, testimony such as medical conditions or opinions cannot be rendered by a lay witness. Fed. R. Evid. 701, 702, and 703; *Morton v. Horace Mann Ins. Co.,* 639 S.E.2d 352 (Ga. App. Ct. 2006).

Defendants anticipate that Plaintiff will attempt to testify regarding the cause of her psychological diagnosis and treatment with Dr. Sherry Blake[2], as well as the results of medical screenings that Plaintiff allegedly underwent at UCLA Medical

---

[2] Plaintiff served documents pertaining to her treatment in discovery with the following Bates numbers: CARDI _000407 – 000408 and CARDI_000745 – 000746.

Center[3]. Such testimony amounts to a medical opinion, which Plaintiff is not competent to give. *Id.* Additionally, such testimony is based entirely on statements made to Plaintiff by her doctors, which constitutes hearsay. Fed. R. Evid. 801 and 802. Accordingly, Plaintiff should be prohibited from attempting to testify regarding same.

**11. <u>Introduction of Medical Records</u>**

Defendants seek to exclude any evidence, testimony, questions, argument, or comments regarding certain documents (Bates numbers: CARDI _000146 – 000149, CARDI_000231, and CARDI_000774 – 000777) that allegedly contain results of Plaintiff's medical screenings. Defendants object to the documents for several reasons.

First, these documents contain two different names: Elizabeth Chambers (CARDI_000231) and Bonnie Crown (CARDI_000777). Neither of those names belong to Plaintiff, whose name is Belcalis Almanzar. Additionally, Plaintiff failed to provide any proof or evidence that she has ever gone by either one of those names.

---

[3] Plaintiff served documents containing results of Plaintiff's alleged medical screenings in discovery with the following Bates numbers: CARDI _000146 – 000149, CARDI_000231, and CARDI_000774 – 000777. Defendants have addressed the authenticity and admissibility of these documents in Paragraph 11 of this Motion.

Plaintiff cannot prove the authenticity of these documents as required by Fed. R. Evid. 901.

Second, each document consists of only one page, which means these are incomplete records and Plaintiff has failed to provide the missing portions, despite numerous requests by Defendants that Plaintiff do so. Therefore, these two pieces of paper, containing two different names neither of which is the Plaintiff's, cannot be classified as medical records pursuant to the Federal Rules of Evidence because they do not contain any of the required information detailed in Fed. R. Evid. 803(6)(A)-(E).

Third, these two documents do not list the name of the medical professional, who conducted the screenings and interpreted the results. Plaintiff does not even have any person, who can be called as a witness to identify these documents.

In conclusion, Plaintiff failed to provide any competent evidence that connects these two documents to Plaintiff in any way. Consequently, Defendants have serious questions regarding the authenticity of these two documents and Plaintiff must be prohibited from introducing them at trial. Fed. R. Evid. 901 and 803(6)(A)-(E).

## 12. Reference to Motion *in Limine*

Defendants seek to exclude any comment, suggestion, reference, argument, implication, or innuendo that this Motion has been presented to, or ruled upon by the

Court. Defendants move that Plaintiff's counsel be instructed not to suggest to the jury, directly or indirectly, that Defendants have sought to exclude any matters relating to this suit.

Respectfully submitted this 26th day of October, 2021.

/s/Olga Izmaylova
olga@silawatl.com
Georgia State Bar No. 666858

/s/Sadeer Sabbak
ssabbak@silawatl.com
Georgia State Bar No. 918493

SABBAK & IZMAYLOVA, P.C.  *Attorneys for Defendants*
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2021, I electronically filed the foregoing DEFENDANTS' MOTION *IN LIMINE* WITH CITATIONS TO LEGAL AUTHORITY with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

*/s/Olga Izmaylova*
olga@silawatl.com
Georgia State Bar No. 666858

SABBAK & IZMAYLOVA, P.C.
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911