**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| BELCALIS MARLENIS ALMANZAR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. |
| v. | * | 1:19-cv-01301-WMR |
| | * | |
| LATASHA TRANSRINA KEBE et al., | * | |
| | * | |
| Defendants. | * | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE*

COME NOW Defendants Latasha Kebe ("Kebe") and Kebe Studios LLC ("Kebe Studios"), by and through undersigned Counsel, and file Defendants' Response to Plaintiff's Motion *in Limine* as follows:

**A.    Evidence Related to Kebe's Dismissed Counterclaims.**

Defendants agree with Plaintiff that any evidence pertaining solely to Kebe's counterclaims, or the fact that there were counterclaims, is irrelevant and inadmissible. However, in asking the Court to exclude a plethora of relevant evidence, Plaintiff fails to understand that certain evidence can be used for multiple purposes. For example, evidence that Plaintiff made threats to Kebe and other bloggers is relevant because it goes to show Plaintiff's real motive for filing this lawsuit. *See* Fed. R. Evid. 401, 402, 403, and 404(b). It has always been the

Defendants' position that Plaintiff filed this lawsuit as a way to retaliate against Kebe for publishing stories about Plaintiff because Plaintiff historically hates negative press (regardless of truth or falsity) and has, on multiple occasions, made threats to bloggers who report on her. Motive is relevant and highly probative to the Defense in this case and is not outweighed by any slight prejudice the Plaintiff may experience. *See id*. Plaintiff alleges that this evidence is "unauthenticated", but it is Plaintiff's messages and posts, so they will be introduced into evidence during Plaintiff's testimony. *See* Fed. R. Evid. 901.

Plaintiff requests that evidence of her gang affiliation be excluded as improper character evidence pursuant to Fed. R. Evid. 404. However, Plaintiff placed her character in issue when she filed claims for defamation, invasion of privacy – false light, and intentional infliction of emotional distress. For the jury to determine whether this Plaintiff has been defamed; placed in a false light; or suffered severe emotional distress, the jury should hear evidence about Plaintiff's gang affiliations because that is an extremely relevant part of who Plaintiff is and Plaintiff has never publicly denied her gang affiliations. In fact, Plaintiff has made numerous posts and videos discussing her gang membership. So, when the jury is asked to determine whether this Plaintiff has suffered severe emotional distress or whether this Plaintiff

has been placed in a false light, the jury must know that this Plaintiff is a gang member. *See* Fed. R. Evid. 404(b).

## B.   Allegations Concerning Plaintiff's Pending Criminal Matter.

One of Plaintiff's themes in this case is that Kebe hates Plaintiff and has singled her out to harass her. To rebut those completely false narrative, Defendants do plan on presenting evidence that Kebe stood up for Plaintiff when the allegations, which make up her criminal charges, came out. In fact, Kebe published a video, during which she explained that the alleged victims in Plaintiff's criminal matter weren't telling the truth. If Plaintiff opens the door by presenting evidence or testimony that Kebe hates Plaintiff and harasses Plaintiff, then Defendants will present evidence to rebut those allegations. Fed. R. Evid. 401, 402, and 403. Otherwise, Defendants do not plan on presenting evidence pertaining to Plaintiff's pending criminal matters, as long as she does not open the door to this topic.

## C.   Messages by Starmarie Jones.

Defendants agree that any evidence pertaining to Starmarie Jones is irrelevant and inadmissible. Defendants submitted a detailed argument about exclusion of evidence pertaining to Starmarie Jones in ¶6 of Defendants' Motion *In Limine,* and Defendants incorporate that argument fully into their response here.

**D.      Allegations of Infidelity by Plaintiff's Husband.**

One of Plaintiff's allegations in her defamation claims pertains to allegations of infidelity. Unless Plaintiff is abandoning these allegations, evidence of infidelity between Plaintiff and her husband is extremely relevant to the issues in this case and, therefore, are admissible. Fed. R. Evid. 401, 402, and 403. Plaintiff cannot place an issue before the jury in her case and request this Court to prohibit Defendants from presenting a full defense against each of Plaintiff's allegations.

**E.      Videos About Plaintiff Drugging and Robbing Men.**

Plaintiff alleges that Kebe defamed her by stating that Plaintiff uses drugs and prostitutes. The videos Plaintiff identified in Exhibit E of her Motion *In Limine* are admissible because they are videos of Plaintiff discussing drug use and prostitution, which Plaintiff is now claiming are false allegations. Unless Plaintiff is abandoning these allegations, these videos are extremely relevant to the issues in this case and, therefore, are admissible. Fed. R. Evid. 401, 402, and 403.

Additionally, Plaintiff again raises an authentication argument. The videos Plaintiff references are videos created and published by Plaintiff, which other users then re-published on their own platforms. Defendants requested the originals of all the videos from Plaintiff in discovery, which Plaintiff refused to produce. Plaintiff argues that she produced the original videos, depicted in the clips, but that is not

true. Now, Plaintiff is before the Court claiming that these videos cannot be authenticated and shouldn't be admitted into evidence. Again, Plaintiff is in all of these videos; these are not videos of other people, who are discussing Plaintiff. Plaintiff made and published these videos and, therefore, the videos will be authenticated and introduced into evidence during Plaintiff's testimony. *See* Fed. R. Evid. 901.

**F.      Plaintiff's Comments on Social Media.**

This request is similar as the request Plaintiff made regarding her gang affiliation in paragraph A above. Plaintiff placed her character in issue when she filed claims of defamation, invasion of privacy – false light, and intentional infliction of emotional distress. In order for the jury to determine whether this Plaintiff has been defamed; placed in a false light ; or suffered severe emotional distress, the jury should hear evidence about Plaintiff's interactions with people, who are critical of her, on social media because that is an extremely relevant part of who Plaintiff is. So, when the jury is asked to determine whether this Plaintiff has suffered severe emotional distress or whether this Plaintiff has been painted in a false light, the jury must know that this Plaintiff is affiliated with a gang. *See* Fed. R. Evid. 401, 402, 403, and 404(b).

In fact, Plaintiff's numerous comments and posts on social media, made to people, who are critical of her, is also relevant to show Plaintiff's motive for filing this civil action. Therefore, the jury should get to hear evidence regarding Plaintiff's motive as proving motive is a proper use of otherwise inadmissible character evidence. *See* Fed. R. Evid. 401, 402, 403, and 404(b).

## CONCLUSION

Plaintiff is seeking to have the majority of relevant evidence excluded *in limine* because Plaintiff does not wish to be burdened with proving her case. However, Plaintiff filed this lawsuit and, therefore, should be required to meet her burden of proof by presenting relevant evidence. And, once Plaintiff is done presenting her case, the Defendants must be permitted to present evidence necessary to their defenses. For all the aforementioned reasons, the Court should deny Plaintiff's Motion *In Limine* or, at the very least, decline to rule until Defendants seek to introduce the evidence during trial.

## <u>CERTIFICATION AS TO FONT</u>

In accordance with Local Rule 7.1(D), the undersigned certifies that the foregoing document was prepared with Times New Roman 14, a font and point selection approved by the Court in Local Rule 5.1(C).

Respectfully submitted this 2nd day of November, 2021.

*/s/Olga Izmaylova*
olga@silawatl.com
Georgia State Bar No. 666858

*/s/Sadeer Sabbak*
ssabbak@silawatl.com
Georgia State Bar No. 918493

SABBAK & IZMAYLOVA, P.C.          *Attorneys for Defendants*
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2021, I electronically filed the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all the attorneys of record.

*/s/Olga Izmaylova*
olga@silawatl.com
Georgia State Bar No. 666858

SABBAK & IZMAYLOVA, P.C.
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911