UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BELCALIS MARLENIS ALMÁNZAR,

                Plaintiff,

v.

LATASHA TRANSRINA KEBE and KEBE STUDIOS LLC,

                Defendants.

Case No. 1:19-cv-01301-WMR

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO EXCLUDE DR. SHERRY L. BLAKE AND
DR. TAMARA GRISALES PURSUANT TO *DAUBERT***

Plaintiff Belcalis Marlenis Almánzar ("Plaintiff") respectfully submits this response to the motion to exclude filed by Defendants Latasha Kebe ("Kebe") and Kebe Studios LLC (together with Kebe, "Defendants") (ECF No. 164).

Defendants seek to exclude the testimony of Dr. Sherry L. Blake, who treated and continues to treat Plaintiff for extreme emotional distress caused by Defendants' defamatory statements. Dr. Blake was first disclosed to Defendants as early as November 29, 2020, when she was identified in Plaintiff's supplemental interrogatory responses as a person with knowledge "concerning the emotional distress caused to Plaintiff by Defendants' defamatory statements." Her records

related to her treatment of Plaintiff, including summaries of her therapeutic sessions and diagnoses, were produced to Defendants on November 30, 2020 and December 7, 2020. Plaintiff also made an expert disclosure regarding Dr. Blake's testimony on September 10, 2021 in accordance with Rule 26(a)(2)(C) and this Court's deadline for expert disclosures (*see* ECF No. 155). Defendants' motion does mention or take issue with the timing or substance of that disclosure.

While Defendants' motion cites the standard for expert testimony set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), they do not even suggest that Dr. Blake's testimony cannot satisfy the *Daubert* factors. Rather, Defendants argue that her testimony should be excluded because the subject matter of her testimony was not disclosed to them until the last day of discovery in late 2020 and they were supposedly prevented from "meaningfully investigating Dr. Sherry Blake's alleged treatment of Plaintiff prior to the Discovery [Deadline], and most importantly, prior to their motion for Summary Judgment."[1] (Mot. at 5.)

---

[1] The relief sought by Defendants is akin to a motion for sanctions (i.e., the exclusion of testimony) pursuant to Rule 37. But their motion does not reference Rule 37 at all, and they did not make any good faith effort to resolve this dispute before filing. *See* Fed. R. Civ. P. 37(a); Local Rule 37.1(A)(1). This alone is a sufficient basis to deny the motion. *See Holloman v. Mail-Well Corp.*, 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of motion due to failure to work with opposing counsel in good faith to resolve issues); *see also Haynes v. JPMorgan Chase Bank, N.A.*, 466 F. App'x 763, 765-66 (11th Cir. 2012) (per curiam) (same).

However, ***by their own admission***, Defendants were aware of Dr. Blake and her testimony since at least as early as November of last year—***eleven months ago***. Over the past year, the parties continued to address outstanding discovery-related issues and engaged in motion practice to compel certain supplemental productions and disclosures. Notably, as part of Kebe's motions to compel, she sought to compel the production of additional documents concerning Dr. Blake's treatment of Plaintiff. (*See* ECF No. 85 at 14-15.) Defendants could have but inexplicably did not similarly pursue a deposition of Dr. Blake or additional time to file a response to Plaintiff's motion for summary judgment if they truly believed it was warranted (which seems dubious given that Dr. Blake's testimony was not addressed whatsoever in the motion). They did not make any such efforts or seek to exclude this testimony then and should not be heard to protest now on the eve of trial. *Griffith v. Gen. Motors Corp.*, 303 F.3d 1276, 1283 (11th Cir. 2002) (affirming denial of motion to exclude testimony where movant failed to make good faith efforts to cure the alleged prejudice before trial).

Defendants also seek to exclude testimony from Dr. Tamara Grisales because she was not previously designated as a witness. Plaintiff listed Dr. Grisales as a potential witness on her witness list for the sole and limited purpose of authenticating medical records that were produced to Defendants during discovery

3

in September 2020, more than a year ago (and were also relied on in the summary judgment briefing). Specifically, Plaintiff produced medical records to the Defendants on September 22, 2020 and September 29, 2020. Plaintiff has also secured and provided to Defendants' attorneys a certification of these records pursuant to Fed. R. Evid. 902(11) that should make her authentication testimony unnecessary. Plaintiff intends to call her for the limited purpose of authenticating the records only if necessary. She will not be providing expert opinion and, thus, the basis for this motion is unfounded.

    For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendants' motion to exclude the testimony of Dr. Sherry L. Blake and Dr. Tamara Grisales.

Dated: November 2, 2021      Respectfully submitted,

/s/ Lisa F. Moore
Lisa F. Moore (Bar No. 419633)
W. Andrew Pequignot (Bar No. 424546)
MOORE PEQUIGNOT LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia 30318
Telephone: (404) 748-9596
E-mail: lisa@themoorefirm.com
E-mail: andrew@themoorefirm.com

Sarah M. Matz (admitted *pro hac vice*)
Gary P. Adelman (admitted *pro hac vice*)
ADELMAN MATZ P.C.
1173A Second Avenue, Suite 153

4

New York, New York 10065
Telephone: (646) 650-2207
E-mail: sarah@adelmanmatz.com
E-mail: g@adelmanmatz.com

*Attorneys for Plaintiff*

## **CERTIFICATION AS TO FONT**

In accordance with Local Rule 7.1(D), the undersigned certifies that the foregoing document was prepared with Times New Roman 14, a font and point selection approved by the Court in Local Rule 5.1(C).

Dated: November 2, 2021

/s/ Lisa F. Moore
Lisa F. Moore

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMÁNZAR,<br><br>                     Plaintiff,<br>v.<br><br>LATASHA TRANSRINA KEBE and KEBE STUDIOS LLC,<br><br>                     Defendants. | Case No. 1:19-cv-01301-WMR |

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2021, I electronically filed the foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE DR. SHERRY L. BLAKE AND DR. TAMARA GRISALES PURSUANT TO *DAUBERT* with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record

                                               /s/ Lisa F. Moore
                                               Lisa F. Moore