# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| BELCALIS MARLENIS ALMANZAR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. |
| v. | * | 1:19-cv-01301-WMR |
| | * | |
| LATASHA TRANSRINA KEBE et al., | * | |
| | * | |
| Defendants. | * | |

## DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO PROSECUTE

COME NOW Defendants Latasha Kebe ("Kebe") and Kebe Studios LLC ("Kebe Studios"), by and through undersigned Counsel, and hereby move this Court to dismiss the Second Amended Complaint of Plaintiff Belcalis Almanzar ("Plaintiff") for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and LR 41.3, NDGa. In support of this Motion, Defendants show the Court as follows:

## RELEVANT FACTS AND PROCEDURAL HISTORY

1. Plaintiff filed this action on March 21, 2019, almost three years ago. (ECF No. 1).

2. Since the beginning of this case, the Court expressed concerns regarding Plaintiff's atypical schedule and told counsel for both parties to work diligently and plan ahead, to ensure the case gets resolved in a timely manner. (*See* ECF No. 32, 60:7-61:8).

1

3. The Court notified counsel on February 3, 2021, that if there is a trial in this case, both parties will be required to appear in person and remain for the duration of the trial. The Court made is clear that trial in absentia was not an option. (*See* ECF No. 142, 100:16-23).

4. On April 8, 2021, at the end of a Summary Judgment hearing, the Court advised parties to be ready for trial by mid-September. (ECF No. 145).

5. Counsel for both parties assured the Court that there were no scheduling conflicts and everyone was available for trial in September, so on June 16, 2021, a Trial Calendar Order for Friday, September 10, 2021 was filed. (ECF No. 148).

6. On July 13, 2021, the Court filed a Notice Setting Trial for September 13, 2021, which was the date everyone previously agreed-upon. (ECF No. 151).

7. On July 23, 2021, Plaintiff filed an Unopposed Motion for Continuance of the September trial date because she was scheduled to give birth to her second child around the same time. (ECF No. 152). In said Motion, Plaintiff proposed that the trial be rescheduled for Monday, November 8, 2021. *Id.*

8. The Court agreed to continue the trial and, on July 26, 2021, filed Notice Setting Trial for the weeks of November 8, 2021 and November 15, 2021. (ECF No. 153).

9. Plaintiff is one of four named defendants in another civil action, *Brophy v. Almanzar et al.*, currently pending in the United States District Court for the Central District of California. (*See* Exhibit A, attached hereto and incorporated herein).

10. Plaintiff's attorney in the California case is Alan G. Dowling. (*See* Exhibit B, attached hereto and incorporated herein).

11. On September 13, 2021, Attorney Dowling filed an Ex Parte Application by Defendants to Continue Trial, which was scheduled to begin on October 26, 2021, citing medical reasons and Plaintiff's upcoming November trial in Atlanta, Georgia as the reasons for the continuance request. (*See* Exhibit A).

12. Attorney Dowling filed Declarations of Alan G. Dowling (*see* Exhibit B), Dr. Seth Plancher M.D. (*see* Exhibit C, attached hereto and incorporated herein), and Belcalis Almanzar (*see* Exhibit D, attached hereto and incorporated herein), in support of that continuance request.

13. The Declaration of Belcalis Almanzar, which was executed under penalty of perjury, confirmed that Plaintiff was fully aware that the trial in the case at bar was scheduled to begin on November 9, 2021. (*See* Exhibit D).

14. Attorney Dowling also cited to Dr. Plancher's Declaration (Ms. Almanzar's Gynecologist), who concluded that because Ms. Almanzar gave birth to her son on

September 4, 2021, it would be highly inadvisable for her to undertake extensive travel or be subject to the stresses of a lengthy trial. (*See* Exhibit C).

15. In the memorandum in support of Application, filed on September 13, 2021, Attorney Dowling stated, "Counsel in the Atlanta case are presently making a determination about approaching the judge in that case to seek a continuance on the same basis as the one sought here." (*See* Exhibit A).

16. On October 6, 2021, Plaintiff's Counsel in the California case filed a motion for sanctions against Ms. Almanzar for bad faith conduct, explaining that Ms. Almanzar provided false and misleading testimony under penalty of perjury in her 9/13/21 Declaration. (*See* Exhibit E, attached hereto and incorporated herein).

17. On October 12, 2021, this Court filed a Trial Calendar Order, where this case was listed as number one for trial the week of November 9, 2021. (ECF No. 158).

18. On October 14, 2021, after collaborating for nearly a month, the parties finally submitted their Consolidated Pretrial Order to the Court. (ECF No. 159).

19. On October 20, 2021, undersigned Counsel received Plaintiff's Updated Trial Exhibit List, which contained 983 exhibits.

20. On October 26, 2021, the parties filed their respective Motions *In Limine.* (*See* ECF Nos. 163-165).

21. On October 28, 2021, undersigned Counsel completed the mandatory technology training with Jennifer Lee, the Court's Deputy Clerk.

22. On November 2, 2021, Plaintiff announced that she will be hosting the American Music Awards, which are happening on November 21, 2021, in Los Angeles, California. (*See* Exhibit F, attached hereto and incorporated herein).

23. On November 3, 2021, the parties received an email from Ms. Lundy with instructions to report for trial on November 9, 2021 at 9:30 a.m. Per Ms. Lundy's request, Counsel for both parties confirmed their receipt of her reporting instructions. The parties did not ask any questions or mention any potential conflicts with the 11/9/21 trial date.

24. On November 3, 2021, Ms. Kebe was at undersigned Counsel's office for approximately eight hours, preparing for trial. Meanwhile, Plaintiff was on a flight from New York to Los Angeles that same day. (*See* Exhibit G, attached hereto and incorporated herein).

25. On November 4, 2021, Plaintiff's Counsel filed a Motion to Bring Electronic Equipment in the Courtroom. (ECF No. 169). That same day, Ms. Kebe was at undersigned Counsel's office for another full day of trial preparations, while Plaintiff attended the British Vogue cocktail party in Beverly Hills, California. (*See* Exhibit H, attached hereto and incorporated herein).

26. On November 5, 2021, Ms. Kebe was at undersigned Counsel's office for yet another day of trial prep. Plaintiff's Counsel did not reach out to undersigned Counsel regarding any potential issues or conflicts with the upcoming trial.

27. On November 6, 2021, Ms. Kebe was not able to come to undersigned Counsel's office; however, undersigned Counsel spent several hours virtually preparing for trial with Ms. Kebe. Again, undersigned Counsel received absolutely no communications from Plaintiff's Counsel about any issues with the upcoming trial.

28. On Sunday, November 7, 2021, as undersigned Counsel were continuing with trial preparations, Ms. Lundy sent an email at 5:24 p.m., notifying all parties that the Court wanted to conduct a phone conference on November 8, 2021, at 1:30 p.m. Undersigned Counsel sent Ms. Lundy a confirmation email and went back to trial preparation.

29. Without so much as a courtesy email from opposing counsel, undersigned Counsel were served with a two-sentence Motion to Continue, which was filed by Plaintiff's Counsel at 5:56 p.m. on Sunday, November 7, 2021. (*See* ECF No. 171). Plaintiff's Counsel alleged a "family emergency" without providing any details, explanations, or corroborating evidence whatsoever. *See id.* The trial in this case is scheduled to begin on Tuesday, November 9, 2021, at 9:30 a.m.

30. On November 7, 2021, at 8:08 p.m., Plaintiff posted a picture of her daughter on her Twitter account; no family emergency in sight. (*See* Exhibit I, attached hereto and incorporated herein).

31. Undersigned Counsel spent several hours on the internet, looking for any reports or information regarding Plaintiff's alleged family emergency, and did not come across any corroborating information. In fact, Plaintiff shared a couple more posts on her Instagram account, but they disappeared before undersigned Counsel could preserve them. None of the deleted posts mentioned anything about a family emergency.

## LEGAL STANDARD

Rule 41(b) authorizes a district court, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule. *See* Fed. R. Civ. P. 41(b); *see also Goforth v. Owens*, 766 F.2d 1533 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457 (11th Cir. 1983).

Additionally, Local Rule 41.3 provides that a case may be dismissed for failure to prosecute if "[a] plaintiff. . . shall, after notice, fail or refuse to appear at the time and place fixed for . . . trial in a case or fail or refuse to obey a lawful order of the Court in the case." LR 41.3, NDGa.

A district court also has inherent authority to dismiss a case for failure to prosecute in order to manage its own docket by achieving the orderly and expeditious disposition of cases. *See Equity Lifestyle Props., Inc., v. Fla. Mowing & Landscape Serv., Inc*., 556 F.3d 1232, 1240 (11th Cir. 2009); *see also Link v. Wabash Railroad Co*., 370 U.S. 626, 630-31 (1962) (The court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits.).

## ARGUMENT

Despite the fact that Plaintiff received multiple notices regarding her upcoming jury trial, by filing a Motion for Continuance on the eve of trial, Plaintiff has failed to prosecute and failed to comply with this Court's October 12, 2021 Trial Calendar Order. (ECF No. 158). Plaintiff filed this lawsuit almost three years ago; discovery closed on November 30, 2020; the Court has heard argument and ruled on Summary Judgment Motions; and the parties have submitted a Consolidated Pretrial Order to the Court. There is absolutely no reason for Plaintiff not to be ready to proceed with trial.

At the request of her counsel, and in order to prepare for trial, Ms. Kebe had to block off two weeks in her schedule, even though she is self-employed and cannot make money if she is not actively working. But, because Ms. Kebe has always taken

this lawsuit seriously, she sacrificed her time and earnings to ensure her readiness for trial on November 9, 2021.

The Plaintiff, who is the sole reason this civil action exists, does not seem to care about the fact that trial is scheduled to begin on November 9, 2021. Plaintiff used the fact that this trial was scheduled to her advantage when requesting a continuance of the trial in her California case, but as soon as she received that continuance, she quickly lost interest in this upcoming trial.

Attorney Dowling told the United States District Court for the Central District of California on September 13, 2021, that Plaintiff's "Counsel in the Atlanta case are presently making a determination about approaching the judge in that case to seek a continuance on the same basis as the one sought here." (*See* Exhibit A). The fact that Plaintiff's Counsel had the audacity to file a Motion for Continuance that consisted of two sentences and not one shred of information or evidence, less than 48 hours before the start of trial, proves that they knew they were going to ask for a continuance in September, just like Attorney Dowling stated.

Plaintiff has never shown this Court that she is serious about pursuing this case. In April, when the Court confirmed that all parties were available for this trial to begin in September, Plaintiff knew that she was pregnant and due in September. However, she did not bother divulging that information to anyone until July 23,

9

2021; three months after the Court's inquiry into the parties' availability. Nonetheless, Defendants had no issue consenting to a continuance of the trial, given Plaintiff's pregnancy.

On the other hand, Plaintiff and her Counsel did not have the decency to provide Defendants with any advanced notice of their last-minute continuance request. Instead, they acted like they were preparing for trial, even after Plaintiff announced that she was hosting the American Music Awards on November 21, 2021, which required her to be in California at least two weeks prior. Plaintiff's activity on social media corroborates the fact that she has been in California since November 3, 2021, with absolutely no intent of showing up for this trial in Atlanta. Yet, Plaintiff's Counsel still thought it appropriate to add 963 exhibits to their Exhibit List and serve it on the Defense for objections.

The Court made it very clear back in October of 2019 that all parties were expected to plan ahead and participate in this litigation. Also, the Court warned everyone in February of 2021 that all parties must be present for the entire duration of the trial and there would not be any trials in absentia. The Plaintiff had notice of the November 9, 2021 trial date for months. Yet, Plaintiff still decided to commit to hosting the American Music Awards with the full knowledge that she would not be able to be present for the November 9, 2021 trial. That means Plaintiff intentionally

and deliberately chose to disregard the orders of this Court by leaving town for a two-week obligation the week before trial.

Undersigned Counsel, as well as Ms. Kebe, have taken trial preparations very seriously. The Defense is ready for trial and objects to Plaintiff's request for a continuance. Ms. Kebe has lost out on income in order to comply with the orders of this Court and be prepared for trial. Plaintiff should not be rewarded for intentionally disregarding the prosecution of this case and the orders of this Court. No remedy short of a Dismissal with Prejudice will suffice because, as the Court can see, this is not the only case where Plaintiff has caused unreasonable delay. The California civil action was filed in 2017 and it still remains unresolved.

## CONCLUSION

Based on the foregoing motion, argument, and attached exhibits, Plaintiff has intentionally failed to prosecute this lawsuit and as such, this Court should dismiss this lawsuit with prejudice, pursuant to Fed. R. Civ. P. 41(b) and LR 41.3, NDGa.

## **CERTIFICATION AS TO FONT**

In accordance with Local Rule 7.1(D), the undersigned certifies that the foregoing document was prepared with Times New Roman 14 point, a font and point selection approved by the Court in Local Rule 5.1(C).

Respectfully submitted this 8th day of November, 2021.

> */s/Olga Izmaylova*
> olga@silawatl.com
> Georgia State Bar No. 666858
>
>
> */s/Sadeer Sabbak*
> ssabbak@silawatl.com
> Georgia State Bar No. 918493

SABBAK & IZMAYLOVA, P.C.          *Attorneys for Defendants*
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2021, I electronically filed the foregoing DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO PROSECUTE with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

*/s/Olga Izmaylova*
olga@silawatl.com
Georgia State Bar No. 666858

SABBAK & IZMAYLOVA, P.C.
1875 Old Alabama Road
Suite 760
Roswell, Georgia 30076
p. (404) 793-7773
f. (678) 878-4911