# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMANZAR, | \* |
| | \* |
| Plaintiff, | \* |
| | \* Civil Action No. |
| v. | \* 1:19-cv-01301-WMR |
| | \* |
| LATASHA TRANSRINA KEBE et al., | \* |
| | \* |
| Defendants. | \* |

## DEFENDANTS' MEMORANDUM OF LAW REGARDING INJUNCTIVE RELIEF

COME NOW Defendants, Latasha Kebe ("Kebe") and Kebe Studios LLC ("Kebe Studios"), by and through undersigned Counsel, and, pursuant to this Honorable Court's order, submit this Memorandum of Law Regarding Permanent Injunctions.

### I. INTRODUCTION

At the conclusion of the jury trial in this case, this Court ordered the parties to research and submit a memorandum, detailing the applicable law on injunctions for the Court's consideration in advance of the April 1, 2022 hearing regarding injunctive relief.

## II.     LEGAL STANDARD FOR PERMANENT INJUNCTION

It must be noted that during the entire pendency of this case, Plaintiff never requested a temporary restraining order or preliminary injunction. Furthermore, no motion for a permanent injunction has ever been filed. Plaintiff requested injunctive relief solely in the Prayer for Relief section of her Complaint.

The case at bar is a diversity action, with no issues or claims raising federal questions, and is, therefore, governed by Georgia state law. *See generally Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938). "A federal court sitting in diversity applies the substantive law of the state in which it sits, including that state's choice of law." *Ferrero v. Assoc. Materials Inc.,* 923 F.2d 1441, 1444 (11th Cir. 1991). Defendants acknowledge that when determining the appropriateness of a temporary restraining order, or a preliminary injunction, the federal standard should be applied. *See* Fed. R. Civ. P. 65. The difference stems from the fact that a preliminary injunction is a procedural matter (governed by the federal rules) and a permanent injunction is substantive (governed by state law).

## III.     DISCUSSION

Entry of a permanent injunction is appropriate only in clear and urgent cases where there is a vital necessity to prevent a party from being damaged and left without an adequate remedy at law. *See Harris v. S. Christian Leadership*

*Conference, Inc.,* 721 S.E.2d 906, 908 (Ga. Ct. App. 2011), *Savannah Cemetery Grp., Inc. v. Depue-Wilbert Vault Co.,* 704 S.E.2d 858, 864 (Ga. Ct. App. 2010), *Robinson v. Landings Assoc., Inc.,* 440 S.E.2d 198, 199 (Ga. 1994); *see also* O.C.G.A. §§ 9-5-1, 9-5-8, and 9-5-10. "Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law . . . ." O.C.G.A. § 23-1-4.

Equitable relief is a matter within the sound discretion of the trial court and the grant of a permanent injunction is to be sustained on review unless the trial court has manifestly abused its discretion. *Harris* at 364, *Savannah Cemetery Group* at 864. A trial court manifestly abuses its discretion when it grants an injunction adverse to a party without any evidence to support such judgment and contrary to the law and equity. *Savannah Cemetery Group* at 864.

Before the trial court can exercise its discretion with regard to issuing a permanent injunction, Plaintiff must first show that she has a legal right to relief. *Robinson* at 199. Even though the jury returned a verdict in Plaintiff's favor, that, by itself, is not sufficient to secure a permanent injunction. The general rule in Georgia is that an injunction will not be granted to restrain defamation. *See Ga. Soc'y of Plastic Surgeons, Inc. v. Anderson,* 363 S.E2d 140, 144 (Ga. 1987), *McFarlan v. Manget,* 174 S.E. 712, 712 (Ga. 1934). However, Georgia Courts have approved a

permanent injunction against libel where, among other things, there was a continuing course of repetitive conduct and the jury returned a verdict for plaintiff. *See Ga. Soc'y of Plastic Surgeons* at 144, and *Retail Credit Co. v. Russell,* 218 S.E.2d 54, 62-63 (Ga. 1975).

Plaintiff must prove that she is suffering, and will continue to suffer, irreparable harm, which entitles her, as a legal right, to injunctive relief. *See Harris* at 908-09, *Savannah Cemetery Group* at 864-65, *Robinson* at 200. In addition to showing a real and immediate threat of future injury, Plaintiff must prove that the compensatory and punitive damages the jury awarded her are inadequate as a remedy provided at law. *See* O.C.G.A § 9-5-1.

## CONCLUSION

Plaintiff has the burden of establishing that there is a vital necessity for a permanent injunction and that, without one, Plaintiff will continue to be damaged and remain without an adequate remedy at law. Even though this Court has great discretion when deciding whether to issue an injunction, the Defendants doubt that Plaintiff can satisfy her burden of proof.

WHEREFORE, the Defendants respectfully request that this Honorable Court decline to issue a permanent injunction.

## **CERTIFICATION AS TO FONT**

In accordance with Local Rule 7.1(D), the undersigned certifies that the foregoing document was prepared with Times New Roman 14 point, a font and point selection approved by the Court in Local Rule 5.1(C).

Respectfully submitted this 3rd day of March, 2022.

*/s/Olga Izmaylova*
olga@silawatl.com
Georgia State Bar No. 666858


*/s/Sadeer Sabbak*
ssabbak@silawatl.com
Georgia State Bar No. 918493

SABBAK & IZMAYLOVA, P.C.        *Attorneys for the Defendants*
1875 Old Alabama Road
Suite 510
Roswell, Georgia 30076
p. (404) 793-7773
f.  (770) 797-5887

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2022, I electronically filed the foregoing DEFENDANTS' MEMORANDUM OF LAW REGARDING INJUNCTIVE RELIEF with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

*/s/Olga Izmaylova*
olga@silawatl.com
Georgia State Bar No. 666858

SABBAK & IZMAYLOVA, P.C.
1875 Old Alabama Road
Suite 510
Roswell, Georgia 30076
p. (404) 793-7773
f. (770) 797-5887