# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 15, 2022

Olga Izmaylova
Sabbak & Izmaylova, PC
1875 OLD ALABAMA RD STE 510
ROSWELL, GA 30076

Sadeer Sabbak
Sabbak & Izmaylova, PC
1875 OLD ALABAMA RD STE 510
ROSWELL, GA 30076

Appeal Number: 22-10871-AA
Case Style: Belcalis Marlenis Almanzar v. Latasha Transrina Kebe, et al
District Court Docket No: 1:19-cv-01301-WMR

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Any pending motions are now rendered moot in light of the attached order.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: T. L. Searcy/cb, AA
Phone #: (404) 335-6180

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 22-10871-AA

BELCALIS MARLENIS ALMANZAR,

          Plaintiff-Counter Defendant-Appellee,

versus

LATASHA TRANSRINA KEBE,
a.k.a Latasha Transrina Howard,
KEBE STUDIOS LLC,

          Defendants-Counter Claimants-Appellants,

STARMARIE EBONY JONES,

          Defendant.

Appeal from the United States District Court
for the Northern District of Georgia

Before: WILSON, GRANT, and LUCK, Circuit Judges.

BY THE COURT:

Upon our review of the record and the responses to the jurisdictional question, we hereby DISMISS this appeal for lack of jurisdiction. Latasha Transrina Kebe and Kebe Studios LLC (collectively, "the appellants") appeal from the district court's February 17, 2022 judgment memorializing the jury's determinations of liability and award of damages in Belcalis Marlenis Almanzar's favor. However, that was not a final decision because it did not resolve Almanzar's request for injunctive relief, and it is clear from the record that the district court contemplated

further proceedings regarding that relief at the time it issued the judgment. *See* 28 U.S.C. § 1291; *Martinez v. Carnival Corp.*, 744 F.3d 1240, 1243-44 (11th Cir. 2014); *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 740-45 (1976); *see also Freyre v. Chronister*, 910 F.3d 1371, 1377 (11th Cir. 2018).

To the extent that the appellants argue that the district court's subsequent April 4, 2022[1] order granting Almanzar a permanent injunction cured any jurisdictional defect, that argument fails because the district court's February 17, 2022 judgment would not have been properly certified for immediate appeal under Fed. R. Civ. P. 54(b). *See Robinson v. Tanner*, 798 F.2d 1378, 1382-85 (11th Cir. 1986); *Finn v. Prudential Bache Secs., Inc.*, 821 F.2d 581, 585 (11th Cir. 1987); *Jetco Elec. Indus., Inc. v. Gardiner*, 473 F.2d 1228, 1231 (5th Cir. 1973); *United States v. Taylor*, 632 F.2d 530, 531 (5th Cir. 1980); *see also* Fed. R. Civ. P. 54(b); *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777-80 (11th Cir. 2007). And to the extent that the appellants argue that the February 17 judgment was immediately appealable because Almanzar's request for injunctive relief was collateral to the merits, their argument is belied by the record, which demonstrates that Almanzar sought injunctive relief in her second amended complaint.

Because we lack jurisdiction, the only thing remaining for us to do is to dismiss this case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *see also King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1165 (11th Cir. 2007). Almanzar's motion to amend the jurisdictional allegations in her second amended complaint is therefore DENIED WITHOUT PREJUDICE to her refiling it in the district court.

---

[1] Because the district court has yet to enter a final judgment in the action incorporating the resolution of Ms. Almanzar's requests for injunctive relief, the appeal period from the district court's April 4, 2022 order is still running. *See* Fed. R. App. P. 4(a)(1)(A) (providing that a notice of appeal in a civil case is timely if it is filed within 30 days after entry of the judgment or order appealed from); *Id.* R. 4(a)(7)(A)(ii) (providing that if Fed. R. Civ. P. 58(a) requires a separate document, a judgment or order is considered "entered" for purposes of Rule 4(a), relevantly, when it is entered on the civil docket and "150 days have run from entry of the judgment or order in the civil docket").