# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMANZAR,<br><br>Plaintiff,<br><br>v.<br><br>LATASHA TRANSRINA KEBE and KEBE STUDIOS LLC,<br><br>Defendants. | CIVIL ACTION NO.<br>1:19-cv-01301-WMR |

## AMENDED JUDGMENT

The jury having returned its verdict in this case in favor of Plaintiff Belcalis Marlenis Almanzar on her claims against both Defendant Latasha Transrina Kebe and Kebe Studios LLC, the Court hereby enters judgment in favor of Plaintiff and finds that Defendants are liable for defamation, invasion of privacy (false light), and intentional infliction of emotional distress. The jury awarded Plaintiff $1,000,000 for pain and suffering and/or reputational injury and $250,000 for medical expenses. The parties, by stipulation, reduced the award of medical expenses from $250,000 to $25,000.[1] The jury found that Defendants are jointly and severally liable for these damages. The jury awarded Plaintiff $1,000,000 in punitive damages against

---

[1] This stipulation does not vitiate Defendants' ability to appeal the same.

Defendant Latasha Kebe, $500,000 in punitive damages against Defendant Kebe Studios LLC, and $1,338,753.47 for litigation expenses against both Defendants.

Accordingly, judgment is entered in the amount of $1,025,000 for pain and suffering and/or reputational injury and for medical expenses against both Defendants, $1,000,000 in punitive damages against Defendant Latasha Kebe, $500,000 in punitive damages against Defendant Kebe Studios LLC, and $1,338,753.47 for litigation expenses against both Defendants.

Additionally, after the jury verdict, Plaintiff requested a permanent injunction against Defendants. The parties thereafter filed a proposed consent order granting the permanent injunction, which the Court issued. Accordingly, Defendants are permanently enjoined from publishing or republishing on the Internet or otherwise the defamatory statements listed in the consent order, and Defendants are ordered to remove (to the extent not already removed) any videos or posts that contain the defamatory statements listed in the consent order (and the titles of such videos and posts to the extent they contain the defamatory statements) from their websites and social media accounts. The Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this permanent injunction.

**IT IS SO ORDERED** this 19th day of July, 2022.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE