**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| BELCALIS MARLENIS ALMANZAR, | * | |
| Plaintiff, | * | |
| | * | Civil Action No. |
| v. | * | 1:19-cv-01301-WMR |
| LATASHA TRANSRINA KEBE et al., | * | |
| Defendants. | * | |

## DEFENDANTS' MOTION FOR STAY PENDING APPEAL

COME NOW Defendants Latasha Kebe ("Kebe") and Kebe Studios LLC ("Kebe Studios"), by and through undersigned Counsel, and, pursuant to Fed. R. Civ. P. 62(f), O.C.G.A. § 9-12-80, and O.C.G.A. § 5-6-46(a), respectfully move this Honorable Court for a stay of execution pending appeal. In support of this motion, Defendants show the following:

1. On July 19, 2022, this Court entered a final judgment in favor of Plaintiff. (ECF No. 241).

2. Defendants filed a timely notice of appeal to the United States Court of Appeals for the Eleventh Circuit. (ECF No. 242).

3. Even though the language of Fed. R. Civ. P. 62 seems to suggest that appellants must always post a supersedeas bond in order to obtain a stay on appeal, "[c]ase law establishes that the district court has discretion as to the amount of the bond, and in some instances, whether to order the posting

1

of any at all." *DeKalb Cnty. Sch. Dist. v. J.W.M. and S.M.,* 445 F. Supp. 2d 1371, 1376 (N.D. Ga. 2006).

4. "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Fed. R. Civ. P. 62(f).

5. In Georgia, a judgment is a lien upon the property of a judgment debtor. *DeKalb Cnty. Sch. Dist.* at 1377; O.C.G.A. § 9-12-80.

6. Under Georgia law, unless a motion by appellee is filed, the notice of appeal "[s]hall serve as supersedeas upon payment of all costs in the trial court by the appellant and it shall not be necessary that a supersedeas bond or other form of security be filed . . . ." O.C.G.A. § 5-6-46(a).

7. The Defendants have paid the costs in the trial court and, because they would be entitled to a stay upon appeal without having to post a supersedeas bond if this appeal had been filed in state court, pursuant to Rule 62(f), the Defendants are entitled to a stay pending appeal in this Court. *See* Fed. R. Civ. P. 62(f); *DeKalb Cnty. Sch. Dist.* at 1377.

WHEREFORE, based on the above-cited legal authority, Defendants respectfully request the following relief:

(a) That this Honorable Court stay the execution of final judgment during the pendency of Defendants' appeal.

(b) In the alternative, if this Court denies Defendants' motion for stay pending appeal, Defendants request an interim stay to allow Defendants to apply for stay pursuant to Fed. R. App. P. 8(a)(2).

## CERTIFICATION AS TO FONT

In accordance with Local Rule 7.1(D), the undersigned certifies that the foregoing document was prepared with Times New Roman 14 point, a font and point selection approved by the Court in Local Rule 5.1(C).

Respectfully submitted this 2nd day of September, 2022.

*/s/Olga Izmaylova*
olga@silawatl.com
Georgia State Bar No. 666858

*/s/Sadeer Sabbak*
sabbak@silawatl.com
Georgia State Bar No. 918493

SABBAK & IZMAYLOVA, P.C.          *Attorneys for Defendants*
1875 Old Alabama Road
Suite 510
Roswell, Georgia 30076
p. (404) 793-7773
f.  (770) 797-5887

3

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2022, I electronically filed the foregoing DEFENDANTS' MOTION FOR STAY PENDING APPEAL with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

*/s/Olga Izmaylova*
olga@silawatl.com
Georgia State Bar No. 666858

SABBAK & IZMAYLOVA, P.C.
1875 Old Alabama Road
Suite 510
Roswell, Georgia 30076
p. (404) 793-7773
f. (770) 797-5887