# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMANZAR, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. |
| | *   1:19-cv-01301-WMR |
| LATASHA TRANSRINA KEBE et al., | * |
| Defendants. | * |

## DEFENDANTS' MOTION FOR DENIAL OF PLAINTIFF'S APPLICATIONS FOR WRIT OF EXECUTION

COME NOW Defendants Latasha Kebe ("Kebe") and Kebe Studios LLC ("Kebe Studios"), by and through undersigned Counsel, and, pursuant to Fed. R. Civ. P. 69(a)(1), O.C.G.A. § 9-11-62(a), O.C.G.A. § 9-13-2, and O.C.G.A. § 5-6-46(a), respectfully move this Honorable Court to deny both of Plaintiff's applications for writ of execution. In support of this motion, Defendants show the following:

### RELEVANT FACTS AND PROCEDURAL HISTORY

1. On July 19, 2022, this Court entered an amended final judgment in favor of Plaintiff. (ECF No. 241).

2. On July 29, 2022, Defendants filed a timely notice of appeal to the United States Court of Appeals for the Eleventh Circuit. (ECF No. 242).

1

3. Defendants also paid all costs of appeal in the trial court on July 29, 2022.

4. On August 23, 2022, Plaintiff filed a Garnishment Action against both Defendants in the State Court of DeKalb County, Case Number 22SG00748.

5. On August 30, 2022, Plaintiff served the garnishment documents on Svitlana Payne of JP Morgan Chase Bank.

6. On September 1, 2022, Plaintiff applied for a writ of execution against Kebe (ECF No. 248) and against Kebe Studios (ECF No. 249).

## ARGUMENT

Proceedings in aid of execution are governed by Georgia law, even when (as here) the underlying action is in federal court. "The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1).

Georgia law imposes a mandatory stay of proceedings to enforce a judgment for ten days after its entry. O.C.G.A. § 9-11-62(a). That ten-day period allows the party against whom judgment has been entered to determine what course of action to follow. *Tate v. Burns,* 324 S.E.2d 485, 486 (Ga. Ct. App. 1984).

In civil cases, the notice of appeal serves as an automatic supersedeas as soon as appellant pays all costs in the trial court. *Bank South, N.A. v. Roswell Jeep Eagle, Inc.,* 408 S.E.2d 503, 504 (Ga. Ct. App. 1991). Once a notice of appeal is entered,

execution is suspended. *See* O.C.G.A. § 9-13-2.

The Defendants filed a notice of appeal (ECF No. 242) and paid all costs in the district court on the tenth day of the mandatory stay imposed by O.C.G.A. § 9-11-62(a). That filing automatically acted as a supersedeas under Georgia law, immediately staying all attempts by Plaintiff to execute on the judgment. *See Bank South* at 504. "[T]he supersedeas, during its pendency, prevents any steps to enforce or carry into effect the judgment, such as issuing an execution based thereon." *Id.* at 505.

Accordingly, all actions in aid of execution of judgment, taken by Plaintiff since July 29, 2022, are in violation of the supersedeas imposed by O.C.G.A. § 5-6-46(a) and are improper. Granting Plaintiff's applications for writ of execution (ECF Nos. 248 & 249) would be inappropriate because "[t]the judgment creditor has no right to enforce the money judgment while the appeal is pending . . . ." *See Bank South* at 505.

## CONCLUSION

For the foregoing reasons, this Court must deny Plaintiff's applications for writ of execution. Additionally, this Court should enforce the supersedeas and prohibit Plaintiff's improper attempts to execute on the judgment during the pendency of the appeal.

## **CERTIFICATION AS TO FONT**

In accordance with Local Rule 7.1(D), the undersigned certifies that the foregoing document was prepared with Times New Roman 14 point, a font and point selection approved by the Court in Local Rule 5.1(C).

Respectfully submitted this 2nd day of September, 2022.

>                             */s/Olga Izmaylova*
>                             olga@silawatl.com
>                             Georgia State Bar No. 666858
>
>
>                             */s/Sadeer Sabbak*
>                             sabbak@silawatl.com
>                             Georgia State Bar No. 918493

SABBAK & IZMAYLOVA, P.C.          *Attorneys for Defendants*
1875 Old Alabama Road
Suite 510
Roswell, Georgia 30076
p. (404) 793-7773
f.  (770) 797-5887

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2022, I electronically filed the foregoing DEFENDANTS' MOTION FOR DENIAL OF PLAINTIFF'S APPLICATIONS FOR WRIT OF EXECUTION with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

                                         */s/Olga Izmaylova*
                                         olga@silawatl.com
                                         Georgia State Bar No. 666858

SABBAK & IZMAYLOVA, P.C.
1875 Old Alabama Road
Suite 510
Roswell, Georgia 30076
p. (404) 793-7773
f.  (770) 797-5887