UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMANZAR,<br><br>Plaintiff,<br>v.<br><br>LATASHA TRANSRINA KEBE and KEBE STUDIOS LLC,<br><br>Defendants. | Case No. 1:19-cv-01301-WMR |

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANTS' MOTIONS AND IN SUPPORT OF A SUPERSEDEAS BOND**

Plaintiff Belcalis Marlenis Almanzar ("Plaintiff") respectfully submits this brief in response to the Motion for Stay Pending Appeal (ECF No. 250) and Motion for Denial of Plaintiff's Applications for Writ of Execution (ECF No. 251) filed by Defendants Latasha Transrina Kebe and Kebe Studios LLC (collectively, "Defendants"), and in support of Plaintiff's motion (to the extent necessary) for a supersedeas bond.

**I.   BACKGROUND**

On July 19, 2022, this Court issued an Amended Judgment in this case, which incorporates the jury's verdict in favor of Plaintiff in the amount of

$3,863,753.47 (the "Amended Judgment"). (ECF No. 241.) On July 29, 2022, Defendants filed a notice of appeal. (ECF No. 242.) Plaintiff sought to execute on the Amended Judgment on September 1, 2022. (ECF No. 248.) Defendants have sought a stay of execution on the Amended Judgment pending the outcome of the appeal. (ECF Nos. 250 & 251.)

## II.   ARGUMENT

**A.   A Stay of Execution Requires an Appropriate Supersedeas Bond.**

Rule 62 of the Federal Rules of Civil Procedure governs Defendants' request for a stay of execution and provides that they are only entitled to a stay upon providing a supersedeas bond. Fed. R. Civ. P. 62(b). Defendants nevertheless argue that they are entitled to a stay without providing a bond pursuant to Rule 62(f), which provides: "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Fed. R. Civ. P. 62(f).

The "law of the state" that Defendants rely on for their position is twofold. *First*, Defendants cite O.C.G.A. § 9-12-80, which provides:

> All judgments obtained in the superior courts, magistrate courts, or other courts of this state shall be of equal dignity and shall bind all the property of the defendant in judgment, both real and personal, from the date of such judgments except as otherwise provided in this Code.

> Some courts in this district have interpreted this code section to mean that a

judgment debtor in a Georgia federal court "is entitled to the same stay of execution" that a Georgia state court would give. *See, e.g.*, *Dekalb Cnty. Sch. Dist. v. J.W.M.*, 445 F. Supp. 2d 1371, 1377 (N.D. Ga. 2006). The language of O.C.G.A. § 9-12-80 does not necessarily dictate this result because, under the prevailing view, Rule 62(f) is limited to situations where "a judgment creditor is only required to perform mere 'ministerial acts' to transform the judgment into a lien." *MM Steel, L.P. v. JSW Steel (USA) Inc.*, 771 F.3d 301, 303 (5th Cir. 2014) (citing cases and finding Rule 62(f) not applicable under Texas law). Thus, whether Rule 62(f) applies may depend on the nature of Georgia's other requirements for acquiring a lien. *See, e.g.*, O.C.G.A. § 9-12-81 (requiring judgment to be entered on the general execution docket); *Synovus Bank v. Kelley*, 847 S.E.2d 592, 595 (Ga. 2020) (discussing the interplay between O.C.G.A. §§ 9-12-80 and 9-12-86 and the additional acts that must be taken to create a lien on real property). Regardless, this Court need not weigh in on the issue because a stay of execution would be warranted under either federal or state law ***if an appropriate supersedeas bond is provided***. See Fed. R. Civ. P. 62(b); O.C.G.A. § 5-6-46(a).

*Second*, Defendants cite O.C.G.A. § 5-6-46(a), which provides:

> [T]he notice of appeal filed as provided in Code Sections 5-6-37 and 5-6-38 shall serve as supersedeas upon payment of all costs in the trial court by the appellant and it shall not be necessary that a supersedeas bond or other form of security be filed; provided, however, that upon

motion by the appellee, made in the trial court before or after the appeal is docketed in the appellate court, the trial court shall require that supersedeas bond or other form of security be given with such surety and in such amount as the court may require . . . .

Under this code section, a notice of an appeal filed in a state court in Georgia acts as an automatic stay on the execution of a judgment. However, "upon motion by the appellee," the court "**shall require**" a bond or other form of security. Indeed, "[o]nce the appellee moves for a supersedeas bond, it is entitled to that bond, and the Court's discretion on the question of whether a bond is necessary vanishes." *Bennett v. Hendrix*, No. 1:00-CV-2520-TWT, at 4 (N.D. Ga. Sept. 5, 2007). Thus, even assuming Rule 62(f) applies, **Defendants' request for a stay would still be subject to a bond requirement**. *See Barngrover v. Hins*, 657 S.E.2d 14, 18 (Ga. Ct. App. 2008) ("Nothing in OCGA § 5-6-46 suggests that a trial court may refuse to require a supersedeas bond posted for the benefit of an appellee who seeks security for a money judgment . . . .").

Defendants' contention that Georgia law entitles them to a stay without providing a supersedeas bond (ECF No. 250 at 2) is plainly wrong. They cite *Dekalb County School Dist. v. J.W.M.*, 445 F. Supp. 2d 1371, 1377 (N.D. Ga. 2006), but there, the district court held that Georgia law did not require a bond because the appellant was county agency and was exempt from the bond requirement pursuant to O.C.G.A. § 9-11-62(d). *Id*. That basis is wholly

4

inapplicable to this case.[1] *See Westcare Corp. v. ShredderHotline.com Co.*, No. 2:11-CV-297-WCO, at 5 (N.D. Ga. May 23, 2014) (distinguishing *Dekalb County*, in part, for the same reason).

As for the mechanism for obtaining a stay if Rule 62(f) is triggered, the procedural rules for obtaining a stay and requiring a supersedeas bond continue to be governed by the Federal Rules of Civil Procedure under the *Erie* doctrine. *See Horowitch v. Diamond Aircraft Indus. Inc.*, 645 F.3d 1254, 1258-59 (11th Cir. 2011) (holding that Florida offer of judgment statute was substantive law for *Erie* purposes but procedural aspects of the statute did not apply in federal court). In any event, Defendants have filed a motion for stay of execution as required under Rule 62 and, in an abundance of caution, Plaintiff has filed a motion concurrent with this response seeking a bond as would ordinarily be required in state court under O.C.G.A. § 5-6-46(a). As a result, this procedural issue is moot either way, and the only issue remaining to be addressed by this Court is the supersedeas bond required for a stay of execution on the Amended Judgment.

---

[1] Defendants requested "an interim stay to allow Defendants to apply for stay pursuant to Fed. R. App. P. 8(a)(2)" if their motion for stay was denied (ECF No. 250 at 3), but they did not cite any authority that would exempt them from a bond requirement for an interim stay either.

**B.  Plaintiff Is Entitled to a Supersedeas Bond for the Full Amount of the Amended Judgment.**

"The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979).[2] Crucially, "the bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal."[3] *Id*. at 1191; *see also Bank South, N.A. v. Roswell Jeep Eagle, Inc.*, 408 S.E.2d 503, 504 (Ga. Ct. App. 1991) ("As alluded in [O.C.G.A. § 5-6-46(a)], the purpose is for its judgment to be protected from non-satisfaction in the event appellant has insufficient assets to satisfy the judgment when the judgment is affirmed on appeal.").

It is Defendants' burden to demonstrate why this Court should deviate from "the usual requirement of a full security supersedeas bond." *Poplar Grove*, 600

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all decisions of the Fifth Circuit prior to October 1, 1981.

[3] This is more than a hypothetical concern in this case. During the litigation, Kebe bragged publicly that she had taken steps to insulate herself from a judgment. (P-651 (CARDI VIDEO 169) at 12:30.) And there have been recent online reports that Kebe has moved from Georgia to avoid enforcement of the judgment. *See* Martie Bowser, *Ran Off On The Plug: Tasha K Allegedly Moves To Africa To Escape $4M Owed To Cardi B* (Sept. 14, 2022, 12:32 PM), https://www.yahoo.com/video/ran-off-plug-tasha-k-163229606.html.

6

F.2d at 1191. Likewise, Georgia law requires a judgment debtor to show good cause for a supersedeas bond less than "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay." O.C.G.A. § 5-6-46(a). The bond requirement should only be waived "in extraordinary circumstances and only where alternative means of securing the judgment creditor's interest [are] available." *Rowell v. Metro. Life Ins. Co.*, No. 1:12-CV-491-WSD, at 6 (N.D. Ga. Aug. 22, 2014) (punctuation and citation omitted) (requiring a supersedeas bond in the full amount of the judgment).

Defendants have made no attempt whatsoever to meet their burden to demonstrate why the full security bond requirement should be reduced or waived. Accordingly, Defendants should at a minimum be required to provide a supersedeas bond in the full amount of the Amended Judgment to obtain a stay of execution. *See, e.g.*, *First Citizens Bank & Trust Co. v. River Walk Farm, L.P.*, No. 1:13-CV-1488-WCO, at 4 (N.D. Ga. Jan. 6, 2015) (requiring supersedeas bond in the full amount of the judgment totaling more than $7 million); *Ayers v. Harrison*, No. 2:10-CV-00032-RWS, at 17 (N.D. Ga. June 13, 2014) (requiring supersedeas bond in the full amount of the judgment plus interest during the appeal for a total amount of $2.9 million).

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court require a supersedeas bond in the amount of $3,863,753.47 to stay execution on the Amended Judgement.

Dated: September 16, 2022          Respectfully submitted,

/s/ W. Andrew Pequignot
Lisa F. Moore (Bar No. 419633)
W. Andrew Pequignot (Bar No. 424546)
MOORE PEQUIGNOT LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia 30318
Telephone: (404) 748-9596
Email: lisa@themoorefirm.com
Email: andrew@themoorefirm.com

Sarah M. Matz (admitted *pro hac vice*)
Gary P. Adelman (admitted *pro hac vice*)
ADELMAN MATZ P.C.
1173A Second Avenue, Suite 153
New York, New York 10065
Telephone: (646) 650-2207
Email: sarah@adelmanmatz.com
Email: g@adelmanmatz.com

Daniel T. Seelos
KITCHENS KELLEY GAYNES, P.C.
Glenridge Highlands One
5555 Glenridge Connector, Suite 800
Atlanta, Georgia 30342
Telephone: (404) 467-2287
Email: dseelos@kkgpc.com

*Attorneys for Plaintiff*

8

## **CERTIFICATION AS TO FONT**

In accordance with Local Rule 7.1(D), the undersigned certifies that the foregoing document was prepared with Times New Roman 14, a font and point selection approved by the Court in Local Rule 5.1(C).

Dated: September 16, 2022

/s/ W. Andrew Pequignot
W. Andrew Pequignot

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMÁNZAR,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LATASHA TRANSRINA KEBE and KEBE STUDIOS LLC,<br><br>　　　　　　Defendants. | Case No. 1:19-cv-01301-WMR |

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2022, I electronically filed the foregoing PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANTS' MOTIONS AND IN SUPPORT OF A SUPERSEDEAS BOND with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

　　　　　　　　　　　　　　　　　/s/ W. Andrew Pequignot
　　　　　　　　　　　　　　　　　W. Andrew Pequignot