**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| BELCALIS MARLENIS ALMANZAR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. |
| v. | * | 1:19-cv-01301-WMR |
| | * | |
| LATASHA TRANSRINA KEBE et al., | * | |
| | * | |
| Defendants. | * | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR A SUPERSEDEAS BOND AND REQUEST FOR A HEARING

COME NOW Defendants Latasha Kebe ("Kebe") and Kebe Studios LLC ("Kebe Studios"), by and through undersigned Counsel, and submit this response to Plaintiff's Motion for a Supersedeas Bond (ECF No. 253) and Plaintiff's Brief in Response to Defendants' Motions and in Support of a Supersedeas Bond (ECF No. 252). In support of this response, Defendants show the following:

### RELEVANT FACTS AND PROCEDURAL HISTORY

1. On February 17, 2022, this Court entered a judgment in favor of Plaintiff in the amount of $3,863,753.47. (ECF No. 206).

2. On March 17, 2022, Defendants filed a timely notice of appeal to the United States Court of Appeals for the Eleventh Circuit and paid all costs of appeal in the district court. (ECF No. 228).

1

3. On July 15, 2022, the Eleventh Circuit Court of Appeals dismissed the appeal for lack of jurisdiction and informed the parties how to correct the outstanding jurisdictional concerns. (ECF No. 238).

4. On July 19, 2022, this Court entered an amended final judgment in favor of Plaintiff in the amount of $3,863,753.47. (ECF No. 241).

5. On July 29, 2022, Defendants filed a timely notice of appeal to the United States Court of Appeals for the Eleventh Circuit and, again, paid all costs of appeal in the district court. (ECF No. 242).

6. On August 23, 2022, Plaintiff filed a garnishment action against both Defendants in the State Court of DeKalb County, Case Number 22SG00748. However, Plaintiff failed to properly serve the Defendants, which left them unaware of this pending garnishment action.

7. On August 29, 2022, Defendants filed Appellants' Opening Brief in the United States Court of Appeals for the Eleventh Circuit and timely submitted their Appendix.

8. On August 30, 2022, Plaintiff served the DeKalb County garnishment documents on Svitlana Payne of JP Morgan Chase Bank; however, Plaintiff failed, once again, to properly serve the Defendants.

9. On September 1, 2022, Plaintiff applied for a writ of execution against Kebe, (ECF No. 248), and against Kebe Studios, (ECF No. 249). That was the first time Defendants learned of Plaintiff's clandestine attempts to enforce a judgment, the execution of which had already been suspended for over a month.

10. On September 2, 2022, Defendants filed a Motion for Stay Pending Appeal, (ECF No. 250), and a Motion for Denial of Plaintiff's Applications for Writ of Execution, (ECF. No. 251).

11. On September 7, 2022, Plaintiff requested, and was granted, a thirty-day extension to file the Appellee's response brief, which is currently due on October 28, 2022.

12. On September 16, 2022, Plaintiff filed a Motion for a Supersedeas Bond in the amount of $3,863,753.47, (ECF No. 253), and a Brief in Response to Defendants' Motions and In Support of a Supersedeas Bond, (ECF No. 252).

## ARGUMENT

Although Defendants recently submitted two motions, (ECF Nos. 250 & 251), explaining that, in the case at bar, Georgia law governs proceedings concerning stays and supersedeas bonds, Plaintiff somehow managed to waste an entire brief citing

inapplicable rules and caselaw[1] in support of her request for supersedeas bond, (ECF No. 252).

Plaintiff mistakenly cited Fed. R. Civ. P. 62(b) to support the position that Defendants "are only entitled to a stay upon providing a supersedeas bond." (ECF No. 252, pg. 2). However, Fed. R. Civ. P. 62(f) controls here. Because Defendants paid the costs of appeal in the trial court at the time their two latest motions were filed, (ECF Nos. 250 & 251), pursuant to Georgia law, they were entitled to a stay upon appeal without having to post a supersedeas bond. *See* Fed. R. Civ. P. 62(f); O.C.G.A. § 9-12-80; O.C.G.A. § 5-6-46(a); *DeKalb Cnty. Sch. Dist. v. J.W.M. and S.M.,* 445 F. Supp. 2d 1371, 1376-77 (N.D. Ga. 2006). Therefore, Plaintiff is incorrect in asserting that Defendants had an automatic obligation to post a supersedeas bond then.

Furthermore, Plaintiff wrongly claimed that Defendants have failed to meet their burden of demonstrating the necessity for a reduction, or a complete waiver, of the bond amount. Under Georgia law, unless a motion by appellee is filed, the notice

---

[1] The following is a list of non-binding authorities Plaintiff relied on for support: *Ayers v. Harrison,* 650 Fed. Appx. 709 (11th Cir. 2016) (Federal question jurisdiction); *MM Steel, L.P., v. JSW Steel (USA) Inc.,* 771 F.3d 301 (5th Cir. 2014) (analyzing and applying Texas law); *Horowitch v. Diamond Aircraft Indus., Inc.,* 645 F.3d 1254 (11th Cir. 2011) (analyzing and applying Florida law); *Rowell v. Metro. Life Ins. Co.,* 2014 WL 4185768 (N.D. Ga. 2014) (Federal question jurisdiction).

of appeal "[s]hall serve as supersedeas upon payment of all costs in the trial court by the appellant and it shall not be necessary that a supersedeas bond or other form of security be filed . . . ." O.C.G.A. § 5-6-46(a). It's important to remember, at the time Defendants filed their Motion to Stay, (ECF No. 250), Plaintiff had not yet moved this Court for a supersedeas bond. In fact, Defendants had absolutely no reason to anticipate such a request when their first notice of appeal was filed nearly seven months ago (on March 17, 2022) and Plaintiff never moved for supersedeas bond until now.

Given that Plaintiff has requested a supersedeas bond, "[t]he trial court shall require a bond be given in an amount within his discretion." *Hubbard v. Farmers Bank*, 265 S.E.2d 845, 847 (Ga. Ct. App. 1980). When determining the bond amount, this Court is authorized to consider whether the Defendants' "[p]resent financial condition is such that the posting of a full bond would impose an undue financial burden . . . ." *See Poplar Grove Planting and Ref. Co., Inc., v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5 Cir. 1979).

This Court, after notice and hearing, can lower the bond, if the Court determines that Defendants have shown good cause for fixing a lesser amount. *See Cumberland Contractors, Inc., v. State Bank and Trust Co., Inc.,* 755 S.E.2d 511, 519 (Ga. Ct. App. 2014); *Barngrover v. Hins,* 657 S.E.2d 14, 17-18 (Ga. Ct. App.

2008); O.C.G.A. § 5-6-46(a). Alternatively, after conducting the hearing, this Court can order the Defendants to give another form of security, in lieu of supersedeas bond. *See* O.C.G.A. § 5-6-46(a).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the following relief:

(a) That this Honorable Court withhold ruling on Plaintiff's Motion for Supersedeas Bond until after the hearing.

(b) That this Honorable Court schedule a supersedeas bond hearing and allow both parties the opportunity to present pertinent testimony and evidence in support of their positions.

(c) That this Honorable Court stay the execution of final judgment until a ruling regarding supersedeas bond has been reached.

## <u>CERTIFICATION AS TO FONT</u>

In accordance with Local Rule 7.1(D), the undersigned certifies that the foregoing document was prepared with Times New Roman 14 point, a font and point selection approved by the Court in Local Rule 5.1(C).

Respectfully submitted this 30th day of September, 2022.

<u>/s/Olga Izmaylova</u>
olga@silawatl.com
Georgia State Bar No. 666858

<u>/s/Sadeer Sabbak</u>
sabbak@silawatl.com
Georgia State Bar No. 918493

SABBAK & IZMAYLOVA, P.C.          *Attorneys for Defendants*
1875 Old Alabama Road
Suite 510
Roswell, Georgia 30076
p. (404) 793-7773
f.  (770) 797-5887

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2022, I electronically filed the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR A SUPERSEDEAS BOND AND REQUEST FOR A HEARING with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

*/s/Olga Izmaylova*
olga@silawatl.com
Georgia State Bar No. 666858

SABBAK & IZMAYLOVA, P.C.
1875 Old Alabama Road
Suite 510
Roswell, Georgia 30076
p. (404) 793-7773
f.  (770) 797-5887

8