UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMANZAR,<br><br>                               Plaintiff,<br>v.<br><br>LATASHA TRANSRINA KEBE and KEBE STUDIOS LLC,<br><br>                               Defendants. | Case No. 1:19-cv-01301-WMR |

**PLAINTIFF'S REPLY BRIEF**
**IN SUPPORT OF A SUPERSEDEAS BOND**

    Plaintiff respectfully submits this reply brief in further support of her motion (to the extent necessary) for a supersedeas bond.

    Despite acknowledging that they bear the burden of demonstrating why this Court should deviate from "the usual requirement of a full security supersedeas bond," *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979), Defendants have still made no attempt whatsoever to meet their burden. Instead, they requested that this Court hold an evidentiary hearing on the amount of the bond requirement. However, Defendants have not established that a hearing is necessary.

There are a number of factors that courts have considered when evaluating the amount of the bond requirement, including the judgment debtor's ability to pay. *See id.*; *see also Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988).[1] Defendants have not argued that any factors favor reducing or waiving the bond requirement. They also have not submitted any affidavits or other evidence to make even a threshold showing that Defendants are incapable of paying a full security bond or that the judgment is otherwise secure. *See, e.g.*, *Cumberland Contractors, Inc. v. State Bank & Trust Co.*, 755 S.E.2d 511, 519 (Ga. Ct. App. 2014) (holding evidentiary hearing only after the judgment debtor had submitted affidavits); O.C.G.A. § 5-6-47 (requiring affidavit of indigence).

Without any evidence submitted by Defendants for this Court to evaluate or for Plaintiff to contest, an evidentiary hearing serves no purpose and would simply add additional delay.[2] *See Rapps v. Cooke*, 234 Ga. App. 131, 134 (Ga. Ct. App. 1998) ("The trial court was not required to conduct an oral hearing before granting

---

[1] The *Dillon* factors have been applied by district courts in this Circuit and elsewhere. *See, e.g.*, *Hickey v. Columbus Consol. Gov't*, No. 4:07-CV-96 (CDL), at 17 (M.D. Ga. Mar. 10, 2011).

[2] Defendants' failure to meet their burden also prevents Plaintiff from determining what post-judgment discovery may be necessary in advance of a hearing. *See Westcare Corp. v. ShredderHotline.com Co.*, No. 2:11-CV-297-WCO, at 7-8 (N.D. Ga. May 23, 2014) (granting post-judgment discovery in advance of evidentiary hearing after affidavit of indigence was filed with the response).

a motion to require a supersedeas bond pursuant to O.C.G.A. § 5-6-46."). Because Defendants have not even attempted to satisfy their burden, this Court should grant Plaintiff's motion without a hearing and require a supersedeas bond in the full amount of the Amended Judgment.

Dated: October 3, 2022

Respectfully submitted,

/s/ W. Andrew Pequignot
Lisa F. Moore (Bar No. 419633)
W. Andrew Pequignot (Bar No. 424546)
MOORE PEQUIGNOT LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia 30318
Telephone: (404) 748-9596
Email: lisa@themoorefirm.com
Email: andrew@themoorefirm.com

Sarah M. Matz (admitted *pro hac vice*)
Gary P. Adelman (admitted *pro hac vice*)
ADELMAN MATZ P.C.
1173A Second Avenue, Suite 153
New York, New York 10065
Telephone: (646) 650-2207
Email: sarah@adelmanmatz.com
Email: g@adelmanmatz.com

Daniel T. Seelos
KITCHENS KELLEY GAYNES, P.C.
Glenridge Highlands One
5555 Glenridge Connector, Suite 800
Atlanta, Georgia 30342
Telephone: (404) 467-2287
Email: dseelos@kkgpc.com

*Attorneys for Plaintiff*

## **CERTIFICATION AS TO FONT**

In accordance with Local Rule 7.1(D), the undersigned certifies that the foregoing document was prepared with Times New Roman 14, a font and point selection approved by the Court in Local Rule 5.1(C).

Dated: October 3, 2022

/s/ W. Andrew Pequignot
W. Andrew Pequignot

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BELCALIS MARLENIS ALMANZAR,<br><br>     Plaintiff,<br>v.<br><br>LATASHA TRANSRINA KEBE and KEBE STUDIOS LLC,<br><br>     Defendants. | Case No. 1:19-cv-01301-WMR |

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2022, I electronically filed the foregoing PLAINTIFF'S REPLY BRIEF IN SUPPORT OF A SUPERSEDEAS BOND with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all of the attorneys of record.

           /s/ W. Andrew Pequignot
           W. Andrew Pequignot