[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12512

Non-Argument Calendar

_____

BELCALIS MARLENIS ALMANZAR,

                              Plaintiff-Counter Defendant-Appellee,

*versus*

LATASHA TRANSRINA KEBE,
a.k.a. Latasha Transrina Howard,

                              Defendant-Counter Claimant-Appellant,

STARMARIE EBONY JONES,

                              Defendant,

2                        Opinion of the Court                    22-12512

KEBE STUDIOS LLC,

                                                Defendant-Appellant.

                        _____

                  Appeal from the United States District Court
                    for the Northern District of Georgia
                    D.C. Docket No. 1:19-cv-01301-WMR

                        _____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

        There are two issues here.  One is whether the jury had suf-
ficient evidence to hold appellants—Latasha Kebe and others—lia-
ble for defamation (and other privacy torts) against appellee
Belcalis Almanzar (better known as 'Cardi B').  The other is
whether the district court erred by excluding evidence.  We hold
that Kebe hasn't preserved either issue for appeal.

                                  A

        "[A] party is not entitled to pursue a new trial on appeal un-
less that party makes an appropriate postverdict motion in the dis-
trict court."  *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546
U.S. 394, 404 (2006).  A party can make that kind of post-verdict
motion under either Rule 50(b) or Rule 59 of the Federal Rules of

22-12512                Opinion of the Court                3

Civil Procedure.  *See id.* at 396 (noting that the respondent filed neither a Rule 50(b) nor a Rule 59 motion).  Rule 50(b) "sets forth the procedural requirements for renewing a sufficiency of the evidence challenge after the jury verdict and entry of judgment."  *Id.* at 400.  Rule 59 allows district judges to order new trials "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(1)(A).  When a party fails to invoke these rules in the district court, we "ha[ve] no authority to consider [an] appeal from the jury verdict."  *Hi Ltd. P'ship v. Winghouse of Fla., Inc.*, 451 F.3d 1300, 1302 (11th Cir. 2006).

Defendant Latasha Kebe asks for a new trial, saying that there was insufficient evidence for the jury verdict against her.  But as she all but admits, she didn't make either of the required post-verdict motions in the district court.  As a result, we have no authority to consider her insufficiency-of-the-evidence argument on appeal.

Kebe's response is unavailing.  She seems to assert that she can seek a new trial on appeal not because she did so below, but rather because she *didn't*.  She seeks to distinguish her case from *Unitherm* on the ground that, unlike the losing party there, she didn't even make a *pre*-verdict insufficiency-of-the-evidence motion, let alone a post-verdict one.  So while she apparently (and correctly) accepts that making one *pre*-verdict insufficiency-of-the-evidence motion isn't enough to preserve the right to challenge the

sufficiency of the evidence on appeal, she seems to think that one *can* preserve that right by making no insufficiency motions at all.

That is incorrect. Under *Unitherm*, a party "forfeit[s] its right to [seek a new trial] on appeal" if it "never sought a new trial before the District Court." 546 U.S. at 404. The only way to seek a new trial before the district court is through a post-verdict motion; a pre-verdict motion won't do. *Id.* (explaining that a party can't seek a new trial through a pre-verdict motion). So Kebe gains nothing by pointing out that she never made a pre-verdict insufficiency-of-the-evidence motion. All that matters is that she "never sought a new trial before the District Court" through a post-verdict motion and has "thus forfeited [her] right to do so on appeal." *Id.*

## B

Kebe also failed to preserve her evidentiary arguments. "[A] party cannot argue an issue in its reply brief that was not preserved in its initial brief." *Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen,* 815 F.2d 1435, 1446 n.16 (11th Cir.1987). An appellant fails to preserve an issue when, in her opening appellate brief, she "either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). "An appellant's brief must include an argument containing 'appellant's contentions and the reasons for them, with citations to the authorities and *parts of the record on which the appellant relies.*'" *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (quoting Fed. R. App. P. 28(a)(9)(A)) (emphasis added). "If an argument is

22-12512                    Opinion of the Court                    5

not fully briefed (let alone not presented at all) to the Circuit Court, evaluating its merits would be improper both because the appellants may control the issues they raise on appeal, and because the appellee would have no opportunity to respond to it." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

Kebe didn't adequately brief her challenges to the district court's evidentiary rulings. Specifically, she never tells us where in the 5500-page record the district court's alleged errors can be found. That lapse violates the rule that appellants must identify the "parts of the record on which [they] rel[y]." *Singh*, 561 F.3d at 1278 (quoting Fed. R. App. P. 28(a)(9)(A)). Because Kebe's brief falls well short of what we require, she has abandoned this argument.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith                                                          For rules and forms visit
Clerk of Court                                                          www.ca11.uscourts.gov

March 21, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  22-12512-DD
Case Style:  Belcalis Almanzar v. Latasha Kebe, et al
District Court Docket No:  1:19-cv-01301-WMR

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellants.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| New / Before Briefing Cases: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| Cases in Briefing / After Opinion: | 404-335-6130 | CM/ECF Help Desk: | 404-335-6125 |
| Cases Set for Oral Argument: | 404-335-6141 | | |

OPIN-1A Issuance of Opinion With Costs